## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT
C.A. NO.

KLEENIT, INC. )
)
Plaintiff, )
)
)
)
SENTRY INSURANCE COMPANY, )
ROYAL & SUN ALLIANCE, )
UTICA NATIONAL INSURANCE GROUP, and )
TRAVELERS PROPERTY AND CASUALTY )
)
Defendants. )
)
)

## COMPLAINT

1. This Complaint seeks a declaration of rights under G.L. c. 231A, damages for breach of contract, and multiple damages pursuant to G.L. c. 176D and c. 93A, for unfair and deceptive insurance claim settlement practices in connection with the denial of defense and coverage under insurance policies issued to Plaintiff by Defendants.

### I.     PARTIES AND JURISDICTION

2. Plaintiff Kleenit, Inc. is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal office at 44 Park Street, in Ayer, Middlesex County, Massachusetts.

3. Defendant Sentry Insurance Company ("Sentry") is an insurance company, and upon information and belief is duly organized and existing under the laws of the state of Wisconsin with a principal place of business at 3 Carlisle Road in Westford, Massachusetts 01886 and/or at 1800 North Point Drive, Stevens Point, Wisconsin.

4.  Upon information and belief, Defendant Sentry serves commercial and individual insureds in the Commonwealth of Massachusetts and maintains minimum contacts within Massachusetts. Upon information and belief, Defendant Sentry is licensed to conduct business is the Commonwealth of Massachusetts.

5.  Royal & Sun Alliance is an insurance company which include Royal Insurance Company of America and the Globe Indemnity Company (collectively "Royal & Sun Alliance" or "Royal"), and upon information and belief is duly organized and existing under the laws of the state of Illinois with a principal place of business at 25 New Chardon Street in Boston, Massachusetts 02114.

6.  Upon information and belief, Defendant Royal & Sun Alliance serves commercial and individual insureds in the Commonwealth of Massachusetts and maintains minimum contacts within Massachusetts. Upon information and belief, Defendant Royal is licensed to conduct business is the Commonwealth of Massachusetts.

7.  Defendant Utica National Insurance Group is an insurance company which includes Graphic Arts Mutual Insurance Company (collectively "Utica"), and upon information and belief is duly organized and existing under the laws of the state of New York with a principal place of business at 401 Edgewater Place in Wakefield, Massachusetts and/or in New Hartford, New York.

8.  Upon information and belief, Defendant Utica serves commercial and individual insureds in the Commonwealth of Massachusetts and maintains minimum contacts within Massachusetts. Upon information and belief, Defendant Utica is licensed to conduct business is the Commonwealth of Massachusetts.

9.  Defendant Travelers Property and Casualty ("Travelers") is an insurance company, and upon information and belief is duly organized and existing under the laws of the

state of Connecticut with a principal place of business at 44 Bedford Street in Middleborough, Massachusetts 02344 and/or 300 Crown Colony Drive, Quincy, Massachusetts.

10. Upon information and belief, Travelers serves commercial and individual insureds in the Commonwealth of Massachusetts and maintains minimum contacts within Massachusetts. Upon information and belief, Travelers is licensed to conduct business is the Commonwealth of Massachusetts.

11. Jurisdiction is based on G.L. c. 93A and G.L. c. 176D. Further jurisdiction to review and declare the rights and duties of the parties is specifically conferred upon this Court by G.L. c. 231A, §1, et seq.

## II. STATEMENT OF FACTS

12. Plaintiff owns and operates dry-cleaning and laundering service facilities located at 28 Central Square, Chelmsford, Middlesex County, Massachusetts ("Chelmsford Site"), and 293-295 Main Street, Acton, Middlesex County, Massachusetts ("Acton Site").

13. Plaintiff is an insured under comprehensive general liability, multi-peril, and other insurance policies (collectively "Policies") issued by Defendants regarding the Chelmsford and Acton Sites.

14. Plaintiff was issued a Notice of Responsibility ("NOR") by the Massachusetts Department of Environmental Protection ("DEP") with regard to alleged contamination at the Chelmsford Site by letters dated January 28, 2001 and June 19, 2001, and was issued an NOR by DEP on December 30, 2002 regarding alleged contamination at the Acton Site (collectively, the Chelmsford and Acton Sites are hereinafter referred to as "the Sites").

15. DEP alleges in its NORs that Plaintiff is liable as a responsible party for the release or threat of release of hazardous materials at the Sites under M.G.L. c.21E.

16. Plaintiff tendered claims to the Defendants relative to the NORs and Sites on or about September 25, 2002, requesting that they defend and indemnify it with respect to the NORs and claims pursuant to the terms of the Policies.

17. As of the date of this Complaint, the defendant insurance companies have wrongfully refused to provide Plaintiff with a full defense and indemnification of the NORs.

18. The Plaintiff has been forced to file this lawsuit due to Defendants' wrongful refusal to provide full defense and indemnification under the Policies.

## COUNT ONE
## (DECLARATORY JUDGMENT)

19. Plaintiff incorporate by reference herein Paragraphs 1 through 18.

20. A dispute has arisen and presently exists between the Defendants and Plaintiff as to the Defendants' obligations under their respective insurance policies issued to the Plaintiff.

21. The Defendants are contractually required by the terms of the Policies to fully defend and indemnify the Plaintiff, as the insured under the Policies issued by each Defendant, with respect to the defense and settlement of the underlying liability to the DEP and third parties under the NORs and G.L. c. 21E.

