UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KLEENIT, INC.,<br>Plaintiff )<br>vs. )<br><br>SENTRY INSURANCE COMPANY,<br>ROYAL & SUN ALLIANCE,<br>UTICA NATIONAL INSURANCE GROUP, and<br>TRAVELERS PROPERTY AND CASUALTY,<br>Defendants ) | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br>NO. 2004-10351 NG |

## ANSWER, JURY CLAIM AND COUNTERCLAIM OF
## DEFENDANT UTICA NATIONAL INSURANCE GROUP

1.     Defendant Utica National Insurance Group (hereinafter "Utica"), states that the plaintiff's Complaint speaks for itself.

## I.     PARTIES AND JURISDICTION

2.     The Defendant Utica does not have sufficient knowledge to form a belief as to the truth of these allegations, and calls upon the Plaintiff to prove same.

3.     The Defendant Utica does not have sufficient knowledge to form a belief as to the truth of these allegations, and calls upon the Plaintiff to prove same.

4.     The Defendant Utica does not have sufficient knowledge to form a belief as to the truth of these allegations, and calls upon the Plaintiff to prove same.

5.     The Defendant Utica does not have sufficient knowledge to form a belief as to the truth of these allegations, and calls upon the Plaintiff to prove same.

6.     The Defendant Utica does not have sufficient knowledge to form a belief as to the truth of these allegations, and calls upon the Plaintiff to prove same.

7.     Deny.

8.     To the extent that Graphic Arts Mutual Insurance Company is an insurance company the allegations of this paragraph are admitted.

9.      The Defendant Utica does not have sufficient knowledge to form a belief as to the truth of these allegations, and calls upon the Plaintiff to prove same.

10.     The Defendant Utica does not have sufficient knowledge to form a belief as to the truth of these allegations, and calls upon the Plaintiff to prove same.

11.     The Defendant Utica states that no response is necessary to this paragraph as it calls for a legal conclusion.

## II.    STATEMENT OF FACTS

12.     The Defendant Utica does not have sufficient knowledge to form a belief as to the truth of these allegations, and calls upon the Plaintiff to prove same.

13.     Admitted that plaintiff had a liability policy with Graphic Arts Mutual Insurance Company that was in existence from October 1, 1979 through October 1, 1982.

14.     The Defendant Utica does not have sufficient knowledge to form a belief as to the truth of these allegations, and calls upon the Plaintiff to prove same.

15.     The Defendant Utica does not have sufficient knowledge to form a belief as to the truth of these allegations, and calls upon the Plaintiff to prove same.

16.     To the extent that the allegations contained in this paragraph refer to the Defendant Utica, Defendant Utica does not have sufficient knowledge to form a belief as to the truth of these allegations, and calls upon the Plaintiff to prove same.

17.     To the extent that the allegations contained in this paragraph refer to the Defendant Utica, Defendant Utica denies the allegations.

18.     To the extent that the allegations contained in this paragraph refer to the Defendant Utica, Defendant Utica denies the allegations.

## COUNT ONE
## (DECLARATORY JUDGMENT)

19.    The Defendant Utica reaffirms its answers to paragraphs 1 through 18 and incorporates them herein as if fully set forth.

20.    To the extent that the allegations contained in this paragraph refer to the Defendant Utica, Defendant Utica admits the allegations.

21.    To the extent that the allegations contained in this paragraph refer to the Defendant Utica, Defendant Utica denies the allegations.

22.    To the extent that the request for relief contained in this paragraph refers to the Defendant Utica, Defendant Utica denies that the Plaintiff is entitled to such relief.

23.    To the extent that the request for relief contained in this paragraph refers to the Defendant Utica, Defendant Utica denies that the Plaintiff is entitled to such relief.

24.    To the extent that the request for relief contained in this paragraph refers to the Defendant Utica, Defendant Utica denies that the Plaintiff is entitled to such relief.

## COUNT TWO
## (BREACH OF CONTRACT)

25.    The Defendant Utica reaffirms its answers to paragraphs 1 through 24 and incorporates them herein as if fully set forth.

