IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10351-NG

KLEENIT, INC., )
    Plaintiff, )
)
v. )
)
SENTRY INSURANCE CO., )
ROYAL & SUNALLIANCE, )
UTICA NATIONAL INSURANCE )
GROUP, and TRAVELERS )
PROPERTY AND CASUALTY, )
    Defendants. )

**ANSWER, COUNTERCLAIM AND JURY DEMAND OF DEFENDANT THE TRAVELERS INDEMNITY COMPANY, MIS-NAMED IN THE COMPLAINT AS "TRAVELERS PROPERTY AND CASUALTY"**

The defendant, The Travelers Indemnity Company, mis-named in the Complaint as "Travelers Property and Casualty" (referred to hereinafter as "Travelers" or "defendant"), for its Answer to the Complaint of plaintiff Kleenit, Inc., states as follows:

FIRST DEFENSE

1. Travelers denies the allegations in paragraphs 17, 18, 21, 22, 23, 24, 26, 27, 28, 30, 31, 32 and 33.

2. Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 2, 3, 4, 5, 6, 7, 8, 12, 14, 15, and 16 and therefore denies same.

3. Travelers admits the allegations in paragraphs 10 and 20.

4. With reference to paragraph 1, the allegations therein purport to describe generally

the nature of this action and no response by this defendant is required. To the extent a response is required, all allegations are denied.

5. With reference to paragraphs 19, 25 and 29, Travelers repeats and incorporates by reference its response to the allegations in the paragraphs set forth therein.

6. With reference to paragraph 9, the allegations therein are denied, and Travelers avers that it is duly organized and existing under the laws of the state of Connecticut.

7. With reference to paragraph 11, the allegations therein purport to state a legal conclusion to which no response is required. To the extent a response is required, all allegations are denies.

8. With reference to paragraph 13, Travelers denies knowledge or information sufficient to form a belief as to the truth of the allegations as they may relate to parties other than Travelers. Travelers admits that it has issued insurance policies to the plaintiff, avers that said policies speak for themselves, and denies that said policies provide any coverage to the plaintiff as sought in this action.

## SECOND DEFENSE

The complaint fails to state a claim upon which relief can be granted.

## THIRD DEFENSE

The complaint is barred by applicable statutes of limitation.

## FOURTH DEFENSE

The complaint is barred by the doctrines of laches, estoppel, waiver or unclean hands.

## FIFTH DEFENSE

The plaintiff has suffered no damages as a proximate result of any conduct of Travelers.

## SIXTH DEFENSE

The plaintiff has failed to mitigate its damages, if any.

## SEVENTH DEFENSE

The plaintiff's damages were caused by its own conduct, including but not limited to, its own intentional conduct, recklessness, negligence or comparative negligence.

## EIGHTH DEFENSE

The plaintiff has failed to perform a condition precedent, concurrent or subsequent.

## NINTH DEFENSE

The complaint is barred by the terms, conditions, and exclusions in the policy, including but not limited to the pollution exclusion and the owned property exclusion.

## TENTH DEFENSE

The plaintiff has failed to perform one or more conditions precedent necessary to bring an action under Mass. G.L. c. 93A.

## COUNTERCLAIM

For its Counterclaim against Kleenit, Inc. ("Kleenit" or "defendant-in-counterclaim"), the plaintiff-in-counterclaim, The Travelers Indemnity Company ("Travelers" or "plaintiff-in-counterclaim"), states as follows:

1. Travelers is an insurance company that does business in Massachusetts with a principal place of business in Connecticut.

2. Kleenit is, on information and belief, a Massachusetts corporation.

3. An actual case or controversy has arisen between plaintiff-in-counterclaim and defendant-in-counterclaim as to the coverage of commercial general liability insurance policies issued by Travelers to Kleenit, policy number ND 9087145 and ND 3873892 concerning a Notice of Responsibility issued by the Massachusetts Department of Environmental Protection to Kleenit. Based on the terms, conditions, endorsements and exclusions in said insurance policy, there is no coverage on account of some or all of the claims brought against Kleenit that are the subject of this lawsuit.

5. Plaintiff-in-counterclaim has fulfilled all conditions necessary for bringing an action for declaratory judgment in this Court.

6. Pursuant to Mass. G.L. c. 231B, this Court should enter a declaratory judgment that there is no coverage under the aforementioned insurance policies for some or all of the loss at issue in this case.

**WHEREFORE**, the defendant and plaintiff-in-counterclaim, The Travelers Indemnity Company, prays for the following relief:

1) That the Court dismiss with prejudice the complaint of Kleenit, Inc.

2) That the Court enter judgment in favor of Travelers on its counterclaims against Kleenit, Inc.;

3) That the Court award Travelers its costs of suit, including a reasonable attorneys' fee; and

4) That the Court enter such other and further relief as it deems proper.

4

## Jury Demand

The defendant and plaintiff-in-counterclaim, The Travelers Indemnity Company, respectfully requests a trial by jury of all claims so triable.

Respectfully submitted,
The Travelers Indemnity Company,
By its attorneys,

_____
Joseph S. Berman, Esq., BBO 566006
Berman & Dowell
210 Commercial Street
Boston, MA 02109
617-723-9911

## CERTIFICATE OF SERVICE

I hereby certify that on this 5th day of March, 2004, I served a copy of the foregoing by first class mail, postage prepaid, to: Danielle M. Maloney, Esq., Tucker, Heiftez & Saltzman, LLP, Three School Street, Boston, MA 02108; Michael Aylward, Esq., Morrison, Mahoney & Miller, 250 Summer Street, Boston, MA 02110; Karl S. Vasiloff, Esq., Zelle, Hoffman, Voelbel, Mason & Gette, 950 Winter Street, Suite 1300, Waltham, MA 02451; Donald P. Nagle, Esq., Law Office of Donald P. Nagle, P.C., 5 Main Street Extension, Suite 300, Plymouth, MA 02360; and Peter J. Feuerbach, Esq., Rubin & Rudman, 50 Rowes Wharf, Boston, MA 02110.

_____
Joseph S. Berman

5

# BERMAN & DOWELL

ATTORNEYS AT LAW

210 COMMERCIAL STREET
BOSTON, MASSACHUSETTS 02109
TELEPHONE: 617-723-9911    FACSIMILE: 617-723-6688

E-MAIL: jberman@bermandowell.com

March 5, 2004

Clerk
United State District Court
District of Massachusetts
John Joseph Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210

Re:    Kleenit, Inc. v. Sentry Insurance Co., et.al.
       Civil Action No. 04-10351-NG

Dear Sir or Madam:

Enclosed for filing please find the following:

Answer, Counterclaim and Jury Demand of Defendant The Travelers Indemnity Company, Mis-Named in the Complaint as "Travelers Property and Casualty."

Thank you for your assistance in this matter.

Sincerely,

Joseph S. Berman

enc.
cc:    Danielle M. Maloney, Esq.
       Michael Aylward, Esq.
       Karl S. Vasiloff, Esq.
       Donald P. Nagle, Esq.
       Peter J. Feuerbach, Esq.