UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KLEENIT, INC. )
)
Plaintiff, )
)
v. )  CIVIL ACTION NO. 04-10351 (NG)
)
SENTRY INSURANCE COMPANY, )
ROYAL & SUNALLIANCE, UTICA )
NATIONAL INSURANCE GROUP, and )
TRAVELERS PROPERTY AND )
CASUALTY, )
)
Defendants. )

## ROYAL INSURANCE COMPANY OF AMERICA AND THE GLOBE INDEMNITY COMPANY'S ANSWER TO COMPLAINT

Defendants Royal Insurance Company of America and the Globe Indemnity Company, (collectively "Royal") (improperly named as "Royal & Sun Alliance" in the Complaint) by and through its undersigned counsel, hereby responds as follows to the enumerated paragraphs in the Complaint of Plaintiff Kleenit, Inc. ("Kleenit").

### RESPONSES TO ALLEGATIONS IN THE COMPLAINT

1. Royal is not required to respond to the allegations contained in Paragraph 1 of the Complaint because they simply purport to characterize the nature of the action and the relief sought by Kleenit. To the extent an answer is required, Royal denies those allegations and denies that Kleenit is entitled to the relief requested in Paragraph 1 of the Complaint.

### RESPONSES TO ALLEGATIONS REGARDING THE PARTIES AND JURISDICTION

2. Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4. Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5. Royal denies the allegations contained in Paragraph 5 of the Complaint, except that Royal admits that Royal Insurance Company of America is duly organized and existing under the laws of the State of Illinois. Further answering, Royal admits that Globe Indemnity Company is duly organized and existing under the laws of the State of Delaware with a principal place of business at 9300 Arrowpoint Boulevard, Charlotte, North Carolina 28273.

6. Royal denies the allegations contained in Paragraph 6 of the Complaint, and denies that "Royal & Sun Alliance" is a legal entity capable of being sued.

7. Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8. Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9. Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10. Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11. Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

## RESPONSES TO ALLEGATIONS REGARDING THE STATEMENT OF FACTS

12. Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13. Royal object to the allegations contained in Paragraph 13 of the Complaint on the grounds that Kleenit has failed to identify the Royal policy or policies under which it seeks coverage in this action, rendering Kleenit's allegations impermissibly vague. Further answering, Royal states that it has located and produced to Kleenit various insurance policies issued by Royal. With one exception, these policies contain either an absolute or total pollution exclusion, or require that a claim be made against Kleenit during the policy period, a condition Kleenit cannot satisfy since these "claims made" policies expired well before the underlying environmental claims were asserted against Kleenit. The one exception is GYAD 36485 (10/01/84 – 10/01/85) (the "subject Royal policy), which excludes coverage for claims such as the underlying environmental claims, unless the alleged property damage at issue was caused by a "sudden and accidental" release of pollutants. To date, Kleenit has failed to identify any such release.

14. Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15. Royal lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16. Royal denies the allegations contained in Paragraph 16 of the Complaint, except that Royal admits Kleenit sent Royal two letters dated September 25, 2002 providing initial notice of its claims for defense and indemnification with respect to alleged environmental contamination arising from drycleaning operations located in Chelmsford and Acton (the "underlying environmental claims").

17. Royal denies the allegations contained in Paragraph 17 of the Complaint as they pertain to it and is not required to respond to these allegations as they pertain to other defendants.

18. Royal denies the allegations contained in Paragraph 18 of the Complaint as they pertain to it and is not required to respond to these allegations as they pertain to other defendants.

### RESPONSES TO COUNT ONE (DECLARATORY JUDGMENT)

19. In response to the allegations contained in Paragraph 19 of the Complaint, Royal realleges and incorporates by reference its responses to the allegations in Paragraphs 1 through 18 of the Complaint.

20. Royal admits the allegations contained in Paragraph 20 of the Complaint as they pertain to it and is not required to respond to these allegations as they pertain to other defendants.

21. Royal denies the allegations contained in Paragraph 21 of the Complaint as they pertain to it and is not required to respond to these allegations as they pertain to other defendants.

22. Royal is not required to respond to the allegations contained in Paragraph 22 of the Complaint on the grounds that these allegations merely set forth the nature of the relief sought by Kleenit. To the extent that a response is deemed required, Royal denies the allegations contained in Paragraph 22 of the Complaint and denies that Kleenit is entitled to such relief.

23. Royal is not required to respond to the allegations contained in Paragraph 23 of the Complaint on the grounds that these allegations merely set forth the nature of the relief sought by Kleenit. To the extent that a response is deemed required, Royal denies the allegations contained in Paragraph 23 of the Complaint and denies that Kleenit is entitled to such relief.

24. Royal is not required to respond to the allegations contained in Paragraph 24 of the Complaint on the grounds that these allegations merely set forth the nature of the relief sought by Kleenit. To the extent that a response is deemed required, Royal denies the allegations contained in Paragraph 24 of the Complaint and denies that Kleenit is entitled to such relief.

