UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

KLEENIT, INC. )
    Plaintiff, )
 )
 )
v. )   DOCKET NO: 04-10351-NG
 )
SENTRY INSURANCE COMPANY, ET AL )
    Defendants. )
 )

## ANSWER AND AFFIRMATIVE DEFENSES
## OF THE DEFENDANT, SENTRY INSURANCE COMPANY

Now comes the Defendant, Sentry Insurance, A Mutual Company, by and through its attorneys, and responds to the Plaintiff's Complaint paragraph by paragraph as follows:

1. This paragraph sets forth conclusions of law to which no response is required. To the extent that a response is required, said allegations are denied.

### I. PARTIES AND JURISDICTION

2. Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 2 of the Plaintiff's Complaint.

3. Sentry admits that it is a Wisconsin corporation with a principal place of business at 1800 North Point Drive, Stevens Point, Wisconsin.

4. Sentry admits that it has issued policies to insureds in Massachusetts and has certain commercial interests in the Commonwealth but denies the allegations set forth in Paragraph 4 of the Plaintiff's Complaint to the extent that they set forth conclusions of law.

5. – 10.   These allegations pertain to defendants other than Sentry and therefore require no response from this Defendant.

11.   This paragraph sets forth conclusions of law to which no response is required.

## II. STATEMENT OF FACTS

12.   Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 12 of the Plaintiff's Complaint.

13.   Defendant is without any information that would allow it to confirm that it issued an insurance policy to Kleenit, much less a liability insurance policy requiring a defense to such actions.

14.   Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 14 of the Plaintiff's Complaint.

15.   Defendant is without sufficient information to either admit or deny the allegations set forth in Paragraph 15 of the Plaintiff's Complaint.

16.   Defendant admits that it received a request for coverage from Kleenit on or about September 25, 2002.

17.   Defendant admits that it has declined to find a defense to or otherwise afford coverage for the underlying claims by reason of the fact that it cannot confirm the issuance of existence of any policy that it issued to Kleenit and that the claimed secondary evidence of coverage provided by Kleenit only describes first party insurance that did not contain any provision for a defense to suits.

18.   Denied.

## COUNT ONE
## (DECLARATORY JUDGMENT)

19. Defendant repeats and realleges its responses to Paragraphs 1-18 of the Plaintiff's Complaint as if fully repeated and realleged herein.

20. Admitted.

21. Denied.

22. This paragraph sets forth a description of the plaintiff's claim for relief and conclusions of law to which no response is required. To the extent that a response is required, said allegations and contentions are denied.

23. This paragraph sets forth a description of the plaintiff's claim for relief and conclusions of law to which no response is required. To the extent that a response is required, said allegations and contentions are denied.

24. This paragraph sets forth a description of the plaintiff's claim for relief and conclusions of law to which no response is required. To the extent that a response is required, said allegations and contentions are denied..

## COUNT TWO
## (BREACH OF CONTRACT)

25. Defendant repeats and realleges its responses to Paragraphs 1-24 of the Plaintiff's Complaint as if fully repeated and realleged herein.

26. Denied.

27. Denied.

28. This paragraph sets forth a description of the plaintiff's claim for relief and conclusions of law to which no response is required. To the extent that a response is required, said allegations and contentions are denied.

## COUNT THREE
## (VIOLATION OF G.L. c. 93a AND c. 176D)

29. Defendant repeats and realleges its responses to Paragraphs 1-28 of the Plaintiff's Complaint as if fully repeated and realleged herein.

30. Denied.

31. Denied.

32. Denied.

33. This paragraph sets forth a description of the plaintiff's claim for relief and conclusions of law to which no response is required. To the extent that a response is required, said allegations and contentions are denied.

**AND FURTHER ANSWERING,** Defendant, Sentry Insurance, sets forth the following Affirmative Defenses to the Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint and each and every count therein fails to set forth a claim for which relief may be had against this defendant.

### SECOND AFFIRMATIVE DEFENSE

The plaintiff has failed to present persuasive evidence that it ever issued an insurance policy to the plaintiff that would provide coverage for such claims.

### THIRD AFFIRMATIVE DEFENSE

In the absence of any evidence with respect to what the contents of any policy that it might have issued to Kleenit would have been, Sentry reserves all of its rights with respect to such conditions, exclusions, terms or conditions as might have application to this claims.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has no right to seek recovery against Sentry pursuant to M.G.L. Chapter 93A insofar as it has failed to satisfy all conditions precedent to such claims.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff have no right to seek recovery against Sentry pursuant to M.G.L. Chapter 93A as "the actions and transactions constituting the alleged unfair methods of competition or the unfair or deceptive act or practice" for which plaintiff seeks recovery did not occur "primarily and substantially" within the Commonwealth of Massachusetts

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff has no right to seek recovery against this defendant pursuant to M.G.L. Chapter 93A as it has acted reasonably at all times and in keeping with the law and regulations of the Commonwealth of Massachusetts.

## SEVENTH AFFIRMATIVE DEFENSE

Sentry reserves the right to assert such other affirmative defenses as may become apparent from facts that are presently unknown to it but which may emerge in the course of this litigation.

WHEREFORE, Sentry respectfully asks that this action be dismissed and that it be awarded its reasonable costs and attorney's fees, and for such other and further relief as this Honorable Court may deem just and proper.

        Respectfully submitted,
        The Defendant,
        Sentry Insurance, A Mutual Company,
        By its attorneys,

        /s/ Michael F. Aylward
        Michael F. Aylward, BBO #0242850
        MORRISON, MAHONEY & MILLER, LLP
        250 Summer Street
        Boston, MA 02210-1181
        (617) 439-7500

## CERTIFICATE OF SERVICE

I hereby certify that on March 10, 2004, I served a copy of the foregoing Answer and Affirmative Defenses of Defendant, Sentry Insurance Company, to Plaintiff's Complaint, upon all counsel of record, by first class mail, postage prepaid.

_____
Michael F. Aylward