**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 04 10351 NG**

KLEENIT, INC.,
**Plaintiffs**

v.

SENTRY INSURANCE COMPANY,
ROYAL & SUN ALLIANCE, UTICA
NATIONAL INSURANCE GROUP, and
TRAVELERS PROPERTY AND
CASUALTY,
**Defendants**

## PLAINTIFF'S EMERGENCY MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the plaintiff, Kleenit, Inc.

("Kleenit"), moves this Court for a preliminary injunction ordering three of the four Defendants,

Royal & Sun Alliance, Utica National Insurance Group, and Travelers Property and Casualty

(collectively, "the Three Defendants")[1] to immediately pay all Kleenit's outstanding and future

defense costs pertaining to its defense of two Notices of Responsibility ("NOR") issued by the

Massachusetts Department of Environmental Protection ("DEP") under M.G.L. c. 21E, and to

immediately pay all of Kleenit's costs to pursue its claims and establish the Three Defendants'

duty to defend under the applicable insurance policies.

---

[1] By not presently seeking injunctive relief against the fourth insurer, Sentry Insurance
Company ("Sentry"), Kleenit does not waive any rights or claims against Sentry, such rights and
claims being specifically reserved.

As grounds therefor, Kleenit relies upon the following:

1.      The Complaint and Plaintiff's Memorandum of Law in Support of Plaintiff's Emergency Motion for Preliminary Injunction, the Affidavit of Keith Crider and the Affidavit of Peter J. Feuerbach, Esquire, all of which had been filed with the Massachusetts Middlesex Superior Court and have been filed with this Court following the defendants' removal of the case from the Commonwealth of Massachusetts' Middlesex Superior Court;

2.      Plaintiff's Memorandum of Law in Support of Plaintiff's Emergency Motion for Preliminary Injunction, filed herewith; and,

3.      The Second Affidavit of Keith Crider, filed herewith.

Because the Three Defendants have failed to make their required defense payments, forcing Kleenit into dire financial conditions and threatening Kleenit's ability to clean up environmental contamination in accordance with the NORs and M.G.L. c. 21E (see Affidavit of Keith Crider and The Second Affidavit of Keith Crider), this Motion is filed on an emergency basis.

**WHEREFORE,** Kleenit respectfully requests that the Three Defendants, Royal & Sun Alliance, Utica National Insurance Group, and Travelers Property and Casualty, be enjoined and ordered as follows:

1)      To immediately pay Kleenit $150,386.17 for its outstanding defense costs, ($65,522.97 of which are unreimbursed, *post-tender* defense costs) pertaining to its defense of the NORs;

2)      To pay Kleenit, within fourteen (14) days of receiving invoices, for all future defense costs (including without limitation environmental site investigation and assessment costs and expert and legal fees) pertaining to its defense of the NORs;

3)    To immediately pay Kleenit for its costs and expenses to establish the Three

Defendants' duty to defend against the NORs pursuant to the Policies, plus Kleenit's costs and

attorneys' fees to prosecute its claims against the Three Defendants, including without limitation

its claims presentment, its lawsuit filed with the Commonwealth of Massachusetts' Middlesex

Superior Court and removed to this Court, and this Motion; and,

4)    Whatever other monetary and equitable relief this Court deems just.

Respectfully submitted,

KLEENIT, INC.

By its Attorney,

Donald P. Nagle, Esq. (BBO # 553544)
Law Office of Donald P. Nagle, P.C.
5 Main Street Extension, Suite 300
Plymouth, Massachusetts 02360
(508) 732-8970

Date: March 19, 2004

## REQUEST FOR ORAL ARGUMENT

Kleenit, Inc. requests oral argument on the foregoing Plaintiffs' Emergency Motion For
A Preliminary Injunction.

## CERTIFICATE UNDER LOCAL RULE 7.1(A)(2)

I hereby certify that I have conferred with counsel for Defendants Royal & Sun Alliance,
Utica National Insurance Group, Travelers Property and Casualty, and Sentry Insurance
Company in a good-faith attempt to resolve or narrow the issues presented in the foregoing
Plaintiffs' Emergency Motion For A Preliminary Injunction.

Donald P. Nagle, Esquire

3