*EXHIBIT  6*

# TUCKER, HEIFETZ & SALTZMAN, LLP

THREE SCHOOL STREET
BOSTON, MASSACHUSETTS 02108
617-557-9696

www.ths-law.com

RICHARD E. HEIFETZ

FACSIMILE - 617-227-9191
HEIFETZ@THS-LAW.COM

July 16, 2003
VIA FACSIMILE 617-439-9556
AND FIRST CLASS MAIL
[ 2 Pages Total ]

Peter J. Feuerbach, Esq.
Rubin & Rudman, LLP
50 Rowes Wharf
Boston, MA 02110-3319

Re:     Insured:       Kleenit, Inc.
        Locus:         28 Central Square, Chelmsford, MA
        Client:        Graphic Arts Mutual Insurance Company
                       as part of the Utica National Insurance Group
        Client File:   711577

Dear Mr. Feuerbach:

Thank you for your letter of July 11, 2003, which purports to confirm a telephone conversation, we had on July 9th. First, I don't appreciate the fact that you have taken this opportunity to misconstrue our telephone conversation and then saw fit to actually confirm what you believe I indicated in writing. I am constrained, due to the tenor and misconstruction of facts, to provide this formal response.

First, Travellers, Royal and Utica are presently preparing a proposed joint defense agreement that hopefully will be on your desk within the very near future. This agreement will allow for all defense costs that are **covered under the policy forms.** I would never agree to pre-tender defense costs and in fact you should know better as your office was counsel for the plaintiff in *Eastern Products, et. al. v. Continental Casualty, et. al.* 58 Mass.App.Ct. 16, (2003). There are other costs that I believe would not be covered as well. For example, the 4A letter from Exxon is not a claim, and does not trigger the duty to defend. *Zecco, et. al. v. Travellers*, 938 F.Supp 65 (1996). Each cost will be reviewed and if a covered defense cost, it will be reimbursed. We can discuss the particulars once you have the proposed agreement.

Relative to Wayland, counsel for Royal and I have discussed this matter and we are recommending to our respective clients that we follow form once the joint defense

TUCKER, HEIFETZ & SALTZMAN, LLP

Peter J. Fuerbach, Esq.
July 16, 2003
Page Two

agreement for Acton & Chelmsford has been finalized. It is expected that all new proposed costs and contracts will be submitted for approval prior to execution. I have reviewed your letter to Mr. Wegener concerning the defense agreement between the three PRP's and once the parties have agreed on the contractors that are most qualified and cost effective we can discuss this matter. Until that time, your request is premature.

Thank you for the contact information for Hanover Insurance. I am sure we will be in touch with Mr. Cardoza.

Our relationship has been cordial thus far and I see no reason for it to change. However, if you insist on confirming everything I say, or that you believe I said, then it will force me to communicate solely in writing.

Finally, please be advised that nothing set forth in this letter is to be construed as a waiver or relinquishment of any right of Utica National Insurance Group, its agents, servants, employees or attorneys, whether specified within this letter or not, and no act or acts of our client, its agents, servants, employees or attorneys, is to be so construed.

Very truly yours.

Richard E. Heifetz

REH/cf

cc:    Karl Vasilof, Esq.
       Joseph Schmidt, Esq.
       Kristen Martin, Esq.
       **Utica File No. 711577**

Donald Nagle, Esq.
Robert A. Fasanella, Esq.
Peter J. Feuerbach, Esq.
September 10, 2003
Page 2


Similarly, in *Hoechst Celanese*, the court merely held that the excess insurer's argument that its policy contained language that was "functionally equivalent" to the voluntary payments provision at issue in *Augat* was incorrect and that consequently *Augat* did not apply to the policies at issue. The court expressly noted *Augat*'s holding that prejudice was not required to preclude coverage for a breach of the voluntary payments clause. Even more importantly, the court did not disturb the trial court's grant of summary judgment to the primary carrier based on the Insured's breach of the voluntary payments clause.

In *Sarnafil*, the carriers note that the majority opinion does not even address the duty to defend. The dissent, however, correctly observes that an insurer's duty to defend its policyholder is contingent on the insured notifying its insurer of the claims being made against it. In other words, a duty to defend cannot arise until tender of the claim to the insurer. Therefore, any obligation that the Carriers owe to Kleenit commenced upon tender, and any money spent by Kleenit prior to giving notice is not, by definition, a "defense" cost.

Similarly, in *Managed Health Care Sys., Inc. v. St. Paul Fire & Marine Insurance Company*, 2001 U.S. Dist. LEXIS 18392, at *6 (D. Mass. 2001) the court found that an insurer is not liable for pre-notice defense costs under Massachusetts law, see also *Hoppies Oil Serv., Inc. v. Ins. Co. of N. Am.*, 783 F.Supp. 1505, 1509 (D. Mass. 1992) (holding that "no duty to defend or to participate in a defense can arise before the insurer has notice of the suit against the insured, or at least of the underlying claim and the likelihood of suit."); *Pacific Ins. Co., Ltd. v. Eaton Vance Mgmt.*, 260 F.Supp. 2d 334, 344 (D. Mass. 2003) (stating that "it is unfair to force the insurer, who might have made different choices, to pay for the defense prior to notification of a claim."); and *Am. Mut. Liab. Ins. Co. v. Beatrice Cos.*, 924 F.Supp. 861, 874 (N.D. Ill. 1996) holding that under Massachusetts law, "insurers are not liable for pre-notice defense costs.").

As it appears that the parties will not be able to come to an agreement regarding the draft Defense Cost Share Agreement previously forwarded to you, the Carriers have agreed to continue to contribute their respective pro-rata shares, which collectively total 100%, of the reasonable and necessary defense costs from the date of tender (September 25, 2002) of these matters by Kleenit.

Please forward all bills to Ms. Catherine Kozyra, in Travelers Special Liability Group, for review. Upon review, Ms. Kozyra will in turn inform Utica and Royal of the amount of their contribution, and each Carrier will reimburse that amount to you.

Pending resolution of the coverage issues raised by these matters, the Carriers continue to fully reserve their rights in these matters as more fully detailed in each Carrier's prior correspondence. Neither this correspondence nor any future communication or investigation should be deemed or construed as an admission that coverage is available for these matters, or as a waiver of any right or defense to coverage available to the Carriers (whether under any relevant contracts of insurance, or at law or in equity), or as an expansion of any duties which may be subsequently acknowledged by the Carriers.

Donald Nagle, Esq.
Robert A. Fasanella, Esq.
Peter J. Feuerbach, Esq.
September 10, 2003
Page 3


Please contact me at the direct dial number above if you have any questions regarding this letter.  If it is more convenient, you may leave a message for me at our toll-free number (1-800-954-9633), and I will return your call as soon as possible.  If I am unavailable at the time of your telephone call, you may contact Mr. Robert Harris at (860) 954-2959 or Joseph Schmitt, Esq. at (860) 277-3048 for assistance.


