IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10351-NG

|  |  |
|---|---|
| KLEENIT, INC.,<br>　　　Plaintiff,<br><br>v.<br><br>SENTRY INSURANCE CO.,<br>ROYAL & SUNALLIANCE,<br>UTICA NATIONAL INSURANCE<br>GROUP, and TRAVELERS<br>PROPERTY AND CASUALTY,<br>　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PARTIAL SUMMARY JUDGMENT MOTION OF DEFENDANT TRAVELERS INDEMNITY COMPANY**

Pursuant to Fed.R.Civ.P. 56 and Local Rules (D. Mass.) 7.1 and 56.1, the defendant Travelers Indemnity Company ("Travelers") moves this Court for an Order of partial summary judgment that Travelers has no obligation to reimburse or pay the plaintiff for costs (including legal fees) incurred by the plaintiff prior to the time that it submitted the subject claim to Travelers. As set forth in the accompanying Memorandum of Law, this action arises out of Notices of Responsibility ("NORs") issued to the plaintiff by the Massachusetts Department of Environmental Protection for alleged contamination at a chain of dry-cleaning stores owned or operated by the plaintiff. Prior to notifying Travelers of the claim or formally tendering the claim, the plaintiff voluntarily incurred approximately $72,000 in costs.

Under clear Massachusetts law, an insurer owes no obligation to pay for so-called "pre-tender" costs. Accordingly, summary judgment is appropriate for Travelers on Counts I and II

(Declaratory Judgment and Breach of Contract). There are no disputed issues of material fact and judgment is proper for Travelers as a matter of law. Also, the Court should enter summary judgment in favor of Travelers on Count III, alleging a violation of Mass. G.L. c. 93A and 176D, the Massachusetts unfair business practices statute and insurance settlement statutes. As a matter of law, the position taken by Travelers was correct and cannot give rise to liability under those statutes. In fact, even if Travelers' position were incorrect, Travelers' position is reasonable and not in violation of the statute. Moreover, the plaintiff, a business corporation, may not maintain an action against an insurer pursuant to Mass. G.L. c. 176D, § 3.

WHEREFORE, for all of the foregoing reasons and for the reasons set forth in the accompanying Memorandum of Law and at oral argument, the defendant Travelers Indemnity Company of America respectfully requests that the Court enter summary judgment on Counts I, and II of the Complaint insofar as those counts are based on the alleged failure by Travelers to pay for pre-tender defense costs and summary judgment as to Count III in its entirety.

### Request for Oral Argument

Pursuant to Local Rule (D. Mass.) 7.1(D), defendant respectfully requests a hearing on its Motion for Summary Judgment.

**Certification Pursuant to Local Rule 7.1(A)(2)**

Pursuant to Local Rule (D. Mass.) 7.1(A)(2), undersigned counsel certifies that he has conferred with plaintiff's counsel in a good faith effort to resolve or narrow the issues presented by this motion.

                                        Respectfully submitted,
                                        **The Travelers Indemnity Company**,
                                        By its attorneys,

                                        /s/ Joseph S. Berman
                                        _____
                                        Joseph S. Berman, Esq., BBO 566006
                                        Berman & Dowell
                                        210 Commercial Street
                                        Boston, MA 02109
                                        617-723-9911
                                        Jberman@bermandowell.com

CERTIFICATE OF SERVICE

I hereby certify that on this 14th day of June, 2004, I served a copy of the foregoing by email or first class mail, postage prepaid, to: Danielle M. Maloney, Esq., Tucker, Heiftez & Saltzman, LLP, Three School Street, Boston, MA 02108; Michael Aylward, Esq., Morrison, Mahoney & Miller, 250 Summer Street, Boston, MA 02110; Karl S. Vasiloff, Esq., Zelle, Hoffman, Voelbel, Mason & Gette, 950 Winter Street, Suite 1300, Waltham, MA 02451;and Donald P. Nagle, Esq., Law Office of Donald P. Nagle, P.C., 5 Main Street Extension, Suite 300, Plymouth, MA 02360.

                                        _____
                                        Joseph S. Berman