IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10351-NG

KLEENIT, INC.,
    Plaintiff,

v.

SENTRY INSURANCE CO.,
ROYAL & SUNALLIANCE,
UTICA NATIONAL INSURANCE
GROUP, and TRAVELERS
PROPERTY AND CASUALTY,
    Defendants.

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF PARTIAL SUMMARY JUDGMENT MOTION OF DEFENDANT TRAVELERS INDEMNITY COMPANY**

Pursuant to Local Rule (D. Mass.) 56.1, Travelers states that the following facts are undisputed.

1. Plaintiff Kleenit, Inc. ("Plaintiff" or "Kleenit") owns and operates dry-cleaning service facilities in Chelmsford and Acton, Massachusetts.  See Complaint, ¶12.

2. The Massachusetts Department of Environmental Protection ("DEP") issued a Notice of Responsibility ("NOR") to Kleenit regarding the Chelmsford facility on January 28, 2001 and issued a second NOR to Kleenit regarding the Chelmsford facility on June 19, 2001.  Id., ¶14.  According to Kleenit, DEP also issued a NOR to Kleenit pertaining to the Acton facility on December 30, 2002.  Id.

3. Kleenit did not request any insurance coverage from Travelers until September 27, 2002, approximately twenty (20) months after the initial NOR was issued by DEP

        (and approximately fourteen (14) months after the second NOR regarding the Chelmsford facility was issued on June 19, 2001). See Affidavit of Catherine Kozyra ("Kozyra Aff."), attached hereto as Exhibit A, at ¶3.

4. Kleenit's president and chief financial officer, Keith Crider, has acknowledged that Kleenit delayed in requesting coverage from Travelers because "[a]t first Kleenit believed that it could handle the costs associated with the initial NOR relating to the Chelmsford facility as an ordinary operating expense." See Affidavit of Keith Crider ("Crider Aff."), attached hereto as Exhibit B, at ¶6.

5. On January 13, 2003, Kleenit notified Travelers of the NOR regarding the Acton facility. See Kozyra Aff., at ¶3.

6. Four days later, on January 17, 2003, Travelers furnished counsel for Kleenit with a comprehensive reservation of rights letter ("the ROR letter") that identified and explained Travelers' coverage position regarding the three aforementioned NORs issued to Kleenit. A true and complete copy of the ROR letter is attached hereto as Exhibit C.

7. Notwithstanding that Travelers has several viable defenses to the plaintiff's claim for insurance coverage, Travelers agreed to defend Kleenit against the three NORs, subject to a full reservation of rights. See Exhibit C, at pp. 1 and 4.[1]

8. As explained by Travelers in the ROR letter, Travelers took the position that it

---

[1] Travelers, along with co-defendants Utica National Insurance Group and Globe Indemnity Company/Royal Insurance Company of America, have entered into a cost-sharing arrangement whereby post-tender costs submitted by Kleenit are reviewed and, upon approval, paid by the three carriers based on an agreed-to formula.

had no obligation to reimburse Kleenit for costs and expenses incurred by Kleenit prior to September 27, 2002, when Kleenit first requested insurance coverage from Travelers. Id., at pp. 2 and 3. Travelers' position in this regard is based upon, without limitation, the relevant insurance policies' provision that Kleenit "shall not, except at [its] own cost, voluntarily make any payment, assume any obligation or incur any expense other than for such immediate medical and surgical relief to others as shall be imperative at the time of accident." Id., at p. 3 (citing *Augat, Inc. v. Liberty Mutual Ins. Co.*, 410 Mass. 117, 121-123 (1991)).

9. The ROR letter sent by Travelers also identified several other issues that potentially could preclude coverage, including the policies' exclusion for property damage "arising out of any emission, discharge, seepage, release or escape of any liquid, solid, gaseous or thermal waste or pollutant if such emission, discharge, seepage, release or escape is either expected or intended from the standpoint of any insured ... " See Exhibit C, at p. 5, ¶¶ 6 and 7.

10. Travelers has paid, or has agreed to pay, its full share (as calculated under the terms of a joint cost-sharing agreement among the defendants) of the defense costs incurred by Kleenit since September 27, 2002. See Kozyra Aff., attached hereto as Exhibit A, at ¶¶4 and 5. As of this date, Travelers has paid $29,087.25 to Kleenit for said defense costs. Id., at ¶5.

11. Travelers intends to continue to reimburse Kleenit for defense costs incurred by Kleenit after September 27, 2002, pursuant to the cost-sharing agreement reached by and among the defendants. Id., at ¶6. Travelers continues to decline payment

of those costs incurred by Kleenit before Kleenit requested insurance coverage from Travelers on September 27, 2002 because, as set forth above, these defense costs were voluntarily incurred by Kleenit. Id., at ¶7. See, also, Crider Aff., Exhibit B, at ¶6 and Exhibit C, at pp. 2 and 3.

12. To date, Travelers has paid Kleenit a total of approximately $41,207.38 in post-tender defense costs. (Kozyra Affid., para. 5). Travelers' share of the total defense costs is forty seven percent (47%) based on an arrangement agreed to among Travelers, Utica, and Royal Insurance. Travelers (along with the other defendants) has declined to pay their respective shares of a total of approximately $71,903.62 in pre-tender defense costs. (Id).

Respectfully submitted,
**The Travelers Indemnity Company**,
By its attorneys,

/s/ Joseph S. Berman
_____
Joseph S. Berman, Esq., BBO 566006
Berman & Dowell
210 Commercial Street
Boston, MA 02109
617-723-9911
Jberman@bermandowell.com

## CERTIFICATE OF SERVICE

    I hereby certify that on this 14th day of June, 2004, I served a copy of the foregoing by email or first class mail, postage prepaid, to: Danielle M. Maloney, Esq., Tucker, Heiftez & Saltzman, LLP, Three School Street, Boston, MA 02108; Michael Aylward, Esq., Morrison, Mahoney & Miller, 250 Summer Street, Boston, MA 02110; Karl S. Vasiloff, Esq., Zelle, Hoffman, Voelbel, Mason & Gette, 950 Winter Street, Suite 1300, Waltham, MA 02451;and Donald P. Nagle, Esq., Law Office of Donald P. Nagle, P.C., 5 Main Street Extension, Suite 300, Plymouth, MA 02360.

_____
Joseph S. Berman