UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION NO.  04-10351 (NG) |
| | ) |
| SENTRY INSURANCE COMPANY, | ) |
| ROYAL & SUNALLIANCE, UTICA | ) |
| NATIONAL INSURANCE GROUP, and | ) |
| TRAVELERS PROPERTY AND | ) |
| CASUALTY, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE
COMPANY OF AMERICA'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1, Defendants Globe Indemnity Company and Royal Insurance

Company of America (collectively "Royal") [1] submit this statement of material facts in support

of its Motion for Partial Summary Judgment concerning Kleenit's claims under G.L. c. 93A and

c. 176D and whether Royal has an obligation to pay Kleenit's pre-tender defense costs.

1.      On September 25, 2002, Kleenit's counsel sent Royal two letters providing initial

notice of its claims for defense and indemnification with respect to environmental contamination

arising from dry cleaning operations located in Chelmsford and Acton.  [Vasiloff Aff., Exhibits 1

and 2][2]

2.      With respect to the Chelmsford site, Kleenit enclosed a Notice of Responsibility

---

[1]  Kleenit also named "Royal & SunAlliance" as a defendant.  As set forth in the insurers' notice of removal and
Royal's Opposition to Kleenit's Emergency Motion for a Preliminary Injunction, Royal & SunAlliance is not a legal
entity capable of being sued.

[2] References to the "Vasiloff Aff." are references to the Affidavit of Karl S. Vasiloff in Support of Defendants Globe
Indemnity Company and Royal Insurance Company of America's Motion for Partial Summary Judgment.

("NOR") issued by the Massachusetts Department of Environmental Protection ("DEP") on

January 2, 2001, roughly twenty months earlier. [Id. at Ex. 3]

      3.      With respect to the Acton site, Kleenit enclosed a private party demand letter

from Kleenit's landlord dated August 14, 2002. [Id. at Ex. 4] Subsequently, the DEP issued an

NOR to Kleenit for the Acton site by letter dated December 30, 2002. According to the Acton

NOR, Kleenit submitted a Release Notification Form to the DEP regarding the Acton site to the

DEP on October 29, 2002. [Id. at Ex. 5][3]

      4.      The NOR pertaining to the Chelmsford site indicates that in 1979 pollutants were

detected in Chelmsford's municipal supply wells, and that contaminants have been

"sporadically" detected since that time. [Id. at Ex. 3] Keith Crider, President of Kleenit, admits

that he initially made the decision to handle the Chelmsford matter as an "ordinary operating

expense." [Id. at Ex 23]

      5.      In August 2000, the DEP drilled monitoring wells which identified contaminants

in the groundwater and which, based on the location of the wells and groundwater flows, the

DEP believes are attributable to some extent to Kleenit's Chelmsford operations. [Id. at Ex. 3]

There is no suggestion of any specific discharge of contaminants which caused this

contamination. [Id.]

      6.      With respect to the Acton site, the NOR from the DEP states that Kleenit has

identified a "release" of hazardous substances resulting in the presence of pollutants in the soil.

[Id. at Ex. 5]

      7.      Although Kleenit has not provided the Acton Release Notification Form or any

other evidence indicating that the "release" implicates the "sudden and accidental" exception to

---

[3] Exhibit 5 is the NOR from the DEP regarding the Acton site which references the requirement to submit a Release Notification Form by Kleenit. Kleenit did not submit the Release Notification Form with its Motion for Preliminary Injunction.

the pollution exclusion contained in the only potentially applicable Royal policy, or that the "release" occurred before the October 1, 1985 expiration of this policy, Royal has still agreed to defend Kleenit in this action and pay applicable post-tender defense costs. [Id. at Ex. 5, 17] The Acton site has already achieved a "No Significant Risk" designation and additional testing should result in the closure of Acton without any remediation. [Id. at Ex. 22] At the Chelmsford site, Kleenit has only sought defense-related costs pertaining to assessment and investigation activities. [Id. at Ex. 19]

8.      In its September 25, 2002 letters to Royal, Kleenit claimed coverage under certain policy numbers, but did not include copies of the policies. [Id. at Exs. 1 and 2] Kleenit did provide certain specimen forms which it contended were applicable to Royal's coverage. [Id.]

9.      By letters dated October 2, 2002, Royal acknowledged Kleenit's claims at Chelmsford and Acton and agreed to investigate the claims under a full reservation of rights. [Id. at Exs. 6 and 7] As part of its investigation, Royal attempted to interview Kleenit's principal, Keith Crider, but was rebuffed in its efforts. [Id. at Ex. 8]

10.     By letters dated December 16, 2002, Royal reiterated its request for a statement from Kleenit. Those letters also advised Kleenit that Royal had not been able to locate copies of the subject policies issued to Kleenit, and had not been provided sufficient information by Kleenit to reach a coverage determination. [Id. at Exs. 9 and 10]

