# EXHIBIT 7

# TUCKER, HEIFETZ & SALTZMAN, LLP

THREE SCHOOL STREET
BOSTON, MASSACHUSETTS 02108
617-557-9696

RICHARD E. HEIFETZ

FACSIMILE - 617-227-9191
HEIFETZ@THS-LAW.COM

January 14, 2003

**VIA CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**
NO. 7001 0320 0003 3484 1057

Robert A. Fasanella, Esq.
Rubin & Rudman, LLP
50 Rowes Wharf
Boston, MA 02110-3319

Re:   Insured:       Kleenit, Inc.
      Locus:         28 Central Square, Chelmsford, MA
      Client:        Graphic Arts Mutual Insurance Company
                     as part of the Utica National Insurance Group
      Client File:   711577

**Response to Demand Letter Pursuant to Massachusetts**
**General Laws, Chapter 93A, §§2, 11 and Chapter 176D**

Dear Mr. Fasanella:

Kindly be advised that this office represents the interests of the Utica National Insurance Group ("Utica") relative to the above matter. I have left voice mail messages for you and Mr. Feuerbach; however, my telephone calls have not been returned. Your letter of January 8, 2003 has been forwarded to this office for review and response. We take this opportunity to comment upon several of the allegations contained in your correspondence, and to set forth the present position of Utica with respect to your demand.

At the outset, we do not accept your correspondence as a proper demand for relief under the provisions of M.G.L. c.93A. As your client is a Section 11 claimant, there is a serious issue as to whether it even has standing to pursue any claims under Chapter 176D. While Section 9 expressly grants a private litigant standing to pursue a Chapter 176D claim, there is no such corollary right granted to a commercial claimant in Section 11 of Chapter 93A. Accordingly, we do not waive the right to contest that your client simply lacks standing to pursue a Chapter 176D claim in this matter. The

**TUCKER, HEIFETZ & SALTZMAN, LLP**

Robert A. Fasanella, Esq.
January 14, 2003
Page Two

correspondence is, therefore, not in compliance with the provisions of M.G.L. c.93A, §9, and, as such, does not constitute a proper demand under that statute. Without accepting your correspondence as such a demand, we are constrained, due to the tenor and misconstruction of facts, to provide this response.

On October 28, 2002, Kristen H. Martin, staff attorney for Utica forwarded to you a Partial Disclaimer of Coverage and Reservation of Rights (hereinafter the "ROR"). In your initial notice letter of September 25, 2002, you referred to the fact that the insured had a so-called umbrella policy with Utica, policy number LV 6406. As stated in the ROR, Utica has no record of the issuance of such a policy to your client, Kleenit, Inc. or any of its related entities. The mere rendition of a policy number is hardly proof of coverage. The insured has the burden of proof relative to proving coverage within the policy description of the covered risks. *Markline Co. Travelers Ins. Co.*, 384 Mass. 139, 140 (1981).

Your claim for indemnity is premature. The duties to defend and indemnify are separate and distinct under the policy. The policy issued by Utica requires an occurrence or accident within the policy term. I have reviewed all of the material forwarded to Ms. Martin and it is absent any proof of an occurrence or release of hazardous materials during the Utica policy period. Nonetheless, this issue need not be decided at this time, and as the facts unfold, a determination may be made at a later date relative to any indemnity obligation that Utica may have under its policy.

Further, your claim for pre-tender defense is misplaced. The policy requires that no insureds will, except at their own cost, voluntarily make a payment, assume any obligation, or incur any expense, without Utica's consent. Any such voluntary obligation incurred by your client would be at its own expense. *Augat, Inc. v. Liberty Mutual Insurance Co.*, 410 Mass. 117 (199); *Catholic Relief Insurance Co. of America v. Liquor Liability Joint Underwriting Association of Massachusetts*, No. 93-0840, 1997 Super. Lexis 68, at *51, 1997 Westlaw 781448 (Mass. Super. Ct. Dec. 22, 1997).

It is Utica's intention to contact the other insurers in this matter to discuss a cost sharing agreement relative to the defense of this claim. Please forward copies of the Travelers, Sentry and Globe Indemnity policies at your earliest convenience in order to ascertain the rights of each such Insurer as it may relate to the defense of your client's claim. Please also advise if any representative of the Sentry Insurance Company has acknowledged your claim, and, if so, please forward a copy of the response.

TUCKER, HEIFETZ & SALTZMAN, LLP

Robert A. Fasanella, Esq.
January 14, 2003
Page Three

    Finally, please be advised that nothing set forth in this letter is to be construed as a waiver or relinquishment of any right of Utica National Insurance Group, its agents, servants, employees or attorneys, whether specified within this letter or not, and no act or acts of our client, its agents, servants, employees or attorneys, is to be so construed.

    I look forward to discussing this matter with you. Should you have any questions, please feel free to contact me.

    Very truly yours,

    Richard E. Heifetz

REH/cf

cc  Peter J. Feuerbach, Esq.
     Kristen H. Martin, Esq.