# EXHIBIT 8

Case 1:04-cv-10351-RBC    Document 37-4    Filed 06/14/2004    Page 1 of 8

# RUBIN AND RUDMAN LLP

COUNSELLORS AT LAW

50 ROWES WHARF • BOSTON, MASSACHUSETTS 02110-3319

TELEPHONE: (617) 330-7000 • FACSIMILE: (617) 439-9556 • EMAIL: FIRM@RUBINRUDMAN.COM

Robert A. Fasanella
Direct Dial: (617) 330-7018
E-mail: rfasanella@rubinrudman.com

**CONFIDENTIAL – SUBJECT TO ATTORNEY-CLIENT PRIVILEGE**

March 11, 2003

Michael F. Aylward, Esquire
Morrison, Mahoney and Miller
250 Summer Street
Boston, MA 02210
(for Sentry)

Karl A. Vasiloff, Esquire
Zelle, Hoffman, Voelbel, Mason & Gette LLP
950 Winter Street - Suite 1300
Waltham, MA 02451
(for Royal)

Richard E. Heifetz, Esquire
Tucker, Heifetz & Saltzman LLP
Three School Street
Boston, MA 02110
(for Graphic Arts/Utica)

T. Jill Donan
Associate Account Executive
Special Liability Coverage Unit
Travelers
Three Farm Glen Boulevard
Farmington, CT 06032-1970

RE: **Kleenit, Inc. - Acton and Chelmsford Sites, Massachusetts**

Dear Counsel:

    This letter is to further our discussions on insurance coverage pertaining to the Notices of Responsibility and alleged releases of oil and hazardous materials at the sites operated by Kleenit, Inc. in Acton and Chelmsford, Massachusetts. We have enclosed a chart summarizing Kleenit's expert costs and expenses through January 2003, and attorneys' fees through February, 2003, along with copies of the invoices and checks. As you can see, for the present purposes of identifying defense costs, we have deducted from Kleenit's total payments the amounts attributable to the presentment of its insurance claims and the amounts attributable to indemnification, which relate principally to the removal of some contaminated material from the Chelmsford site. Although presentment and indemnification costs are not included in the present analysis, Kleenit reserves its rights to pursue payment of them in the future.

    Kleenit's defense-related costs pertain to assessment and investigation activities in response to the NORs and the releases and, therefore, should be reimbursed promptly by the insurance companies. As you can see in the proposed Joint Defense and Insurance Defense Agreement that is enclosed herewith, we propose a cost sharing arrangement whereby your clients would pay Kleenit's defense costs on a pro rata basis. That approach was adopted in Rubenstein v. Royal Ins. Co. of America, 45 Mass App Ct. 244, 247 (1998), rev. den. 428 Mass.

543600_1

Michael F. Aylward, Esquire, et al.
March 11, 2003
Page 3

Employers' Liability Assur. Corp., Ltd., 43 Mass. App. Ct. at 476, citing Darcy v. Hartford Ins. Co., 407 Mass. 481, 486-487 (1990).

In the present matters, despite several months of investigations, the insurance companies have failed to assert, let alone demonstrate, specific and material prejudice caused by Kleenit's actions. However, the companies have at the same time attempted to deny Kleenit's costs incurred prior to September 2002. The insurance companies should reconsider their wrongly held positions and agree to pay such defense costs in light of their clear obligations under Massachusetts law.

In view of Kleenit's ongoing, extensive defense at the two separate sites, and in view of the financial burden it is suffering as a result, the insurance companies should promptly agree to pay the defense costs enumerated in the enclosed documents and agree to the insurance Defense Cost Sharing Agreement proposed herein.

Under separate cover we will provide you with status reports concerning activities at the two sites, along with information on future defense costs as they are incurred.

Please feel free to contact us if you have any questions concerning these enclosures or matters. Thank you for your assistance and consideration.

Very truly yours,

Robert A. Fasanella

Peter J. Feuerbach

PJF/ees
Enclosures
cc:    Keith Crider, Kleenit, Inc. (w/encls.)
       Jonathan P. Metz, Travelers SLG-HOECU (w/encls.)

