# EXHIBIT 9

# TUCKER, HEIFETZ & SALTZMAN, LLP

THREE SCHOOL STREET
BOSTON, MASSACHUSETTS 02108
617-557-9696

www.ths-law.com

RICHARD E. HEIFETZ

FACSIMILE - 617-227-9191
HEIFETZ@THS-LAW.COM

July 16, 2003
VIA FACSIMILE 617-439-9556
AND FIRST CLASS MAIL
[ 2 Pages Total ]

Peter J. Feuerbach, Esq.
Rubin & Rudman, LLP
50 Rowes Wharf
Boston, MA 02110-3319

Re:  Insured:     Kleenit, Inc.
     Locus:       28 Central Square, Chelmsford, MA
     Client:      Graphic Arts Mutual Insurance Company
                  as part of the Utica National Insurance Group
     Client File: 711577

Dear Mr. Feuerbach:

Thank you for your letter of July 11, 2003, which purports to confirm a telephone conversation, we had on July 9th. First, I don't appreciate the fact that you have taken this opportunity to misconstrue our telephone conversation and then saw fit to actually confirm what you believe I indicated in writing. I am constrained, due to the tenor and misconstruction of facts, to provide this formal response.

First, Travellers, Royal and Utica are presently preparing a proposed joint defense agreement that hopefully will be on your desk within the very near future. This agreement will allow for all defense costs that are **covered under the policy forms**. I would never agree to pre-tender defense costs and in fact you should know better as your office was counsel for the plaintiff in *Eastern Products, et. al. v. Continental Casualty, et. al.* 58 Mass.App.Ct. 16, (2003). There are other costs that I believe would not be covered as well. For example, the 4A letter from Exxon is not a claim, and does not trigger the duty to defend. *Zecco, et. al. v. Travellers*, 938 F.Supp 65 (1996). Each cost will be reviewed and if a covered defense cost, it will be reimbursed. We can discuss the particulars once you have the proposed agreement.

Relative to Wayland, counsel for Royal and I have discussed this matter and we are recommending to our respective clients that we follow form once the joint defense

TUCKER, HEIFETZ & SALTZMAN, LLP

Peter J. Fuerbach, Esq.
July 16, 2003
Page Two

agreement for Acton & Chelmsford has been finalized. It is expected that all new proposed costs and contracts will be submitted for approval prior to execution. I have reviewed your letter to Mr. Wegener concerning the defense agreement between the three PRP's and once the parties have agreed on the contractors that are most qualified and cost effective we can discuss this matter. Until that time, your request is premature.

Thank you for the contact information for Hanover Insurance. I am sure we will be in touch with Mr. Cardoza.

Our relationship has been cordial thus far and I see no reason for it to change. However, if you insist on confirming everything I say, or that you believe I said, then it will force me to communicate solely in writing.

Finally, please be advised that nothing set forth in this letter is to be construed as a waiver or relinquishment of any right of Utica National Insurance Group, its agents, servants, employees or attorneys, whether specified within this letter or not, and no act or acts of our client, its agents, servants, employees or attorneys, is to be so construed.

Very truly yours.

Richard E. Heifetz

REH/cf

cc: Karl Vasilof, Esq.
Joseph Schmidt, Esq.
Kristen Martin, Esq.
Utica File No. 711577



**Travelers**

One Tower Square, 6 MS
Hartford, CT 06183-6016

T. Jill Donan
Associate Account Executive
Special Liability Coverage Unit

(860) 954-5040 (Tel.)
(860) 954-5857 (Fax)

tdonan@travelers.com

<u>*VIA FACSIMILE & U. S. MAIL*</u>

September 10, 2003

Donald Nagle, Esq.
5 Main Street Extension, Suite 300
Plymouth, Massachusetts 02360
[Facsimile No. (508) 732-8971]

