UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC.,<br>       Plaintiff<br>vs.<br><br>SENTRY INSURANCE COMPANY,<br>ROYAL & SUN ALLIANCE,<br>UTICA NATIONAL INSURANCE GROUP, and<br>TRAVELERS PROPERTY AND CASUALTY,<br>       Defendants | CIVIL ACTION<br>NO. 04-10351-NG |

**DEFENDANT, UTICA NATIONAL INSURANCE GROUP'S,
CONCISE STATEMENT OF MATERIAL FACTS THAT ARE NOT IN DISPUTE**

Pursuant to Local Rule 56.1, Defendant Utica National Insurance Group ("Utica") submits this Concise Statement of Material Facts in support of its Motion for Partial Summary Judgment as to the plaintiff's claims for pre-tender defense costs and violation of G.L. c.93A and 176D. As Utica sets forth in its memorandum of law in support of its motion, pre-tender defense costs are not recoverable as a matter of law. It is on this ground that Utica has refused to pay Kleenit its pre-tender defense costs. Utica has acted reasonably and on a good faith basis. For these reasons, summary judgment should enter in favor of Utica.

  1.  The plaintiff, Kleenit, Inc. ("Kleenit") operates dry-cleaning services at facilities located at 28 Central Square in Chelmsford ("Chelmsford site") and 293-295 Main Street in Acton ("Acton site"), all in Middlesex County, Massachusetts.

2. The Department of Environmental Protection ("DEP"), by letter dated January 28, 2001, issued to Kleenit a Notice of Responsibility ("NOR") pursuant to M.G.L. c. 21E in connection with alleged environmental contamination at the Chelmsford site. (Affidavit of Richard E. Heifetz, Esquire ("Heifetz Aff."), Exhibit 1, NOR relative to the Chelmsford site)

3. On December 30, 2003, the DEP issued an NOR in connection with alleged contamination at the Acton site. (Heifetz Aff., Exhibit 2, NOR relative to the Acton site)

4. The NORs allege that Kleenit is a responsible party for the release or threat of release of hazardous materials at the Chelmsford and Acton sites.

**A.  Kleenit's Tender of Claims**

5. By letters dated September 25, 2002, Kleenit tendered notice to Utica of its claims for defense and indemnification with respect to the alleged pollution arising from Kleenit's dry-cleaning operations at the Chelmsford and Acton sites. (Heifetz Aff., Exhibit 3, Tender Letters, dated September 25, 2002)

6. Kleenit alleged that Utica insured both sites from 1979-1985, but did not provide Utica with copies of these alleged policies. (Id.)

7. In connection with the Chelmsford site, Kleenit waited roughly twenty months before putting Utica on notice of its claims for defense and indemnity. Keith Crider, President and Chief Financial Officer of Kleenit, admits that Kleenit opted to provide its own defense against the NOR. (Heifetz Aff., Exhibit 4, Affidavit of Keith Crider, ¶6)

8. Mr. Crider believed that Kleenit could handle the costs associated with the initial NOR as an "ordinary operating expense." (Id.)

9. However, upon the realization that it had miscalculated the financial consequences of these claims, Kleenit decided to put its insurers on notice almost two years later. (Id. at ¶7)

10. Relative to the Acton site, in its September 25, 2002 tender letter, Kleenit enclosed notice of a private party demand from its landlord dated August 14, 2002. (Heifetz Aff., Exhibit 3) The DEP had not yet issued an NOR with respect to this site.

11. On October 29, 2002, Kleenit submitted a Release Notification Form to the DEP regarding the Acton site.

12. On December 30, 2002, the DEP issued an NOR in connection with alleged contamination at the Acton site. (Heifetz Aff., Exhibit 2)

13. By letter dated January 10, 2003, Kleenit put Utica on notice of the potential suit with respect to the Acton site. (Heifetz Aff., Exhibit 5, Letter from Robert Fasanella, Esq. to Kristen Martin, dated January 10, 2003, enclosing NOR)

**B.  Utica's Policies**

14. In response to the September 25 letters, Utica conducted a diligent search of its records to locate policies issued to Kleenit during the period of 1979-1985 and identified and acknowledged only one three-year policy. (Heifetz Aff., Exhibit 6, Reservation of Rights Letters dated October 28, 2002 from Kristen Martin to Robert Fasanella, Esq.)

