UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC.<br><br>Plaintiff,<br><br>v.<br><br>SENTRY INSURANCE COMPANY,<br>ROYAL & SUNALLIANCE, UTICA<br>NATIONAL INSURANCE GROUP, and<br>TRAVELERS PROPERTY AND<br>CASUALTY,<br><br>Defendants. | CIVIL ACTION NO. 04-10351 (NG) |

EXHIBITS TO THE AFFIDAVIT OF KARL S. VASILOFF IN SUPPORT OF
DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE
COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

# EXHIBIT 5



COMMONWEALTH OF MASSACHUSETTS
EXECUTIVE OFFICE OF ENVIRONMENTAL AFFAIRS
DEPARTMENT OF ENVIRONMENTAL PROTECTION
Central Regional Office, 627 Main Street, Worcester, MA 01608

JANE M. SWIFT
Governor

BOB DURAND
Secretary

LAUREN A. LISS
Commissioner

**URGENT LEGAL MATTER: PROMPT ACTION NECESSARY**

DEC 30 2002

Kleenit, Inc.
d/b/a Dud's Cleaners & Launderers
44 Park Street
Ayer, MA 01432

RE: CRWSC-Acton
293 Main Street
Dud's Dry Cleaners

Attention: Keith Crider
President

RTN 2-14526

**NOTICE OF RESPONSIBILITY
120-DAY NOTIFICATION
M.G.L. C. 21E, 310 CMR 40.0000**

Dear Mr. Crider:

    Thank you for submitting the Release Notification Form (RNF) to the Department of Environmental Protection, Bureau of Waste Site Cleanup (the Department) on October 29, 2002. Your submittal presents the Department with information that the property at 293 Main Street, Acton, MA, has been subject to a release of hazardous materials, Tetrachloroethylene or dry cleaning fluid also known by the common name, Perc. According to the RNF the release has resulted in the presence of Tetrachloroethylene in the soil at concentrations that exceed the applicable Reportable Concentrations (RC). Based on this information, the Department has determined that the property, or portions thereof, is a disposal site that requires a response action.

    The Massachusetts Oil and Hazardous Material Release Prevention and Response Act, M.G.L. c. 21E, which is implemented through regulations promulgated by the Department, governs the cleanup of disposal sites. These regulations are referred to as the Massachusetts Contingency Plan, (the MCP), and are codified at 310 CMR 40.0000. The Department wishes to ensure that you are aware of your rights and responsibilities under M.G.L. c. 21E and the MCP.

    In your submittal, you (as used in this notice, "you" refers to Kleenit, Inc. d/b/a Dud's Cleaners & Launderers) identify yourself as the operator of Dud's Cleaners and Launderers and as a party with potential liability for response action costs and damages under M.G.L. c. 21E, §5. This notice and the attached summary are intended to provide you with information about

NOTICE OF RESPONSIBILTY         RTN 2-14526

2

liability under Chapter 21E to assist you in deciding what actions to take in response to the conditions that are present at this disposal site.

The Department has determined that there are two potentially responsible parties with respect to this release: 1) you, the operator of the property and, 2) E&A Northeast Limited Partnership, the property owner. The Department requests that the two parties determine amongst themselves how to allocate responsibility for the necessary response actions at the site.

You should be aware that you might have claims against third parties for damages, including claims for contribution or reimbursement for the costs of cleanup. Such claims do not exist indefinitely but are governed by laws that establish the time allowed for bringing litigation. The Department encourages you to take any action necessary to protect any such claims you may have against third parties.

## BACKGROUND

On October 29, 2002, the Department received a RNF from you for a release of Tetrachloroethylene or Perc to the property at 293 Main Street, Acton. The RNF reports the presence of Tetrachloroethylene in the soil at a concentration level that exceeds the applicable RC identified in the RNF. The concentration level reported in the RNF is summarized in parts million (ppm) and compared to the soil reportable concentrations below.

| OHM Released | SOIL Concentration (ppm) | RCS-1 (ppm) |
|---|---|---|
| Tetrachloroethylene | 160 | 0.5 |

The Department has assigned Release Tracking Number (RTN) 2-14526 to the disposal site. The Department has no information regarding further actions taken or proposed for this disposal site.

## NECESSARY RESPONSE ACTIONS AND APPLICABLE DEADLINES

October 29, 2002 is the date of release notification for RTN 2-14526. Unless otherwise stated, this date will be the baseline for calculating compliance of this disposal site with the deadlines contained in the MCP.

