UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SENTRY INSURANCE COMPANY,<br>ROYAL & SUNALLIANCE, UTICA<br>NATIONAL INSURANCE GROUP, and<br>TRAVELERS PROPERTY AND<br>CASUALTY,<br><br>    Defendants. | CIVIL ACTION NO. 04-10351 (NG) |

**EXHIBITS TO THE AFFIDAVIT OF KARL S. VASILOFF IN SUPPORT OF DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# EXHIBIT 11




www.royalsunalliance.com

Environmental Claim Department
9140 Arrowpoint Blvd.
Suite 440
Charlotte, NC 28273

Direct Dial
704-522-2274
Fax
704-522-2888

Email: kevin_keyes@rsausa.com

April 1, 2003     CERTIFIED MAIL – RETURN RECEIPT REQUESTED

Robert A. Fasanella
Rubin and Rudman, LLP
50 Rowes Wharf
Boston, MA 02110

RE:   Insured:        Kleenit, Inc. (a.k.a. Sudz-It; Duds Cleaners; and Care Cleaners)
      Location:       28 Central Square, Chelmsford, MA
      Claimant:       MADEP
      Type of Loss:   Alleged release of hazardous materials
      Our File No:    0650008155

Dear Mr. Fasanella:

    I am writing to provide an update regarding Royal's coverage position in this matter. Kleenit, Inc. ("Kleenit") has requested a defense and indemnification "pertaining to a release of hazardous materials, building and property damage, and third party claims at 28 Central Square, Chelmsford, Massachusetts ('Property') and at locations outside of the Property's boundaries." [September 25, 2002 letter from Robert Fasanella] It appears that Kleenit received a Notice of Responsibility ("NOR") regarding the Chelmsford site from the Massachusetts Department of Environmental Protection ("DEP") on January 28, 2001 and a Notice of Need to Conduct Immediate Response Actions regarding the Chelmsford site from the DEP on June 19, 2001. Kleenit's first notice to Royal of this matter was your letter of September 25, 2002.

    In your September 25, 2002 letter, you demand that Royal defend and indemnify Kleenit "for all matters related to or arising out of DEP's NOR and Notice to Conduct IRAs." In particular, you assert that Royal insured Kleenit under an SMP policy with a policy number of YAD 36485 or D 36485; under a pollution liability policy with a policy number of GLZ 102708 or 102708; and under an umbrella liability policy with a policy number also of GLZ 102708 or 102708. Your letter encloses specimen forms which you contend contain the terms applicable to the SMP policy allegedly issued by Royal to Kleenit and the pollution liability policy allegedly issued by Royal to Kleenit.

    With respect to the alleged SMP policy, Kleenit, through your letter of September 25, 2002, claims that coverage for "damage to the building" is provided under Section I, Parts I and II of the alleged SMP policy. With respect to "property damage liability on- and off-site," your letter asserts that coverage is available under Section 1, Parts IV and V.

    With respect to the alleged umbrella liability policy, Kleenit claims that Royal is obligated to pay the "ultimate loss" which Kleenit "is legally obligated to pay in the present matter as damages because of

- American and Foreign Insurance Company
- Atlantic Indemnity Company
- Atlantic Security Insurance Company
- Carolina American Insurance Company
- The Connecticut Indemnity Company
- Connecticut Specialty Insurance Company
- Design Professionals Insurance Company
- EBI Indemnity Company
- Employee Benefits Insurance Company
- Financial Structures Insurance Company
- The Fire and Casualty Insurance Company of Connecticut
- Globe Indemnity Company
- Grocers Insurance Company
- Guaranty National Insurance Company
- Guaranty National Insurance Company of Connecticut
- Landmark American Insurance Company
- Marine Indemnity Insurance Company
- Orion Insurance Company
- Peak Property and Casualty Insurance Corporation
- Phoenix Assurance Company of New York
- Royal & SunAlliance Personal Insurance Company
- Royal Indemnity Company
- Royal Insurance Company of America
- Royal Lloyd's of Texas
- Royal Surplus Lines Insurance Company
- Safeguard Insurance Company
- The Sea Insurance Company of America
- Security Insurance Company of Hartford
- Unisun Insurance Company
- Viking Insurance Company of Wisconsin

property damage or personal injury, including the defense of the claims discussed herein." [September 25, 2002 letter at page 4] Your September 25th letter also makes a similar claim for coverage under the alleged pollution liability policy.

