UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KLEENIT, INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 04-10351 (NG) |
| ) | |
| SENTRY INSURANCE COMPANY, ) | |
| ROYAL & SUNALLIANCE, UTICA ) | |
| NATIONAL INSURANCE GROUP, and ) | |
| TRAVELERS PROPERTY AND ) | |
| CASUALTY, ) | |
| ) | |
| Defendants. ) | |

**EXHIBITS TO THE AFFIDAVIT OF KARL S. VASILOFF IN SUPPORT OF DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# EXHIBIT 12



www.royalsunalliance.com

Environmental Claim Department
9140 Arrowpoint Blvd.
Suite 440
Charlotte, NC 28273

Direct Dial
704-522-2274
Fax
704-522-2888

Email: kevin_keyes@rsausa.com

April 1, 2003     **CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

Robert A. Fasanella
Rubin and Rudman, LLP
50 Rowes Wharf
Boston, MA 02110

RE:  Insured:      Kleenit, Inc. (a.k.a. Sudz-It; Duds Cleaners; and Care Cleaners)
     Location:     293 and 295 Main St., Acton, MA
     Claimant:     MADEP
     Type of Loss: Alleged release of hazardous materials
     Our File No:  0650008155

Dear Mr. Fasanella:

I am writing to provide an update regarding Royal's coverage position in this matter. To date, Kleenit, Inc. ("Kleenit") has requested a defense and indemnification "pertaining to a release of hazardous materials, building and property damage, and third party claims at 293 and 295 Main Street, Acton, Massachusetts ('Property') and at locations outside of the Property's boundaries." [September 25, 2002 letter from Fasanella] It appears that Kleenit received a letter from its Landlord, E&A Northeast Limited Partnership ("E&A"), dated August 14, 2002, notifying Kleenit of a claimed release of hazardous materials at the site and demanding that Kleenit remediate the releases. It appears that Kleenit notified the Massachusetts DEP ("DEP") of the claimed release on October 29, 2002 and, as predicted in your letter of September 25, 2002, the DEP issued a Notice of Responsibility ("NOR") to Kleenit regarding the Acton site on December 30, 2002.

In your September 25, 2002 letter, you demand that Royal defend and indemnify Kleenit "for all matters related to or arising out of DEP's NOR and Notice to Conduct IRAs."[1] In particular, you assert that Royal insured Kleenit under an SMP policy with a policy number of YAD 36485 or D36485; under a pollution liability policy with a policy number of GLZ 102708; and under an umbrella liability policy with a policy number also of GLZ 102708. Your letter encloses specimen forms which you contend contain the terms applicable to the SMP policy allegedly issued by Royal to Kleenit and the pollution liability policy allegedly issued by Royal to Kleenit.

With respect to the alleged SMP policy, Kleenit, through your letter of September 25th, claims that coverage for "damage to the building" is provided under Section I, Parts I and II of the alleged SMP policy. With respect to "property damage liability on- and off-site," your letter asserts that coverage is available under Section 1, Parts IV and V.

---

[1] We are not aware of any Notice to Conduct IRA's with respect to the Acton site.

- American and Foreign Insurance Company
- Atlantic Indemnity Company
- Atlantic Security Insurance Company
- Genesis American Insurance Company
- The Connecticut Indemnity Company
- Connecticut Specialty Insurance Company
- Design Professionals Insurance Company
- EM Indemnity Company
- Employee Benefits Insurance Company
- Financial Structures Insurance Company
- The Fire and Casualty Insurance Company of Connecticut
- Globe Indemnity Company
- Grocers Insurance Company
- Guaranty National Insurance Company
- Quality National Insurance Company of Connecticut
- Landmark American Insurance Company
- Marine Indemnity Insurance Company
- Orion Insurance Company
- Peak Property and Casualty Insurance Corporation
- Phoenix Assurance Company of New York
- Royal & SunAlliance Personal Insurance Company
- Royal Indemnity Company
- Royal Insurance Company of America
- Royal Lloyds of Texas
- Royal Surplus Lines Insurance Company
- Safeguard Insurance Company
- The Sea Insurance Company of America
- Security Insurance Company of Hartford
- Unicover Insurance Company
- Viking Insurance Company of Wisconsin

With respect to the alleged umbrella liability policy, Kleenit claims that Royal is obligated to pay the "ultimate loss" which Kleenit "is legally obligated to pay in the present matter as damages because of property damage or personal injury, including the defense of the claims discussed herein." [September 25, 2002 letter at page 4] Your September 25th letter also makes a similar claim for coverage under the alleged pollution liability policy.

As you know, Royal has been conducting a search for evidence that it insured Kleenit and the terms and conditions of any such insurance. Royal's search is on going, and we anticipate being able to provide you with our position regarding the potential existence of such coverage shortly. Royal is also in receipt of your letters of March 11, 2003 and March 27, 2003, demanding payment of Kleenit's defense costs. To date, Royal has been unable to conclude that it has an obligation to fund Kleenit's defense. We anticipate providing a final position regarding this issue at the same time we update our position regarding the existence of insurance coverage for Kleenit. However, Royal has been able to draw certain conclusions regarding the availability of coverage **based on the assumption** that it did provide the coverage under the policy forms which you contend in your letter of September 25, 2002 govern Royal's obligations.

With respect to the provisions of the SMP policy under which Kleenit has asserted coverage, it does not appear that coverage is available for the claims being asserted against Kleenit. As noted, Kleenit has claimed that coverage for "damage to the building" is provided under Section I, Parts I and II of the alleged SMP policy. As a threshold matter, it is unclear to Royal that any claim has been made against Kleenit for "damage to the building." Further, the "claim" at issue (which Royal understands Kleenit contends is embodied in the NOR) appears to be in the nature of a third party claim against Kleenit by the DEP. Section I of the alleged SMP policy (based on the form submitted with your letter of September 25, 2002), provides only first party property coverage, and would not provide a defense to Kleenit or indemnify Kleenit with respect to the claims asserted by the DEP against Kleenit.

To the extent that Kleenit is asserting first party coverage for an alleged loss to its property, Kleenit has not provided sufficient information regarding: 1) the specific property which suffered "direct physical loss;" 2) the cause of the direct physical loss; and 3) when the direct physical loss occurred. Please note in this regard that the property coverage under this form applies only to "loss to property during the policy period." See Conditions Applicable to Section I, Condition 1.

The first party property coverage form under which Kleenit claims coverage also imposes obligations on Kleenit, and with respect to which Royal reserves its rights in the event it is determined that Royal provided such coverage. In particular, Kleenit is required to "give immediate written notice of such loss to the Company." The property coverage form under which Kleenit is making claim also requires Kleenit to submit a sworn statement of loss at Royal's request and to submit to examinations under oath. The policy form also contains a provision granting appraisal rights in the event agreement on the amount of loss cannot be reached. Royal reserves its rights to invoke these provisions in the event it is determined that such coverage was provided to Kleenit. Royal also reserves the right to invoke the suit limitation provisions of the policy form in the event it is determined that such coverage was provided to Kleenit. Finally, given the lack of information noted above regarding the substance of Kleenit's claim for first party