UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC. )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SENTRY INSURANCE COMPANY, )<br>ROYAL & SUNALLIANCE, UTICA )<br>NATIONAL INSURANCE GROUP, and )<br>TRAVELERS PROPERTY AND )<br>CASUALTY, )<br>)<br>Defendants. )<br>) | CIVIL ACTION NO. 04-10351 (NG) |

EXHIBITS TO THE AFFIDAVIT OF KARL S. VASILOFF IN SUPPORT OF
DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE
COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

# EXHIBIT 13 (Part I)

## SPECIAL MULTI-PERIL POLICY CONDITIONS AND DEFINITIONS
## GENERAL CONDITIONS

Form MP-4
(Ed 7-77)

The following Conditions apply to Section I and II except as otherwise indicated. Additional Conditions or modifications of the following Conditions may appear in the specific coverage sections.

1. **Premium.** All premiums for this policy shall be computed in accordance with the Company's rules, rates, rating plans, premiums and minimum premiums applicable to the insurance afforded herein.

If this policy is issued for a period in excess of one year with a specified expiration date and a premium is payable at each anniversary, such premium shall be determined annually on the basis of the rates in effect at the anniversary date.

If this policy is issued for a period without a specified expiration date, it may be continued by payment of the required premium for the succeeding annual period. Such premium must be paid to the Company prior to each anniversary date; if not so paid, this policy shall expire on the first anniversary date that the said premium has not been received by the Company.

2. **Time of Inception.** To the extent that coverage in this policy replaces coverage in other policies terminating noon standard time on the inception date of this policy, coverage under this policy shall not become effective until such other coverage has terminated.

3. **Cancellation.** This policy may be cancelled by the named insured by surrender thereof to the Company or any of its authorized agents or by mailing to the Company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the Company by mailing to the named insured at the mailing address shown in the Declarations, written notice stating when not less than ten days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice. The time of surrender or the effective date and hour of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the Company shall be equivalent to mailing.

If the named insured cancels, the Company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rates for the expired time. If the Company cancels, earned premium shall be computed pro rata. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

Notice of cancellation addressed to the named insured and mailed to the mailing address shown in the Declarations shall be sufficient notice to effect cancellation of this policy.

4. **Concealment or Fraud.** This policy is void if any insured has intentionally concealed or misrepresented any material fact or circumstance relating to this insurance.

5. **Assignment.** Assignment of interest under this policy shall not bind the Company until its consent is endorsed hereon. However, if the named insured shall die, this insurance shall apply:

(a) to the named insured's legal representative, as the named insured, but only while acting within the scope of his duties as such; or

(b) to the person having temporary custody of the property of the named insured but only until the appointment and qualification of the legal representative.

6. **Subrogation.**

(a) In the event of any payment under this policy, the Company shall be subrogated to all the insured's rights of recovery against any person or organization and the insured shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The insured shall do nothing after loss to prejudice such rights.

(b) The Company shall not be bound to pay any loss if the insured has impaired any right of recovery for loss; however, it is agreed that the insured may:

(1) as respects property while on the premises of the insured, release others in writing from liability for loss prior to loss, and such release shall not affect the right of the insured to recover hereunder, and

(2) as respects property in transit, accept such bills of lading, receipts or contracts of transportation as are ordinarily issued by carriers containing a limitation as to the value of such goods or merchandise.

7. **Inspection and Audit.** The Company shall be permitted but not obligated to inspect the named insured's property and operations at any time. Neither the Company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking on behalf of or for the benefit of the named insured or others to determine or warrant that such property or operations are safe or healthful or are in compliance with any law, rule or regulation.

The Company may examine and audit the named insured's books and records at any time during the policy period and extensions and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

8. **Liberalization Clause.** In the event any filing is submitted to the insurance supervisory authorities on behalf of the Company, and:

(a) the filing is approved or accepted by the insurance authorities to be effective while this policy is in force or within 45 days prior to its inception; and

(b) the filing includes insurance forms or other provisions that would extend or broaden this insurance by endorsement or substitution of form, without additional premium;

the benefit of such extended or broadened insurance shall inure to the benefit of the insured as though the endorsement or substitution of form had been made.

9. **Insurance Under More Than One Coverage, Part or Endorsement.** In the event that more than one coverage, part or endorsement of this policy insures the same loss, damage or claim, the Company shall not be liable for more than the actual loss or damage sustained by the insured.

