UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SENTRY INSURANCE COMPANY,<br>ROYAL & SUNALLIANCE, UTICA<br>NATIONAL INSURANCE GROUP, and<br>TRAVELERS PROPERTY AND<br>CASUALTY,<br><br>    Defendants. | CIVIL ACTION NO. 04-10351 (NG) |

EXHIBITS TO THE AFFIDAVIT OF KARL S. VASILOFF IN SUPPORT OF
DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE
COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

# EXHIBIT 14 (Part I)

<u>INSURANCE SERVICES OFFICE</u>   (Used by PLIA, INA, Continental and Others)

GL 00 29
(Ed. 10/81)

-1-

BLANK INSURANCE COMPANY

(A _____ insurance company, herein called the company)[4]

Pollution Liability Insurance

[THIS IS A CLAIMS MADE POLICY - PLEASE READ CAREFULLY][1]

In consideration of the payment of the premium, in reliance upon the statements in the declarations made a part hereof, and subject to all terms of this policy, the company agrees with the <u>named insured</u> as follows:

I. POLLUTION LIABILITY COVERAGE

   A. The company will pay on behalf of the <u>insured</u> all sums which the <u>insured</u> shall become legally obligated to pay as compensatory damages because of <u>bodily injury</u> or <u>property damage</u> to which this insurance applies, provided that:

      (1) such <u>bodily injury</u> or <u>property damage</u> is caused by a <u>pollution incident</u> which commences subsequent to the retroactive date shown in the declarations of this policy; and

      (2) the claim for such damages is first made against the <u>insured</u> during the policy period and reported to the company during the policy period or within fifteen days after its termination.

A claim shall be deemed to have been made only when suit is brought or written notice of such claim is received by either the <u>insured</u> or the company.

All claims for damages because of <u>bodily injury</u> or <u>property damage</u> sustained by any one person or organization as a result of any one <u>pollution incident</u> shall be deemed to have been made at the time the first of those claims is made.

The company shall have the right and duty to defend any suit against the <u>insured</u> seeking damages on account of such <u>bodily injury</u> or <u>property damage</u>, even if any of the allegations of the suit are groundless, false, or fraudulent. The company may make such investigation and settlement of any claim or suit as it deems expedient. The company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

   B. The company will reimburse the <u>insured</u> for reasonable and necessary clean-up costs incurred by the <u>insured</u> in the discharge of a legal obligation validly imposed through governmental action which is initiated during the policy period, provided that:

Copyright, Insurance Services Office, 1981

-2-

(1) such <u>clean-up costs</u> are incurred because of <u>environmental damage</u> to which this insurance applies; and

(2) the <u>environmental damage</u> is caused by a <u>pollution incident</u> which commences subsequent to the retroactive date shown in the declarations of this policy.

The company shall have the right, but not the duty, to participate at its expense in any proceeding seeking to impose legal obligations because of such <u>environmental damage</u>.

The company will also reimburse the <u>insured</u> for other <u>clean-up costs</u> which the <u>insured</u> incurs, provided that:

(1) the <u>clean-up costs</u> are reasonable and necessary; and

(2) during the policy period, the company grants the <u>insured</u> prior written consent to undertake the clean-up. The company will grant its consent when, in its sole discretion, a <u>pollution incident</u> which commences subsequent to the retroactive date shown in the declarations of this policy or the threat of a <u>pollution incident</u> presents an imminent and substantial danger of <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> to which this insurance applies.

### EXCLUSIONS

This insurance does not apply:

(a) to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> which is expected or intended from the standpoint of the <u>insured</u>;

(b) to liability assumed by the <u>insured</u> under any contract or agreement, but this exclusion does not apply to liability that the <u>insured</u> would have in the absence of such contract or agreement;

(c) to any obligation for which the <u>insured</u> or any carrier as his insurer may be held liable under any workers' compensation, unemployment compensation, or disability benefits law, or under any similar law;

(d) to <u>bodily injury</u> to any employee of the <u>insured</u> arising out of and in the course of his employment by the <u>insured</u> or to any obligation of the <u>insured</u> to indemnify another because of damages arising out of such injury;

(e) to <u>property damage</u> or <u>environmental damage</u> to

(1) an <u>insured site</u>, or

(2) property owned or occupied by or rented to the <u>insured</u>, or

Copyright, Insurance Services Office, 1981

-3-

(3) property used by the <u>insured</u>, or

(4) property in the care, custody, or control of the <u>insured</u> or as to which the <u>insured</u> is for any purpose exercising physical control;

(f) to <u>property damage</u> or <u>environmental damage</u> to premises alienated by the <u>named insured</u> arising out of such premises or any part thereof;

