UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC.<br><br>        Plaintiff,<br><br>v.<br><br>SENTRY INSURANCE COMPANY,<br>ROYAL & SUNALLIANCE, UTICA<br>NATIONAL INSURANCE GROUP, and<br>TRAVELERS PROPERTY AND<br>CASUALTY,<br><br>        Defendants. | CIVIL ACTION NO.  04-10351 (NG) |

**EXHIBITS TO THE AFFIDAVIT OF KARL S. VASILOFF IN SUPPORT OF
DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE
COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# EXHIBIT 14 (Part II)

-9-

(2) by paying promptly when due an additional premium of not more than 50% of the annual premium developed under this policy,

have an endorsement issued providing an extended reporting period of one year following the effective date of the cancellation or non-renewal. Any claims for damages because of <u>bodily injury</u> or <u>property damage</u> first made against the <u>insured</u> and reported to the company during that extended reporting period shall be deemed to be so made and reported during the policy period, but only if the <u>bodily injury</u> or <u>property damage</u> occurred prior to the effective date of the cancellation or non-renewal. All other provisions of this policy, including those relating to the company's limit of liability, shall be unchanged by this provision.

For the purpose of this provision, failure of the company to offer to renew this policy at the same rates or with the same form shall not constitute cancellation or non-renewal by the company.

VI. DEFINITIONS

When used in this policy (including endorsements forming a part hereof):

"automobile" means a land motor vehicle, trailer, or semitrailer designed for travel on public roads (including any machinery or apparatus attached thereto), but does not include <u>mobile equipment</u>;

"bodily injury" means bodily injury, sickness, or disease sustained by any person, including death at any time resulting therefrom;

"clean-up costs" means expenses for the removal or neutralization of contaminants, irritants, or pollutants;

"completed operations hazard" includes <u>bodily injury</u>, <u>property damage</u>, and <u>environmental damage</u> arising out of <u>operations</u> or reliance upon a representation or warranty made at any time with respect thereto, but only if the <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the <u>named insured</u>. "Operations" include materials, parts, or equipment furnished in connection therewith. Operations shall be deemed completed at the earliest of the following times:

Copyright, Insurance Services Office, 1981

-10-

(1)  when all operations to be performed by or on behalf of the <u>named insured</u> under the contract have been completed, or

(2)  when all operations to be performed by or on behalf of the <u>named insured</u> at the site of the operations have been completed, or

(3)  when the portion of the work out of which the injury or damage arises has been put to its intended use by any person or organization other than another contractor or subcontractor engaged in performing operations for a principal as a part of the same project.

Operations which may require further service or maintenance work, or correction, repair, or replacement because of any defect or deficiency, but which are otherwise complete, shall be deemed completed.

The completed operations hazard does not include <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> arising out of:

(1)  operations in connection with the transportation of property unless the <u>bodily injury</u>, <u>property damage</u>, or <u>environmental damage</u> arises out of a condition in or on a vehicle created by the loading or unloading thereof, or

(2)  the existence of tools, uninstalled equipment, or abandoned or unused materials;

"environmental damage" means the injurious presence in or upon land, the atmosphere, or any watercourse or body of water of solid, liquid, gaseous, or thermal contaminants, irritants, or pollutants;

"insured" means any person or organization qualifying as an insured in the "Persons Insured" provision of this policy.  The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability;

"insured site" means

(1)  the specific location or part thereof specified as such in the declarations of this policy, or

(2)  any site to which waste materials were legally consigned or delivered by a <u>named insured</u> for storage, disposal, processing, or treatment, provided that the site

Copyright, Insurance Services Office, 1981

-11-

    (a)  is not and was never owned by, operated by, rented or
         loaned to a named insured; and

    (b)  was duly authorized for such storage, disposal,
         processing, or treatment under a permit issued by
         state or federal authority and in force at the
         time of all such consignment or delivery.

