UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SENTRY INSURANCE COMPANY,<br>ROYAL & SUNALLIANCE, UTICA<br>NATIONAL INSURANCE GROUP, and<br>TRAVELERS PROPERTY AND<br>CASUALTY,<br><br>    Defendants. | CIVIL ACTION NO. 04-10351 (NG) |

EXHIBITS TO THE AFFIDAVIT OF KARL S. VASILOFF IN SUPPORT OF
DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE
COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT

# EXHIBIT 15 (Part I)

**ROYAL & SUNALLIANCE.**

www.royalsunalliance-usa

Environmental Claim Dept
9300 Arrowpoint Blvd
Charlotte NC 28273

Phone
704 522-2000

1

**CERTIFIED MAIL – RETURN RECEIPT REQUESTED**

August 11, 2003

Peter J. Feuerbach
Rubin and Rudman. LLP
50 Rowes Way
Boston, MA 02110

RE: Insured:         Kleenit, Inc.
    Claimant:        MADEP
    Location of Loss: 293 Main St., Acton, MA
    Policy No:       See Attachment "A"
    Our File No:     065000815400

Dear Mr. Feuerbach:

This letter shall serve as a follow up to our letter of May 28, 2003 and to update Royal & SunAlliance's coverage position regarding the above mentioned policies with respect to the above captioned claim. It is our understanding that the insured has leased space at the above location since approximately 1962. On August 14, 2002, the insured was notified by the landlord of the property, E & A Northeast Limited Partnership, of a release of PCE beneath the property and demanded that the insured initiate cleanup activities. The insured in turn reported the release to the MADEP. The MADEP issued a Notice of Responsibility on December 30, 2002.

We have evaluated the claims asserted by the MADEP against the coverage provided by the referenced policies. These allegations raise serious questions of insurance coverage as they relate to the terms, conditions and provisions of the above mentioned policies.

We refer you to the applicable portions of the Insuring Agreement, the definition of "pollution incident", definition of "property damage", Conditions for policies GLZ 102643 (12/20/83 – 12/20/84). GLZ 102708 (12/20/84 – 12/20/85), GLZ 102602 (12/20/85 – 12/20/86), GLZ 102603 (12/20/86 – 12/20/87) and GLZ 103510 (12/20/87 – 12/20/88).

[List of affiliated insurance companies in footer, illegible]

I. **POLLUTION LIABILITY COVERAGE**

A. The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as compensatory damages because of bodily injury or property damage to which this insurance applies, provided that:

   (1) such bodily injury or property damage is caused by a pollution incident which commences subsequent to the retroactive date shown in the declarations of this policy; and

   (2) the claim for such damages is first made against the insured during the policy period and reported to the company during the policy period or within fifteen days after its termination.

   A claim shall be deemed to have been made only when suit is brought or written notice of such claim is received by the insured.

   All claims for damages because of bodily injury or property damage sustained by any one person or organization as a result of any one pollution incident shall be deemed to have been made at the time the first of those claims is made.

   The company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent. The company may make such investigation and settlement of any claim or suit as it deems expedient. The company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

B. The company will reimburse the insured for reasonable and necessary clean-up costs incurred by the insured in the discharge of a legal obligation validly imposed through governmental action which is initiated during the policy period, provided that:

   (1) such clean-up costs are incurred because of environmental damage to which this insurance applies; and

   (2) the environmental damage is caused by a pollution incident which commences subsequent to the retroactive date shown in the declarations of this policy.

   The company shall have the right, but not the duty, to participate at its expense in any proceeding seeking to impose legal obligations because of such environmental damage.

   The company will also reimburse the insured for other clean-up costs which the

insured incurs, provided that:

(1) the clean-up costs are reasonable and necessary; and

(2) during the policy period, the company grants the insured prior written consent to undertake the clean-up. The company will grant its consent when, in its sole discretion, a pollution incident which commences subsequent to the retroactive date shown in the declarations of this policy or the threat of a pollution incident presents an imminent and substantial danger of bodily injury, property damage, or environmental damage to which this insurance applies.

To the extent that the costs incurred by Kleenit do not qualify as sums Kleenit is legally obligated to pay "as damages" because of property damage would not be covered under the above referenced policies.

