UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC. </br></br> Plaintiff, </br></br> v. </br></br> SENTRY INSURANCE COMPANY, ROYAL & SUNALLIANCE, UTICA NATIONAL INSURANCE GROUP, and TRAVELERS PROPERTY AND CASUALTY, </br></br> Defendants. | CIVIL ACTION NO. 04-10351 (NG) |

**EXHIBITS TO THE AFFIDAVIT OF KARL S. VASILOFF IN SUPPORT OF DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# EXHIBIT 20

JUL 20 '03 20:10 FR TRAVELERS-SLCU   860 954 5857 TO 92150867328971   P.02/03



One Tower Square, 6 MS
Hartford, CT 06183-6016

T. Jill Donan
Associate Account Executive
Special Liability Coverage Unit

(860) 954-5040 (Tel.)
(860) 954-5857 (Fax)
tdonan@travelers.com

VIA FACSIMILE (508) 732-8971
AND U.S. MAIL

July 21, 2003

Donald P. Nagle, Esq.
5 Main Street Extension, Suite 300
Plymouth, Massachusetts 02360

> Policyholder: Kleenit, Inc. ("Kleenit")
> Site 1: 28 Central Square and Beaver Brook, Chelmsford, Massachusetts
> Re: Massachusetts Department of Environmental Protection ("MA-DEP") Notice of Responsibility ("NOR") letter dated January 28, 2001
> Site 2: 293 and 295 Main Street, Acton, Massachusetts
> Re: Massachusetts Department of Environmental Protection ("MA-DEP") Notice of Responsibility ("NOR") letter dated December 30, 2002

Dear Mr. Nagle:

I have received and reviewed your July 11, 2003 letter and have discussed it with counsel.

As you know, Travelers agreed to participate in Kleenit's defense of these matters and, per the request of your co-counsel, Rubin and Rudman ("R&R"), agreed to contribute (along with Kleenit's other carriers) its pro rata share of reasonable and necessary post-tender defense related costs. Since that time, as I informed you in our June 19, 2003 telephone conversation, Travelers has been in contact with Royal and Utica and is in the process of working out a defense cost sharing agreement among the three participating carriers which will provide Kleenit 100% of its reasonable and necessary post-tender defense costs. Travelers will contribute 47%, with Utica and Royal contributing the remaining 53%.

I have again consulted with counsel and been advised again that your interpretation of Augat is incorrect. Please identify for me the exact language in Augat you believe requires that an insurer must show prejudice when an insured makes a voluntary payment, and I will review this with counsel.

You state that you are "confused" as to why I am directing you to Ms. Kozyra regarding "adjustments and payments of defense costs". Let me take this opportunity to again explain to you the difference between the Special Liability Coverage Unit ("SLCU"), of which I am a member, and Special Liability Group - Home Office Environmental Claim Unit ("SLG-HOECU"), of which Ms. Kozyra is a member. As I have explained before, the SLCU's role in these matters is limited to determining the existence and scope of Travelers defense and/or indemnity coverage obligations, if any. If the SLCU determines that Travelers will participate in the defense of a certain matter, then the matter is forwarded to the SLG-HOECU which is available to assist the insured with regard to its defense, as well as being responsible