UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| KLEENIT, INC.,<br><br>　　Plaintiff,<br><br>v.<br><br>SENTRY INSURANCE COMPANY,<br>ROYAL & SUNALLIANCE, UTICA<br>NATIONAL INSURANCE GROUP, and<br>TRAVELERS PROPERTY AND<br>CASUALTY,<br><br>　　Defendants. | CIVIL ACTION NO. 04-10351 (NG) |

**EXHIBITS TO THE AFFIDAVIT OF KARL S. VASILOFF IN SUPPORT OF DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# EXHIBIT 21



One Tower Square, 6 MS
Hartford, CT 06183-6016

T. Jill Donan
Associate Account Executive
Special Liability Coverage Unit

(860) 954-5040  (Tel.)
(860) 954-5857  (Fax)

tdonan@travelers.com

<u>*VIA FACSIMILE & U. S. MAIL*</u>

September 10, 2003

Donald Nagle, Esq.
5 Main Street Extension, Suite 300
Plymouth, Massachusetts 02360
[Facsimile No. (508) 732-8971]

Robert A. Fasanella, Esq.
Peter J. Feuerbach, Esq.
Rubin and Rudman, LLP
50 Rowes Wharf
Boston, Massachusetts 02110-3319
[Facsimile No. (617) 439-9556]

|  |  |
|---|---|
| Policyholder: | Kleenit, Inc. ("Kleenit") |
| Site 1: | 28 Central Square and Beaver Brook, Chelmsford, Massachusetts |
| Re: | Massachusetts Department of Environmental Protection ("MA-DEP") Notice of Responsibility ("NOR") letter dated January 28, 2001 |
| Site 2: | 293 and 295 Main Street, Acton, Massachusetts |
| Re: | Massachusetts Department of Environmental Protection ("MA-DEP") Notice of Responsibility ("NOR") letter dated December 30, 2002 |

Dear Mssrs. Nagle, Fasanella and Feuerbach:

I am writing on behalf of Travelers, Utica and Royal (collectively, the "Carriers") in response to Mr. Fasanella's August 11, 2003 correspondence. The Carriers have reviewed the August 11th letter with counsel, and without going into a full discussion of the points in dispute, we do not agree with the interpretation of the cases which were cited and wish to make several points. First, we observe that several of your citations to authority are either incorrect or, worse, misleading. For example, your quote from *Atlas Tack Corp.* conveniently omits the first word of the sentence (which is "although") and then stops before the actual point is made. A fair reading of the **entire** sentence is that the Court is distinguishing the instant case from the so-called "general rule." The omitted portion of your quote actually **supports** the carriers' position, i.e., that the Supreme Judicial Court in *Augat* did not require a showing of prejudice before granting a carrier summary judgment on the voluntary payments clause. Further, the *Atlas Tack* court vacated the trial court's judgment in favor of the insurer and ordered that judgment be entered in favor of the carrier.

Similarly, in *Hoechst Celanese*, the court merely held that the excess insurer's argument that its policy contained language that was "functionally equivalent" to the voluntary payments provision at issue in *Augat* was incorrect and that consequently *Augat* did not apply to the policies at issue. The court expressly noted *Augut's* holding that prejudice was not required to preclude coverage for a breach of the voluntary payments clause. Even more importantly, the court did not disturb the trial court's grant of summary judgment to the primary carrier based on the Insured's breach of the voluntary payments clause.

In *Sarnafil*, the carriers note that the majority opinion does not even address the duty to defend. The dissent, however, correctly observes that an insurer's duty to defend its policyholder is contingent on the insured notifying its insurer of the claims being made against it. In other words, a duty to defend cannot arise until tender of the claim to the insurer. Therefore, any obligation that the Carriers owe to Kleenit commenced upon tender, and any money spent by Kleenit prior to giving notice is not, by definition, a "defense" cost.

Similarly, in *Managed Health Care Sys., Inc. v. St. Paul Fire & Marine Insurance Company*, 2001 U.S. Dist. LEXIS 18392, at *6 (D. Mass. 2001) the court found that an insurer is not liable for pre-notice defense costs under Massachusetts law, see also *Hoppies Oil Serv., Inc. v. Ins. Co. of N. Am.*, 783 F.Supp. 1505, 1509 (D. Mass. 1992) (holding that "no duty to defend or to participate in a defense can arise before the insurer has notice of the suit against the insured, or at least of the underlying claim and the likelihood of suit."); *Pacific Ins. Co., Ltd. v. Eaton Vance Mgmt.*, 260 F.Supp. 2d 334, 344 (D. Mass. 2003) (stating that "it is unfair to force the insurer, who might have made different choices, to pay for the defense prior to notification of a claim."); and *Am. Mut. Liab. Ins. Co. v. Beatrice Cos.*, 924 F.Supp. 861, 874 (N.D. Ill. 1996) holding that under Massachusetts law, "insurers are not liable for pre-notice defense costs.").

As it appears that the parties will not be able to come to an agreement regarding the draft Defense Cost Share Agreement previously forwarded to you, the Carriers have agreed to continue to contribute their respective pro-rata shares, which collectively total 100%, of the reasonable and necessary defense costs from the date of tender (September 25, 2002) of these matters by Kleenit.

Please forward all bills to Ms. Catherine Kozyra, in Travelers Special Liability Group, for review. Upon review, Ms. Kozyra will in turn inform Utica and Royal of the amount of their contribution, and each Carrier will reimburse that amount to you.

Pending resolution of the coverage issues raised by these matters, the Carriers continue to fully reserve their rights in these matters as more fully detailed in each Carrier's prior correspondence. Neither this correspondence nor any future communication or investigation should be deemed or construed as an admission that coverage is available for these matters, or as a waiver of any right or defense to coverage available to the Carriers (whether under any relevant contracts of insurance, or at law or in equity), or as an expansion of any duties which may be subsequently acknowledged by the Carriers.

Donald Nagle, Esq.
Robert A. Fasanella, Esq.
Peter J. Feuerbach, Esq.
September 10, 2003
Page 3

Please contact me at the direct dial number above if you have any questions regarding this letter. If it is more convenient, you may leave a message for me at our toll-free number (1-800-954-9633), and I will return your call as soon as possible. If I am unavailable at the time of your telephone call, you may contact Mr. Robert Harris at (860) 954-2959 or Joseph Schmitt, Esq. at (860) 277-3048 for assistance.

Sincerely,

*[signature]*

T. Jill Donan
Associate Account Executive

TJD616

cc: Catherine Kozyra, SLG – HOECU
   File No.: ANU2983 – Chelmsford
   File No.: ANU3053 – Acton

   Karl Vasiloff, Esq.
   Zelle, Hoffman, Voelbel, Mason & Gette LLP
   950 Winter Street-Suite 1300
   Waltham, Massachusetts 02451
   [Facsimile No. (781) 466-0701]
   (for Royal)

   Richard Heifetz, Esq.
   Tucker, Heifetz & Saltzman LLP
   Three School Street
   Boston, Massachusetts 02110
   [Facsimile No. (617) 227-9191]
   (for Utica)