UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SENTRY INSURANCE COMPANY,<br>ROYAL & SUNALLIANCE, UTICA<br>NATIONAL INSURANCE GROUP, and<br>TRAVELERS PROPERTY AND<br>CASUALTY,<br><br>    Defendants. | CIVIL ACTION NO.  04-10351 (NG) |

**EXHIBITS TO THE AFFIDAVIT OF KARL S. VASILOFF IN SUPPORT OF
DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE
COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# EXHIBIT 24

Not Reported in F.Supp.2d                                                    **Page   1**
**(Cite as: 2001 WL 34114949 (D.Mass.))**

Only the Westlaw citation is currently
available.

United States District Court,
D. Massachusetts.

MANAGED HEALTH CARE SYSTEMS, INC.
and Michael Ingoldsby, Plaintiff
v.
ST. PAUL FIRE & MARINE INSURANCE
COMPANY, Defendant

No. Civ.A.98CV10831GAO.

Sept. 28, 2001.

*MEMORANDUM & ORDER*

OTOOLE, J.

**\*1** The defendant has moved this court to
grant summary judgment in its favor. The
plaintiffs, Managed Health Care Systems, Inc.
("MHCS") and Michael Ingoldsby, claim that
St. Paul Fire & Marine Insurance Company
("St.Paul"), their liability insurance company,
must reimburse them for a year's worth of
defense costs which they incurred in a lawsuit
filed against them by a former MHCS
employee. St. Paul has moved for summary
judgment, arguing that since it had no notice
of the suit during that year, it has no
obligation to pay the plaintiff's defense costs
attributable to that period.

A. *Summary of Facts*

These facts are not in dispute. On February
27, 1996, Donald Foster, a former MHCS
employee filed a complaint against Ingoldsby
and MHCS in the Massachusetts Superior
Court. The complaint alleged that Ingoldsby
and MHCS had committed various wrongs
against Foster when they terminated his
employment with MHCS. Ingoldsby and
MHCS defended against these claims and
incurred over $200,000 in attorney's fees as a
result. St. Paul had issued liability insurance
to MHCS through a series of six MHCS
Professional Office Package policies. The
plaintiffs did not notify St. Paul that they
were in litigation against Foster and they

made no claim at the time that any policy
issued by St. Paul provided coverage for the
Foster suit.

About a year later, on February 1, 1997,
Foster filed an amended complaint adding
some new claims. Ingoldsby and MHCS
notified St. Paul of the amended complaint,
and requested that St. Paul assume the
defense. After reviewing Foster's claim
against MHCS and Ingoldsby, St. Paul
determined that it had no obligation to
reimburse them for costs incurred before the
defense was tendered, but it agreed to defend
against the claims Foster asserted in his
amended complaint.

B. *St. Paul's Obligation to Pay Pre-Tender Costs*

An insured's failure to give its liability
insurance company timely notice of a claim
against it does not automatically excuse the
insurance company from its contractual
obligations. *Johnson Controls, Inc. v. Bowes,* 409
N.E.2d 185, 188 (Mass.1980). Instead, in order
for the insurance company to be relieved of its
obligations under the policy, it must "prove
both that the notice provision was in fact
breached and that the breach resulted in
prejudice to its position." *Id.* The Supreme
Judicial Court reasoned that this was a fair
approach to notice provisions because where
"the insurance company's interests have not
been harmed by a late notice, ... the reason
behind the notice condition in the policy is
lacking, and it follows neither logic nor
fairness to relieve the insurance company of
its obligations under the policy in such a
situation." *Id.* at 187-88. *See also Darcy v.
Hartford Ins. Co.,* 554 N.E.2d 28, 31
(Mass.1990) (holding that failure to give
timely notice "is not an independently
sufficient basis for an insurer to disclaim
liability. Rather, the insurer must prove that
its interests have been prejudiced by the
insured's failure....").

**\*2** St. Paul does not argue that the plaintiffs'
one year delay in notice relieves it of any
obligation to indemnify the Foster suit. It
accepted the tendered defense of the amended
complaint. Rather, the present suit focuses

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works




Not Reported in F.Supp.2d
**(Cite as: 2001 WL 34114949, \*2 (D.Mass.))**

Page 2

solely on the costs MHCS and Ingoldsby incurred in the year that the plaintiffs defended the suit on their own without telling St. Paul about it. The overall approach suggested by *Johnson Controls* remains applicable.

The Supreme Judicial Court's holding in *Augat, Inc. v. Liberty Mut. Ins. Co.*, 571 N.E.2d 357 (Mass.1991) is also instructive. In *Augat,* the insured entered into a consent judgment which obliged it to contribute to the clean-up costs of a contaminated site. *Id.* at 359-60. After agreeing to the consent judgment, the insured then requested reimbursement from its insurer for the clean-up costs. *Id.* at 358-59. The Supreme Judicial Court held that the insurance company was excused from its obligation to indemnify the insured because the insured had breached its promise in the policy not to "voluntarily make any payment, assume any obligation or incur any expense" except at its own cost. *Id.* at 359.

Here, MHCS's policy required it to give St. Paul notice of any claims against it, and when faced with a claim, the policy instructed MHCS not to "assume any financial obligation or pay out any money without [St. Paul's] consent." The plaintiffs breached these terms by waiting almost a year before notifying St. Paul of Foster's suit and by deciding to pay their attorney in excess of $200,000 to defend against the suit without St. Paul's approval. By giving St. Paul no notice during the first year of the suit, the plaintiff left St. Paul with no power to affect the course and cost of the litigation during that time. Under *Augat,* St. Paul should not have to pay for the portion of the Foster suit it had no opportunity to influence. *See also, Hoppy's Oil Serv., Inc. v. Insurance Co. of North America,* 783 F.Supp. 1505, 1509 (D.Mass.1992) (stating that "No duty to defend or to participate in a defense can arise before the insurer has notice of the suit against the insured, or at least of the underlying claim and the likelihood of suit."); *American Mut. Liab. Ins. Co. v. Beatrice Companies,* 924 F.Supp. 861, 874 (N. D.Ill.1996) (stating that under Massachusetts law "insurers are not liable for pre-notice defense costs"). The *American Mutual* court

explained:
The prejudice requirement was adopted to prevent complete forfeiture based upon technical failure of the insured to provide timely notice. In contrast, enforcement of the rule that pre-tender defense costs are not recoverable does not result in complete forfeiture of an insured's right to recover fees. Rather, the rule gives the insured the choice of defending some or all of a claim on its own.

*Id.* at 873.

C. *Conclusion*

Under the circumstances of this case, the plaintiffs must bear the defense costs they incurred prior to giving St. Paul notice of the Foster litigation. St. Paul also did not violate Mass. Gen. Laws ch. 93A when it refused to pay such expenses. The defendant's motion for summary judgment is GRANTED.

**\*3** The plaintiff's motion for partial summary judgment is DENIED. The plaintiff's motion to file a substitute complaint is also DENIED as the amendment would not affect the grant of summary judgment for the defendant.

2001 WL 34114949 (D.Mass.)

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works


