UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SENTRY INSURANCE COMPANY,<br>ROYAL & SUNALLIANCE, UTICA<br>NATIONAL INSURANCE GROUP, and<br>TRAVELERS PROPERTY AND<br>CASUALTY,<br><br>    Defendants. | CIVIL ACTION NO. 04-10351 (NG) |

**EXHIBITS TO THE AFFIDAVIT OF KARL S. VASILOFF IN SUPPORT OF DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# EXHIBIT 25 (Part I)

83 Fed.Appx. 183

Page 1

(Cite as: 83 Fed.Appx. 183, 2003 WL 22905287 (9th Cir.(Cal.)))
<KeyCite History>

This case was not selected for publication in the Federal Reporter.

Please use FIND to look at the applicable circuit court rule before citing this opinion. (FIND CTA9 Rule 36-3.)

United States Court of Appeals,
Ninth Circuit.

LEGACY PARTNERS, INC, a California corporation; C. Preston Butcher,
Plaintiffs--Appellees,
v.
TRAVELERS INDEMNITY COMPANY OF ILLINOIS, an Illinois corporation, Defendant--Appellant,
and
Travelers Insurance Company, a Connecticut corporation; Travelers Property Casualty Corporation, a Delaware corporation, Defendants.
LEGACY PARTNERS, INC, a California corporation; C. Preston Butcher,
Plaintiffs--Appellants,
v.
Travelers Indemnity Company of Illinois, an Illinois corporation, Defendant--Appellee.

Nos. 02-15900, 02-15978.

Argued and Submitted Sept. 11, 2003.
Decided Dec. 9, 2003.

Background: Business that was additional named insured on policy of insurer, and regional partner, sued insurer for breach of its duty to defend with regard to third party defamation lawsuit against regional partner. The United States District Court for the Northern District of California, Susan Yvonne Illston, J., 2002 WL 500771, ruled on summary judgment that insurer breached its duty to defend, and awarded attorney fees to business and regional partner following a bench trial. Insurer appealed, and business and regional partner cross-appealed the denial of indemnification for the voluntary settlement reached in third party's suit.

Holdings: The Court of Appeals held that:
(1) evidence supported finding that insurer breached its duty to defend business and regional partner, even though business was not named in third party's complaint;
(2) district court did not abuse its discretion by awarding attorney fees associated with insured's use of five separate law firms in defense of third party defamation lawsuit;
(3) Texas law rather than California law governed recovery of attorney fees by business and regional partner;
(4) attorney fees awarded for breach of duty to defend did not have to be allocated between successful and unsuccessful claims;
(5) question of whether to impose statutory penalty of 18% interest on underlying defense costs was to be determined under Texas law; and
(6) insured was not entitled to recover legal fees incurred prior to tendering claim to insurer.

Affirmed.

Superseding, 79 Fed.Appx. 295.

West Headnotes

[1] Insurance 2272
217k2272 Most Cited Cases

Business was proper plaintiff in action brought by its regional partner alleging that insurer breached the duty to defend with regard to third party defamation lawsuit, even though business was not named as defendant in third party action; policy identified third party's company as first named insured and listed business among additional named insureds, policy endorsement required insurer to defend not only the business but also any commercial enterprises in which business or company had proprietary or managerial interest in conjunction with any one or more regional partners, and business had intertwined relationship with regional partner and other entities sued by third party.

[2] Insurance 2311
217k2311 Most Cited Cases

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works




83 Fed.Appx. 183  
(Cite as: 83 Fed.Appx. 183, 2003 WL 22905287 (9th Cir.(Cal.)))

Page 2

Under Texas law, evidence supported finding that insurer breached its duty to defend business that was identified as additional named insured, and regional partner, against defamation lawsuit filed against regional partner by third party, even though third party's complaint did not mention business by name; fact that complaint sought damages for disparaging remarks allegedly made by regional partner in his capacity as business' officer or director, and that complaint alleged that regional partner made statements to members of media while announcing plans as business' chief executive officer, supported potential for insurance coverage.

[3] Insurance ⚖ 2934(2)  
217k2934(2) Most Cited Cases

Under Texas law, district court did not abuse its discretion by awarding attorney fees associated with insured's use of five separate law firms in defense of third party defamation lawsuit, following determination that insurer breached its duty to defend insured against third party; third party suit involved multi-million-dollar allegation of damages, and insurer's bald allegation that insured employed unreasonable number of law firms did not establish that award of defense costs was abuse of discretion.

[4] Insurance ⚖ 1091(4)  
217k1091(4) Most Cited Cases

Under Texas choice of law principles, Texas law rather than California law governed recovery of attorney fees by business and regional partner whose insurer breached duty to defend; Texas law governed duty to defend issue, and provision of attorney fees at issue was both mandatory and specific to Texas insurance law.

