UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC.<br><br>    Plaintiff,<br><br>v.<br><br>SENTRY INSURANCE COMPANY,<br>ROYAL & SUNALLIANCE, UTICA<br>NATIONAL INSURANCE GROUP, and<br>TRAVELERS PROPERTY AND<br>CASUALTY,<br><br>    Defendants. | CIVIL ACTION NO. 04-10351 (NG) |

**EXHIBITS TO THE AFFIDAVIT OF KARL S. VASILOFF IN SUPPORT OF DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE COMPANY OF AMERICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

# EXHIBIT 25 (Part II)

83 Fed.Appx. 183                                                                                                                                Page 5
(Cite as: 83 Fed.Appx. 183, *187, 2003 WL 22905287, **2 (9th Cir.(Cal.)))

of the insured." *Barnett v. Aetna Life Ins. Co.,* 723 S.W.2d 663, 666 (Tex.1987).

C. Fee Award for All Retained Counsel

[3] Travelers next contends that the district court abused its discretion in awarding Butcher his fees associated with the use of five separate law firms to defend himself against Pogue's multi-million dollar lawsuit. Travelers sets forth only the bald allegation that Butcher employed an unreasonable number of law firms. In a lawsuit threatening millions in damages, the use of five law firms is not per se unreasonable. Absent more than its own belief that the court erred in not deciding the issue differently, Travelers fails to establish that the district court abused its discretion in awarding Butcher his defense costs. [FN2]

> FN2. Travelers also claims that the fee award is unreasonable because: (1) the law firms conducted duplicative work; (2) the Shultz, Wright law firm focused on the settlement agreement rather than Butcher's defense; and (3) Jonathan Cox spent most of his time coordinating the five law firms. Even if the law firms spent some of their time coordinating among themselves, such time qualifies as time spent defending Butcher in what by all accounts was a large case with potentially massive damages. The district court did not abuse its discretion on these issues.

D. Choice of Law and Attorneys' Fees for This Case

**3 [4] Relying on *Arno v. Club Med Boutique Inc.,* 134 F.3d 1424 (9th Cir.1998), Travelers contends that California rather than Texas law should govern the recoupment of attorneys' fees. We disagree. *Arno* concerned a claim filed in a California court based on a tort that occurred in French territory. We held that California law governed attorneys' fees because the French rule making fees discretionary "was not enacted as a component of France's tort compensation system, but as a general device to compensate prevailing parties in civil actions." *Id.* at 1426. In contrast, the provision at issue here is both mandatory and specific to Texas insurance law. *See Grapevine Excavation, Inc. v. Maryland Lloyds,* 35 S.W.3d 1, 1-5 (Tex.2000). In such cases, California courts consider damages to be substantive and not procedural. *Cf. Robert McMullan & *188 Son. Inc. v. United States Fid. & Guar. Co.,* 103 Cal.App.3d 198, 162 Cal.Rptr. 720 (1980). The court properly applied Texas law.

E. Failure to Allocate Attorneys' Fees

[5] Travelers also contends that the district court erred in not allocating the attorneys' fees between successful and unsuccessful claims in this case. Under Texas law, a party generally can only recover attorneys' fees for successful claims, and must segregate them from fees related to unsuccessful claims. *See Stewart Title Guar. Co. v. Sterling,* 822 S.W.2d 1, 10-12 (Tex.1991). However, a "recognized exception to this duty to segregate arises when the attorney's fees rendered are in connection with claims arising out of the same transaction and are so interrelated that their prosecution or defense entails proof of essentially the same facts." *Id.* at 11 (internal quotation marks omitted). Butcher was unsuccessful in two of his three claims, but each claim, whether sounding in contract or tort, was interrelated with the others and arose out of the same transaction. *See, e.g., Gill Sav. Ass'n v. Chair King,* 783 S.W.2d 674, 680 (Tex.App.1989) ("[A]n award of attorney's fees is permissible since there was a claim for and a finding of breach of contract, and the tort complained of arose out of that breach."), cited favorably by *Stewart Title,* 822 S.W.2d at 11-12. Therefore, the district court did not err on this issue, and we adopt its reasoning.

F. Eighteen Percent Statutory Penalty

[6] Pursuant to Article 21.55 of the Texas Insurance Code, the district court awarded Butcher 18 percent interest on his underlying defense costs. Travelers argues that the district court erred in applying Texas law because prejudgment interest is a procedural rather than substantive issue.

