UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10351 NG

| |
|---|
| KLEENIT, INC.,<br>**Plaintiffs**<br><br>v.<br><br>SENTRY INSURANCE COMPANY,<br>ROYAL & SUN ALLIANCE, UTICA<br>NATIONAL INSURANCE GROUP, and<br>TRAVELERS PROPERTY AND<br>CASUALTY,<br>**Defendants** |

## AFFIDAVIT OF DONALD P. NAGLE, ESQUIRE

I, Donald P. Nagle, hereby depose and state the following:

I am an attorney licensed to practice in the Commonwealth of Massachusetts. I am counsel for the plaintiff, Kleenit, Inc. ("Kleenit"), with respect to its notices of claim to, and request for defense and indemnification from, Sentry Insurance Company ("Sentry"), Royal & Sun Alliance ("Royal"), Utica National Insurance Group ("Utica") and Travelers Property and Casualty ("Travelers") (Sentry, Royal, Utica and Travelers are referred to hereinafter collectively as "the Insurers").

Attached hereto are true and accurate copies of the following documents pertaining to Kleenit's notices of claim to the Insurers and are provided is support of Kleenit's Opposition of the Insurers' Motion for Partial Summary Judgment:

TAB 1: January 28, 2001 Notice of Responsibility ("NOR") issued to Kleenit by the Massachusetts Department of Environmental Protection ("DEP") pursuant to M.G.L. c.21E with regard to alleged environmental contamination at the Chelmsford Site.

TAB 2: December 30, 2002 Notice of Responsibility ("NOR") issued to Kleenit by the Massachusetts Department of Environmental Protection ("DEP") pursuant to M.G.L. c.21E with regard to alleged environmental contamination at the Acton Site.

TAB 3: Kleenit ledger indicating premium payments to Insurers during relevant periods, and copies of insurance polices.

TAB 4: Notice of claim and request for defense/coverage letter from law firm representing Kleenit at the time, Rubin and Rudman LLP ("Rubin and Rudman"), to Royal dated September 25, 2002, concerning the Chelmsford Site. The Notice of claim provided, inter alia, evidence of the applicable policies, policy numbers, policy forms, a description of the loss and claim, factual and legal bases for defense and coverage, applicable Massachusetts case law, and a copy of the Notice of Responsibility ("NOR") issued by the Massachusetts Department of Environmental Protection ("DEP") pursuant to G.L. c. 21E, on or about January 28, 2001. Similar Notice of claim letters werer also sent ot Sentry, Utica, and Travelers on about September 25, 2002. (If the Court wishes to review the similar notice of claims sent to Sentry, Utica or Travelers, Kleenit will provide them expeditiously.)

TAB 5: Notice of Claim from Rubin and Rudman to Royal dated September 25, 2002, concerning the Acton Site. Similar to the notice of claim for Chelmsford (Tab 3, above), the Acton notice of claim included oplicy information and a copy of an NOR issued by DEP on December 30, 2002. Similar notice of claim letters were also sent to Sentry, Utica and Travelers on

about September 25, 2002. (If the Court wishes to review the similar notice of claims to Sentry, Utica or Travelers, Kleenit will provide them expeditiously.)

All of the notice of claim letters sent to the carriers for the Chelmsford and Acton Sites, as discussed above, are referred to hereinafter collectively as "Notice of Claim".

TAB 6: Affidavit of Keith Crider, dated February 5, 2004.

TAB 7: Rubin and Rudman letter to Sentry dated November 15, 2002, informing Sentry that, "As of the present date [50 days after Kleenit's Notice of Claim], Sentry has failed to provide any response to our Notice of Claim letter [of September 25, 2002]. Sentry's failure to respond has materially prejudiced Kleenit with respect to, inter alia, its ability to fund the underlying claim and legal fees related thereto and its on-going operations." (Rubin and Rudman sent a similar letter to Sentry on November 15, 2002, concerning the Acton Site.)

TAB 8: Letter from Royal to Rubin and Rudman dated January 14, 2003 (i.e., approximately 100 days after Kleenit's Notice of Claim) on the Chelmsford Site, wherein Royal stated that Royal had forwarded its file to outside counsel for a coverage opinion. Royal sent an identical letter on the Acton Site.