22. Wherefore, the Plaintiff requests a declaration that the Defendants are obligated to defend and indemnify it for the full amount, up to the respective Policy limits, of any past, present and future liability, and for damages incurred by or assessed against the Plaintiff.

23. The Plaintiff further requests a declaration that the Defendants are obligated to defend and indemnify it for the full amount, up to the respective Policy limits, of any past,

4

present and future liability to DEP or any third party for damages incurred by or assessed against the Plaintiff.

24. In addition, Plaintiff requests a declaration that it is entitled to prompt reimbursement of all of its past, present and future defense costs, including without limitation environmental consultant costs, investigation and assessment costs, and attorneys' fees, with respect to the NORs and claims of DEP, and reimbursement of all costs associated with any other future claims made in connection with Plaintiff's operation of and involvement with the Sites.

## COUNT TWO
## (BREACH OF CONTRACT)

25. Plaintiff incorporate by reference herein Paragraphs 1 through 24.

26. The Defendants have breached their insurance contracts and Policies with the Plaintiffs by wrongfully refusing to defend and indemnify Plaintiff under the Policies with respect to the NORs and other claims pertaining to the Sites.

27. Plaintiff has suffered severe economic damages due to Defendants' breach of the contracts and Policies, as it has been required inter alia, to incur significant and unreimbursed out of pocket expenses defending and responding to the NORs and related claims.

28. WHEREFORE, the Plaintiff requests damages for Defendants' breach of its insurance contracts and Policies in the amount of Plaintiff's expenses incurred and to be incurred with respect to the defense of the NORs and DEP's and other claims under G.L. c. 21E, response action costs related thereto, and attorneys' fees incurred and to be incurred in connection with Plaintiff's defense and response and with Plaintiff's claim against Defendants for reimbursement of defense and settlement.

## COUNT THREE
### (VIOLATIONS OF G.L. c. 93A AND c. 176D)

29. Plaintiff incorporate by reference herein Paragraphs 1 through 28.

30. The Defendants have violated Chapter 93A, § 11 by willfully and knowingly engaging in unfair and deceptive insurance trade practices.

31. In addition to repeatedly providing full factual and legal support for its request for defense costs and indemnification for damages incurred in connection with the NORs and claims of the DEP, Plaintiffs have demonstrated to the Defendants that the Massachusetts case law supports the Plaintiff's claim for full defense and coverage under the Policies. The Defendants have nonetheless continued to wrongfully deny full defense coverage and indemnity obligations.

32. The Defendants continued denial of defense and coverage under the circumstances constitutes bad faith, an unfair and deceptive business practice as defined by G.L. c. 93A, §§ 2 and 11, and an unfair claim settlement practice as defined by c. 176D, § 3(9).

33. WHEREFORE, the Plaintiff demands judgment pursuant to G.L. c. 93A, §§2 and 11 and G.L. c. 176D, § 3 for three times the full amount of past, present, and future damages and litigation costs incurred in connection with Defendants' unfair insurance claims settlement practices.

### RELIEF REQUESTED

WHEREFORE, the Plaintiff requests:

(1) a declaratory judgment by the Court stating the Defendants' duties to fully defend and indemnify Plaintiff under the Policies with respect to the NORs and other claims;

6

(2)   reimbursement of all defense costs, response action costs (including without limitation environmental consultants and investigation and assessment costs), attorneys' fees and settlement costs relative to compliance with DEP and the NORs;

(3)   multiple damages for Defendants' bad faith insurance claim settlement practices in failing to provide full defense and indemnity in violations of G.L. c. 93A, §§2 and 11 and G.L. c. 176D;

(4)   reimbursement of reasonable attorney fees, expenses and costs in connection with Plaintiff's claim against Defendants and for bringing this action; and,

(5)   Whatever other monetary and equitable relief this Court deems just.

## REQUEST FOR JURY TRIAL

Plaintiff requests a jury trial on all issues so triable.

Respectfully submitted,

KLEENIT, INC.
By its attorney,

Donald P. Nagle, Esq. (BBO # 553544)
Law Office of Donald P. Nagle, P.C.
5 Main Street Extension, Suite 300
Plymouth, Massachusetts 02360
(508) 732-8970

7

## Commonwealth of Massachusetts
### County of Middlesex
### The Superior Court

CIVIL DOCKET # MICV2003-04677-L

RE: Kleenit, Inc. v Sentry Insurance Company et al

TO: Donald P Nagle, Esquire
5 Main Street Extension
Suite 300
Plymouth, MA 02360

### TRACKING ORDER - A TRACK

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | DEADLINE |
|---|---|
| Service of process made and return filed with the Court | 02/12/2004 |
| Response to the complaint filed (also see MRCP 12) | 04/12/2004 |
| All motions under MRCP 12, 19, and 20 filed | 04/12/2004 |
| All motions under MRCP 15 filed | 02/06/2005 |
| All discovery requests and depositions completed | 01/02/2006 |
| All motions under MRCP 56 filed and heard | 03/03/2006 |
| Final pre-trial conference held and/or firm trial date set | 07/01/2006 |
| Case disposed | 11/13/2006 |

The final pre-trial deadline is **not the scheduled date of the conference.** You will be notified of that date at a later time.

Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.

This case is assigned to session "L" sitting in **Cv CrtRm (Lowell) Middlesex Superior Court.**

Dated: 11/17/2003

Edward J. Sullivan,
Clerk of Courts

BY:

Michael Brennan
Assistant Clerk

Location: Cv CrtRm (Lowell)
Telephone: 978-453-0201

Check website as to status of case: http://ma-trialcourts.org/tclc
2470853 inidoc01 dipacee