26.    To the extent that the allegations contained in this paragraph refer to the Defendant Utica, Defendant Utica denies the allegations.

27.    To the extent that the allegations contained in this paragraph refer to the Defendant Utica, Defendant Utica denies the allegations.

28.    To the extent that the request for relief contained in this paragraph refers to the Defendant Utica, Defendant Utica denies that the Plaintiff is entitled to such relief.

## COUNT THREE
## (VIOLATIONS OF G.L. c. 93A AND c. 176D)

29.    The Defendant Utica reaffirms its answers to paragraphs 1 through 28 and incorporates them herein as if fully set forth.

30.    To the extent that the allegations contained in this paragraph refer to the Defendant Utica, Defendant Utica denies the allegations.

31.    To the extent that the allegations contained in this paragraph refer to the Defendant Utica, Defendant Utica denies the allegations.

32.    To the extent that the allegations contained in this paragraph refer to the Defendant Utica, Defendant Utica denies the allegations.

33.    To the extent that the request for relief contained in this paragraph refers to the Defendant Utica, Defendant Utica denies that the Plaintiff is entitled to such relief.

## RELIEF REQUESTED

(1)    To the extent that the request for relief contained in this paragraph refers to the Defendant Utica, Defendant Utica denies that the Plaintiff is entitled to such relief.

(2)    To the extent that the request for relief contained in this paragraph refers to the Defendant Utica, Defendant Utica denies that the Plaintiff is entitled to such relief.

(3)    To the extent that the request for relief contained in this paragraph refers to the Defendant Utica, Defendant Utica denies that the Plaintiff is entitled to such relief.

(4)    To the extent that the request for relief contained in this paragraph refers to the Defendant Utica, Defendant Utica denies that the Plaintiff is entitled to such relief.

(5)    To the extent that the request for relief contained in this paragraph refers to the Defendant Utica, Defendant Utica denies that the Plaintiff is entitled to such relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The complaint fails to state facts sufficient to constitute a cause of action against the Defendant Utica.  Since the complaint fails to state a claim upon which relief may be granted, the Defendant Utica moves that the Plaintiff's claims against the Defendant be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

### Second Affirmative Defense

Plaintiff has failed to perform its obligations under any policy issued or allegedly issued by the Defendant Utica.

### Third Affirmative Defense

Plaintiff has failed to give the Defendant Utica notice of the matters alleged in the complaint as soon as practicable, or as soon as it had knowledge of its potential liability, and such failure to give reasonably prompt notice may have caused prejudice to the Defendant Utica and, therefore, bars Plaintiff's recovery.

### Fourth Affirmative Defense

Some or all of the claims for which the Plaintiff is seeking coverage in this lawsuit do not arise out of an "accidental event" as the term is used in any actual or alleged Utica policy.

### Fifth Affirmative Defense

Some or all of the claims of which the Plaintiff is seeking coverage in this action involve equitable and injunctive relief and do not seek "damages" as that term is used in any actual or alleged Utica policy.

### Sixth Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent that the harm for which it seeks coverage does not constitute "property damage" to the property of others as that term is used in any actual or alleged Utica policy of insurance.

### Seventh Affirmative Defense

Plaintiff is barred in whole or in part by the limits of liability, endorsements, and other terms, conditions, limitations and exclusions contained in or incorporated by reference, expressly, or impliedly, in the Utica policy of insurance.

### Eighth Affirmative Defense

Upon information and belief, some or all of the contamination for which the Plaintiff is seeking coverage did not occur while any Utica policy of insurance was actually or allegedly in effect.

### Ninth Affirmative Defense

Plaintiff's claims are barred in whole or part to the extent that the environmental pollution giving rise to Plaintiff's claims did not involve "sudden accidents" or any "sudden and accidental" discharges of pollutants and are, therefore, excluded from any actual or alleged Utica policy of Insurance.

### Tenth Affirmative Defense

Plaintiff failed to exercise reasonable care and diligence to mitigate its alleged damages.