### RESPONSES TO COUNT TWO (BREACH OF CONTRACT)

25. In response to the allegations contained in Paragraph 25 of the Complaint, Royal

realleges and incorporates by reference its responses to the allegations in Paragraphs 1 through 24 of the Complaint.

26. Royal denies the allegations contained in Paragraph 26 of the Complaint as they pertain to it and is not required to respond to these allegations as they pertain to other defendants. Further answering, Royal states that Royal, Utica and Travelers have agreed to reimburse 100% of Kleenit's reasonable and necessary post-tender defense costs.

27. Royal denies the allegations contained in Paragraph 27 of the Complaint as they pertain to it and is not required to respond to these allegations as they pertain to other defendants.

28. Royal is not required to respond to the allegations contained in Paragraph 28 of the Complaint on the grounds that these allegations merely set forth the nature of the relief sought by Kleenit. To the extent that a response is deemed required, Royal denies the allegations contained in Paragraph 28 of the Complaint and denies that Kleenit is entitled to such relief.

## RESPONSES TO COUNT THREE (VIOLATIONS OF G.L. c.93A AND c.176D)

29. In response to the allegations contained in Paragraph 29 of the Complaint, Royal realleges and incorporates by reference its responses to the allegations in Paragraphs 1 through 28 of the Complaint.

30. Royal denies the allegations contained in Paragraph 30 of the Complaint as they pertain to it and is not required to respond to these allegations as they pertain to other defendants.

31. Royal denies the allegations contained in Paragraph 31 of the Complaint as they pertain to it and is not required to respond to these allegations as they pertain to other defendants.

32. Royal denies the allegations contained in Paragraph 32 of the Complaint as they pertain to it and is not required to respond to these allegations as they pertain to other defendants.

33. Royal is not required to respond to the allegations contained in Paragraph 33 of the Complaint on the grounds that these allegations merely set forth the nature of the relief

sought by Kleenit. To the extent that a response is deemed required, Royal denies the allegations contained in Paragraph 33 of the Complaint and denies that Kleenit is entitled to such relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Coverage for the underlying environmental claims is barred under the subject Royal policy by the following pollution exclusion:

This insurance does not apply:

> (f) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

### THIRD AFFIRMATIVE DEFENSE

Kleenit did not "immediately forward" all written demands, claims or suits to Royal as required by the subject Royal policy.

### FOURTH AFFIRMATIVE DEFENSE

To the extent that the underlying environmental claims do not constitute a "suit" within the meaning of the subject Royal policy, Royal has no duty to defend with respect to such claims.

### FIFTH AFFIRMATIVE DEFENSE

There is no coverage for some or all of the underlying environmental claims to the extent that they do not seek "damages" within the meaning of the subject Royal policy.

### SIXTH AFFIRMATIVE DEFENSE

Kleenit failed to comply with the provision in the subject Royal policy requiring that it cooperate with Royal.

### SEVENTH AFFIRMATIVE DEFENSE

There is no coverage for the underlying environmental claims to the extent that they arise from Kleenit's willful, intentional, or reckless acts.

### EIGHTH AFFIRMATIVE DEFENSE

There is no coverage for the underlying environmental claims to the extent that they do not involve allegations of or constitute an "accident" or "occurrence" within the meaning of the subject Royal policy.

### NINTH AFFIRMATIVE DEFENSE

There is no coverage for the underlying environmental claims to the extent that they do not involve "property damage" within the meaning of the subject Royal policy.

### TENTH AFFIRMATIVE DEFENSE

There is no coverage for the underlying environmental claims to the extent that they involve costs or liabilities incurred as a result of statutory violations, criminal fines or sanctions, civil fines or sanctions, punitive damages, and penalties.

### ELEVENTH AFFIRMATIVE DEFENSE

Kleenit's claims are barred in whole or in part by their failure to comply with conditions set forth in the subject Royal policy.

### TWELVE AFFIRMATIVE DEFENSE

Plaintiff's claim for insurance coverage in the Complaint is subject to all of the terms, conditions, and exclusions of the subject Royal policy.

### THIRTEENTH AFFIRMATIVE DEFENSE

Coverage for the underlying environmental claims may be precluded to the extent that

Kleenit did not comply with the voluntary payment provisions in the subject Royal policy.

## FOURTEENTH AFFIRMATIVE DEFENSE

Kleenit has failed to comply with its obligation to provide timely written notice in the event of an alleged "occurrence."

## FIFTEENTH AFFIRMATIVE DEFENSE

There is no coverage for the underlying environmental claims to the extent that some or all of the property damage did not occur during the term of the subject Royal policy.

## SIXTEENTH AFFIRMATIVE DEFENSE

Some or all of the underlying environmental claims may be barred by exclusions contained in the subject Royal policy which provide that the insurance afforded does not apply to property damage to property which the insured owns, rents or occupies; premises which the insured uses; or property in the care, custody or control of the Insured.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Kleenit cannot recover costs incurred prior to tendering this matter to Royal.