Sincerely,

T. Jill Donan
Associate Account Executive


TJD616


cc:    Catherine Kozyra, SLG – HOECU
       File No.: ANU2983 – Chelmsford
       File No.: ANU3053 – Acton

       Karl Vasiloff, Esq.
       Zelle, Hoffman, Voelbel, Mason & Gette LLP
       950 Winter Street-Suite 1300
       Waltham, Massachusetts 02451
       [Facsimile No. (781) 466-0701]
       (for Royal)

       Richard Heifetz, Esq.
       Tucker, Heifetz & Saltzman LLP
       Three School Street
       Boston, Massachusetts 02110
       [Facsimile No. (617) 227-9191]
       (for Utica)

# TUCKER, HEIFETZ & SALTZMAN, LLP

THREE SCHOOL STREET
BOSTON, MASSACHUSETTS 02108
617-557-9696

www.ths-law.com

RICHARD E. HEIFETZ

FACSIMILE - 617-227-9191
HEIFETZ@THS-LAW.COM

October 27, 2003
VIA FACSIMILE 508-732-8971 and FIRST CLASS MAIL
[ 2 Pages Total ]

Donald P. Nagle, Esquire
Donald P. Nagle, P.C.
5 Main Street Extension, Suite 300
Plymouth, MA 02360

Re:          Insured:      Kleenit, Inc.
             Locus:        28 Central Square, Chelmsford, MA
                           293-295 Main Street, Acton, MA

Dear Mr. Nagle:

Kindly be advised that Utica, Travelers and Royal ("the Carriers") are in receipt of your October 17, 2003 letter which threatens a lawsuit against the Carriers and termination of any existing tolling agreements if the Carriers do not resolve Kleenit's claims by October 27, 2003. We take this opportunity to comment upon your correspondence, and to submit the present position of the Carriers.

Put simply, the position set forth in your letter misses the point. The Carriers are not denying reimbursement of costs incurred by Kleenit prior to September 2002 on the ground that Kleenit made those payments in violation of a voluntary payment clause. The Carriers refuse to pay pre-September 2002 defense costs because Kleenit incurred those costs prior to putting the Carriers on notice of these claims.

Massachusetts law is crystal clear: insurers are not liable for pre-notice defense costs. This is because no duty to defend can arise before the insurer is on notice of the claim. Accordingly, Kleenit cannot recover its pre-tender costs from the Carriers. *See Managed Health Care Sys., Inc. v. St. Paul Fire & Marine Insurance Company*, 2001 U.S. Dist. LEXIS 18302, at *6 (D. Mass. 2001) (finding that insurer not liable for pre-notice defense costs under Massachusetts law); *Hoppies Oil Serv., Inc. v. Ins. Co. of N. Am.*, 783 F. Supp. 1505, 1509 (D. Mass. 1992) (holding that "[n]o duty to defend or to participate in a defense can arise before the insurer has notice of the suit against the insured, or at least of the underlying claim and the likelihood of suit."). *See also Pacific Ins. Co., Ltd. v. Eaton Vance Mgmt.*, 260 F. Supp. 2d 334, 344 (D. Mass. 2003) (stating "it is unfair to force the

**TUCKER, HEIFETZ & SALTZMAN, LLP**

Donald P. Nagle, Esquire
October 27, 2003
Page Two

insurer, who might have made different choices, to pay for the defense prior to notification of a claim."); *Am. Mut. Liab. Ins. Co. v. Beatrice Cos.*, 924 F. Supp. 861, 874 (N.D. Ill. 1996) (stating that under Massachusetts law, "insurers are not liable for pre-notice defense costs").

Here, the Carriers are not disclaiming coverage under the policies altogether and have agreed to pay Kleenit for defense costs incurred after September 2002, the month the Carriers were put on notice. However, because notice of this lawsuit was not presented until September 2002, the Carriers have no duty to provide defense costs incurred before then.

The Carriers have refused to pay Kleenit's pre-notice payments for the simple reason that, at the time the payments were made, the Carriers were not on notice that they had to defend this lawsuit. Their denial of payment on this ground is wholly supported by Massachusetts law, as is demonstrated above, as well as supported by the law of other jurisdictions. *See Elan Pharm. Research Corp. v. Employers Ins.*, 144 F. 3d 1372, 1382 (11th Cir. 1998) (concluding that obligation to defend insured "does not include expenses incurred before that notification"); *Legacy Ptnrs., Inc. v. Travelers Ins. Co.*, 2002 U.S. Dist. LEXIS 5620, Civ. No. 00-3413, at *6-11 (N.D. Cal. Mar. 29, 2002) (holding that insurer not liable for pre-tender costs); *Wm. C. Vick Constr. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 52 F. Supp. 2d 569 (E.D.N.C. 1999) (holding that insurer not liable for pre-notification legal expenses in "the absence of contractual language requiring the insurer to pay for pre-notification legal expenses"); *Comsat Corp. v. St. Paul Mercury Ins. Co.*, Civ. No. 97-2236, 1998 U.S. Dist. LEXIS 2916 at *15-16 (D. Minn. Mar. 6, 1998) (noting the "general rule that an insurer has no duty to pay pre-tender defense costs"). *Aerojet-General Corp. v. Transport Indemnity Co.*, 17 CAL 4th 38 (1997).

Given this caselaw and the Carriers' legitimate explanation for denial of payment of Kleenit's pre-tender costs, the Carriers request that you reconsider your position stated in your October 17, 2003 letter.

Very Truly Yours,

Richard E. Heifetz

cc:  Karl Vasiloff, Esquire          VIA FACSIMILE    781-466-0701
     Joseph Schmidt, Esquire         VIA FACSIMILE    860-954-0359
     Ms. T. Jill Donan               VIA FACSIMILE    860-954-5857
     Robert Fasanella, Esquire       VIA FACSIMILE    617-439-9556

BROADCAST REPORT

TIME : 10/27/2003 12:04

| PAGE(S) | 02 |
|---|---|

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|---|---|---|---|---|---|---|
| 10/27 | 11:57 | 15087328971 | 51 | 02 | OK | ECM |
| 10/27 | 11:58 | 17814650701 | 01:19 | 02 | OK | ECM |
| 10/27 | 12:00 | 18609540359 | 51 | 02 | OK | ECM |
| 10/27 | 12:02 | 18609545857 | 52 | 02 | OK | ECM |
| 10/27 | 12:04 | 6174399556 | 52 | 02 | OK | ECM |

BUSY: BUSY/NO RESPONSE
NG  : POOR LINE CONDITION
CV  : COVERPAGE

*EXHIBIT  7*



**T. Jill Donan**
Associate Account Executive
Special Liability Coverage Unit

(860) 954-5040 (Tel.)
(860) 954-5857 (Fax)

tdonan@travelers.com

**One Tower Square, 6 MS**
**Hartford, CT 06183-6016**

### *VIA FACSIMILE & U. S. MAIL*

September 10, 2003

Donald Nagle, Esq.
5 Main Street Extension, Suite 300
Plymouth, Massachusetts 02360
[Facsimile No. (508) 732-8971]

Robert A. Fasanella, Esq.
Peter J. Feuerbach, Esq.
Rubin and Rudman, LLP
50 Rowes Wharf
Boston, Massachusetts 02110-3319
[Facsimile No. (617) 439-9556]

      **Policyholder:**  **Kleenit, Inc. ("Kleenit")**
          **Site 1:**  **28 Central Square and Beaver Brook, Chelmsford, Massachusetts**
           **Re:**  **Massachusetts Department of Environmental Protection ("MA-DEP")**
               **Notice of Responsibility ("NOR") letter dated January 28, 2001**
          **Site 2:**  **293 and 295 Main Street, Acton, Massachusetts**
           **Re:**  **Massachusetts Department of Environmental Protection ("MA-DEP")**
               **Notice of Responsibility ("NOR") letter dated December 30, 2002**