11.     Between December 2002 and April 2003, Kleenit failed to provide any further information regarding the existence, terms or conditions of any alleged Royal policies. By letters dated April 1, 2003, Royal advised Kleenit that its policy search was ongoing. [Id. at Exs. 11 and 12]

12.     In its April 1, 2003 letters, Royal also advised Kleenit that, even if the specimen

policy forms which Kleenit provided did supply the terms of Royal's coverage, the claimed

coverage under Section I, Parts I and II of the "SMP" policy form were inapplicable to Kleenit's

pollution liability claims, since the referenced form provides only first party property coverage,

and not coverage for liabilities asserted by a third party against Kleenit.. [Id.; Id. at Ex. 13]

13.    Kleenit also claimed coverage under a pollution liability coverage form **which

Kleenit alleged** was in place from 1983-1985.  [Id. at Ex. 14]  However, this is a "claims made"

form which provides coverage for claims against Kleenit "provided that":

(2)    the claim for such damages is first made against the insured during the policy
period and reported to the company during the policy period or within fifteen days
after its termination.

14.    Thus, under Kleenit's counsel's view of the applicable coverage, this form could

apply only in the event that Chelmsford and Acton claims were asserted against Kleenit no later

than January 15, 1986.  [See id. Exs. at 1 and 2]

15.    After an exhaustive search, Royal ultimately located a number of policies issued

to Kleenit.  [Id. at Ex. 16][4]  Royal produced these policies to Kleenit, and updated its coverage

position.  [Id. at Exs. 15 and 16]

16.    Significantly, with one exception, all of the policies contain Total or Absolute

Pollution Exclusions (thus precluding any potential coverage) or provide coverage only for

claims made during the policy period.  [Id.]

17.    With respect to these "claims made" policies, the policy periods had all expired

well before any claim was made against Kleenit, thus negating any potential coverage.  [Id. at

Ex. 16]

18.    The one exception is policy GYAD 36485 (10/1/84-10/1/85) which policy

---

[4]  These policies were actually found in an old claim file pertaining to Kleenit which was maintained in a warehouse
storage facility.

contains the following pollution exclusion:

This insurance does not apply:

> (f)    to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon the land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

[Id. at Ex. 17 at p. 11]

19.    Despite the fact that Kleenit has never presented any evidence that its liability arises out of a "sudden and accidental" discharge of pollutants, Royal agreed to participate in Kleenit's defense under this policy.  [Id. at Ex. 15]

20.    Subsequently, at Kleenit's request, Kleenit and the insurers attempted to work out a cost-sharing agreement which ultimately foundered on Kleenit's position that the carriers are liable for both pre- and post-tender defense costs.  [Id. at Ex. 18][5]

21.    Royal, Travelers and Utica then advised Kleenit that they would reimburse Kleenit for 100% of its reasonable and necessary post-tender defense costs, with Travelers paying 47%, Utica paying 39% and Royal paying 14%.  [Id. at Exs. 20 and 21]

---

[5]  This issue surfaced as a point of contention even before Royal was able to locate copies of its policies.  Id. at Ex. 19.

Dated:  June 14, 2004                              Respectfully submitted,

**ROYAL INSURANCE COMPANY OF
AMERICA and GLOBE INDEMNITY
COMPANY**

By Its Attorneys,


/s/ Seth V. Jackson
Karl S. Vasiloff, Esq. (BBO #555638)
Seth V. Jackson, Esq. (BBO #658669)
**ZELLE, HOFMANN, VOELBEL,
MASON & GETTE LLP**
950 Winter Street, Suite 1300
Waltham, MA 02451
 (781) 466-0700

6

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2004, I electronically filed Defendants Globe Indemnity Company and Royal Insurance Company of America's Statement of Material Facts in Support of Motion for Partial Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Plaintiff, Kleenit, Inc.  (Electronically)**
Donald P. Nagle, Esq.
**Law Office of Donald P. Nagle, P.C.**
5 Main Street Extension, Suite 300
Plymouth, MA  02360

**Defendant, Sentry Insurance Company (Electronically)**
Michael Aylward, Esq.
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA  02210

**Defendant, Utica National Insurance Group (Electronically)**
Richard E. Heifetz, Esq.
**Tucker, Heifetz & Saltzman, LLP**
Three School Street
Boston, MA  02108

**Defendant, Travelers Indemnity Company (Electronically)**
Joseph S. Berman, Esq.
**Berman & Dowell**
210 Commercial Street
Boston, MA  02109

**Defendant, Utica National Insurance Group (First Class Mail)**
Danielle M. Maloney, Esq.
**Tucker, Heifetz & Saltzman, LLP**
Three School Street
Boston, MA  02108

Dated:  June 14, 2004                              /s/ Seth V. Jackson
                                                               Karl S. Vasiloff, Esq. (BBO #555638)
                                                               Seth V. Jackson, Esq. (BBO #658669)
                                                               **ZELLE, HOFMANN, VOELBEL,**
                                                               **MASON & GETTE LLP**
                                                               950 Winter Street, Suite 1300
                                                               Waltham, MA  02451
                                                               (781) 466-0700