543600_1

# RUBIN AND RUDMAN LLP

COUNSELLORS AT LAW

50 ROWES WHARF • BOSTON, MASSACHUSETTS 02110-3319

TELEPHONE: (617) 330-7000 • FACSIMILE: (617) 439-9556 • EMAIL: FIRM@RUBINRUDMAN.COM

Robert A. Fasanella
Direct Dial: (617) 330-7018
E-mail: rfasanella@rubinrudman.com

August 11, 2003

**By Facsimile: 617-227-9191**

Richard E. Heifetz, Esquire
Tucker, Heifetz & Saltzman LLP
Three School Street
Boston, MA 02110
(For Utica)

**By Facsimile: 781-466-0701**

Karl S. Vasiloff, Esquire
Zelle, Hoffman, Voelbel, Mason
& Gette LLP
950 Winter Street, Suite 1300
Waltham, MA 02451
(For Royal)

RE: **Final Demand for Defense Pursuant to M.G.L. c.93A, §11 and c.176D**
Policy Holder:   Kleenit, Inc. ("Kleenit")
Sites:           Acton and Chelmsford Sites, Massachusetts

Dear Rick and Karl:

This letter responds to Attorney Vasiloff's letter dated July 25, 2003, wherein he enclosed a proposed "Interim Defense Cost-Sharing and Non-Waiver Agreement" ("Proposed Defense Agreement") on behalf of Royal Insurance Company ("Royal"), Utica Mutual Insurance Company ("Utica") and The Travelers Indemnity Company of America ("Travelers") (Royal, Utica and Travelers are collectively referred to as the "Carriers".) We are somewhat pleased that the Carriers have finally agreed on a cost sharing pro-rata share that covers %100 of certain defense fees. However, Kleenit is troubled by the attempt to exclude pre-tender defense fees without just cause.

Kleenit is extremely disappointed and frustrated by the Carriers' long-awaited Proposed Defense Agreement because, inter alia, it is overreaching and violates established case law to which we have referred the Carriers on many occasions during the past ten (10) months when the Carriers have purportedly been "investigating" Kleenit's claims. The Proposed Agreement seeks to require Kleenit to waive and release important legal rights while at the same time denying Kleenit basic financial and procedural protections afforded by the policies and law. Some provisions are so vague as to be unworkable in practice and will likely result in future arguments about defense costs and little real reimbursement by the Carriers.

560366_1

RUBIN AND RUDMAN LLP

Richard E. Heifetz, Esquire
Karl S. Vasiloff, Esquire
August 11, 2003
Page 2

Due to the Carriers' long intransigence and unfair settlement practices over the past ten (10) months, which has forced Kleenit to spend tens of thousands of dollars in legal fees to pursue its claims, we could not recommend the proposed "Defense Agreement" to Kleenit unless, inter alia, it paid Kleenit's costs to pursue its claims and provide a full defense (i.e., including pre-tender costs). Kleenit has for months now challenged the Carriers' rote assertion that they are not liable for pre-tender defense costs or voluntary payments. As discussed in our multiple letters to you on this issue, the case law clearly holds that <u>the Carriers are obligated by law to demonstrate actual and specific prejudice</u> allegedly caused by Kleenit's actions, if they purport to deny coverage for alleged pre-tender costs or voluntary payments. Based on 10 months of "investigations" we would think the Carriers would have been able to demonstrate numerous actual and specific elements of prejudice, if such prejudicial actions in fact existed. Despite the Carriers' clear liability for pre-tender costs under established case law, Rick Heifetz's and Travelers' recent letters and the Proposed Agreement all purport to deny Kleenit's pre-tender costs <u>without any evidence whatsoever demonstrating actual prejudice</u>. In short, the Proposed Agreement is but the latest piece to the Carriers' persistent pattern of unfair and deceptive claim settlement practices in violation of M.G.L. c.93A, §11, and M.G.L. c.176, §3(9), and is therefore rejected by Kleenit as presently drafted. The Proposed Defense Agreement must eliminate the exclusion of pre-tender defense costs.