Robert A. Fasanella, Esq.
Peter J. Feuerbach, Esq.
Rubin and Rudman, LLP
50 Rowes Wharf
Boston, Massachusetts 02110-3319
[Facsimile No. (617) 439-9556]

|        |         |                                                                                                     |
|--------|---------|-----------------------------------------------------------------------------------------------------|
| Policyholder: |   | Kleenit, Inc. ("Kleenit")                                                                           |
|        | Site 1: | 28 Central Square and Beaver Brook, Chelmsford, Massachusetts                                       |
|        | Re:     | Massachusetts Department of Environmental Protection ("MA-DEP") Notice of Responsibility ("NOR") letter dated January 28, 2001 |
|        | Site 2: | 293 and 295 Main Street, Acton, Massachusetts                                                       |
|        | Re:     | Massachusetts Department of Environmental Protection ("MA-DEP") Notice of Responsibility ("NOR") letter dated December 30, 2002 |

Dear Mssrs. Nagle, Fasanella and Feuerbach:

I am writing on behalf of Travelers, Utica and Royal (collectively, the "Carriers") in response to Mr. Fasanella's August 11, 2003 correspondence. The Carriers have reviewed the August 11th letter with counsel, and without going into a full discussion of the points in dispute, we do not agree with the interpretation of the cases which were cited and wish to make several points. First, we observe that several of your citations to authority are either incorrect or, worse, misleading. For example, your quote from *Atlas Tack Corp.* conveniently omits the first word of the sentence (which is "although") and then stops before the actual point is made. A fair reading of the **entire** sentence is that the Court is distinguishing the instant case from the so-called "general rule." The omitted portion of your quote actually **supports** the carriers' position, i.e., that the Supreme Judicial Court in *Augat* did not require a showing of prejudice before granting a carrier summary judgment on the voluntary payments clause. Further, the *Atlas Tack* court vacated the trial court's judgment in favor of the insurer and ordered that judgment be entered in favor of the carrier.

Donald Nagle, Esq.
Robert A. Fasanella, Esq.
Peter J. Feuerbach, Esq.
September 10, 2003
Page 2

Similarly, in *Hoechst Celanese*, the court merely held that the excess insurer's argument that its policy contained language that was "functionally equivalent" to the voluntary payments provision at issue in *Augat* was incorrect and that consequently *Augat* did not apply to the policies at issue. The court expressly noted *Augut*'s holding that prejudice was not required to preclude coverage for a breach of the voluntary payments clause. Even more importantly, the court did not disturb the trial court's grant of summary judgment to the primary carrier based on the Insured's breach of the voluntary payments clause.

In *Sarnafil*, the carriers note that the majority opinion does not even address the duty to defend. The dissent, however, correctly observes that an insurer's duty to defend its policyholder is contingent on the insured notifying its insurer of the claims being made against it. In other words, a duty to defend cannot arise until tender of the claim to the insurer. Therefore, any obligation that the Carriers owe to Kleenit commenced upon tender, and any money spent by Kleenit prior to giving notice is not, by definition, a "defense" cost.

Similarly, in *Managed Health Care Sys., Inc. v. St. Paul Fire & Marine Insurance Company*, 2001 U.S. Dist. LEXIS 18392, at *6 (D. Mass. 2001) the court found that an insurer is not liable for pre-notice defense costs under Massachusetts law, see also *Hoppies Oil Serv., Inc. v. Ins. Co. of N. Am.*, 783 F.Supp. 1505, 1509 (D. Mass. 1992) (holding that "no duty to defend or to participate in a defense can arise before the insurer has notice of the suit against the insured, or at least of the underlying claim and the likelihood of suit."); *Pacific Ins. Co., Ltd. v. Eaton Vance Mgmt.*, 260 F.Supp. 2d 334, 344 (D. Mass. 2003) (stating that "it is unfair to force the insurer, who might have made different choices, to pay for the defense prior to notification of a claim."); and *Am. Mut. Liab. Ins. Co. v. Beatrice Cos.*, 924 F.Supp. 861, 874 (N.D. Ill. 1996) holding that under Massachusetts law, "insurers are not liable for pre-notice defense costs.").