3

15. The policy was issued by Graphic Arts Mutual and it insured Kleenit for both the Acton and Chelmsford sites under FMP 1946 for the period 10/01/79 – 10/01/82. The general liability policy limits were $100,000 per occurrence and $100,000 in the aggregate. No other policies were located. (Id.)

16. Approximately one month after receiving notice of the claims, Utica sent Kleenit a Partial Disclaimer of Coverage and Reservation of Rights. (Id.)

17. Utica acknowledged Kleenit's claims at Chelmsford and Acton and agreed to investigate the claims under a full reservation of rights. (Id.)

18. By letter dated January 14, 2003, Utica acknowledged tender of the NOR issued in connection with the Acton site and agreed to defend Kleenit under a reservation of rights. (Heifetz Aff., Exhibit 7, Letter from Richard E. Heifetz, Esq. to Robert Fasanella, Esq. dated January 14, 2003)

19. Utica disclaimed coverage for any payment or expense incurred prior to September 27, 2002 or January 14, 2003 the dates of receipt of notice of the claims. (Heifetz Aff., Exhibits 6 and 7)

C. **Utica Agrees to Pay Its Pro Rata Share of 100% of Kleenit's Post-Tender Defense Costs**

20. At Kleenit's request, Kleenit and the insurers ("the insurers" collectively refers to Royal & Sun Alliance, Travelers Property & Casualty, and Utica) attempted to work out a defense cost sharing agreement. Kleenit proposed that the parties enter an agreement whereby the insurers would pay Kleenit on a pro rata basis all pre-tender

4

and post-tender defense costs incurred. (Heifetz Aff., Exhibit 8, Letters from Robert Fasanella, Esq. to insurers dated March 11, 2003 and August 11, 2003)

21. The insurers proposed that they pay all reasonable post-tender defense costs, but no pre-tender defense costs. Citing Massachusetts law, the insurers refused to pay any pre-tender defense costs on the grounds that pre-tender defense costs were not recoverable in Massachusetts. (Heifetz Aff., Exhibit 9, Letters dated July 16, 2003, September 10, 2003 and October 27, 2003, from insurers to Robert Fasanella, Esq. stating legal basis for refusal to pay pre-tender defense costs)

22. Kleenit rejected this proposal as well as the legal authority cited by the insurers.

23. Discussions between the insurers and Kleenit broke down due to Kleenit's insistence that the insurers reimburse Kleenit for pre-tender defense costs in addition to post-tender defense costs.

24. Accordingly, the insurers executed an agreement among themselves. By letter dated September 10, 2003, the insurers advised Kleenit that they had entered into a defense cost sharing agreement among themselves and had collectively agreed to reimburse Kleenit for 100% of its reasonable and necessary post-tender defense costs. (Heifetz Aff., Exhibit 10, Letter from Travelers on behalf of insurers to Robert Fasanella, Esq. dated September 10, 2003)

25. Pursuant to this agreement, Utica is responsible for its 39% pro rata share of Kleenit's reasonable post-tender defense costs, while Royal is responsible for its 14% share and Travelers for its 47% share. (Id.)

Respectfully submitted,

UTICA NATIONAL INSURANCE GROUP,
Defendant

By Its Attorneys,

_____
Richard E. Heifetz        BBO #229000
Danielle M. Maloney    BBO #647527
TUCKER, HEIFETZ & SALTZMAN, LLP
Three School Street
Boston, MA 02108
617-557-9696
Dated: June 14, 2004

I hereby certify that I made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.