No disposal site will be deemed to have had all the necessary and required response actions taken for it unless and until all substantial hazards presented by the release and/or threat of release have been eliminated and a level of no significant risk exists or has been achieved in compliance with the MCP. The MCP requires persons undertaking response actions at a disposal site to submit to the Department a Response Action Outcome (RAO) Statement prepared by a Licensed Site Professional upon determining that a level of no significant risk exists or has been achieved at the disposal site. A fee of $750.00 is assessed if an RAO is filed 120 days after release notification, but before Tier Classification. Therefore, if all remediation work has been completed, you are encouraged to have the RAO submitted promptly to avoid the fee.

NOTICE OF RESPONSIBILTY        RTN 2-14526

3

Unless otherwise provided by the Department, responsible parties have one year from the initial date notice of a release or threat of release is provided to the Department pursuant to 310 CMR 40.0300 or from the date the Department issues a Notice of Responsibility, whichever occurs earlier, to file with the Department one of the following submittals: (1) a completed Tier Classification Submittal; or (2) a Response Action Outcome Statement. If required by the MCP, a completed Tier I Permit Application must also accompany a Tier Classification Submittal. Unless otherwise specified by the Department, the deadline for these submittals for this disposal site is October 29, 2003.

The MCP requires responsible parties and any other person undertaking response actions to perform Immediate Response Actions in response to sudden releases, Imminent Hazards and Conditions of Substantial Release Migration. Such persons must continue to evaluate the need for Immediate Response Actions and notify the Department immediately if such a need exists.

## PROCEDURES TO FOLLOW TO UNDERTAKE RESPONSE ACTIONS

The Department encourages parties having liability under M.G.L. c. 21E to take prompt action in response to releases and threats of release of oil and hazardous materials. By taking prompt action, liable parties may significantly lower cleanup costs and avoid the imposition of, or reduce the amount of, certain permit and/or annual compliance assurance fees payable under 310 CMR 4.00.

You must continue to employ or engage a Licensed Site Professional (LSP) to manage, supervise or perform all response actions that you intend to undertake at this disposal site. You may obtain a list of the names and addresses of LSPs by visiting www.mass.gov/lsp, by contacting the Board of Registration of Hazardous Waste Site Cleanup Professionals by telephone at (617) 556-1091, or in person or by mail at One Winter Street, 10th Floor, Boston, Massachusetts 02108.

If you have any questions, please contact the Central Regional Office at the letterhead address or at 508-792-7653. <u>The Department requests that you inform your LSP of this Notice</u>. All future correspondence and communications regarding the disposal site should reference RTN 2-14526.

DEC 30 2002

Sincerely,

Frank Sciannameo
Section Chief
Bureau of Waste Site Cleanup

FS\PAS
[ NOR/ISSUED ]
Enclosure
La

cc: Acton Board of Health
Lisa Feagain, E&A Northeast Limited Partnership, 360 Newbury Street, Boston, MA 02115
Mark Germano, LSP, Coler & Colantonio, Inc., 101 Accord Park Drive, Norwell, MA 02061
Database Entry
File

C:\WINNT\NORs2002\2-14526ActonKleeitIncnoperatoror.doc

## SUMMARY OF LIABILITY UNDER CHAPTER 21E

As stated in the Notice of Responsibility accompanying this summary, the Department has reason to believe that you are a Potentially Responsible Party ("PRP") with potential liability under M.G.L. c. 21E, section 5, for response action costs and damages to natural resources caused by the release and/or threat of release. The Department has identified you as a PRP because it believes you fall within one or more of the following categories of persons made potentially liable by subsection 5(a):

- any current owner or operator of a site from or at which there is or has been a release or threat of release of oil and/or hazardous material;
- any person who owned or operated a site at the time hazardous material was stored or disposed of;
- any person who arranged for the transport, disposal, storage or treatment of hazardous material to or at a site;
- any person who transported hazardous material to a transport, disposal, storage or treatment site from which there is or has been a release or threat of release of such material; and
- any person who otherwise caused or is legally responsible for a release or threat of release of oil or hazardous material at a site.

For purposes of the MCP, you are considered a Responsible Party ("RP") with actual liability under Chapter 21E if you fall within one of these categories unless you (1) are entitled to a defense under section 5 or other applicable law, and (2) have reasonably incurred cleanup costs in an amount equal to or greater than any applicable cap on liability under subsection 5(d).

This liability is "strict," meaning it is not based on fault, but solely on your status as an owner, operator, generator, transporter or disposer. It is also joint and several, meaning that each person who falls within one of these categories may be held liable for all response action costs incurred at the site, regardless of the existence of any other liable parties.

Section 5 provides a few narrowly drawn defenses to liability, including a defense for releases and damages caused by an act of God, an act of war or an act by a third party other than an employee, agent or person with whom the party has a contractual relationship (*see* subsection 5(c)); a defense for certain owners of residential property at which the owner maintains a permanent residence (*see* subsection 5(h)); and a defense for certain public utilities and agencies of the Commonwealth which own a right-of-way that is a site (*see* subsection 5(j)).