As you know, Royal has been conducting a search for evidence that it insured Kleenit and the terms and conditions of any such insurance. Royal's search is on going, and we anticipate being able to provide you with our position regarding the potential existence of such coverage shortly. Royal is also in receipt of your letters of March 11, 2003 and March 27, 2003, demanding payment of Kleenit's defense costs. To date, Royal has been unable to conclude that it has an obligation to fund Kleenit's defense. We anticipate providing a final position regarding this issue at the same time we update our position regarding the existence of insurance coverage for Kleenit. However, Royal has been able to draw certain conclusions regarding the availability of coverage **based on the assumption** that it did provide the coverage under the policy forms which you forwarded with your letter of September 25, 2002 and contend govern Royal's obligations.

With respect to the provisions of the SMP policy under which Kleenit has asserted coverage, it does not appear that coverage is available for the claims being asserted against Kleenit. As noted, Kleenit has claimed that coverage for "damage to the building" is provided under Section I, Parts I and II of the alleged SMP policy. As a threshold matter, it is unclear to Royal that any claim has been made against Kleenit for "damage to the building." Further, the "claim" at issue (which Royal understands Kleenit contends is embodied in the NOR and the Notice of Need to Conduct Immediate Response Actions) appears to be in the nature of a third party claim against Kleenit by the DEP. Section I of the alleged SMP policy (based on the form submitted with your letter of September 25, 2002), provides only first party property coverage, and would not provide a defense to Kleenit or indemnify Kleenit with respect to the claims asserted by the DEP against Kleenit.

To the extent that Kleenit is asserting first party coverage for an alleged loss to its property, Kleenit has not provided sufficient information regarding: 1) the specific property which suffered "direct physical loss;" 2) the cause of the direct physical loss; and 3) when the direct physical loss occurred. Please note in this regard that the property coverage under this form applies only to "loss to property during the policy period." See Conditions Applicable to Section I, Condition 1.

The first party property coverage form under which Kleenit claims coverage also imposes obligations on Kleenit, and with respect to which Royal reserves its rights in the event it is determined that Royal provided such coverage. In particular, Kleenit is required to "give immediate written notice of such loss to the Company." The property coverage form under which Kleenit is making claim also requires Kleenit to submit a sworn statement of loss at Royal's request and to submit to examinations under oath. The policy form also contains a provision granting appraisal rights in the event agreement on the amount of loss cannot be reached. Royal reserves its rights to invoke these provisions in the event it is determined that such coverage was provided to Kleenit. Royal also reserves the right to invoke the suit limitation provisions of the policy form in the event it is determined that such coverage was provided to Kleenit. Finally, given the lack of information noted above regarding the substance of Kleenit's claim for first party

property damage (assuming such a claim is being made), Royal is not able to determine at this time whether other exclusions, terms and conditions may be applicable, and Royal reserves all of its rights in this regard.

With respect to Kleenit's claim for coverage under the pollution liability policy form which you forwarded with your letter of September 25, 2002, please be advised that coverage would not be available for the claims against Kleenit, even assuming that Royal did provide coverage under this form.

The pollution liability policy clearly states that it is a "claims made" policy, and specifically states, that subject to the terms and conditions of the policy, coverage is available, "provided that":

(2) the claim for such damages is first made against the insured during the policy period and reported to the company during the policy period or within fifteen days after its termination.

Based on the information provided, there is no indication that a claim was made against Kleenit and reported to Royal within the policy period alleged (1983-1985) or 15 days after the expiration of the policy period (January 15, 1986, at the latest). Accordingly, assuming that Royal did provide the coverage alleged by Kleenit under the pollution liability policy, coverage would not be available for Kleenit's defense or indemnity costs incurred in connection with the 28 Central Square, Chelmsford, Massachusetts site.

As noted, Kleenit also alleges that Royal issued an umbrella policy to Kleenit. Kleenit has not attached a copy of the forms which Royal allegedly used to provide such coverage. To date, Royal has been unable to verify the existence of the umbrella coverage alleged by Kleenit, and continues to reserve all of rights in this regard.

If you have any additional information which you would like Royal to consider, please do not hesitate to bring it to our attention.

Sincerely,

Kevin S. Keyes
Environmental Claim Dept
704-522-2274
kevin_keyes@rsausa.com