10. **Waiver or Change of Provisions.** The terms of this insurance shall not be waived, changed or modified except by endorsement issued to form a part of this policy.

## CONDITIONS APPLICABLE TO SECTION I

1. **Policy Period, Territory.** Section I of this policy applies only to loss to property during the policy period while such property is within or between the fifty states of the United States of America, the District of Columbia and Puerto Rico.

2. **Deductible.** Unless otherwise provided in the Declarations:

   (a) The sum of $100 shall be deducted from the amount of loss to property in any one occurrence. This deductible shall apply:

   (1) separately to each building, including personal property therein;

   (2) separately to personal property in each building if no coverage is provided on the containing building; and

   (3) separately to personal property in the open (including within vehicles).

   (b) The aggregate amount of this deductible in any one occurrence shall not exceed $1,000.

3. **Coinsurance Clause.** The Company shall not be liable for a greater proportion of any loss to property covered than the limit of liability under this policy for such property bears to the amount produced by multiplying the actual cash value of such property at the time of the loss by the coinsurance percentage stated in the Declarations.

   In the event that the aggregate claim for any loss is both less than $10,000 and less than 5% of the limit of liability for all contributing insurance applicable to the property involved at the time such loss occurs, no special inventory or appraisement of the undamaged property shall be required providing that nothing herein shall be construed to waive the application of the first paragraph of this clause.

   If insurance under Section I of this policy is divided into separate limits of liability, the foregoing shall apply separately to the property covered under each such limit of liability.

4. **Removal.** This policy covers loss by removal of the property covered hereunder from premises endangered by the perils insured against, and the amount of insurance applies pro rata for five days at each proper place to which such property shall necessarily be removed for preservation.

5. **Debris Removal.** This policy covers expense incurred in the removal of debris of the property covered which may be occasioned by loss by any of the perils insured against in this policy. The total amount recoverable under this policy for both loss to property and debris removal expense shall not exceed the limit of liability applying to the property. Cost of removal of debris shall not be considered in the determination of actual cash value when applying the Coinsurance Clause.

6. **War Risk And Governmental Action Exclusion.** This policy under Section I shall not apply to loss caused, directly or indirectly, by or due to any act or condition incident to the following:

   (a) hostile or warlike action in time of peace or war, including action in hindering, combating or defending against an actual, impending or expected attack (i) by any government or sovereign power (de jure or de facto), or by any authority maintaining or using military, naval or air forces; or (ii) by military, naval or air forces; or (iii) by an agent of any such government, power, authority or forces, it being understood that any discharge, explosion or use of any weapon of war employing nuclear fission or fusion shall be conclusively presumed to be such a hostile or warlike action by such a government, power, authority or forces;

   (b) insurrection, rebellion, revolution, civil war, usurped power, or action taken by governmental authority in hindering, combating or defending against such an occurrence; seizure or destruction under quarantine or custom's regulations, confiscation by order of any government or public authority, or risks of contraband or illegal transportation or trade.

7. **Nuclear Clause And Nuclear Exclusion.**

   (a) Nuclear Clause (Not Applicable in New York). The word "fire" in this policy is not intended to and does not embrace nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, and loss by nuclear reaction or nuclear radiation or radioactive contamination is not intended to be and is not insured against by this policy, whether such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, contributed to, or aggravated by "fire" or any other perils insured against by this policy. However, subject to the foregoing and all provisions of this policy, direct loss by "fire" resulting from nuclear reaction or nuclear radiation or radioactive contamination is insured against by this policy.

   (b) Nuclear Clause (Applicable only in New York): This policy does not cover loss or damage caused by nuclear reaction or nuclear radiation or radioactive contamination, all whether directly or indirectly resulting from an insured peril under this policy.

   (c) Nuclear Exclusion (Not Applicable in New York): Loss by nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, or due to any act or condition incident to any of the foregoing is not insured against by this policy, whether such loss be direct or indirect, proximate or remote, or be in whole or in part caused by, contributed to, or aggravated by any of the perils insured against by this policy; and nuclear reaction or nuclear radiation or radioactive contamination, all whether controlled or uncontrolled, is not "explosion" or "smoke". This clause applies to all perils insured against hereunder except the peril of fire, which is otherwise provided for in the nuclear clause above.