(g) to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> included within the <u>completed operations hazard</u> or the <u>products hazard</u>, and arising out of an emission, discharge, release, or escape which takes place away from any <u>insured site</u> owned by, rented or loaned to a <u>named insured</u>;

(h) to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> arising out of the ownership or operation of any "offshore facility" as defined in the Outer Continental Shelf Lands Act Amendment of 1978 or the Clean Water Act of 1977 as amended 1978, or any "deepwater port" as defined in the Deepwater Port Act of 1974, as amended or as may be amended;

(i) to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> arising out of any <u>pollution incident</u> emanating from a site used for the storage, disposal, processing, or treatment of any waste material, if the <u>pollution incident</u> occurs after the site is no longer in active use because of sealing off, abandonment, alienation, or closure, whether or not in compliance with the requirements of any statute, regulation, ordinance, directive, or order promulgated by any governmental body;

(j) to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> arising out of the ownership, maintenance, operation, use, loading, or unloading of

(1) any aircraft, <u>automobile</u>, rolling stock, or watercraft owned or operated by or rented or loaned to any <u>insured</u>, or

(2) any other aircraft, <u>automobile</u>, rolling stock, or watercraft operated by any person in the course of employment by any <u>insured</u>;

(k) to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> arising out of the emission, discharge, release, or escape of drilling fluid, oil, gas, or other fluids from any oil, gas, mineral, water, or geothermal well;

Copyright, Insurance Services Office, 1981

-4-

(l) to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> arising out of a <u>pollution incident</u> which results from or is directly or indirectly attributable to failure to comply with any applicable statute, regulation, ordinance, directive, or order relating to the protection of the environment and promulgated by any governmental body, provided that failure to comply is a willful or deliberate act or omission of

    (1) the <u>insured</u>, or

    (2) any <u>named insured</u>, or any member, partner, or executive officer thereof;

(m) to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> arising out of acid rain;

(n) to <u>environmental damage</u> outside the United States of America, its territories or possesions, Puerto Rico, or Canada;

(o) 1. to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u>

    (a) with respect to which an <u>insured</u> under the policy is also an <u>insured</u> under a nuclear energy liability policy issued by Nuclear Energy Liability Insurance Association, Mutual Atomic Energy Liability Underwriters, or Nuclear Insurance Association of Canada, or would be an <u>insured</u> under any such policy but for its termination upon exhaustion of its limit of liability; or

    (b) resulting from the <u>hazardous properties</u> of <u>nuclear material</u> and with respect to which (1) any person or organization is required to maintain financial protection pursuant to the Atomic Energy Act of 1954, or any law amendatory thereof, or (2) the <u>insured</u> is, or had this policy not been issued would be, entitled to indemnity from the United States of America, or any agency thereof, under any agreement entered into by the United States of America, or any agency thereof, with any person or organization;

   2. under the Supplementary Payments provision relating to first aid, to expenses incurred with respect to <u>bodily injury</u> resulting from the <u>hazardous properties</u> of <u>nuclear material</u> and arising out of the operation of a <u>nuclear facility</u> by any person or organization;

   3. to <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> resulting from the <u>hazardous properties</u> of <u>nuclear material</u>, if

    (a) the <u>nuclear material</u> (1) is at any <u>nuclear facility</u> owned by, or operated by or on behalf of, an <u>insured</u> or (2) has been discharged or dispersed therefrom;

(b) the nuclear material is contained in spent fuel or waste at any time possessed, handled, used, processed, stored, transported, or disposed of by or on behalf of an insured; or

(c) the bodily injury, property damage, or environmental damage arises out of the furnishing by an insured of services, materials, parts, or equipment in connection with the planning, construction, maintenance, operation, or use of any nuclear facility, but if such facility is located within the United States of America, its territories or possessions, or Canada, this exclusion (c) applies only to property damage to such nuclear facility and any property thereat.

As used in this exclusion:

"hazardous properties" include radioactive, toxic, or explosive properties;

"nuclear material" means source material, special nuclear material, or byproduct material;

"source material", "special nuclear material", and "byproduct material" have the meanings given them in the Atomic Energy Act of 1954 or in any law amendatory thereof;

"spent fuel" means any fuel element or fuel component, solid or liquid, which has been used or exposed to radiation in a nuclear reactor;

"waste" means any waste material (a) containing by-product material other than the tailings or wastes produced by the extraction or concentration of uranium or thorium from any ore processed primarily for its source material content, and (b) resulting from the operation by any person or organization of any nuclear facility included under the first two paragraphs of the definition of nuclear facility;