The coverage with respect to an "insured site" under part (2) of this
definition shall be excess insurance over any other valid and collectible
insurance available to the insured;


"mobile equipment" means a land vehicle (including any machinery or
apparatus attached thereto), whether or not self propelled, (1) not
subject to motor vehicle registration, or (2) maintained for use
exclusively on premises owned by or rented to the named insured, including
the ways immediately adjoining, or (3) designed for use principally off
public roads, or (4) designed or maintained for the sole purpose of
affording mobility to equipment of the following types forming an integral
part of or permanently attached to such vehicle: power cranes, shovels,
loaders, diggers, and drills; concrete mixers (other than the mix-in-transit
type); graders, scrapers, rollers, and other road construction or repair
equipment; air-compressors, pumps, and generators, including spraying,
welding, and building cleaning equipment; and geophysical exploration and
well servicing equipment;


"named insured" means the person or organization named in Item 1 of the
declarations of this policy;


"named insured's products" means goods or products manufactured, sold,
handled, or distributed by the named insured or by others trading under
his name, including any container therefor (other than a vehicle); but
"named insured's products" shall not include a vending machine or any
property other than such container rented to or located for use of others
but not sold;


"pollution incident" means emission, discharge, release, or escape of any
solid, liquid, gaseous, or thermal contaminants, irritants, or pollutants
directly from the insured site into or upon land, the atmosphere, or any
watercourse or body of water, provided that such emission, discharge,
release, or escape results in environmental damage. The entirety of any
sudden or gradual emission, discharge, release, or escape from an insured
site shall be deemed to be one "pollution incident";

Copyright, Insurance Services Office, 1981

-12-

"products hazard" includes bodily injury, property damage, and environmental damage arising out of the named insured's products or reliance upon representation or warranty made at any time with respect thereto, but only if the bodily injury, property damage, or environmental damage occurs away from premises owned by or rented to the named insured and after physical possession of such products has been relinquished to others;

"property damage" means (1) physical injury to, destruction of, or contamination of tangible property, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured, destroyed, or contaminated but has been evacuated, withdrawn from use, or rendered inaccessible because of a pollution incident.

## VII. CONDITIONS

### 1. PREMIUM

All premiums for this policy shall be computed in accordance with the company's rules, rates, rating plans, premiums, and minimum premiums applicable to the insurance afforded herein.

Premium designated in this policy as "advance premium" is a deposit premium only which shall be credited to the amount of the earned premium due at the end of the policy period. At the end of each period (or part thereof terminating with the end of the policy period) designated in the declarations as the audit period, the earned premium shall be computed for such period and, upon notice thereof to the named insured, shall become due and payable. If the total earned premium for the policy period is less than the premium previously paid, the company shall return to the named insured the unearned portion paid by the named insured.

The named insured shall maintain records of such information as is necessary for premium computation, and shall send copies of such records to the company at the end of the policy period and at such times during the policy period as the company may direct.

### 2. INSPECTION AND AUDIT

The company shall be permitted but not obligated to inspect the named insured's property and operations at any time. Neither the company's right to make inspections nor the making thereof nor any report thereon shall constitute an undertaking, on behalf of or for the benefit of the named insured or others, to determine or warrant that such property or operations are safe or healthful, or are in compliance with any law, rule, or regulation.

Copyright, Insurance Services Office, 1981

-13-

The company may examine and audit the named insured's books and records at any time during the policy period and extensions thereof and within three years after the final termination of this policy, as far as they relate to the subject matter of this insurance.

3.   ASSISTANCE AND COOPERATION OF INSURED

The insured shall give written notice to the company as soon as practicable of:

(1) any claim made against the insured; or

(2) any action or proceeding to impose an obligation on the insured for clean-up costs.

The notice shall identify the insured and contain reasonably obtainable information with respect to the time, place, circumstances, and nature of the incident, injury, or damage, including the names and addresses of any persons or organizations sustaining injury or damage and of available witnesses.  If a claim is made, a suit is brought, or an action is initiated against the insured, the insured shall immediately forward to the company every demand, notice, summons, or other process received by the insured or the insured's representatives.

The insured and each of its employees shall cooperate with the company and, upon the company's request, assist in (a) making settlements, (b) the conduct of suits or proceedings, and (c) enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of injury or damage with respect to which insurance is afforded under this policy; and the insured, and any of its members, partners, officers, directors, administrators, stockholders, and employees that the company deems necessary, shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses.  The insured shall not, except at the insured's own cost, voluntarily make any payment, assume any obligation, or incur any expense.

4.   ACTION AGAINST COMPANY

No action shall lie against the company unless, as a condition precedent thereto, there shall have been full compliance with all of the terms of this policy, nor until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant, and the company.