**EXCLUSIONS**

This insurance does not apply:

(e) to property damage or environmental damage to:

(1) a waste facility, or
(2) property owned or occupied by or rented to the insured, or
(3) property used by the insured, or
(4) property in the care, custody, or control of the insured or as to which the insured is for any purpose exercising physical control;

(l) to bodily injury, property damage, or environmental damage arising out of a pollution incident which results from or is directly or indirectly attributable to failure to comply with any applicable statute, regulation, ordinance, directive, or order relating to the protection of the environment and promulgated by any governmental body, provided that failure to comply is a willful or deliberate act or omission of

(1) the insured, or
(2) any named insured, or any member, partner, or executive officer thereof

Any circumstances that trigger application of the above exclusion would not be covered and we reserve our rights accordingly.

VI. **DEFINITIONS**

"environmental damage" means the injurious presence in or upon land, the atmosphere, or any watercourse or body of water of solid, liquid, gaseous, or thermal contaminants, irritants, or pollutants;

"pollution incident" means emission, discharge, release, or escape of:

(1) any solid, liquid, gaseous, or thermal contaminants, irritants, or pollutants directly from the insured site, or

(2) any waste materials from the operation of the insured site which are legally consigned for delivery or delivered to a waste facility for storage, disposal, processing, or treatment

into or upon land, the atmosphere, or any watercourse or body of water, provided that such emission, discharge, release, or escape of fuels results in environmental damage. The entirety of any such omission, discharge, release, or escape, whether sudden or gradual, shall be deemed to be one "pollution incident"

The coverage provided under part (2) of this definition shall be excess insurance over any other valid and collectible insurance available to the insured;

"property damage" means (1) physical injury to, destruction of, or contamination of tangible property, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured, destroyed, or contaminated by has been evacuated, withdrawn from use, or rendered inaccessible because of a "pollution incident";

Any circumstances that do not fall within the contemplation of the insuring agreement would not be covered under the policies. Those circumstances which are determined to be outside the definition of "pollution incident" would not be covered under the policy. Any "pollution incident" or "property damage" taking place during a time period not covered by the captioned policy would not, in any event, be covered under the policy. Further, those circumstances, claims and/or costs that are determined to be outside the definition of "property damage" would not be covered under the policy.

VII.    CONDITIONS

3.    ASSISTANCE AND COOPERATION OF INSURED

The insured shall give written notice to the company as soon as practicable of:

(1) any claim made against the insured; or

(2) any action or proceeding to impose an obligation on the insured for clean-up costs.

The notice shall identify the insured and contain reasonably obtainable information with respect to the time, place, circumstances, and nature of the incident, injury, or damage, including the names and addresses of any persons or

organizations sustaining injury or damage and of available witnesses. If a claim is made, a suit is brought, or an action is initiated against the insured, the insured shall immediately forward to the company every demand, notice, summons, or other process received by the insured or the insured's representatives.

The insured and each of its employees shall cooperate with the company and, upon the company's request, assist in (a) making settlements, (b) the conduct of suits or proceedings, and (c) enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of injury or damage with respect to which insurance is afforded under this policy; and the insured, and any of its members, partners, officers, directors, administrators, stockholders, and employees that the company deems necessary, shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, except at the insured's own cost, voluntarily make any payment, assume any obligation, or incur any expense.

Any breach of the previously stated conditions may preclude coverage under this policy.

Policies GLZ 102643 (12/20/83 – 12/20/84). GLZ 102708 (12/20/84 – 12/20/85), GLZ 102602 (12/20/85 – 12/20/86), GLZ 102603 (12/20/86 – 12/20/87) and GLZ 103510 (12/20/87 – 12/20/88) are claims made policies and require that the claim for damages be made against the insured during the policy period and reported to the company during the policy period or within fifteen days of its termination. We must respectfully disclaim coverage for defense and indemnity under these policies as the claim was not made during the policy periods and was not reported to us within fifteen days of the policies' termination.