[5] Insurance ⚖ 2922(2)  
217k2922(2) Most Cited Cases

[5] Insurance ⚖ 2934(2)  
217k2934(2) Most Cited Cases

Under Texas law, attorney fees awarded for breach of duty to defend did not have to be allocated between successful and unsuccessful claims; although insured was unsuccessful in two of three claims, each claim was interrelated with others and arose out of same transaction.

[6] Insurance ⚖ 1091(15)  
217k1091(15) Most Cited Cases

Question of whether to impose statutory penalty of 18% interest on underlying defense costs incurred by insured, following determination that insurer breached its duty to defend insured, was to be determined under Texas law, rather than under law of California, even though the insurance coverage dispute was litigated in California; question was one of substantive rather than procedural law. V.A.T.S. Insurance Code, art. 21.55.

[7] Insurance ⚖ 2270(2)  
217k2270(2) Most Cited Cases

[7] Insurance ⚖ 3370  
217k3370 Most Cited Cases

Under Texas law, insured was not entitled to recover legal fees incurred prior to tendering claim to insurer regarding third party defamation action; policy provision precluded insured from making voluntary payments without insurer's consent, and there was no requirement of actual prejudice to insurer.

[8] Insurance ⚖ 3367  
217k3367 Most Cited Cases

Under California law, no-voluntary-payments provision of insurance policy relieved insurer of duty to indemnify insured for voluntary settlement of third party defamation lawsuit; policy expressly required notice to insurer before obtaining indemnification, and insured did not establish that his delay in seeking indemnification by providing notice to insurer was excused by economic necessity.

[9] Federal Civil Procedure ⚖ 2501  
170Ak2501 Most Cited Cases

Under genuine issue rule, district court

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works




83 Fed.Appx. 183                                        Page 3
(Cite as: 83 Fed.Appx. 183, 2003 WL 22905287 (9th Cir.(Cal.)))

properly granted summary judgment in favor of insurer on insured's claim under California law alleging that insurer's refusal to defend it breached the policy's implied duty of good faith and fair dealing, even though insurer was determined to have violated its duty to defend insured; determination that there was no issue for trial as to insurer's bad faith was reasonable because insured provided no credible evidence that insurer acted unreasonably in denying coverage.

[10] Insurance ⚖ 3586
217k3586 Most Cited Cases

Under Texas statutory law, insured was entitled to attorneys fees incurred on appeal, where insured was prevailing party on duty to defend claim against insurer. V.A.T.S. Insurance Code, art. 21.55; U.S.Ct. of App., 9th Cir.Rule 39-1.9, 28 U.S.C.A.

*185 Appeals from the United States District Court for the Northern District of California, Susan Yvonne Illston, District Judge, Presiding.

Jonathan C.S. Cox, Cox, Padmore, Skolnik & Shakarchy, Menlo Park, CA, Harvey R. Friedman, Esq., Greenberg, Glusker, Fields, Claman & Machtinger, Los Angeles, CA, Philip Borowsky, Law Offices of Philip Borowsky, San Francisco, CA, for Plaintiffs-Appellees.

William C. Morison-Knox, Esq., Thomas Holden, Esq., Morison-Knox, Holden, Melendez & Prough LLP, Walnut Creek, CA, for Defendant-Appellant.

Before O'SCANNLAIN, TASHIMA, Circuit Judges, and MATZ, District Judge. [FN*]

   FN* The Honorable A. Howard Matz, United States District Judge for the Central District of California, sitting by designation.

ORDER

**1 The Memorandum disposition filed October 23, 2003, 79 Fed.Appx. 295, is withdrawn and is replaced by the Amended Memorandum filed concurrently with this Order. The petition for rehearing of Legacy Partners, Inc., and C. Preston Butcher is granted to the extent reflected in the Amended Memorandum. The petitions for panel rehearing are otherwise DENIED.

AMENDED MEMORANDUM [FN**]

   FN** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36-3.

Defendant Travelers Indemnity Company of Illinois ("Travelers") appeals from the judgment following a bench trial in an insurance coverage dispute between it and plaintiffs C. Preston Butcher ("Butcher") and Legacy Partners, Inc ("LPI"). Butcher and the plaintiff in the underlying action, Mack Pogue, were in the process of dividing their real-estate holdings when Pogue brought suit against Butcher for making defamatory statements against him and his company, Lincoln Property Company ("Lincoln"). Butcher tendered the defense of the underlying action to Travelers. Travelers refused to defend on the ground that, while LPI was a Named Insured under the policy, LPI was not a named defendant in the complaint. Travelers appeals the district court's ruling on summary judgment that it breached the duty to defend. Travelers also appeals the *186 district court's calculation of attorney fees following the bench trial. Butcher cross-appeals the court's denial of indemnification for the voluntary settlement reached between him and Pogue, and the district court's refusal to grant pre-tender attorney fees. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm on all grounds.