The recent decision in *Lund v. San Joaquin Valley R.R.,* 31 Cal.4th 1, 71 P.3d 770, 778

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works




(Cal.2003), indicates that prejudgment interest provisions are substantive if they constitute part of "the proper measure of damages" and are "inseparably connected with the right of action." The statutory penalty imposed in Article 21.55 satisfies these requirements. First, the purpose of the statutory penalty is to ensure that parties pay their damage judgments for breach of the insurance contract. This penalty is therefore intended to make the insured whole. Second, recovery of the judgment is too important to constitute a mere "local rule of procedure." *Monessen Southwestern Ry. Co. v. Morgan*, 486 U.S. 330, 336, 108 S.Ct. 1837, 100 L.Ed.2d 349 (1988). Third, several Texas courts have held that Article 21.55 is an element of damages for breach of the insurance policy. *See, e.g., Lusk v. Puryear*, 896 S.W.2d 377, 380 (Tex.Ct.App.1995). Fourth, the statute speaks for itself. Section 6 of Article 21.55 is entitled "Damages," and states that the insurer "shall be liable to pay ... in addition to the amount of the claim, 18 percent per annum of such claim *as damages*, together with reasonable attorney fees." Tex. Ins.Code art. 21.55, § 6 (italics added). This 18 percent penalty is triple Texas' ordinary 6 percent rate for prejudgment interest. The district court did not err in applying Article 21.55.

**4 Next, Travelers argues that Article 21.55 does not apply to this case because Butcher did not submit a "first party claim." The Texas Supreme Court, however, has recently held that Article 21.55 applied to an additional insured's claim for coverage brought against the insurer. *Atofina Petrochem., Inc. v. Evanston Ins. Co.*, 104 S.W.3d 247, 252 (Tex.2003). We *189 therefore affirm the district court's application of Article 21.55 to third-party claims.

II. Cross Appeal by LPI and Butcher

A. Recoupment of Pre-Notice Legal Fees

[7] Butcher argues that, contrary to the district court's holding, he is entitled to recover legal fees incurred prior to his tendering the claim to Travelers. Butcher acknowledges that the claim contradicts the plain language of the insurance contract, which provides that "[n]o insured will, except at the insured's own cost, *voluntarily make any payment*, assume any obligation, or incur any expense, other than for first aid, *without [Travelers'] consent,*" but argues that so long as the failure to notify did not cause Travelers actual prejudice, he can recover under the policy pursuant to Texas' "notice- prejudice" rule. *See Harwell v. State Farm Mut. Auto. Ins.*, 896 S.W.2d 170, 174 (Tex.1995). We disagree. Texas intermediate and Fifth Circuit decisions hold that an insured is not entitled to pre- notice legal fees where the contract precludes recovery. *See, e.g., E & L Chipping Co. v. Hanover Ins. Co.*, 962 S.W.2d 272, 278 (Tex.Ct.App.1998). Most telling is *Lafarge Corp. v. Hartford Casualty Insurance Co.*, 61 F.3d 389 (5th Cir.1995), *reversed in part on other grounds, Grapevine Excavation. Inc. v. Maryland Lloyds*, 35 S.W.3d 1 (Tex.2000), in which the Fifth Circuit stated:

[The insurer] should not be liable for any defense costs incurred prior to the date Lafarge tendered the amended petition because the 'voluntary payment' provision of the policy precludes liability for such pre- tender defense costs.... [U]nder Texas law, the duty to defend does not arise until a petition alleging a potentially covered claim is tendered to the insurer. The cases on which the district court relied to support its determination that pre- tender costs were recoverable are inapposite. The terms of the policy are unambiguous and therefore must be enforced as written.

*Id.* at 399-400 (citations omitted). Notably, in upholding the contract provision, the *Lafarge* court rejected the insured's attempt to invoke the "notice-prejudice" rule. The court stated that "prejudice is only a factor when the insurer is seeking to avoid all coverage for failure to comply with the notice provisions of the policy." *Id.* at 399 n. 19. We follow this well-established Texas authority and affirm the district court.

B. Duty to Indemnify

[8] Butcher appeals the district court's finding that the "no-voluntary payments" provision relieved Travelers of any duty to indemnify

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works




83 Fed.Appx. 183                                                                                                                          Page   7
(Cite as: 83 Fed.Appx. 183, *189, 2003 WL 22905287, **4 (9th Cir.(Cal.)))