TAB 9: Letter from Travelers to the Law Office of Donald P. Nagle, P.C. ("Nagle"), dated January 17, 2003, acknowledging the existence of at least one policy and stating that, "Travelers is willing to participate Kleenit's defense of the captioned NORs [at the Chelmsford and Action Sites], subject to the following reservation of rights. . . which includes but is not limited to, the right to seek recoupment of defense costs should it be determined that there is no potential indemnity coverage for these matters." The letter also stated that, "Travelers has no obligation to reimburse Kleenit for any costs it incurred in connection with the Chelmsford NOR prior to tender,

i.e. prior to September 27, 2002." Travelers did not allege in this letter, or any subsequent letter, that it had suffered actual harm due to Kleenit's alleged late notice.

TAB 10:   Letter from Utica to Rubin and Rudman dated April 2, 2003 (six months after the Notice of Claim), stating that Utica was "scheduling a meeting with our co-defendants in order to discuss and determine our respective pro rata shares of defense costs."

TAB 11:   Letter from Utica to Rubin and Rudman dated April 25, 2003 (seven months after the Notice of Claim), requesting copies of the insurance policy documents that Kleenit had previously submitted with the notice of claim on September 25, 2002.

TAB 12:   Letter from Royal dated May 28, 2003 (nine months after Kleenit's Notice of Claim), disclosing the existence of eighteen (18) separate policies issued by Royal to Kleenit. Royal claimed, nonetheless, that it "is unable to confirm that the policies provide coverage for the claims asserted by Kleenit in connection with the above-captioned [Chelmsford and Acton] sites, and is therefore unable to honor Kleenit's request for a defense at this time."

TAB 13:   Letter from Travelers to Nagle dated July 21, 2003, wherein Travelers stated that "Travelers has been in contact with Royal and Utica and is in the process of working out a defense cost sharing agreement among the three participating carriers which will provide Kleenit 100% of its reasonable and necessary post-tender defense costs. Travelers will contribute 47%, with Utica and Royal contributing the remaining 53%."

TAB 14:   Letter from Royal to Rubin and Rudman dated August 11, 2003 (approximately 320 days after Kleenit's Notice of Claim), wherein Royal finally acknowledged that Royal "agrees to participate in the defense of Kleenit, Inc. subject to a reservation of rights" at the Chelmsford Site under an occurrence-based policy. (Royal sent a similar letter acknowledging a duty of defense at the Action Site.)

4

TAB 15:  Letter from Rubin and Rudman to Royal dated February 4, 2004, stating that **Royal's first check for defense costs, in the amount of $573.77, sent 485 days after Kleenit's Notice of Claim, represented a "pennies on the dollar" settlement offer (i.e., 0.4% Kleenit's defense costs).**

TAB 16:  Letter from Nagle to Travelers dated May 12, 2003.

TAB 17:  Letter from Rubin and Rudman to Utica dated May 30, 2003.

TAB 18:  Letter from Utica to Rubin and Rudman dated January 12, 2004, stating that, "[b]y agreement, Utica has consented to payment of proper post-tender defense costs incurred by Kleenit relative to the Chelmsford and Acton sites. This agreement was entered into among Kleenit's insurers, Utica, Travelers and Royal . . . . Utica will not, and has not, agreed to pay pre-tender defense costs incurred by Kleenit."

TAB 19:  Letter from Travelers to Rubin and Rudman dated January 13, 2004, stating that, "Please be reminded that it remains Travelers [sic] position that in accordance with Massachusetts law, Travelers has no obligation to contribute towards Kleenit's pre-tender defense costs."

TAB 20:  Letter from Rubin and Rudman to Royal dated January 8, 2003, captioned "Demand Letter under M.G.L. c. 93A and 176D," concerning the Chelmsford Site. Kleenit complained that "Royal has failed over the past three months to even acknowledge the existence of the policies, let alone confirm defense and coverage . . . ." Similar letters were issued on January 8, 2003 to Sentry, Utica and Travelers on the Chelmsford Site, copies of which will be provided to the Court expeditiously if it wishes to review them.

TAB 21:  Letter from Nagle to Travelers dated July 11, 2003, wherein Nagle provided Travelers with, inter alia, Massachusetts case law concerning hazardous waste site

assessment costs qualifying as defense costs, the insurers having joint and several liability for the full defense amount, and an insurance carrier's obligation to pay pre-tender costs "unless the insurer demonstrates actual prejudice."