### Eleventh Affirmative Defense

The Defendant Utica is not liable in any manner set forth in the complaint since the Plaintiff is barred from any recovery by reason of the doctrine of unclean hands.

### Twelfth Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff, by virtue of its past conduct, including but not limited to its failure to promptly notify the Defendant Utica of the matters alleged in the complaint, and the failure to take remedial steps to mitigate the damage for which Plaintiff claims to be potentially liable, has waived or relinquished any claim for indemnity premised upon any Utica policy of Insurance.

### Thirteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff, by virtue of its past conduct, including but not limited to its failure to promptly notify the Defendant Utica of the matters alleged in the complaint, is estopped to assert any claim for indemnity based upon any policy of insurance issued by the Defendant Utica.

### Fourteenth Affirmative Defense

Any policy of insurance issued by the Defendant Utica to the Plaintiff contains limits of liability per occurrence and in the aggregate and/or in the event of other insurance. In the event that the Defendant Utica is found to have any liability to defend or indemnify the Plaintiff, the Defendant Utica's liability is restricted to the limits in any applicable policy, the existence, terms and conditions of which must be proved by the Plaintiff with clear and convincing evidence.

### Fifteenth Affirmative Defense

The Defendant Utica's liability under the actual or alleged policies is limited to the extent that the Plaintiff has retained or assumed the risk or the primary and underlying excess insurance policies have not been properly exhausted.

### Sixteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part by reason of the "other insurance" clause in any of the Defendant Utica's policies.

### Seventeenth Affirmative Defense

Plaintiff's claims are barred to the extent that it seeks reimbursement for monetary obligations assumed or amounts voluntarily paid in addressing the alleged contamination.

### Eighteenth Affirmative Defense

Plaintiff's claims are barred to the extent that it seeks reimbursement for monetary obligations assumed or amounts voluntarily paid in addressing the alleged contamination prior to the date it put the Defendant Utica on notice of its claims.

### Nineteenth Affirmative Defense

Plaintiff's claims are barred in whole or in part to the extent that any policy issued by the Defendant Utica does not provide coverage for fines, penalties, or punitive damages that may have been or may be imposed and/or to the extent coverage for such fines, penalties, or punitive damages is prohibited by public policy.

### Twentieth Affirmative Defense

Plaintiff's claims are barred to the extent that some or all of the claims for which the Plaintiff is seeking coverage were discovered and/or known prior to the inception date of any policy issued by the Defendant Utica or were losses in progress as of the inception date of any alleged policy.

### Twenty-First Affirmative Defense

In the event that it is determined that the Defendant Utica had any duties, obligations, or liabilities to the Plaintiff, the Defendant Utica alleges that they are secondary and/or excess to the duties, obligations or liabilities to other insurers.

### Twenty-Second Affirmative Defense

Plaintiff's claims are barred or in whole to the extent that Plaintiff's alleged responsibility for contamination does not arise out of an "occurrence" as that term is used in any insurance policy issued by the Defendant Utica.

<u>**Twenty-Third Affirmative Defense**</u>

Plaintiff's claims are precluded in whole or in part to the extent that it is unable to establish all of the terms and conditions of any policy actually or allegedly issued by the Defendant Utica by clear and convincing evidence.

<u>**Twenty-Fourth Affirmative Defense**</u>

Plaintiff is barred in whole or in part to the extent that the conduct giving rise to the potential liability cited in the complaint was deliberate or willful in nature. As a consequence, the insurance policies issued by the Defendant Utica, if any, do not give rise to any duty to indemnify and or defend.

<u>**Twenty-Fifth Affirmative Defense**</u>

Some or all of the claims for which the Plaintiff seeks coverage are barred to the extent that they involve liability for property damage arising from the Plaintiff's own products or completed operations.

<u>**Twenty-Sixth Affirmative Defense**</u>

Plaintiff, by its conduct and actions and/or the conduct and actions of its agents or servants, has waived any and all rights it may have had to recover in this action.