## EIGHTTEENTH AFFIRMATIVE DEFENSE

Notwithstanding Royal's express denial that it has any obligation to provide coverage to Kleenit with respect to Kleenit's claims, in the event that Royal is adjudicated to be liable to provide coverage, any such finding must take into account all of the applicable insurance policies that Kleenit has or had that apply to the underlying claims, any self-insurance provided by Kleenit, and all other factors which may bear on the allocation of liability.

## NINETEENTH AFFIRMATIVE DEFENSE

To the extent that Kleenit knew that hazardous wastes or substances had been released or discharged at the site which is the subject of the Complaint at the time it first applied for a policy of insurance with Royal, any failure to disclose and/or active concealment of these facts at the

time it applied for the issuance of the subject Royal policy would constitute material misrepresentation, and be grounds for rescission of the subject Royal policy, and render the subject Royal policy void.

## TWENTIETH DEFENSE

The subject Royal policy contains per occurrence and aggregate limits which limit the obligation, if any, of Royal to provide coverage for the underlying environmental claims.

## TWENTY FIRST DEFENSE

If other valid and collectable insurance is available to Kleenit in connection with the underlying environmental claims and applies on the same basis, whether primary, excess or contingent, then the coverage, if any, afforded by Royal is limited in accordance with the provisions of the subject Royal policy.

## TWENTY SECOND DEFENSE

Kleenit's claims are barred in whole or in part to the extent plaintiff and/or the insured has failed to mitigate, minimize, or avoid any of the mitigated damages at issue.

## TWENTY THIRD DEFENSE

Kleenit's claim for coverage is barred to the extent that the losses for which coverage is sought were known before the subject Royal policy incepted.

## TWENTY FOURTH DEFENSE

Kleenit's claim for coverage is barred to the extent that the losses for which coverage is sought were not fortuitous.

## TWENTY-FIFTH DEFENSE

Royal reserves the right to offer additional defenses which cannot now be articulated due to Kleenit's failure to particularize the claims and policies under which coverage is sought; or

due to Kleenit's failure to provide more specific information concerning the nature of the underlying claim for which it claims coverage.

### TWENTY SIXTH DEFENSE

Kleenit's claims are barred by the applicable statute of limitations.

**WHEREFORE**, Royal prays for judgment against Plaintiff Kleenit:

1. Dismissing all claims against it;

2. Determining and declaring that Royal has no duty to indemnify Kleenit in connection with the underlying environmental claims;

3. Awarding Royal its attorneys' fees, costs and disbursements; and

4. For such other and further relief as this Court deems just and proper.

Dated: March 9, 2004

**ROYAL INSURANCE COMPANY OF AMERICA AND THE GLOBE INDEMNITY COMPANY**

By Its Attorney,

_____
Karl S. Vasiloff, Esq. (BBO #555638)
**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**
950 Winter Street, Suite 1300
Waltham, MA 02451
(781) 466-0700

### CERTIFICATE OF SERVICE

I hereby certify that on this 9th day of March, 2004, I served a copy of the foregoing by first class mail, postage prepaid, to All Counsel of Record.

_____
Karl S. Vasiloff

10

# WINSTON & STRAWN LLP

| | | |
|---|---|---|
| 43 RUE DU RHONE<br>1204 GENEVA, SWITZERLAND | 35 WEST WACKER DRIVE<br>CHICAGO, ILLINOIS 60601-9703 | 200 PARK AVENUE<br>NEW YORK, NEW YORK 10166-4193 |
| CITY POINT<br>1 ROPEMAKER STREET<br>LONDON, EC2Y 9HT | (312) 558-5600 | 21 AVENUE VICTOR HUGO<br>75116 PARIS, FRANCE |
| 333 SOUTH GRAND AVENUE<br>LOS ANGELES, CALIFORNIA 90071-1543 | FACSIMILE (312) 558-5700 | 101 CALIFORNIA STREET<br>SAN FRANCISCO, CALIFORNIA 94111-5894 |
| | www.winston.com | 1400 L STREET, N.W.<br>WASHINGTON, D.C. 20005-3502 |

DONALD J. MIZERK
(312) 558-5590
dmizerk@winston.com

March 9, 2004

**VIA FEDERAL EXPRESS**
Ms. Jennifer Mulcahy
Docket Clerk to the Honorable Nancy Gertner
United States District Court for the District of Massachusetts
U.S. Courthouse, Suite 2300
One Courthouse Way
Boston, Massachusetts 02210

Re: Soitec, S.A., et al. v. Silicon Genesis Corporation
U.S. District Court, Civil Action No. 99 CV 10826 NG

Dear Ms. Mulcahy:

Enclosed for filing in the above case please find:

**SATISFACTION OF JUDGMENT**

Please return a file-stamped copy of the document in the enclosed self-addressed stamped envelope. Thank you for your attention to this matter. Please feel free to call me with any questions you may have.

Sincerely,

Don J. Mizerk

DJM:sp
copies to:
Ieuan G. Mahony
HOLLAND & KNIGHT
One Beacon Street
Boston, MA 02108

Bryan Wilson
MORRISON & FOERSTER
755 Page Mill Road
Palo Alto, CA 94304-1018