Dear Mssrs. Nagle, Fasanella and Feuerbach:

I am writing on behalf of Travelers, Utica and Royal (collectively, the "Carriers") in response to Mr. Fasanella's August 11, 2003 correspondence. The Carriers have reviewed the August 11th letter with counsel, and without going into a full discussion of the points in dispute, we do not agree with the interpretation of the cases which were cited and wish to make several points. First, we observe that several of your citations to authority are either incorrect or, worse, misleading. For example, your quote from *Atlas Tack Corp.* conveniently omits the first word of the sentence (which is "although") and then stops before the actual point is made. A fair reading of the **entire** sentence is that the Court is distinguishing the instant case from the so-called "general rule." The omitted portion of your quote actually **supports** the carriers' position, i.e., that the Supreme Judicial Court in *Augat* did not require a showing of prejudice before granting a carrier summary judgment on the voluntary payments clause. Further, the *Atlas Tack* court vacated the trial court's judgment in favor of the insurer and ordered that judgment be entered in favor of the carrier.

Donald Nagle, Esq.
Robert A. Fasanella, Esq.
Peter J. Feuerbach, Esq.
September 10, 2003
Page 2

Similarly, in *Hoechst Celanese*, the court merely held that the excess insurer's argument that its policy contained language that was "functionally equivalent" to the voluntary payments provision at issue in *Augat* was incorrect and that consequently *Augat* did not apply to the policies at issue. The court expressly noted *Augut*'s holding that prejudice was not required to preclude coverage for a breach of the voluntary payments clause. Even more importantly, the court did not disturb the trial court's grant of summary judgment to the primary carrier based on the Insured's breach of the voluntary payments clause.

In *Sarnafil*, the carriers note that the majority opinion does not even address the duty to defend. The dissent, however, correctly observes that an insurer's duty to defend its policyholder is contingent on the insured notifying its insurer of the claims being made against it. In other words, a duty to defend cannot arise until tender of the claim to the insurer. Therefore, any obligation that the Carriers owe to Kleenit commenced upon tender, and any money spent by Kleenit prior to giving notice is not, by definition, a "defense" cost.

Similarly, in *Managed Health Care Sys., Inc. v. St. Paul Fire & Marine Insurance Company*, 2001 U.S. Dist. LEXIS 18392, at *6 (D. Mass. 2001) the court found that an insurer is not liable for pre-notice defense costs under Massachusetts law, see also *Hoppies Oil Serv., Inc. v. Ins. Co. of N. Am.*, 783 F.Supp. 1505, 1509 (D. Mass. 1992) (holding that "no duty to defend or to participate in a defense can arise before the insurer has notice of the suit against the insured, or at least of the underlying claim and the likelihood of suit."); *Pacific Ins. Co., Ltd. v. Eaton Vance Mgmt.*, 260 F.Supp. 2d 334, 344 (D. Mass. 2003) (stating that "it is unfair to force the insurer, who might have made different choices, to pay for the defense prior to notification of a claim."); and *Am. Mut. Liab. Ins. Co. v. Beatrice Cos.*, 924 F.Supp. 861, 874 (N.D. Ill. 1996) holding that under Massachusetts law, "insurers are not liable for pre-notice defense costs.").

As it appears that the parties will not be able to come to an agreement regarding the draft Defense Cost Share Agreement previously forwarded to you, the Carriers have agreed to continue to contribute their respective pro-rata shares, which collectively total 100%, of the reasonable and necessary defense costs from the date of tender (September 25, 2002) of these matters by Kleenit.

Please forward all bills to Ms. Catherine Kozyra, in Travelers Special Liability Group, for review. Upon review, Ms. Kozyra will in turn inform Utica and Royal of the amount of their contribution, and each Carrier will reimburse that amount to you.

Pending resolution of the coverage issues raised by these matters, the Carriers continue to fully reserve their rights in these matters as more fully detailed in each Carrier's prior correspondence. Neither this correspondence nor any future communication or investigation should be deemed or construed as an admission that coverage is available for these matters, or as a waiver of any right or defense to coverage available to the Carriers (whether under any relevant contracts of insurance, or at law or in equity), or as an expansion of any duties which may be subsequently acknowledged by the Carriers.

Donald Nagle, Esq.
Robert A. Fasanella, Esq.
Peter J. Feuerbach, Esq.
September 10, 2003
Page 3


Please contact me at the direct dial number above if you have any questions regarding this letter. If it is more convenient, you may leave a message for me at our toll-free number (1-800-954-9633), and I will return your call as soon as possible. If I am unavailable at the time of your telephone call, you may contact Mr. Robert Harris at (860) 954-2959 or Joseph Schmitt, Esq. at (860) 277-3048 for assistance.

Sincerely,

T. Jill Donan
Associate Account Executive

TJD616

cc:    Catherine Kozyra, SLG – HOECU
       File No.: ANU2983 – Chelmsford
       File No.: ANU3053 – Acton

       Karl Vasiloff, Esq.
       Zelle, Hoffman, Voelbel, Mason & Gette LLP
       950 Winter Street-Suite 1300
       Waltham, Massachusetts 02451
       [Facsimile No. (781) 466-0701]
       (for Royal)

       Richard Heifetz, Esq.
       Tucker, Heifetz & Saltzman LLP
       Three School Street
       Boston, Massachusetts 02110
       [Facsimile No. (617) 227-9191]
       (for Utica)

*EXHIBIT  8*



*Catherine L. Kozyra*
*Associate Account Executive*
*860-277-5290*
*Fax: 860-277-1006*
*e-mail: ckozyra@travelers.com*

**Special Liability Group**
1 Tower Square, 5 MS
Hartford, CT 06183-6016

**Regular Mail**

September 26, 2003

Karl A. Vasiloff, Esquire
Zelle, Hoffman, Voelbel, Mason & Gette LLP
950 Winter Street – Suite 1300
Waltham, MA 02451

Danielle M. Maloney, Esquire
Tucker, Heifetz & Saltzman
Three School Street
Boston, Massachusetts 02108

     **Policyholder: Kleenit, Inc. ("Kleenit")**

       **Site 1:  28 Central Square and Beaver Brook, Chelmsford, Massachusetts**

       **Site 2:  293 and 295 Main Street, Acton, Massachusetts**

Dear Mr. Vasiloff and Ms. Maloney:

After reviewing Kleenit's expenses from January 2001, to March 2003, and making deductions for coverage related issues and pre-tender costs, I have issued payment for Travelers' 47 % of defense related costs. I have attached Travelers' August 29, 2003, letter and spreadsheet to Mr. Nagle explaining my reasoning for deductions. Since the recommended adjusted amount totaled $3,236.42 that leaves Utica to pay $1,262.20 which constitutes it's 39% and Royal $453.10 representing its 14%.