We have challenged the Carriers several times on any allegations of prejudice, including our letter dated March 11, 2003, the pertinent parts of which are quoted below for your convenience. Almost five months have passed and not one of the Carriers has demonstrated one instance of actual prejudice in this matter contrary to their clear, legal obligations. The Carriers nonetheless continue to deny pre-tender costs, which has caused Kleenit to incur substantial legal fees prosecuting its claims, and which constitutes unfair claim settlement practices in violation of M.G.L. c.93A and M.G.L. c.176D.

Our March 11, 2003 letter to the Carriers stated:

"In response to coverage defenses that have been raised, your clients would be wrong to assert that they are not obligated to pay defense costs incurred by Kleenit prior to tendering its claims in September 2002. Reliance on <u>Augat, Inc. vs. Liberty Mutual Insurance Co.</u>, 410 Mass. 117 (1991) is misplaced, and that case does not relieve the insurance companies of their obligations with regard to Kleenit. **<u>Augat</u> does not stand for the proposition that an insurer is free of liability under a policy, without having to show prejudice, if an insured makes a voluntary payment. In fact, subsequent to <u>Augat</u>, the Appeals Court ruled that such an argument is "fallacious." See <u>Employers' Liability Assur. Corp., Ltd. v. Hoechst Celanese Corp.</u>, 43 Mass. App. Ct. 465, 480 (1997).** "[T]he general rule is that the insured's noncompliance with a

560366_1

RUBIN AND RUDMAN LLP

Richard E. Heifetz, Esquire
Karl S. Vasiloff, Esquire
August 11, 2003
Page 3

voluntary payment clause does not discharge the insurer's contractual duty unless the insurer demonstrates actual prejudice. . . ." Atlas Tack Corp. v. Liberty Mut. Ins. Co., 48 Mass. App. Ct. 378, 383 (1999), citing Sarnafil, Inc. v. Peerless Ins. Co., 418 Mass. 295, 305-306 (1994) and Employers' Liability Assur. Corp., supra.

We also note that in Augat, unlike in Kleenit's matters, the insured, without the knowledge or permission of its insurer, engaged in extensive settlement discussions with government regulators, agreed to a settlement, entered into a consent judgment, assumed the obligation to pay the entire cleanup cost, and paid a portion of that cost. In Kleenit's case, it has merely conducted assessment activities without engaging in or obligating itself to perform costly cleanup except for limited costs to remove discrete contamination in the Chelmsford matter to mitigate its potential damages to other third-party claimants, as discussed above. In addition, Kleenit has not engaged in formal settlement discussions, agreed to pay any settlement amount nor entered into any consent orders. As a result, the extremely reasonable measures that Kleenit undertook prior to September 2002 to defend itself and/or mitigate potential damages have not caused any prejudice or deprived the insurance companies of any opportunity to protect their respective interests.

An insurer cannot merely assert prejudice, but instead must demonstrate specific and material prejudice:

[T]he prejudice shown, to relieve the insurer, must have been material and specific. The insurer is challenged to show that it suffered 'actual prejudice,' not just a 'possibility' of it; that there has been 'actual harm' to its interests; that it has been relegated to a 'substantially less favorable position than it would have been in had timely notice been provided.' Further, the insurer has 'the burden of identifying the precise manner in which its interests have suffered.'

Employers' Liability Assur. Corp., Ltd., 43 Mass. App. Ct. at 476, citing Darcy v. Hartford Ins. Co., 407 Mass. 481, 486-487 (1990).

In the present matters, despite several months of investigations [as of March 11, 2003], the insurance companies have failed to assert, let alone demonstrate, specific and material prejudice caused by Kleenit's actions. However, the companies have at the same time attempted to deny Kleenit's costs incurred prior to September 2002. The insurance companies should reconsider their wrongly held positions and agree to pay such defense costs in light of their clear obligations under Massachusetts law."