As it appears that the parties will not be able to come to an agreement regarding the draft Defense Cost Share Agreement previously forwarded to you, the Carriers have agreed to continue to contribute their respective pro-rata shares, which collectively total 100%, of the reasonable and necessary defense costs from the date of tender (September 25, 2002) of these matters by Kleenit.

Please forward all bills to Ms. Catherine Kozyra, in Travelers Special Liability Group, for review. Upon review, Ms. Kozyra will in turn inform Utica and Royal of the amount of their contribution, and each Carrier will reimburse that amount to you.

Pending resolution of the coverage issues raised by these matters, the Carriers continue to fully reserve their rights in these matters as more fully detailed in each Carrier's prior correspondence. Neither this correspondence nor any future communication or investigation should be deemed or construed as an admission that coverage is available for these matters, or as a waiver of any right or defense to coverage available to the Carriers (whether under any relevant contracts of insurance, or at law or in equity), or as an expansion of any duties which may be subsequently acknowledged by the Carriers.

Donald Nagle, Esq.
Robert A. Fasanella, Esq.
Peter J. Feuerbach, Esq.
September 10, 2003
Page 3

Please contact me at the direct dial number above if you have any questions regarding this letter. If it is more convenient, you may leave a message for me at our toll-free number (1-800-954-9633), and I will return your call as soon as possible. If I am unavailable at the time of your telephone call, you may contact Mr. Robert Harris at (860) 954-2959 or Joseph Schmitt, Esq. at (860) 277-3048 for assistance.

Sincerely,

*[signature]*

T. Jill Donan
Associate Account Executive

TJD616

cc: Catherine Kozyra, SLG – HOECU
    File No.: ANU2983 – Chelmsford
    File No.: ANU3053 – Acton

   Karl Vasiloff, Esq.
   Zelle, Hoffman, Voelbel, Mason & Gette LLP
   950 Winter Street-Suite 1300
   Waltham, Massachusetts 02451
   [Facsimile No. (781) 466-0701]
   (for Royal)

   Richard Heifetz, Esq.
   Tucker, Heifetz & Saltzman LLP
   Three School Street
   Boston, Massachusetts 02110
   [Facsimile No. (617) 227-9191]
   (for Utica)

# TUCKER, HEIFETZ & SALTZMAN, LLP

THREE SCHOOL STREET
BOSTON, MASSACHUSETTS 02108
617-557-9696

www.ths-law.com

RICHARD E. HEIFETZ

FACSIMILE - 617-227-9191
HEIFETZ@THS-LAW.COM

October 27, 2003
VIA FACSIMILE 508-732-8971 and FIRST CLASS MAIL
[ 2 Pages Total ]

Donald P. Nagle, Esquire
Donald P. Nagle, P.C.
5 Main Street Extension, Suite 300
Plymouth, MA 02360

Re:   Insured:   Kleenit, Inc.
      Locus:    28 Central Square, Chelmsford, MA
                293-295 Main Street, Acton, MA

Dear Mr. Nagle:

Kindly be advised that Utica, Travelers and Royal ("the Carriers") are in receipt of your October 17, 2003 letter which threatens a lawsuit against the Carriers and termination of any existing tolling agreements if the Carriers do not resolve Kleenit's claims by October 27, 2003. We take this opportunity to comment upon your correspondence, and to submit the present position of the Carriers.

Put simply, the position set forth in your letter misses the point. The Carriers are not denying reimbursement of costs incurred by Kleenit prior to September 2002 on the ground that Kleenit made those payments in violation of a voluntary payment clause. The Carriers refuse to pay pre-September 2002 defense costs because Kleenit incurred those costs prior to putting the Carriers on notice of these claims.