You may voluntarily undertake response actions under the MCP without having your liability under Chapter 21E formally adjudicated by the Department. If you do not take the necessary response actions, or fail to perform them in an appropriate and timely manner, the Department is authorized by Chapter 21E to perform the necessary work.

By taking the necessary response actions, you can avoid liability for response action costs incurred by the Department in performing these actions. If you are an RP and you fail to perform necessary response actions at the site, you may be held liable for up to three (3) times all response action costs incurred by the Department and sanctions may be imposed on you for failure to perform response actions required by the MCP.

Response action costs include, without limitation, the cost of direct hours spent by Department employees arranging for response actions or overseeing work performed by persons other than the Department or its contractors, expenses incurred by the Department in support of those direct hours, and payments to the Department's contractors (for more detail on cost liability, *see* 310 CMR 40.1200: Cost Recovery). The Department may also assess interest on costs incurred at the rate of twelve percent (12%), compounded annually.

Any liability to the Commonwealth under Chapter 21E constitutes a debt to the Commonwealth. To secure payment of this debt, the Department may place liens on all of your property in the Commonwealth under M.G.L. c. 21E, section 13. To recover this debt, the Commonwealth may foreclose on these liens or the Attorney General may bring legal action against you.

In addition to your potential liability for response action costs and damages to natural resources caused by the release, civil and criminal liability may also be imposed by a court of competent jurisdiction under M.G.L. c. 21E, section 11, and civil administrative penalties may be assessed by the Department under M.G.L. c. 21A, section 16, for each violation of Chapter 21E, the MCP or any order, permit or approval issued thereunder.

If you are an RP and you have reason to believe that your performance of the necessary response actions is beyond your technical, financial or legal ability, you should promptly notify the Department in writing of your inability in accordance with Chapter 21E, subsection 5(e), and 310 CMR 40.0172. If you assert and demonstrate in compliance therewith that performing or paying for such response action is beyond your ability, subsection 5(e) provides you with a limited defense to an action by the Commonwealth for recovery of two to three times the Department's response action costs and 310 CMR 40.0172 provides you with a limited defense to the Department's assessment of civil administrative penalties.

```
                    ********************
                    ***  TX REPORT   ***
                    ********************

    TRANSMISSION OK

    TX/RX NO              3251
    CONNECTION TEL                17045222888
    SUBADDRESS
    CONNECTION ID
    ST. TIME              01/10 17:24
    USAGE T               03'33
    PGS. SENT             9
    RESULT                OK
```

# RUBIN AND RUDMAN LLP

COUNSELLORS AT LAW
50 ROWES WHARF • BOSTON, MASSACHUSETTS 02110-3319
(617) 330-7000 • FACSIMILE: (617) 439-9556 • FIRM@RUBINRUDMAN.COM

## FACSIMILE TRANSMITTAL FORM

Date: January 10, 2003              Sender's Name: Peter J. Feuerbach, Esq.

Receiving Party Telephone No.: 704-522-2274

Receiving Party Fax No.: 704-522-2888

Please Deliver To: Kevin S. Keyes, Environmental Claim Dept.

Number of Pages to Follow: 8

Client #: 08856                           Matter#: 001

   Note: *If you have a question or problem regarding this transmission, please call the copy room at (617) 330-7053*

Original will follow: Yes

MESSAGE:

# RUBIN AND RUDMAN LLP

COUNSELLORS AT LAW
50 ROWES WHARF • BOSTON, MASSACHUSETTS 02110-3319
(617) 330-7000 • FACSIMILE: (617) 439-9556 • FIRM@RUBINRUDMAN.COM

## FACSIMILE TRANSMITTAL FORM

Date: January 10, 2003         Sender's Name: Peter J. Feuerbach, Esq.

Receiving Party Telephone No.: 704-522-2274

Receiving Party Fax No.: 704-522-2888

Please Deliver To: Kevin S. Keyes, Environmental Claim Dept.

Number of Pages to Follow: 8

Client #: 08856·                                    Matter #: 001

*Note:* *If you have a question or problem regarding this transmission, please call the copy room at (617) 330-7053*

Original will follow: Yes

MESSAGE:

**THIS FACSIMILE TRANSMISSION IS INTENDED SOLELY FOR THE USE OF THE SPECIFIC INDIVIDUAL OR ENTITY TO WHICH IT IS ADDRESSED AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL AND EXEMPT FROM DISCLOSURE. If you are not the intended recipient or the employee or agent responsible for delivering the transmission to the intended recipient, you are hereby notified that any disclosure, distribution, dissemination, copying, use or the taking of any action based on the contents of this transmission is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone number (collect) and return the original message to us via the U.S. Postal Service. Thank you.**

536585_1