8. **Other Insurance.**

   (a) If at the time of loss there is other insurance written in the name of the insured upon the same plan, terms, conditions and provisions as contained in this policy, herein referred to as Contributing Insurance, the Company shall be liable for no greater proportion of any loss than the limit of liability under this policy bears to the whole amount of insurance covering such loss.

   (b) If at the time of loss there is other insurance other than that as described in (a) above, the Company shall not be liable for any loss hereunder until:

   (1) the liability of such other insurance has been exhausted, and

   (2) then for only such amount as may exceed the amount due from such other insurance, whether collectible or not.

9. **Duties Of The Named Insured After A Loss.** In case of loss the named insured shall:

   (a) give immediate written notice of such loss to the Company;

   (b) protect the building and personal property from further damage, make reasonable temporary repairs required to protect the property, and keep an accurate record of repair expenditures;

   (c) prepare an inventory of damaged personal property showing in detail, quantity, description, actual cash value and amount of loss. Attach to the inventory all bills, receipts and related documents that substantiate the figures in the inventory;

   (d) exhibit the remains of the damaged property as often as may be reasonably required by the Company and submit to examination under oath;

   (e) submit to the Company within 60 days after requested a signed, sworn statement of loss that sets forth to the best of the named insured's knowledge and belief:

   (1) the time and cause of loss;

   (2) interest of the insured and all others in the property involved and all encumbrances on the property;

   (3) other policies of insurance that may cover the loss;

   (4) changes in title or occupancy of the property during the term of the policy;

   (5) specifications of any damaged building and detailed estimates for repair of the damage;

   (6) an inventory of damaged personal property described in (c) above;

   (f) give notice of such loss to the proper police authority if loss is due to a violation of law.

10. **Appraisal.** If the named insured and the Company fail to agree on the amount of the loss, either can demand that the amount of loss be set by appraisal. If either party makes a written demand for appraisal, each shall select a competent independent appraiser. Each shall notify the other of the selected appraiser's identity within twenty (20) days of the receipt of the written demand.

The two appraisers shall select a competent, impartial umpire. If the appraisers are unable to agree upon an umpire within fifteen (15) days, the named insured or the Company may petition a judge of a Court of Record in the state where the insured premises is located to select an umpire.

The appraisers shall then set the amount of the loss. If the appraisers submit a written report of an agreement to the Company, the amount agreed upon shall be the amount of the loss. If the appraisers fail to agree within a reasonable time, they shall submit their differences to the umpire. Written agreement signed by any two of these three shall set the amount of loss.

Each appraiser shall be paid by the party selecting that appraiser. Other expenses of the appraisal and compensation of the umpire shall be paid equally by the named insured and the Company.

11. **Company Options.** If the Company gives notice within thirty (30) days after it has received a signed, sworn statement of loss, it shall have the option to take all or any part of the property damaged at an agreed value, or to repair, rebuild or replace it with equivalent property.

12. **Abandonment Of Property.** The Company need not accept any property abandoned by an insured.

13. **Payment Of Loss.** The Company will pay all adjusted claims within thirty (30) days after presentation and acceptance of the proof of loss.

14. **Privilege To Adjust With Owner.**

(a) Except as provided in (b) below, or unless another payee is specifically named in the policy, loss, if any, shall be adjusted with and payable to the named insured.

(b) In the event claim is made for damage to property of others held by the insured, the right to adjust such loss or damage with the owner or owners of the property is reserved to the Company and the receipt of payment by such owner or owners in satisfaction thereof shall be in full satisfaction of any claim of the insured for which such payment has been made.

If legal proceedings be taken to enforce a claim against the insured as respects any such loss or damage, the Company reserves the right at its option without expense to the insured to conduct and control the defense on behalf of and in the name of the insured. No action of the Company in such regard shall increase the liability of the Company under this policy, nor increase the limits of liability specified in the policy.

15. **Suit.** No suit shall be brought on this policy unless the insured has complied with all the policy provisions and has commenced the suit within one year after the loss occurs.

16. **Permits And Use.** Except as otherwise provided, permission is granted:

(a) to make alterations and repairs;

(b) in the event of loss hereunder, to make reasonable repairs, temporary or permanent, provided such repairs are confined solely to the protection of the property from further damage, and provided further that the insured shall keep an accurate record of such repair expenditures. The cost of any such repairs directly attributable to damage by any peril insured against shall be included in determining the amount of loss hereunder. Nothing herein contained is intended to modify the policy requirements applicable in case loss occurs, and in particular the requirement that, in case loss occurs, the insured shall protect the property from further damage.