"nuclear facility" means

(a) any nuclear reactor,

(b) any equipment or device designed or used for (1) separating the isotopes of uranium or plutonium, (2) processing or utilizing spent fuel, or (3) handling, processing, or packaging waste,

Copyright, Insurance Services Office, 1981

-6-

(c) any equipment or device used for the processing, fabricating, or alloying of special nuclear material if at any time the total amount of such material in the custody of the insured at the premises where such equipment or device is located consists of or contains more than 25 grams of plutonium or uranium 233 or any combination thereof, or more than 250 grams of uranium 235,

(d) any structure, basin, excavation, premises, or place prepared or used for the storage or disposal of waste,

and includes the site on which any of the foregoing is located, all operations conducted on such site, and all premises used for such operations;

"nuclear reactor" means any apparatus designed or used to sustain nuclear fission in a self-supporting chain reaction or to contain a critical mass of fissionable material;

"property damage" includes all forms of radioactive contamination of property.

SUPPLEMENTARY PAYMENTS

The company will pay, in addition to the applicable limit of liability:

(a) all expenses incurred by the company, all costs taxed against the insured in any suit defended by the company, and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;

(b) premiums on appeal bonds required in any such suit and premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, but the company shall have no obligation to apply for or furnish any such bonds;

(c) expenses incurred by the insured for first aid to others at the time of any accident, for bodily injury to which this policy applies;

(d) reasonable expenses incurred by the insured at the company's request in assisting the company in the investigation or defense of any claim or suit, including actual loss of earnings not to exceed $25 per day.

Copyright, Insurance Services Office, 1981

-7-

II. PERSONS INSURED

Each of the following is an insured under this policy to the extent set forth below:

(a) if the named insured is designated in the declarations as an individual, the person so designated, but only with respect to the conduct of a business of which he is the sole proprietor, and the spouse of the named insured with respect to the conduct of such a business;

(b) if the named insured is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof, but only with respect to his liability as such;

(c) if the named insured is designated in the declarations as other than an individual, partnership, or joint venture, the organization so designated and any executive officer, director, or stockholder thereof while acting within the scope of his duties as such;

(d) any employee of the named insured, other than an executive officer, while acting within the scope of his duties as such, but the insurance afforded to such employee does not apply:

(1) to bodily injury to (a) another employee of the named insured arising out of or in the course of his employment, or (b) the named insured, or, if the named insured is a partnership or joint venture, any partner or member thereof;

(2) to property damage or environmental damage to property owned, occupied or used by, rented to, in the care, custody, or control of, or over which physical control is being exercised for any purpose by (a) another employee of the named insured or (b) the named insured, or, if the named insured is a partnership or joint venture, any partner or member thereof.

This insurance does not apply to bodily injury, property damage, or environmental damage arising out of the conduct of any partnership or joint venture of which the insured is or was a partner or member and which is not designated in this policy as a named insured.

Copyright, Insurance Services Office, 1981

-8-

III. LIMITS OF LIABILITY AND DEDUCTIBLE PROVISIONS

Regardless of the number of insureds under this policy, the number of claims made or suits brought, or the amount of clean-up costs incurred, the company's liability is limited as follows:

(a) The total liability of the company for all damages because of all bodily injury and property damage to which this insurance applies and all clean-up costs incurred because of all environmental damage to which this insurance applies shall not exceed the limit of liability stated in the declarations as "aggregate".

(b) Subject to the above provision with respect to "aggregate", the total liability of the company in any one pollution incident for all damages because of all bodily injury and property damage and all clean-up costs incurred because of all environmental damage shall not exceed the lesser of:

   (1) the limit of liability stated in the declarations as "each pollution incident" reduced by the deductible amount, if any, shown therein, or

   (2) the combined amount of such damages and clean-up costs in excess of any such deductible amount.

The company may, or will if required by law, pay part or all of the deductible amount to effect settlement of any claim or suit; and upon notification of the action taken, the named insured shall promptly reimburse the company for such part of the deductible amount as has been paid by the company.

IV. POLICY TERRITORY

This insurance applies only to bodily injury, property damage, or environmental damage caused by a pollution incident emanating from an insured site in the United States of America, its territories or possessions, Puerto Rico, or Canada, but not to any such bodily injury or property damage for which original suit for damages is brought elsewhere.

V. EXTENDED REPORTING PERIOD OPTION

If, for any reason other than non-payment of premium, the company cancels or refuses to renew this policy, the named insured may:

   (1) by giving written notice to the company on or before the effective date of the cancellation, or no later than ten days after the effective date of non-renewal; and

Copyright, Insurance Services Office, 1981