Any person or organization or the legal representative thereof who has secured such judgment or written agreement shall thereafter be entitled to recover under this policy to the extent of the insurance

Copyright, Insurance Services Office, 1981

-14-

afforded by this policy. No person or organization shall have any
right under this policy to join the company as a party to any action
against the insured to determine the insured's liability, nor shall
the company be impleaded by the insured or his legal representative.
Bankruptcy or insolvency of the insured or of the insured's estate
shall not relieve the company of any of its obligations hereunder.

5.   OTHER INSURANCE

The insurance afforded by this policy is primary insurance, except
when stated to apply in excess of or contingent upon the absence of other
insurance. When this insurance is primary and the insured has other
insurance which is stated to be applicable to the loss on an excess or
contingent basis, the amount of the company's liability under this
policy shall not be reduced by the existence of such other insurance.

When both this insurance and other insurance apply to the loss on the
same basis, whether primary, excess, or contingent, the company shall
not be liable under this policy for a greater proportion of the loss
than that stated in the applicable contribution provision below:

(a)  Contribution by Equal Shares. If all of such other valid and
     collectible insurance provides for contribution by equal shares,
     the company shall not be liable for a greater proportion of such
     loss than would be payable if each insurer contributes an equal
     share until the share of each insurer equals the lowest applicable
     limit of liability under any one policy or the full amount of
     the loss is paid; and, with respect to any amount of loss not so
     paid, the remaining insurers then continue to contribute equal
     shares of the remaining amount of the loss until each such
     insurer has paid its limit in full or the full amount of the
     loss is paid.

(b)  Contribution by Limits. If any of such other insurance does
     not provide for contribution by equal shares, the company shall
     not be liable for a greater proportion of such loss than the
     applicable limit of liability under this policy for such loss
     bears to the total applicable limit of liability of all valid
     and collectible insurance against such loss.

6.   SUBROGATION

In the event of any payment under this policy, the company shall
be subrogated to all the insured's rights of recovery therefor
against any person or organization and the insured shall execute and
deliver instruments and papers and do whatever else is necessary to
secure such rights. The insured shall do nothing after loss to
prejudice such rights.

Copyright, Insurance Services Office, 1981

-15-

7. **CHANGES**

Notice to any agent or knowledge possessed by any agent or by any other person shall not effect a waiver or a change in any part of this policy or estop the company from asserting any right under the terms of this policy, nor shall the terms of this policy be waived or changed, except by endorsement issued to form a part of this policy.

8. **ASSIGNMENT**

Assignment of interest under this policy shall not bind the company until its consent is endorsed hereon; if, however, the named insured shall die, such insurance as is afforded by this policy shall apply (1) to the named insured's legal representative, as the named insured, but only while acting within the scope of his duties as such, and (2) with respect to the property of the named insured, to the person having proper temporary custody thereof, as insured, but only until the appointment and qualification of the legal representative.

9. **CANCELLATION**

This policy may be cancelled by the named insured by mailing to the company written notice stating when thereafter the cancellation shall be effective. This policy may be cancelled by the company by mailing to the named insured, at the address shown in this policy, written notice stating when not less than thirty days thereafter such cancellation shall be effective. The mailing of notice as aforesaid shall be sufficient proof of notice.

The effective date of cancellation stated in the notice shall become the end of the policy period. Delivery of such written notice either by the named insured or by the company shall be equivalent to mailing.

If this policy is issued to comply with any law or regulation which requires notice of cancellation to any governmental body, cancellation may not be effected until the required notice has been provided by the named insured or the company.

If the company cancels, earned premium shall be computed pro rata. If the named insured cancels, the earned premium shall be the pro rata earned premium plus 10% of the pro rata unearned premium. Premium adjustment may be made either at the time cancellation is effected or as soon as practicable after cancellation becomes effective, but payment or tender of unearned premium is not a condition of cancellation.

10. **DECLARATIONS**

By acceptance of this policy, the named insured agrees that the statements in the declarations are his agreements and representations, that this policy is issued in reliance upon the truth of such representations, and that this policy embodies all agreements existing between himself and the company or any of its agents relating to this insurance.

Copyright, Insurance Services Office, 1981