We refer you to the Insuring Agreement, definition of "occurrence", definition of "property damage", Exclusions and Insured's Duties In The Event of Occurrence, Claim or Suit for policies GYAD 36485 (10/01/84 – 10/01/85), GYAD 36485 (10/01/85 – 10/01/86), GYAD 36485 (10/01/86 – 10/01/87), GYAL 33151 (10/01/87 – 10/01/88), GYAL 33151 (10/01/88 – 10/01/89) and GYAL 33151 (10/01/89 – 10/01/90). GYAL 33151 (10/01/90 – 10/01/91) was cancelled flat on 10/01/90.

I. **COVERAGE A – BODILY INJURY LIABILTY**
   **COVERATE B – PROPERTY DAMAGE LIABILITY**

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of:

      A.  bodily injury
      B.  property damage

to which this insurance applies, caused by an occurrence, and the company shall have the right and duty to defend and suit against the insured seeking damages on

account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

**EXCLUSIONS**

The following exclusion is part of policy GYAD 36485 (10/01/84 – 10/01/85):

This insurance does not apply:

(f) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon the land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, release or escape is sudden and accidental;

The following exclusion is added by endorsement and is part of policies GYAD (36485 (10/01/85 – 10/01/86), GYAD 36485 (10/01/86 –10/01/87) and GYAL 33151 (10/01/87 – 10/01/88), GYAL 33151 (10/01/88 – 10/01/89) and GYAL 33151 (10/01/89 – 10/01/90).

**POLLUTION EXCLUSION**

It is agreed that the exclusion relating to the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants is replaced by the following:

(1) to bodily injury or property damage arising out of the actual, alleged or threatened discharge, dispersal, release or escape of pollutants:

(a) at or from premises owned, rented or occupied by the named insured;

(b) at or from any site or location used by or for the named insured or others for the handling, storage, disposal, processing or treatment of waste;

(c) which are at any time transported, handled, stored, treated, disposed of, or processed as waste by or for the named insured or any person or organization for whom the named

      insured may be legally responsible; or

  (d) at or from any site or location on which the named insured of any contractors of subcontractors working directly or indirectly on behalf of the named insured are performing operations;

    (i) if the pollutants are brought on or to the site or location in connection with such operations; or

    (ii) if the operations are to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize the pollutants.

 (2) to any loss, cost or expense arising out of any governmental direction or request that the named insured test for, monitor, clean up, remove, contain, treat, detoxify or neutralize pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

The following exclusion is part of policies GYAD 36485 (10/01/84 – 10/01/85), GYAD 36485 (10/01/85 – 10/01/86), GYAD 36485 (10/01/86 – 10/01/87) AND GYAL 33151 (10/01/87 – 10/01/88), GYAL 33151 (10/01/88 – 10/01/89) and GYAL 33151 (10/01/89 – 10/01/90).

(k) to property damage to

  (1) property owned or occupied by or rented to the insured.
  (2) property used by the insured, or
  (3) property in the care, custody or control of the insured or as to which the insured is for any purpose exercising physical control;

but parts (2) and (3) of this exclusion do not apply with respect to liability under a written sidetrack agreement and part (3) of this exclusion does not apply with respect to property damage (other than to elevators) arising out of the use of an elevator at premises owned by, rented to or controlled by the named insured;

Any circumstances that may trigger application of these exclusions would preclude coverage under these policies.

**DEFINITIONS**

 "occurrence" means an accident including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor

8

intended from the standpoint of the insured;

"property damage" means (1) physical injury to or destruction of tangible property which occurs during the policy period, including the loss of use thereof at any time resulting therefrom, or (2) loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period.

Any allegations or circumstances not qualifying as a policy defined occurrence or property damage would not be covered and we reserve our rights accordingly. Any property damage taking place during a time period not covered by our policy would not be covered and we reserve our rights accordingly.

**Insured's Duties in the Event of Occurrence, Claim or Suit**

(a) In the event of an occurrence, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.

(b) If claim is made or suit is brought against the insured, the insured shall immediately forward to the company every demand, notice, summons or other process received by him or his representative.

(c) The insured shall cooperate with the company and, upon the company's request, assist in making settlements, in the conduct of suits and in enforcing any right of contribution or indemnity against any person or organization who may be liable to the insured because of injury or damage with respect to which insurance is afforded under this policy; and the insured shall attend hearings and trials and assist in securing and giving evidence and obtaining the attendance of witnesses. The insured shall not, except at his own cost, voluntarily make any payment, assume any obligation or incur any expense other than for first aid to others at the time of accident.