ANALYSIS

I. Appeal by Travelers

A. Dismissal of LPI

[1] Travelers contends that LPI should have been dismissed from this case because LPI was not a named defendant in the underlying complaint. We disagree. The Travelers policy



83 Fed.Appx. 183    Page 4
(Cite as: 83 Fed.Appx. 183, *186, 2003 WL 22905287, **1 (9th Cir.(Cal.)))

broadly covers any and all LPI "subsidiaries (including subsidiaries thereof), partnerships (limited or general), joint ventures, associations, corporations, trusts, joint tenancies, tenancies in common or other entities or commercial enterprises." Travelers issued an insurance policy to Lincoln which named Lincoln as the first Named Insured and which contained a list of additional Named Insureds including LPI and Mack Pogue. Endorsements to the policy state that Travelers must defend not only LPI but also any "commercial enterprises" in which LPI or Lincoln has a "proprietary or managerial interest" in conjunction with any one or more Regional Partners. The policy lists Butcher as a Regional Partner.

LPI is the primary holding company for Butcher's west coast ventures, which include, among other named defendants, "Legacy Partners Commercial," "Lincoln Partners Agency," "Legacy Partners Residential," and "Legacy Partners Management." Although the Travelers policy does not insure Butcher in his individual capacity (as opposed to his capacity as a "Regional Partner" of Pogue or Lincoln), it does insure "commercial enterprises" in which LPI has "a proprietary or managerial interest." We conclude that LPI properly was a plaintiff in the underlying action against Travelers because of its intertwined relationships with Butcher and the other entities that were sued by Pogue.

B. Breach of the Duty to Defend

**2 [2] Travelers also argues that because Pogue's complaint never mentioned LPI, Texas' restrictive "eight-corners" rule permitted it to deny a defense because an insurer could not reasonably recognize the potential for coverage based on the allegations in the underlying complaint or the terms of the policy. [FN1] In Texas, if the allegations state a claim that is potentially within the coverage of the policy, then the insurer has a duty to defend. *Heyden Newport Chem. Corp. v. S. Gen. Ins. Co.,* 387 S.W.2d 22, 25 (Tex.1965). The courts will liberally interpret the meaning of the factual allegations in the insured's favor. *Id.* In order to determine whether factual allegations are covered by a policy, however, the allegations must be at least specific enough to "create that degree of doubt which compels resolution of the issue for the insured." *Nat'l Union Fire Ins. Co. v. Merch. Fast Motor Lines,* 939 S.W.2d 139, 142 (Tex.1997). Although the court will not imagine factual scenarios that might trigger coverage or read facts into the pleadings, if a petition alleges facts within the scope of coverage, an insurer is legally required to defend the suit against its insured. *Id.* at 141.

FN1. We agree that Texas law applies to the duty to defend issue. The parties negotiated and executed the policy in Texas, Pogue filed and litigated the underlying lawsuit in Texas, and Travelers would have performed the contract in Texas. None of the relevant contacts clearly favored the application of California law. See *Abogados v. AT & T, Inc.,* 223 F.3d 932, 934 (9th Cir.2000).

*187 In this case, the underlying complaint alleged that "Butcher ha[d] made false and disparaging statements to members of the media regarding the [Pogues]." Comparing the complaint and the insurance policy, we conclude, as did the district court, that Travelers erred in not defending Butcher and LPI. We agree that the complaint includes allegations that, when interpreted broadly and in favor of coverage, indicate that Pogue sought damages for disparaging remarks made by Butcher in his capacity as LPI's officer or director. Travelers' argument that it did not owe a defense since the complaint did not mention LPI by name is untenable given (1) the complaint named numerous ventures affiliated with LPI, and (2) the complaint made the specific allegation that Butcher made "statements to members of the media"-- remarks that he made while announcing plans for LPI as LPI's "CEO." This factual allegation concerning "statements to members of the media," though not referencing the *San Francisco Business Times* article by name, is "at least specific enough to 'create that degree of doubt which compels resolution of the issue for the insured.' " *Devoe v. Great Am. Ins.,* 50 S.W.3d 567, 570 (Tex.Ct.App.2001) (quoting *Nat'l Union,* 939 S.W.2d at 142). Under Texas law, "any doubts ... [must be settled] in favor