Butcher for the voluntary settlement between him and Pogue. With a few limited exceptions, California courts uphold contract provisions that permit the insured to decline indemnification for any settlements made without the insurer's consent. *Jamestown Builders. Inc. v. Gen. Star Indem. Co.,* 77 Cal.App.4th 341, 91 Cal.Rptr.2d 514, 516-17 (Ct.App.1999). Butcher attempts to overcome the general rule by contending that: (1) the notice-prejudice rule bars reliance on the voluntary payments clause; (2) economic necessity made the settlement nonvoluntary; and, (3) there was sufficient evidence to show that Travelers' failure to defend caused Butcher to pay an excess amount to settle the case, including settlement of the covered claim of defamation. These contentions fail.

**5 First, the notice-prejudice rule does not apply here. Because the policy language expressly requires notifying the insurer before obtaining indemnification, the controlling rule is found in *Jamestown Builders,* *190 91 Cal.Rptr.2d at 516-17. In that case, the court considered the effect of a no-voluntary-payments provision. The court held that although an insured may ignore the provision once the insurer actually denies the tender, the insurer is not obligated to indemnify its insured for a voluntary settlement reached with a third-party claimant if the settlement is reached prior to denial and without consent. Second, as with Butcher's argument for pre-tender fees, we reject Butcher's attempt to restructure the terms of the contract and obtain more than he bargained for by arguing that economic necessity excused his delay in seeking indemnification. A sophisticated party like Butcher easily could have timely notified Travelers. Third, although Butcher contends he raised a triable issue of fact regarding the proper apportioning of the settlement, thereby requiring the district court to deny Travelers' summary judgment motion, Butcher bore the burden of proof at any trial, requiring him to set forth a prima facie case establishing the connection between the settlement and the defamation claim. *See Travelers Cas. & Sur. Co. v. Superior Court,* 63 Cal.App.4th 1440, 75 Cal.Rptr.2d 54, 64 (Ct.App.1998). This, he failed to do. It is insufficient that Pogue dropped the defamation claim after reaching an agreement with Butcher that made no mention of the defamation claim. Butcher's comment that he "overpaid" for the assets because of the outstanding defamation claim is not enough to apportion the alleged settlement.

C. Breach of the Implied Duty of Good Faith Dealing

[9] Butcher contends that he produced sufficient evidence to create a triable issue that Travelers acted in bad faith. "[T]he reasonableness of an insurer's claims-handling conduct is ordinarily a question of fact." *Amadeo v. Principal Mut. Life Ins. Co.,* 290 F.3d 1152, 1161 (9th Cir.2002) (quoting *Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.,* 90 Cal.App.4th 335, 108 Cal.Rptr.2d 776, 784 (Ct.App.2001)). In *Amadeo,* however, the court stated that "[t]he genuine issue rule ... allows a district court to grant summary judgment when it is undisputed or indisputable that the basis for the insurer's denial of benefits was reasonable--for example, where even under the plaintiff's version of the facts there is a genuine issue as to the insurer's liability under California law." *Id.* at 1161. Butcher provides no credible evidence that Travelers acted unreasonably in denying coverage. Butcher instead relies on the general rule that the reasonableness of the insurer's conduct is a question of fact reserved for the jury. While this is usually the case, it is also true that the "genuine issue rule" permits the grant of summary judgment where it is clear that the insurer did not act unreasonably. We affirm the court's finding that this case falls under the genuine issue rule.

D. Attorneys' Fees for Prosecution of This Appeal

**6 [10] Pursuant to Article 21.55 § 6 of the Texas Insurance Code, Butcher, as the prevailing party on his duty to defend claim, is entitled to an award of reasonable attorneys' fees. The district court declined to estimate the fees for prosecution of this appeal (which, apparently, is the procedure followed

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works




in the Texas courts), but they can now be fixed by this court pursuant to our own procedures.

We therefore award reasonable attorneys' fees on this appeal to Butcher as the prevailing party on his duty to defend claim and refer determination of the appropriate amount of such fees to the Appellate Commissioner, pursuant to Ninth Circuit Rule 39-1.9. Pursuant to said rule, *191 Butcher shall file a timely request for such fees making a detailed showing of the amount sought.

## CONCLUSION

For the foregoing reasons, we affirm the district court on all grounds, except with respect to the award of attorneys' fees for this appeal. Each party shall bear its own costs on appeal.

AFFIRMED.

83 Fed.Appx. 183, 2003 WL 22905287 (9th Cir.(Cal.))

END OF DOCUMENT

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works