<u>TAB 22</u>: Letter from Rubin and Rudman to Royal, Sentry, Travelers and Utica, dated March 11, 2003, wherein Kleenit provided the insurance carriers with:

a. A spreadsheet summarizing Kleenit's defense costs, which then totaled $87,248.18, including expert expenses and attorneys fees, along with copies of all invoices and checks (not provided here due to volume. If the Court wishes to review copies of these documents, Kleenit will provide them expeditiously.) The letter stated, "In view of Kleenit's ongoing, extensive defense at the two separate sites, and in view of the financial burden it is suffering as a result, the insurance companies should promptly agree to pay the defense costs in the enumerated documents . . . ."

b. A proposed Joint Defense and Insurance Defense Agreement whereby the four insurance carriers would pay 100 percent of Kleenit's defense cost on a pro rata basis in accordance with <u>Rubinstein v. Royal Insurance Company of America</u>, 45 Mass.App.Ct. 244, 247 (1998), rev. den. 428 Mass. 1105 (1998);

c. Applicable Massachusetts case law supporting Kleenit's position that the insurance carriers are obligated to pay Kleenit's pre-tender defense costs and voluntary payments unless the carriers are able to demonstrate "actual prejudice" due to such costs and payments. Kleenit's letter stated, "In the present matters, despite several months of investigations, the insurance companies have failed to assert, let alone demonstrate, specific and material prejudice caused by Kleenit's actions."

TAB 23: Letter from Rubin and Rudman to Royal November 8, 2002, forwarding voluminous information on the Chelmsford Site requested by Royal, and providing applicable case law addressing Royal's and the other carriers' proferred defenses to coverage. (Rubin and Rudman sent a similar letter to Travelers and Utica on November 8, 2002, copies of which will be provided to the Court if requested.) (The enclosures to the November 8, 2002, letter are approximately 3 ½ inches thick and consist of the other Notice of Claim letters referred to in Tab 1 and Tab 2, above, and several scientific technical reports concerning alleged contamination at the Chelmsford Site. The enclosures do not appear relevant to whether the insurance carriers owe a duty of defense to Kleenit, and therefore are not attached to this Affidavit. However, if the Court wishes to review the enclosures, Kleenit will provide copies to the Court expeditiously.)

TAB 24: Letter from Rubin and Rudman to Royal and Utica dated August 11, 2003, criticizing the Three Defendants' proposed Interim Defense Cost-Sharing and Non-Waiver Agreement as "requir[ing] Kleenit to waive and release important legal rights while at the same time denying Kleenit basic financial and procedural protections afforded by the Policies and law." Kleenit also specified Massachusetts case law concerning insurance carriers' obligation to pay pre-tender defense costs unless there is a demonstration of "actual prejudice." The letter stated that, "We have challenged the carriers several times on any allegations of prejudice, including our letter dated March 11, 2003, the pertinent parts of which are quoted below for your convenience. Almost five months have passed [and eleven months from the Notice of Claim] and not one of the carriers has demonstrated one instance of actual prejudice in this matter contrary to their clear, legal obligations." Nagle forwarded a copy of this letter to Travelers on August 13, 2003.

TAB 25: Letter from Nagle to Sentry, Royal, Utica and Travelers dated October 17, 2003, providing, inter alia, Massachusetts appellate case law concerning an insurance

company's duty to pay pre-tender costs unless it demonstrated "actual prejudice," and criticizing Travelers' reliance on the <u>dissenting</u> opinion in <u>Sarnafil, Inc. v. Peerless Ins. Co.</u>, 418 Mass. 295 (1994), to support its position.

TAB 26: Rubin and Rudman letter to all four insurance Defendants dated January 27, 2004, wherein the carriers were provided with the following information.

    a.    Updated invoices and an updated spreadsheet of Kleenit's costs. The letter stated that, "As you can see, **the total defense costs incurred by Kleenit through these invoices is $146,356.92.** In contrast, the insurers have reimbursed Kleenit only $17,443.23, or less than 12% of Kleenit's defense costs." (emphasis in original)

    b.    Evidence that the Three Defendants had not paid all post-tender defense costs, and that Royal had not made any defense payments.

Signed under the pains and penalties of perjury this 19th day of July, 2004.

        /s/ Donald P. Nagle
        Donald P. Nagle

## CERTIFICATE OF SERVICE

I hereby certify that I made service of the foregoing document in accordance with the provisions of Fed.R.Civ.P.5.

        /s/ Donald P. Nagle
        Donald P. Nagle