<u>**Twenty-Seventh Affirmative Defense**</u>

As a matter of law, Defendant Utica is not required to pay Plaintiff pre-tender costs it incurred in responding to the alleged contamination.

<u>**Twenty-Eighth Affirmative Defense**</u>

The Defendant Utica reserves its right to amend this answer to assert further affirmative defenses which may be pertinent to Plaintiff's complaint once the precise nature of the Plaintiff's claims are ascertained through discovery.

<u>**REQUEST FOR JURY TRIAL**</u>

*Defendant Utica requests a jury trial on issues so triable.*

## COUNTERCLAIM

### Parties

1.    Defendant/Plaintiff in Counterclaim, Graphic Arts Mutual Insurance Company ("Utica") is a duly organized insurer with a principal place of business in New Hartford, New York.  Utica is duly licensed to do business in the Commonwealth of Massachusetts, and incorporated under the laws of the State of New York.

2.    Upon information and belief, Plaintiff/Defendant in Counterclaim, Kleenit, Inc. ("Kleenit") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal office at 44 Park Street, in Ayer, Middlesex County, Massachusetts.

3.    Kleenit alleges that Utica insured Kleenit under a special multi peril policy in connection with Kleenit's facilities located at 28 Central Square, Chelmsford, Middlesex County, Massachusetts ("the Chelmsford site") and 293-295 Main Street, Acton, Middlesex County, Massachusetts ("the Acton site").

4.    Kleenit alleges that it was issued a Notice of Responsibility ("NOR") by the Massachusetts Department of Environmental Protection ("DEP") with regard to alleged contamination at the Chelmsford site by letters dated January 28, 2001 and June 19, 2001.  Kleenit further alleges that it was also issued an NOR by DEP on December 20, 2002 regarding alleged contamination at the Acton site.

5.    Kleenit alleges that the NORs claim that Kleenit is liable as a responsible party for the release or threat of release of hazardous materials at the two sites under G.L. c. 21E.

6.    On or about September 25, 2002, Kleenit tendered claims relative to the NORs and sites to Utica, requesting that it defend and indemnify it with respect to the NORs and claims pursuant to the terms of its insurance policy.

7.    Specifically, Kleenit demanded that Utica pay all so-called defense costs incurred relative to the sites, including those costs incurred prior to the date Kleenit tendered the claims to Utica.

8.    Utica has refused to pay Kleenit's costs incurred relative to the defense, including site assessment, that were incurred prior to the date Kleenit put Utica on notice of the claims against it ("the pre-tender costs").

9.    A dispute has therefore arisen between the parties as to whether Utica is responsible for Kleenit's pre-tender defense costs in connection with the Chelmsford and Acton sites.

10.    Utica is not responsible for pre-tender costs pursuant to <u>Hoppies Oil Serv., Inc. v. Ins. Co. of N. Am.</u>, 783 F. Supp. 1505, 1509 (D. Mass. 1992).

WHEREFORE, the Defendant/Plaintiff in Counterclaim, demands judgment as follows:

1.    That the Court declare the rights of the parties and adjudge that, as a matter of law, Utica is not required to reimburse Kleenit for costs incurred relative to the Chelmsford and Acton sites prior to the date it tendered the defense of these claims to Utica.

2.    That the Court declare the rights of the parties and adjudge that Utica has properly denied payment of Kleenit's pre-tender costs.

3.    That the Court award Utica its reasonable costs and attorneys' fees incurred as a result of this action; and

4.    For all other relief as the Court may find just, reasonable, and equitable.


Respectfully submitted,

UTICA NATIONAL INSURANCE GROUP,
Defendant

By Its Attorney:


_____
Richard E. Heifetz        BBO #229000
Danielle M. Maloney       BBO #647527
TUCKER, HEIFETZ & SALTZMAN, LLP
Three School Street
Boston, MA 02108
617-557-9696
Dated:  March 9, 2004


I hereby certify that I made service
of the foregoing document in accordance
with the provisions of Fed. R. Civ. P. 5.