Sincerely,

Catherine L. Kozyra
Associate Account Executive



**Mark D. Kohler**
*Account Executive*
*860-277-9974*
*Fax: 860-277-1600*
*e-mail: mkohler@travelers.com*

Special Liability Group
1 Tower Square, 5 MS
Hartford, CT 06183-6016

## VIA OVERNIGHT MAIL (A.E. Airbill # 18877233550)

August 29, 2003

Donald P. Nagle, PC
5 Main Street Extension, Suite 300
Plymouth, MA 02360

### Policyholder: Kleenit, Inc. ("Kleenit")

#### Site 1: 28 Central Square and Beaver Brook, Chelmsford, Massachusetts

#### Site 2: 293 and 295 Main Street, Acton, Massachusetts

Dear Nagle:

This letter will serve to follow up on a conversation I had with Mr. Peter Feuerbach at Rubin and Rudman on August 28, 2003. Travelers has reviewed the additional materials provided by Mr. Feuerbach's office and has determined that the majority of the invoices provided are for costs incurred prior to the dates on which these matters were forwarded to Travelers (please see Ms. Donan's April 16, 2003 letter). As such, these "pre-tender" costs are not covered and the invoices were not reviewed further.

In regards to the remaining defense costs, I have attached a check in the amount of one thousand nine hundred forty four dollars and twelve cents ($1,944.12) made out to Kleenit. This payment represents Travelers' 47% of defense related costs incurred and listed in the attached spreadsheet.

Please continue to direct all defense and liability related correspondence to Ms. Kozyra. Likewise, all coverage related correspondence should be directed to Ms. Donan in the Travelers' Special Liability Coverage Unit.

Travelers fully reserves it rights in this matter. Neither this nor any further communication nor investigation shall be construed as a waiver of any of the rights and defenses available to Travelers under the contract of insurance.

Sincerely,

Mark D. Kohler
Account Executive

c. Peter Feuerbach (via Facsimile: 617-439-9556)
   Rubin and Rudman

Kleenit, Inc.
8/29/2003

| Vendor | Invoice Date | Invoice # | Invoice Amount | Adjusted Amount | Travelers 47% | Deduction Amount | Reason for Deduction |
|---|---|---|---|---|---|---|---|
| Rubin and Rudman, *Acton Site* | | | | | | | |
| | 3/12/2003 | 268139 | $3,156.33 | $751.87 | $353.38 | $2,404.46 | Coverage Costs° |
| | 2/26/2003 | 267656 | $3,053.19 | $1,725.35 | $810.91 | $1,327.84 | Coverage Costs°° |
| | 2/5/2003 | 266344 | $1,688.03 | $0.00 | $0.00 | $1,688.03 | Pre-tender cost* |
| | 1/31/2003 | 266319 | $4,065.50 | $0.00 | $0.00 | $4,065.50 | Pre-tender cost* |
| | 1/16/2003 | 265870 | $2,527.69 | $0.00 | $0.00 | $2,527.69 | Pre-tender cost* |
| | 12/11/2002 | 264457 | $2,965.82 | $0.00 | $0.00 | $2,965.82 | Pre-tender cost* |
| | 11/11/2002 | 262833 | $2,705.24 | $0.00 | $0.00 | $2,705.24 | Pre-tender cost* |
| | 10/30/2002 | 262185 | $3,768.70 | $0.00 | $0.00 | $3,768.70 | Pre-tender cost* |
| | 10/9/2002 | 261294 | $2,299.62 | $0.00 | $0.00 | $2,299.62 | Pre-tender cost* |
| | 9/9/2002 | 259622 | $1,510.75 | $0.00 | $0.00 | $1,510.75 | Pre-tender cost* |
| | 7/22/2002 | 258083 | $189.30 | $0.00 | $0.00 | $189.30 | Pre-tender cost* |
| Rubin and Rudman, *Chelmsford Site* | | | | | | | |
| | 3/12/2003 | 268138 | $3,455.29 | $62.50 | $29.38 | $3,392.79 | Coverage Costs° |
| | 2/26/2003 | 267657 | $2,879.01 | $0.00 | $0.00 | $2,879.01 | Coverage Costs° |
| | 2/5/2003 | 266345 | $379.85 | $0.00 | $0.00 | $379.85 | Coverage Costs° |
| | 1/31/2003 | 266318 | $1,172.50 | $152.50 | $71.68 | $1,020.00 | Coverage Costs° |
| | 12/11/2002 | 264456 | $1,546.00 | $544.20 | $255.77 | $1,001.80 | Coverage Costs° |
| | 11/11/2002 | 262844 | $2,190.23 | $0.00 | $0.00 | $2,190.23 | Pre-tender cost* |
| | 10/30/2002 | 262188 | $2,840.72 | $0.00 | $0.00 | $2,840.72 | Pre-tender cost* |
| | 10/9/2002 | 261293 | $1,050.47 | $0.00 | $0.00 | $1,050.47 | Pre-tender cost* |
| | 9/9/2002 | 259623 | $1,470.80 | $0.00 | $0.00 | $1,470.80 | Pre-tender cost* |
| | 7/22/2002 | 258078 | $248.75 | $0.00 | $0.00 | $248.75 | Pre-tender cost* |
| Total Payment | | | $45,163.79 | $3,236.42 | $1,521.12 | $41,927.37 | |

* Deductions made for coverage costs were in line with the notations made on the invoices provided to Travelers by R&R (Please see attached)

° The Adjusted Amount for Invoice # 267656 was calculated out using the following
RAF: 3.95 hours pre-tender X $250.00 hourly rate = $987.50
PJF: .35 hours pre-tender X $225.00 hourly rate = $78.75
Total Pre-tender amount: $1066.25

Total defense cost - pre-tender costs = Adjusted Amount
$2791.60 - $1066.25 = $1725.35

* Per T. Jill Donan's letter dated April 16, 2003, all costs incurred prior to the following dates are not covered:
Acton, MA: January 13, 2003
Chelmsford, MA: September 27, 2002

RUBIN AND RUDMAN LLP
50 ROWES WHARF
BOSTON, MA   02110
TAX ID 04-2202844

MARCH 12, 2003
FILE#   08856-001

Kleenit, Inc.
44 Park Street
Ayer, MA   01433

PAGE     1

----------------------------------------------------------------------

Statement #          268139

For Professional Services Rendered on Account
Re:       08856-001
          Acton - SUDS Cleaners

LEGAL SERVICES

| Date | | Description | Hours | |
|---|---|---|---|---|
| /16/03 | RAF | Review and Revision of Document: review cover letter to Keyes, Sentry | .20 | C |
| /16/03 | RAF | Review and Revision of Document: review cover letter to Utica/Graphic Insurance Co. | .25 | C |
| /16/03 | RAF | Review and Revision of Document: Review and revise Tolling Agreement | .30 | C |
| /17/03 | PJF | Prepare letters to and revised tolling agreements for four insurers; several telephone conferences with Utica's attorney and conferences with co-counsel regarding tolling agreements, defense and coverage. | 3.40 | C |
| /20/03 | RAF | Receipt/Review of Correspondence: review e-mail to/from Don Nagle re: Tolling Agreement/defense and indemnity with Travelers and other insurers | 1.00 | C |
| /21/03 | RAF | Telephone Conference with Client: with Keith Crider re: defense by Travelers, Utica and Graphic Royal v. Travelers | .40 | C |
| /22/03 | RAF | Office Consultation: with Ted Petrakas re: lease provisions and defense with Landlords | .20 | D |
| /22/03 | RAF | Correspondence for Client: to Don Nagle re: defense | .20 | C |

(CONTINUED)