560366_1

RUBIN AND RUDMAN LLP

Richard E. Heifetz, Esquire
Karl S. Vasiloff, Esquire
August 11, 2003
Page 4

See, also, Augat, 410 Mass. at 122 ("We have previously ruled that a <u>showing of actual prejudice is required</u> where the insurer seeks to disclaim coverage based on the violation of a provision requiring: that the <u>insured promptly notify</u> the insurer of a claim, [or] that the insurer consent to a settlement affecting a claim . . . ."

Even though we do not agree with the Appeals Court's ruling in <u>Eastern Products Corporation v. Continental Casualty Company</u>, 58 Mass.App.Ct. 16 (2003), the case which the Carriers recently proffer, that decision still does <u>not</u> relieve the Carriers of their legal burden to demonstrate actual prejudice. In fact, if the Carriers read <u>Eastern Products</u> carefully they will be forced to acknowledge that the case fully supports Kleenit's position that the Carriers must demonstrate actual prejudice.

The Court in <u>Eastern Products</u> determined that the insurers in that case met their burden of demonstrating actual prejudice where, <u>inter alia</u>, the long-time president and largest shareholder of the insured had died and the insured had wound up its business and "destroyed all of its correspondence and business receipts." <u>Id.</u> at 21, 23-24. Furthermore, the Court determined that the insured in <u>Eastern Products</u> had "entered into a binding agreement" with the Department of Environmental Protection to completely clean up its site at its own expense by "appl[ying] to DEP for a waiver of the written approvals necessary for remedial response actions. . . .".. <u>Id.</u>, at 24-26.

As you and the Carriers know, none of the circumstances at issue in <u>Eastern Products</u> are present in Kleenit's case. (Kleenit's documents and witnesses are available and Kleenit has not entered into "waivers" or any binding agreements to completely clean the sites). <u>See also</u>, M.G.L. c.175, §112, requiring the Carriers to demonstrate prejudice due to alleged late notice. The Carriers are therefore unable in the present case to demonstrate actual prejudice or deny pre-tender costs.

Given the amount of time, expense and delay in reaching this point in the proposed Defense Agreement, Kleenit will not release (as suggested in the draft Defense Agreement #5) its bad faith claims that it may be entitled to bring against the Carriers for failure to provide defense, especially if the Carriers continue to maintain that they do not owe pre-tender defense expenses and have acted or do act in bad faith regarding their duty to indemnify Kleenit pursuant to the respective policies. Furthermore, Kleenit will not agree to allow the Carriers to attempt at some later time to recoup its defense fees as suggested in Paragraph 4 of the draft proposed Defense Agreement. As you know, an insurer has a duty to provide such defense even if claims made by the litigants, such as the DEP or other third parties are presently or are eventually determined to be frivolous or baseless. These defense rights are what Kleenit paid for and are

RUBIN AND RUDMAN LLP

Richard E. Heifetz, Esquire
Karl S. Vasiloff, Esquire
August 11, 2003
Page 5

expecting from its Carriers. Therefore, we have deleted such provisions from the proposed Defense Agreement.

Based upon the foregoing, we demand that the Carriers, including Travelers, which will obtain a copy of this letter through Attorney Donald Nagle (Kleenit's counsel in its claim with Travelers), to promptly revise the Proposed Agreement so that it is not overreaching and immediately provide specific evidence of actual prejudice, if you continue to propose to exclude Kleenit's pre-tender costs. We have enclosed a marked-up tracked revision of the proposed Defense Agreement with changes highlighted for your convenience. We believe that failure to revise the Agreement as proposed or to provide such evidence will constitute unfair settlement practices in violation of M.G.L. c.93A and M.G.L. c.176D. If we cannot resolve the matter of pre-tender defense costs, then we unfortunately must recommend that Kleenit reject the proposed Defense Agreement and file a declaratory Judgment Action seeking a Court Order and all defense and claim related fees and expenses incurred to date.

Very truly yours,

Robert A. Fasanella

RAF/PJF/ees
Enclosure
cc:   Keith Crider, Kleenit, Inc.
      Peter J. Feuerbach, Esq.
      Donald P. Nagle (by facsimile 508-732-8971)
      Andrew Cardoza (for Hanover)

560366_1