Massachusetts law is crystal clear: insurers are not liable for pre-notice defense costs. This is because no duty to defend can arise before the insurer is on notice of the claim. Accordingly, Kleenit cannot recover its pre-tender costs from the Carriers. See *Managed Health Care Sys., Inc. v. St. Paul Fire & Marine Insurance Company*, 2001 U.S. Dist. LEXIS 18302, at *6 (D. Mass. 2001) (finding that insurer not liable for pre-notice defense costs under Massachusetts law); *Hoppies Oil Serv., Inc. v. Ins. Co. of N. Am.*, 783 F. Supp. 1505, 1509 (D. Mass. 1992) (holding that "[n]o duty to defend or to participate in a defense can arise before the insurer has notice of the suit against the insured, or at least of the underlying claim and the likelihood of suit."). See also *Pacific Ins. Co., Ltd. v. Eaton Vance Mgmt.*, 260 F. Supp. 2d 334, 344 (D. Mass. 2003) (stating "it is unfair to force the

TUCKER, HEIFETZ & SALTZMAN, LLP

Donald P. Nagle, Esquire
October 27, 2003
Page Two

insurer, who might have made different choices, to pay for the defense prior to notification of a claim."); *Am. Mut. Liab. Ins. Co. v. Beatrice Cos.*, 924 F. Supp. 861, 874 (N.D. Ill. 1996) (stating that under Massachusetts law, "insurers are not liable for pre-notice defense costs").

Here, the Carriers are not disclaiming coverage under the policies altogether and have agreed to pay Kleenit for defense costs incurred after September 2002, the month the Carriers were put on notice. However, because notice of this lawsuit was not presented until September 2002, the Carriers have no duty to provide defense costs incurred before then.

The Carriers have refused to pay Kleenit's pre-notice payments for the simple reason that, at the time the payments were made, the Carriers were not on notice that they had to defend this lawsuit. Their denial of payment on this ground is wholly supported by Massachusetts law, as is demonstrated above, as well as supported by the law of other jurisdictions. *See Elan Pharm. Research Corp. v. Employers Ins.*, 144 F. 3d 1372, 1382 (11th Cir. 1998) (concluding that obligation to defend insured "does not include expenses incurred before that notification"); *Legacy Ptnrs., Inc. v. Travelers Ins. Co.*, 2002 U.S. Dist. LEXIS 5620, Civ. No. 00-3413, at *6-11 (N.D. Cal. Mar. 29, 2002) (holding that insurer not liable for pre-tender costs); *Wm. C. Vick Constr. Co. v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, 52 F. Supp. 2d 569 (E.D.N.C. 1999) (holding that insurer not liable for pre-notification legal expenses in "the absence of contractual language requiring the insurer to pay for pre-notification legal expenses"); *Comsat Corp. v. St. Paul Mercury Ins. Co.*, Civ. No. 97-2236, 1998 U.S. Dist. LEXIS 2916 at *15-16 (D. Minn. Mar. 6, 1998) (noting the "general rule that an insurer has no duty to pay pre-tender defense costs"). *Aerojet-General Corp. v. Transport Indemnity Co.*, 17 CAL 4th 38 (1997).

Given this caselaw and the Carriers' legitimate explanation for denial of payment of Kleenit's pre-tender costs, the Carriers request that you reconsider your position stated in your October 17, 2003 letter.

Very Truly Yours,

Richard E. Heifetz

cc: Karl Vasiloff, Esquire         VIA FACSIMILE    781-466-0701
    Joseph Schmidt, Esquire       VIA FACSIMILE    860-954-0359
    Ms. T. Jill Donan             VIA FACSIMILE    860-954-5857
    Robert Fasanella, Esquire     VIA FACSIMILE    617-439-9556

BROADCAST REPORT

TIME : 10/27/2003 12:04

| PAGE(S) | 02 |
|---|---|

| DATE | TIME | FAX NO./NAME | DURATION | PAGE(S) | RESULT | COMMENT |
|---|---|---|---|---|---|---|
| 10/27 | 11:57 | 15087328971 | 51 | 02 | OK | ECM |
| 10/27 | 11:58 | 17814660701 | 01:19 | 02 | OK | ECM |
| 10/27 | 12:00 | 18609540359 | 51 | 02 | OK | ECM |
| 10/27 | 12:02 | 18609545857 | 52 | 02 | OK | ECM |
| 10/27 | 12:04 | 6174399556 | 52 | 02 | OK | ECM |

BUSY: BUSY/NO RESPONSE  
NG  : POOR LINE CONDITION  
CV  : COVERPAGE