17. **Vacancy, Unoccupancy and Increase of Hazard.**

(a) This Company shall not be liable for loss occurring while a described building, whether intended for occupancy by owner or tenant is vacant beyond a period of sixty consecutive days. "Vacant" or "Vacancy" means containing no contents pertaining to operations or activities customary to occupancy of the building, but a building in process of construction shall not be deemed vacant.

(b) Permission is granted for unoccupancy.

(c) Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring while the hazard is increased by any means within the control or knowledge of the insured.

18. **Protective Safeguards.** It is a condition of this insurance that the insured shall maintain so far as is within his control such protective safeguards as are set forth by endorsement hereto.

Failure to maintain such protective safeguards shall suspend this insurance only as respects the location or situation affected for the time of such discontinuance.

19. **Mortgage Clause—Applicable Only To Buildings.** This clause is effective if a mortgagee is named in the Declarations. The word "mortgagee" includes "trustee". Loss to buildings shall be payable to the named mortgagee as interest may appear, under all present or future mortgages on the buildings described in the Declarations in order of precedence of mortgages on them.

As it applies to the interest of any mortgagee designated in the Declarations, this insurance shall not be affected by any of the following:

(a) any act or neglect of the mortgagor or owner of the described buildings;

(b) any foreclosure or other proceedings or notice of sale relating to the property;

(c) any change in the title or ownership of the property;

(d) occupancy of the premises for purposes more hazardous than are permitted by this policy;

provided, that in case the mortgagor or owner shall neglect to pay any premium due under this policy, the mortgagee shall, on demand, pay the premium.

The mortgagee shall notify the Company of any change of ownership or occupancy or increase of hazard which shall come to the knowledge of the mortgagee. Unless permitted by this policy, such change of ownership or occupancy or increase of hazard shall be noted on the policy and the mortgagee shall on demand pay the premium for the increased hazard for the term it existed under this policy. If such premium is not paid, this policy shall be null and void.

The Company reserves the right to cancel this policy at any time as provided by its terms. If so cancelled, this policy shall continue in force for the benefit only of the mortgagee for ten days after notice to the mortgagee of such cancellation and shall then cease. The Company shall have the right to cancel this agreement on ten days notice to the mortgagee.

When the Company shall pay the mortgagee any sum for loss under this policy, and shall claim that, as to the mortgagor or owner, no liability therefor existed, the Company shall, to the extent of such payment, be thereupon legally subrogated to all the rights of the mortgagee to whom such payment shall have been made, under the mortgage debt. In lieu of taking such subrogation, the Company may, at its option, pay to the mortgagee the whole principal due or to grow due on the mortgage, with interest accrued and shall thereupon receive a full assignment and transfer of the mortgage and of all such other securities. However, no subrogation shall impair the right of the mortgagee to recover the full amount of said mortgagee's claim.

20. **Recoveries.** In the event the Company has made a payment for loss under the policy and a subsequent recovery is made of the lost or damaged property, the insured shall be entitled to all recoveries in excess of the amount paid by the Company, less only the actual cost of effecting such recoveries.

21. **Loss Clause.** Any loss hereunder shall not reduce the amount of this insurance.

22. **No Benefit To Bailee.** This insurance shall not inure directly or indirectly to the benefit of any carrier or other bailee.

23. **No Control.** This insurance shall not be prejudiced:

(a) by any act or neglect of the owner of any building if the insured is not the owner thereof, or by any act or neglect of any occupant (other than the insured) of any building when such act or neglect of the owner or occupant is not within the control of the insured, or

(b) by failure of the insured to comply with any warranty or condition contained in any endorsement attached to this policy with regard to any portion of the premises over which the insured has no control.

## CONDITIONS APPLICABLE TO SECTION II

1. **Supplementary Payments.** The Company will pay, in addition to the applicable limit of liability:

   (a) all expenses incurred by the Company, all costs taxed against the insured in any suit defended by the Company and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the Company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the Company's liability thereon;

   (b) premiums on appeal bonds required in any such suit, premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, and the cost of bail bonds required of the insured because of accident or traffic law violation arising out of the use of any vehicle to which this policy applies, not to exceed $250 per bail bond, but the Company shall have no obligation to apply for or furnish any such bonds;

   (c) expenses incurred by the insured for first aid to others at the time of an accident, for bodily injury to which this policy applies;

   (d) reasonable expenses incurred by the insured at the Company's request in assisting the Company in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day.