Any breach of the above stated conditions may preclude coverage for this loss under this policy.

Based on the absolute pollution exclusion, we must respectfully decline coverage for defense and indemnity under polices GYAD 36485 (10/01/85 – 10/01/86), GYAD 36485 (10/01/86 – 10/01/87), GYAL 33151 (10/01/87 – 10/01/88), GYAL 33151 (10/01/88 – 10/01/89) and GYAL 33151 (10/01/89 – 10/01/90).

We refer you to the Insuring Agreement, definition of "occurrence", definition of "property damage", Exclusions and Insured's Duties In The Event of Occurrence, Claim or Suit for policies GLA 177203 (02/03/85 - 10/01/85), GLA 206123 (10/01/85 – 10/01/86), GLA 206270 (10/01/86 – 10/01/87) AND GLA 227838 (10/01/87 – 10/01/88).

**INSURING AGREEMENT**

1. **Coverage**

   The company agrees to pay on behalf of the insured the Ultimate Net Loss, in excess of the applicable Underlying or Retained Limit, which the insured shall become legally obligated to pay because of:

   (a) Personal Injury
   (b) Property Damage
   (c) Advertising Liability

   caused by an occurrence which takes place during the policy period anywhere in the world.

2.A. **Defense Supplementary Payments**

   With respect to any occurrence not covered by underlying insurance listed in the Schedule of Underlying Insurance or any other underlying insurance collectible by the insured, but covered by the terms and conditions of this policy, without regard to the Retained Limit contained herein, the company shall

   (1) have the right and duty to defend and suit against the insured seeking damages on account thereof, even if such suit is groundless, false or fraudulent, but the company may make such investigation, negotiation and settlement of any claim or suit as it deems expedient;

   (2) pay premiums on appeal bonds required in any such suit, and premiums on bonds to release attachments in any such suit for an amount not in excess of the applicable limit of liability of this policy, but the company shall have no obligation to apply for or furnish any such bonds;

   (3) pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest on the entire amount of any judgment therein which accrues after entry of the judgment and before the company has paid or tendered or deposited in court that part of the judgment which does not exceed the limit of the company's liability thereon;

   (4) reimburse the insured for all reasonable expenses incurred at the company's request including loss of earnings not to exceed $50 a business

day;

and the amounts so incurred except settlements of claims and suits are payable by the company in addition to the applicable limit of liability of this policy.

In jurisdictions where the company may be prevented by law or otherwise from carrying out this agreement the company shall pay any expense incurred with its written consent in accordance with this agreement. The insured shall promptly reimburse the company for all sums paid on behalf of the insured within the Retained Limit specified in the declarations.

2.B.  When underlying insurance, whether or not listed in the Schedule of Underlying Insurance, does apply to an occurrence, the company shall have no duty to pay defense, investigations, settlement or legal expenses covered by such underlying insurance; however, the company shall have the right and opportunity to associate with the insured and any underlying insurer in the defense and control of any claim or suit reasonably likley to involve the company under this policy.

3.  **Limit of Liability**

   A.  With respect to coverages 1(a), 1(b) or 1(c), the company's liability shall be only for the Ultimate Net Loss, resulting from any one occurrence in in excess of either:

      (1) the amount recoverable under underlying insurance as stated in the declarations and the amount recoverable under any other underlying insurance collectible by the insured, or

      (2) the Retained Limit as stated in the declarations.

   B.  (1) Except as provided in B(2) below, when the underlying insurance listed in the Schedule of Underlying Insurance or any other underlying insurance collectible by the insured contains coverage(s), which are subject to an aggregate limit of liability for all insured damages, the company's liability shall likewise be limited to the amount stated in Item 3. Aggregate Limits, of the declarations with respect to all occurrences during each annual period. The umbrella policy aggregate limit, so amended, shall apply separately to each underlying insurance coverage which carries an aggregate.

      (2) There is no limit to the number of occurrences during the policy period for which claims may be made, except that the company's total limit of liability arising out of the products hazard or the completed operations hazard or both combined shall not exceed the amount stated in Item 3. Aggregate Limit of the declarations as