RUBIN AND RUDMAN LLP
50 ROWES WHARF
BOSTON, MA 02110
TAX ID 04-2202844

FEBRUARY 26, 2003
FILE#    08856-001

Kleenit, Inc.
44 Park Street
Ayer, MA 01433

PAGE    1

Statement #        267656

For Professional Services Rendered on Account
Re:        08856-001
        Acton - SUDS Cleaners

LEGAL SERVICES

|  |  |  |  |
|---|---|---|---|
| /02/03 RAF | Telephone conference with Mark Germano, LSP regarding contact with landlord's LSP regarding recent testing report. | .20 | D |
| /02/03 RAF | Review correspondence from Keith Crider regarding Insurance Claims. | .70 | D/C 50°/₁ |
| ./03/03 PJF | Review NORs for Acton site; review case law requiring coverage for NOR; conference with co-counsel and prepare draft letters to insurers regarding same. | .25 | C |
| 1/03/03 RAF | Office conference with P.J. Feuerbach regarding letters to various insurers/DEP NOR. | .20 | D |
| 1/03/03 RAF | Telephone call to Keith Crider regarding status/strategy on landlord claims and various consultant reports/revisions. | .20 | D |
| 01/03/03 RAF | Email from Ned Abelson regarding response to C&C 12/23/02 draft report and testing. | .25 | D |
| 01/03/03 RAF | Review RMI 12/20/02 report. | .20 | D |
| 01/03/03 RAF | Correspondence to RMI regarding Further comments and contact with Ned Abelson and Duncan Wood. |  |  |

(handwritten annotations)

C | D
78.75 | 1675
 | 78.75
112.50 | 967.50
70.35 | 70.35
261.60 | 2791.60
 | D

(CONTINUED)

RUBIN AND RUDMAN LLP
50 ROWES WHARF
BOSTON, MA  02110
TAX ID 04-2202844

FEBRUARY 26, 2003
FILE#    08856-001

Kleenit, Inc.
44 Park Street
Ayer, MA  01433

PAGE    2

---

| Date | | Description | Hours | |
|------|------|-------------|-------|---|
| 01/06/03 | RAF | Telephone conference with Mark Germano, LSP contact with Duncan Wood, LSP for landlord, Risk Assessment. | .20 | D |
| 01/07/03 | RAF | Telephone conference with Ned Abelson, Esq./Mark Germano, Landlord's comments on C&C report and RMI's reports. | .30 | D |
| 01/08/03 | PJF | Prepare 93A demand letters to insurers; legal research regarding proof of lost policies and prepare revision to demand letter regarding same; review and analyze insurers' responses to notice and claims letters. | 1.70 | C |
| 01/08/03 | RAF | Email fax to Peter Woodman.  RMI regarding comments from Landlord's consultant. | .20 | D |
| 01/09/03 | PJF | Telephone conference with Royal regarding policy, insured's locations and statement; review NOR and prepare revisions to 93A demand letters regarding same. | .70 | C |
| 01/10/03 | PJF | Review DEP's NOR; legal research regarding NOR as triggering coverage; prepare revisions to demand letters regarding same; prepare revisions to draft letters to Travelers; prepare memorandum to D. Nagle regarding same. | 1.40 | C |
| 01/10/03 | RAF | Review and Revision of Document: review of Ned Abelson's consultants revisiolns to RMI and C&C Reports | .50 | D |
| 01/10/03 | RAF | Conference for Client: with Ned Abelson and telephone conference call with Mark Germano and Peter Woodman | 1.50 | D |
| 01/13/03 | RAF | Telephone Conference with Client: with Keith Crider, Kleenit re: claims against various insurers, including Travlers, recent work at Acton and meeting with Landlord's counsel | .25 | D |
| 01/13/03 | RAF | Review and Revision of Document: review RMI's revised Risk Assessment | .25 | D . |

(CONTINUED)

RUBIN AND RUDMAN LLP
50 ROWES WHARF
BOSTON, MA  02110
TAX ID 04-2202844

MARCH 12, 2003
FILE#   08856-002

Kleenit, Inc.
44 Park Street
Ayer, MA  01433

PAGE    1

---------------------------------------------------------------

Statement #          268138

For Professional Services Rendered on Account
Re:       08856-002
          Chelmsford

*C  D*
*3,191.25  62.50*
*201.45*

LEGAL SERVICES

| Date | Atty | Description | Hours |
|------|------|-------------|-------|
| 01/17/03 | RAF | Office Consultation: with PJF re: status of Tolling Agreement and defense and contact with various insurers | .30 |
| 01/17/03 | RAF | Receipt/Review of Correspondence: review Sentry's Response to Demand | .20 |
| 01/21/03 | PJF | Telephone conferences with Royal, Utica and Sentry and conference with co-counsel regarding coverage and tolling agreements; prepare revisions to agreements and letters to insurers regarding same. | 2.90 |
| 01/21/03 | RAF | Office Consultation: with PJF re: Tolling Agreement and defense vs. coverage | .30 |
| 01/21/03 | RAF | Telephone Conference for Client: with Michael Alyward, Esq. re: Tolling Agreement | .25 |
| 01/21/03 | RAF | Telephone Conference for Client: with Don Nagle, Esq. re: Tolling and Defense Agreement | .75 |
| 01/22/03 | PJF | Telephone conferences with attorneys for insurers, prepare separate revisions to Tolling Agreements, and prepare letters to attorneys regarding same. | 1.10 |

(CONTINUED)

RUBIN AND RUDMAN LLP
50 ROWES WHARF
BOSTON, MA  02110
TAX ID 04-2202844

FILE#    FEBRUARY 5, 2003
08856-002

Kleenit, Inc.
44 Park Street
Ayer, MA  01433

------------------------------------------------    PAGE    1
------------------------------------------------

Statement #        266345

For Professional Services Rendered on Account
Re:        08856-002
    Chelmsford


LEGAL SERVICES

| | | | | |
|---|---|---|---|---|
| 12/10/02 PJF | Prepare second demand letter to Sentry with exhibits. | | .80 | C |
| 12/20/02 PJF | Review letter from Royal and prepare letter to client regarding same. | | .25 | C |
| 12/27/02 PJF | Review letter from client regarding proof of policies and response to Royal. | | .10 | C |

*--------------------------TIME AND FEE SUMMARY--------------------*
*----------TIMEKEEPER---------*    RATE    HOURS                FEES
PETER FEUERBACH                    225.00   1.15
                    TOTALS               1.15          258.75
                                         1.15          258.75

        TOTAL HOURS                       1.15
        TOTAL FEES
                                                 258.75


DISBURSEMENTS
    PHOTOCOPIES
    OUTSIDE MESSENGER                    112.50
    POSTAGE                               8.00
        TOTAL DISBURSEMENTS                .60
                                                 121.10  C
                                              ----------

        TOTAL INVOICE DUE
                                              $379.85
                (CONTINUED)

RUBIN AND RUDMAN LLP
50 ROWES WHARF
BOSTON, MA  02110
TAX ID 04-2202844

FEBRUARY 26, 2003
FILE#   08856-002

Kleenit, Inc.
44 Park Street
Ayer, MA  01433

PAGE    1

------------------------------------------------------------------------

Statement #              267657

For Professional Services Rendered on Account
Re:       08856-002
       Chelmsford