2. **Premium.** Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the close of each period (or part thereof terminating with the end of the policy period) designated in the Declarations as the audit period the earned premium shall be computed for such period and, upon notice thereof to the named insured shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the Company shall return to the named insured the unearned portion paid by the named insured.

   The named Insured shall maintain records of such information as is necessary for premium computation and shall send copies of such records to the Company at the end of the policy period and at such times during the policy period as the Company may direct.

3. **Financial Responsibility Laws.** When this policy is certified as proof of financial responsibility for the future under the provisions of any motor vehicle financial responsibility law, such insurance as is afforded by this policy for bodily injury liability or for property damage liability shall comply with the provisions of such law to the extent of the coverage and limits of liability required by such law. The insured agrees to reimburse the Company for any payment made by the Company which it would not have been obligated to make under the terms of this policy except for the agreement contained in this paragraph.

4. **Insured's Duties in the Event of Occurrence, Claim or Suit.**

   (a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof and the names and addresses of the injured and of available witnesses shall be given by or for the insured to the Company or any of its authorized agents as soon as practicable.

   (b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the Company every demand, notice, summons or other process received by him or his representative.

   (c) The insured shall cooperate with the Company and, upon the Company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of injury or damage with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

5. **Medical Reports; Proof and Payment of Claim.** As soon as practicable the injured person or someone on his behalf shall give to the Company written proof of claim, under oath if required, and shall, after each request from the Company, execute authorization to enable the Company to obtain medical reports and copies of records. The injured person shall submit to physical examination by physicians selected by the Company when and as often as the Company may reasonably require. The Company may pay the injured person or any person or organization rendering the services and the payment shall reduce the amount payable hereunder for such injury. Payment hereunder shall not constitute an admission of liability of any person or, except hereunder, of the Company.

6. **Action Against Company.** No action shall lie against the Company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and the Company.

   Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance afforded by this policy. No person or organization shall have any right under this policy to join the Company as a party in any action against the insured to determine the insured's liability, nor shall the Company be impleaded by the insured or his legal representative. Bankruptcy or insolvency of the insured or of the insured's estate shall not relieve the Company of any of its obligations hereunder.

7. **Other Insurance.** The insurance afforded by this policy is primary insurance, except when stated to apply in excess of or contingent upon the absence of other insurance. When this insurance is primary and the insured has other insurance which is stated to be applicable to the loss on an excess or contingent basis, the amount of the Company's liability under this policy shall not be reduced by the existence of such other insurance.

   When both this insurance and other insurance apply to the loss on the same basis, whether primary, excess or contingent, the Company shall not be liable under this policy for a greater proportion of the loss than that stated in the applicable contribution provision below:

   (a) Contribution by Equal Shares. If all of such other valid and collectible insurance provides for contribution by equal shares, the Company shall not be liable for a greater proportion of such loss than would be payable if each insurer contributes an equal share until the share of each insurer equals the lowest applicable limit of liability under any one policy or the full amount of the loss is paid, and with respect to any amount of loss not so paid the remaining insurers then continue to contribute equal shares of the remaining amount of the loss until each such insurer has paid its limit in full or the full amount of the loss is paid.

   (b) Contribution by Limits. If any of such other insurance does not provide for contribution by equal shares, the Company shall not be liable for a greater proportion of such loss than the applicable limit of liability under this policy for such loss bears to the total applicable limit of liability of all valid and collectible insurance against such loss.

8. **Annual Aggregate.** If this policy is issued for a period in excess of one year, any limit of the Company's liability stated in this policy as "aggregate" shall apply separately to each consecutive annual period.

9. **Nuclear Exclusion.**

   I. This policy does not apply:

   (a) Under any Liability Coverage, to bodily injury or property damage

   (1) with respect to which an insured under this policy is also an insured under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters or Nuclear Insurance Association of Canada, or would be an insured under any such policy but for its termination upon exhaustion of its limit of liability; or

   (2) resulting from the hazardous properties of nuclear material and with respect to which (i) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (ii) the insured is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization.

   (b) Under any Medical Payments Coverage, or under any Supplementary Payments provision relating to first aid, to expenses incurred with respect to bodily injury resulting from the hazardous properties of nuclear material and arising out of the operation of a nuclear facility by any person or organization.