*C*
*2Y79.01*

LEGAL SERVICES

| Date | | Description | Hours | |
|---|---|---|---|---|
| 01/02/03 | PJF | Legal research regarding proof of lost policies. | .30 | C |
| 01/02/03 | RAF | Office conference with P. Feuerbach regarding insurance claims Demand Letters to all insurers and D.J. claim. | .30 | C |
| 01/03/03 | RAF | Preparation of Demand Letters to various insurers for defense and coverage. | .40 | C |
| 01/06/03 | PJF | Prepare demand letters to insurers under c.93A and c.176D; legal research regarding insurer's duty to provide coverage. | 1.40 | C |
| 01/07/03 | PJF | Telephone conferences with Bingham regarding demand letter to Travelers; prepare draft letter and documents for Attorney Nagle regarding demand to Travelers; conference with co-counsel regarding same; prepare draft demand letters to insurers. | 1.30 | C |
| 01/07/03 | RAF | Office conference with P. Feuerbach regarding Demand Letters. | .20 | C |
| 01/07/03 | RAF | Telephone conference with Don Nagel regarding background for claims against Travelers. | .50 | C |
| 01/07/03 | RAF | Demand Letters - revised draft #2. | .25 | C |

(CONTINUED)

**RUBIN AND RUDMAN LLP**
**50 ROWES WHARF**
**BOSTON, MA   02110**
**TAX ID 04-2202844**

JANUARY 31, 2003
FILE#    08856-002

Kleenit, Inc.
44 Park Street
Ayer, MA   01433

PAGE    1
-----------------------------------------------------------------------

Statement #          266318

For Professional Services Rendered on Account
Re:        08856-002
           Chelmsford

LEGAL SERVICES

| Date | Atty | Description | Hours | |
|---|---|---|---|---|
| 06/02 | PJF | Legal research case law on alleged late notice, voluntary payments and pretender costs. | .80 | C |
| 07/02 | PJF | Review and analyze documents to send to insurers; prepare list of documents for insurers. | 1.20 | e |
| 07/02 | RAF | Review and revisions to response letters to various insurers requesting various documents. | .30 | C |
| 08/02 | PJF | Review letters from insurers; prepare final revisions and exhibits to response letters to Travelers, Utica and Royal Sunalliance. | 1.50 | C |
| 08/02 | RAF | Receipt and review Exxon's request for additional documents/contribution. | .20 | D |
| 08/02 | RAF | Office consultation with P. Feuerbach regarding Exxon's request for additional documents/contribution. | .20 | D |
| 12/02 | RAF | Office consultation with P. Feuerbach regarding responses to various insurers. | .15 | C |
| 12/02 | RAF | Telephone conference with Mark Germano, LSP regarding additional site assessment/contact with landlord's counsel/consultant. | .20 | D |

(CONTINUED)

RUBIN AND RUDMAN LLP
50 ROWES WHARF
BOSTON, MA  02110
TAX ID 04-2202844

DECEMBER 11, 2002
FILE#    08856-002

enit, Inc.
Park Street
, MA  01433

PAGE    1
------------------------------------------------------------------

tement #         264456

Professional Services Rendered on Account
          08856-002
  Chelmsford

AL SERVICES

| 2 PJF | Prepare letter to client regarding potential statute of limitations issue. | 1.10 | C |
| 2 RAF | Receipt/review correspondence Royal to Initial Notice of Claim | .10 | C |
| 2 PJF | Telephone conference with client regarding response actions and claims against insurers; prepare outline of responses to insurers. | .40 | C |
| 2 RAF | Telephone conference with Richard Blum, Claims Adjuster. | .10 | C |
| 2 RAF | Office consultation with Peter J. Feuerbach. Response. | .10 | C |
| 2 PJF | Prepare draft letter to and documents for Globe/Royal Sun Alliance. | .10 | C |
| 02 RAF | Review response of Traveler's Insurance to initial Notices of Claim. | .20 | |
| 02 PJF | Review letters from Traveler's and Royal Sun; begin preparing responses. | .30 | |
| 02 RAF | Office conference with Peter J. Feuerbach regarding response to Traveler's reply to claims. | .20 | |
| 02 PJF | Draft letter to Royal Sun Alliance. | .10 | |
| 02 PJF | Review MCP documents and response action costs. | .20 | |
| 02 RAF | Telephone Conference with Client; with Kristine Martin Utica. | .20 | |

(CONTINUED)

**Defense Costs and Invoices Included on R&R Spreadsheet (Jan 2001 - Feb 2003)**

| Vendor | Defense Amt | Approved Amt | Travelers 47% | Notes* |
|---|---|---|---|---|
| Rubin and Rudman | $16,383.62 | $3,236.42 | $1,521.12 | See attached sheet outlining all R&R invoices |
| Macy Nason, Inc. | $877.44 | $0.00 | $0.00 | 6/30/02 invoice is for pre-tender costs |
| .C. Construction | $5,505.72 | $0.00 | $0.00 | Payment made on 2/22/02 - Pre-tender cost |
|  | $1,650.00 | $0.00 | $0.00 | 3/3/01 invoice is for pre-tender costs |
| y'Amore Associates, Inc. | $1,628.00 | $0.00 | $0.00 | 4/26/01 invoice is for pre-tender costs |
|  | $300.00 | $0.00 | $0.00 | 5/28/01 invoice is for pre-tender costs |
|  | $300.00 | $0.00 | $0.00 | 6/27/01 invoice is for pre-tender costs |
|  | $463.50 | $0.00 | $0.00 | 11/1/01 invoice is for Conf. Calls and Legal Ad, both of which are not defense costs |
|  | $2,450.00 | $0.00 | $0.00 | 8/4/01 invoice is for pre-tender costs |
|  | $750.00 | $0.00 | $0.00 | 10/27/01 invoice is for pre-tender costs |
|  | $1,884.88 | $0.00 | $0.00 | 10/1/01 invoice is for pre-tender costs |
|  | $950.00 | $0.00 | $0.00 | 11/30/01 invoice is for pre-tender costs |
|  | $2,351.54 | $0.00 | $0.00 | 9/1/01 invoice is for pre-tender costs |
|  | $337.50 | $0.00 | $0.00 | 8/4/01 invoice is for pre-tender costs |
|  | $1,612.50 | $0.00 | $0.00 | 12/30/01 invoice is for pre-tender costs |
|  | $3,150.00 | $0.00 | $0.00 | 2/1/02 invoice is for pre-tender costs |
|  | $953.00 | $0.00 | $0.00 | 3/1/02 invoice is for pre-tender costs |
|  | $3,354.00 | $0.00 | $0.00 | 3/30/02 invoice is for pre-tender costs |
|  | $1,500.00 | $0.00 | $0.00 | 5/1/02 invoice is for pre-tender costs |
|  | $1,800.00 | $0.00 | $0.00 | 5/31/02 invoice is for pre-tender costs |
|  | $1,050.00 | $0.00 | $0.00 | 5/31/02 invoice is for pre-tender costs |
|  | $750.00 | $0.00 | $0.00 | 7/2/02 invoice is for pre-tender costs |
|  | $600.00 | $600.00 | $282.00 | Invoice 1966 - 11/29/2002 |
|  | $2,054.00 | $0.00 | $0.00 | 8/2/02 invoice is for pre-tender costs |
|  | $300.00 | $300.00 | $141.00 | Invoice 1894 - 9/29/2002 |
|  | $300.00 | $0.00 | $0.00 | 9/2/02 invoice is for pre-tender costs |
| Coler & Colantnio, Inc. | $3,000.00 | - $0.00 | $0.00 | No invoices were provided with these checks. |
|  | $2,000.00 | $0.00 | $0.00 | Please provide supporting documentation. |
|  | $13,523.23 | $0.00 | $0.00 | 11/6/02 & 12/20/02 invoices are for pre-tender costs (Acton Site) |

Defense Costs and Invoices Included on R&R Spreadsheet (Jan 2001 - Feb 2003)

| Vendor | Defense Amt | Approved Amt | Travelers 74% | Notes |
|---|---|---|---|---|
| Risk Management, Inc. | $5,000.00 | $0.00 | $0.00 | Travelers will not pay for "expected" costs. Please provide invoices for review as costs are incurred. |
| | $1,500.00 | $0.00 | $0.00 | 10/9/02 invoice is for pre-tender costs (Acton Site) |
| | $1,245.65 | $0.00 | $0.00 | 10/30/02 invoice is for pre-tender costs (Acton Site) |
| | $198.60 | $0.00 | $0.00 | 12/20/02 invoice is for pre-tender costs (Acton Site) |
| Commonwealth of Mass. | $3,500.00 | $0.00 | $0.00 | Payment made on 8/27/02 - Pre-tender cost |
| Total | $87,248.18 | $4,136.42 | $1,944.12 | |

per T. Jill Donan's letter dated April 16, 2003, all costs incurred prior to the following dates are not covered:

Acton, MA: January 13, 2003
Chelmsford, MA: September 27, 2002

CONFIDENTIAL ATTORNEY CLIENT PRIVILEGE

RUBIN RUDMAN

KLEENIT, INC.'S ENVIRONMENTAL EXPENSES
JANUARY 2001 TO FEBRUARY 2003

| PAYEE | TOTAL AMOUNT OF PAYMENT | CLAIM PRESENTMENT AMOUNT | DEFENSE AMOUNT | INDEMNIFICATION AMOUNT | |
|---|---|---|---|---|---|
| Rubin and Rudman LLP | $44,681.73 | $28,298.11 | $16,383.62 | 0 | 1 |
| Donald Nagle P.C. | $1,500.00 | $1,500.00 | 0 | 0 | 2 |
| Harry Nason, Inc. | $4,387.18 | $3,509.74 | $877.44 | 0 | 3 |
| R.G. Construction | $5,505.72 | 0 | $5,505.72 | 0 | 4 |
| Waste Management | $2,930.84 | 0 | 0 | $2,930.84 | 5 |
| | $3,000.00 | 0 | 0 | $3,000.00 | 6 |
| | $3,000.00 | 0 | 0 | $3,000.00 | 7 |
| Regenisis | $3,164.40 | 0 | 0 | $3,164.40 | 8 |
| | $1,658.00 | | | $1,658.00 | 9 |
| Enviro-Safe Corp. | $1,500.00 | 0 | 0 | $1,500.00 | 10 |
| | $952.00 | 0 | 0 | $ 952.00 | 11 |

38758_2

CONFIDENTIAL ATTORNEY CLIENT PRIVILEGE

RUBIN RUDMAN

## KLEENIT, INC.'S ENVIRONMENTAL EXPENSES
## JANUARY 2001 TO FEBRUARY 2003

| PAYEE | TOTAL AMOUNT OF PAYMENT | CLAIM PRESENTMENT AMOUNT | DEFENSE AMOUNT | INDEMNIFICATION AMOUNT | |
|---|---|---|---|---|---|
| D'Amore Associates, Inc. | $1,650.00 | 0 | $1,650.00 | 0 | 12 |
| | $1,628.00 | 0 | $1,628.00 | 0 | 13 |
| | $ 300.00 | 0 | $ 300.00 | 0 | 14 |
| | $ 300.00 | 0 | $ 300.00 | 0 | 15 |
| | $ 463.50 | 0 | $ 463.50 | 0 | 16 |
| | $2,450.00 | 0 | $2,450.00 | 0 | 17 |
| | $1,000.00 | 0 | $1,000.00 | 0 | 18 |
| | $1,000.00 | 0 | $1,000.00 | 0 | 19 |
| | $2,025.00 | 0 | $2,025.00 | 0 | 20 |
| | $1,612.50 | 0 | $1,612.50 | 0 | 21 |
| | $1,500.00 | 0 | $ 750.00 | $750.00 | 22 |
| | $1,884.88 | 0 | $1,884.88 | 0 | 23 |
| | $2,000.00 | 0 | $ 950.00 | $1,050.00 | 24 |
| | $2,351.54 | 0 | $2,351.54 | 0 | 25 |
| | $ 337.50 | 0 | $ 337.50 | 0 | 26 |
| | $3,150.00 | 0 | $3,150.00 | 0 | 27 |
| | $953.00 | 0 | $ 953.00 | 0 | 28 |
| | $3,354.00 | 0 | $3,354.00 | 0 | 29 |
| | $1,500.00 | 0 | $1,500.00 | 0 | 30 |
| | $1,800.00 | 0 | $1,800.00 | 0 | 31 |
| | $1,050.00 | 0 | $1,050.00 | 0 | 32 |
| | $750.00 | 0 | $ 750.00 | 0 | 33 |
| | $600.00 | 0 | $ 600.00 | 0 | 34 |
| | $2,054.00 | 0 | $2,054.00 | 0 | 35 |
| | $300.00 | 0 | $ 300.00 | 0 | 36 |

538758_2

2

CONFIDENTIAL ATTORNEY CLIENT PRIVILEGE

RUBIN RUDMAN

KLEENIT, INC.'S ENVIRONMENTAL EXPENSES
JANUARY 2001 TO FEBRUARY 2003

| PAYEE | TOTAL AMOUNT OF PAYMENT | CLAIM PRESENTMENT AMOUNT | DEFENSE AMOUNT | INDEMNIFICATION AMOUNT | |
|---|---|---|---|---|---|
| D'Amore Associates, Inc. (continued) | $300.00 | 0 | $ 300.00 | 0 | 37 |
| Coler & Colantonio, Inc. | $3,000.00 | 0 | $3,000.00 | 0 | 38 |
|  | $2,000.00 | 0 | $2,000.00 | 0 | 39 |
|  | $13,523.23 | 0 | $13,523.23 | 0 | 40 |
|  | $5,000.00 (Estimate of future site assessment costs) | 0 | $5,000.00 | 0 | 41 |
| Risk Management Inc. | $1,500.00 | 0 | $1,500.00 | 0 | 42 |
|  | $1,245.65 | 0 | $1,245.65 | 0 | 43 |
|  | $198.60 | 0 | $ 198.60 | 0 | 44 |
| Commonwealth of Massachusetts. | $3,500.00 | 0 | $3,500.00 | 0 | 45 |
| TOTAL | $138,561.27 | $33,307.85 | $87,248.18 | $18,005.24 | |

J38758_2

3

*EXHIBIT  9*



Lydia Berez
Staff Attorney

P.O. Box 530
Utica, NY 13503
Telephone: (315) 734-2916
Facsimile: (315) 734-2198

October 31, 2003

Klennit, Inc.
44 Park Street
Ayer, MA 01432

Re:  Claimant Klennit, Inc. vs. Utica Mutual

To Whom It May Concern:

Enclosed you will find a check from Utica Mutual Insurance Company totaling $1,262.20.  This
check represents Utica's 39% share of the total amount, $3,236.42.

By way of this letter we are notifying your counsel, Robert Fassanella of Rubin and Rudman of
this payment.

If you have any questions, please feel free to contact me.

Sincerely,

Lydia Berez, Esq.
Staff Attorney

LB:jo
Enclosure

Cc:    Tucker, Heifetz & Saltzman, LLP
       Rubin and Rudman, LLP



Lydia Berez
Staff Attorney

P.O. Box 530
Utica, NY 13503
Telephone: (315) 734-2916
Facsimile: (315) 734-2198

November 21, 2003

Kleenit, Inc.
44 Park Street
Ayer, MA  01432

Re:  Claimant Kleenit, Inc. vs. Utica Mutual

To Whom It May Concern:

Enclosed you will find a check from Utica Mutual Insurance Company totaling $1,598.30.  This
check represents Utica's 39% share of the total amount, $4,098.33.

By way of this letter we are notifying your counsel, Robert Fassanella of Rubin and Rudman of
this payment.

If you have any questions, please feel free to contact me.

Sincerely,

Lydia Berez, Esq.
Staff Attorney

LB:jo
Enclosure

Cc:    Tucker, Heifetz & Saltzman, LLP ✓
       Rubin and Rudman, LLP



Lydia Berez
Staff Attorney

P.O. Box 530
Utica, NY 13503
Telephone: (315) 734-2916
Facsimile: (315) 734-2198

December 10, 2003

Kleenit, Inc.
44 Park Street
Ayer, MA 01432

Re: Claimant Kleenit, Inc. vs. Utica Mutual

To Whom It May Concern:

Enclosed you will find a check from Utica Mutual Insurance Company totaling $3,886.98. This check represents Utica's 39% share of the total amount, $ 9,966.63

By way of this letter we are notifying your counsel, Robert Fassanella of Rubin and Rudman of this payment.

If you have any questions, please feel free to contact me.

Sincerely,

Lydia Berez, Esq.
Staff Attorney

LB:jo
Enclosure

Cc:  Tucker, Heifetz & Saltzman, LLP ✓
     Rubin and Rudman, LLP



Lydia Berez
Staff Attorney

P.O. Box 530
Utica, NY 13503
Telephone: (315) 734-2916
Facsimile: (315) 734-2198

January 26, 2004

Kleenit, Inc.
ATTN: KEITH CRIDER
44 Park Street
Ayer, MA 01432

Re: Claimant Kleenit, Inc. vs. Utica Mutual

Dear Mr. Crider:

Enclosed you will find a check from Utica Mutual Insurance Company for $1,592.63 to
reimburse you for your payment to Coler and Colantonio regarding invoice number 9924622.
This check represents Utica's 39% share of the total amount, $ 4,083.66.

By way of this letter we are notifying your counsel, Robert Fassanella of Rubin and Rudman of
this payment.

If you have any questions, please feel free to contact me.

Sincerely,

Lydia Berez, Esq.
Staff Attorney

LB:jo
Enclosure

Cc:  Tucker, Heifetz & Saltzman, LLP
     Rubin and Rudman, LLP



Lydia Berez
Staff Attorney

P.O. Box 530
Utica, NY 13503
Telephone: (315) 734-2916
Facsimile: (315) 734-2198

February 3, 2004

Kleenit, Inc.
ATTN: KEITH CRIDER
44 Park Street
Ayer, MA 01432

Re: Claimant Kleenit, Inc. vs. Utica Mutual

Dear Mr. Crider:

Enclosed you will find a check from Utica Mutual Insurance Company for $389.69  This check
represents Utica's 39% share of the total amount, $ 999.21 due Risk Management.

By way of this letter we are notifying your counsel, Robert Fassanella of Rubin and Rudman of
this payment.

If you have any questions, please feel free to contact me.

Sincerely,

Lydia Berez, Esq.
Staff Attorney

LB:jo
Enclosure

Cc:  Tucker, Heifetz & Saltzman, LLP ✓
     Rubin and Rudman, LLP



Lydia Berez
Staff Attorney

P.O. Box 530
Utica, NY 13503
Telephone: (315) 734-2916
Facsimile: (315) 734-2198

February 18, 2004

Kleenit, Inc.
ATTN: KEITH CRIDER
44 Park Street
Ayer, MA 01432

Re: Claimant Kleenit, Inc. vs. Utica Mutual

Dear Mr. Crider:

Enclosed you will find a check from Utica Mutual Insurance Company for $2,486.25. This check represents Utica's 39% share of the total amount, $6,375.00 due D'Amore and Risk Management.

By way of this letter we are notifying your counsel, Robert Fassanella of Rubin and Rudman of this payment.

If you have any questions, please feel free to contact me.

Sincerely,

Lydia Berez, Esq.
Staff Attorney

LB:jo
Enclosure

Cc:  Tucker, Heifetz & Saltzman, LLP ✓
     Rubin and Rudman, LLP



Lydia Berez
Staff Attorney

P.O. Box 530
Utica, NY 13503
Telephone: (315) 734-2916
Facsimile: (315) 734-2198

March 3, 2004

Kleenit, Inc.
ATTN: KEITH CRIDER
44 Park Street
Ayer, MA 01432

Re: Claimant Kleenit, Inc. vs. Utica Mutual

Dear Mr. Crider:

Enclosed you will find a check from Utica Mutual Insurance Company for $5,788.58. This check represents Utica's 39% share of the following D'Amore invoices: 2071, 2109, 2125 and 2148.

By way of this letter we are notifying your counsel, Robert Fassanella of Rubin and Rudman of this payment.

If you have any questions, please feel free to contact me.

Sincerely,

Lydia Berez, Esq.
Staff Attorney

LB:jo
Enclosure

Cc:  Tucker, Heifetz & Saltzman, LLP ✓
     Rubin and Rudman, LLP



Lydia Berez
Staff Attorney

P.O. Box 530
Utica, New York 13503
Telephone: (315) 734-2916
Facsimile: (315) 734-2198

March 23, 2004

Kleenit, Inc.
ATTN: KEITH CRIDER
44 Park Street
Ayer, MA 01432

    Re:    Kleenit, Inc. vs. Utica Mutual

Dear Mr. Crider:

Enclosed you will find four checks from Utica National Insurance Group. These checks represent Utica's 39% share of the following invoices:

| Attorney Nagle/Chelmsford Site - $230.89 | Rubin & Rudman/Chelmsford Site - $1,280.73 |
|---|---|
| Invoice No. 601    Invoice No. 696<br>Invoice No. 615    Invoice No. 547<br>Invoice No. 661    Invoice No. 747<br>Invoice No. 729 | Invoice No. 264456  Invoice No. 266345<br>Invoice No. 266318  Invoice No. 268138<br>Invoice No. 267657  Invoice No. 279226<br>Invoice No. 277806  Invoice No. 276481 |
| Various/Acton Site – $840.68 | Various/Acton Site - $4,246.30 |
| Coler & Colantonio  Invoice No. 9941003<br>Coler & Colantonio  Invoice No. 9925790<br>D'Amore           Invoice No. 1934 | Invoice No. 267656  Invoice No. 168139<br>Invoice No. 276453  Invoice No. 277803<br>Invoice No. 279227  Invoice No. 278939 |

By way of this letter we are notifying your counsel, Donald Nagle, of these payments.

Sincerely,

Lydia Berez, Esq.
Staff Attorney