UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC.,<br>      Plaintiff<br>vs.<br><br>SENTRY INSURANCE COMPANY,<br>ROYAL & SUN ALLIANCE,<br>UTICA NATIONAL INSURANCE GROUP, and<br>TRAVELERS PROPERTY AND CASUALTY,<br>      Defendants | CIVIL ACTION<br>NO. 04-10351-NG |

**REPLY OF DEFENDANT UTICA NATIONAL INSURANCE GROUP
TO THE PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT AS TO THE ISSUE OF PRE-TENDER DEFENSE COSTS**

Broken down into its simplest form, the sole issue before this Court is whether Massachusetts law requires Utica to show prejudice in order to deny coverage for Kleenit's pre-tender defense costs. Kleenit's argument that Utica must demonstrate prejudice in order to refuse coverage of pre-notice defense costs fails for two reasons: (1) it is based upon the faulty premise that *Sarnafil v. Peerless Insurance Co.*, 418 Mass. 295, addresses the issue of pre-tender defense costs and is the controlling authority on the issue and, (2) it assumes that Utica has denied coverage to Kleenit, and therefore, Utica is subject to a prejudice analysis.

As is discussed further below, *Sarnafil* is not on point and is both factually and legally distinguishable from the present case. Furthermore, the fact that Utica has requested a coverage determination from the Court as to the duty to indemnify Kleenit does not require Utica to demonstrate prejudice in order to refuse payment of Kleenit's

pre-tender defense costs. Utica has complied with its obligations under its policy with Kleenit and with Massachusetts law: it has accepted its duty to defend and has fully reimbursed Kleenit for its post-tender defense costs incurred to date. To determine further liability under its policy, Utica has requested a declaration of rights as to its duty to indemnify. Utica *has not* denied coverage to Kleenit.

For these reasons and the reasons discussed in its memorandum of law, Utica's Motion For Partial Summary Judgment should be allowed.[1]

I.     SARNAFIL v. PEERLESS INS. CO., 418 MASS. 295 (1994) IS NOT CONTROLLING AUTHORITY ON THE ISSUE OF PRE-TENDER DEFENSE COSTS.

Kleenit places heavy emphasis on the Supreme Judicial Court's holding in *Sarnafil v. Peerless*, 418 Mass. 295 (1994), and contends that the SJC repudiated the "no pre-notice defense costs" rule announced in *Hoppy's Oil Serv. v. Insurance Company. of North America*, 783 F. Supp. 1505, 1509 (D. Mass 1992), which is cited by the insurers. Not so. Kleenit's reliance on *Sarnafil* is misplaced. *Sarnafil* has nothing to do with pre-tender defense costs and as such, the *Hoppy's Oil* rule that pre-tender costs are not recoverable remains alive and well in Massachusetts.

A closer look at the facts of *Sarnafil* demonstrates that there was never any dispute as to pre-tender defense costs in that case as Kleenit asserts. Sarnafil, the

---

[1] Utica maintains that there are no genuine issues of material fact in dispute and that it is entitled to judgment as a matter of law. To the extent that Kleenit contends in its *Concise Statement of Material Facts as to Which Genuine Issues Remain to be Determined at Trial* that the issue of whether Massachusetts law requires a showing of prejudice in order to refuse coverage for pre-tender costs is a question of fact for trial, Utica disagrees. The issue before this Court is not one of fact, but rather an issue of law for the Court's determination. Kleenit admits the same in its memorandum of law. See *Kleenit's Opposition*, p.2.

plaintiff, supplied roofing materials for the Kansas City International Airport. 418 Mass. 295, 298 (1994). D.C. Taylor and Co. ("Taylor") built the roof. See id. The roof in two of the airport terminals began to loosen and a dispute arose between Sarnafil and Taylor as to who was responsible for the alleged defect. See id. After receiving a written claim from Taylor, Sarnafil immediately notified its insurer, Peerless, and asked the company to acknowledge coverage and its intention to provide a defense. See id. at 298-99. Peerless replied a few weeks later reserving its rights and promising a prompt investigation. See id. at 299. Sarnafil sent several follow-up letters advising the insurer of developments with respect to Taylor's claim. Finally, Sarnafil sent another letter and reiterated its position that coverage existed under the policies and again requested assurances of coverage. See id. at 299. Sarnafil notified Peerless that if it failed to provide a defense, it would proceed in defending itself and seek reimbursement from Peerless for all costs and expenses incurred in defending against Taylor's allegations. Sarnafil, 418 Mass. at 299. A month passed without a response from Peerless. Shortly thereafter, on November 13, 1984, Taylor notified Sarnafil of its intention to file suit in federal court. See id. at 300. On November 14, 1984, without authorization from Peerless, Sarnafil filed a demand for arbitration pursuant to its written agreement with Taylor. See id. On December 7, 1984, Taylor filed its submission to arbitration and a counterclaim against Sarnafil. See id. On December 13, unaware of the pending arbitration and counterclaim, Peerless informed Sarnafil that it would *not* provide a defense and took the position that the occurrence was not covered under the policy. See id. at 300-01.

3

Unlike Kleenit, Sarnafil tendered the defense of its claim to the insurer immediately upon receipt of notice of the claim. Sarnafil therefore never incurred "pre-notice defense costs." Here, Kleenit admittedly waited *two years* after it was both notified of its potential liability and it began incurring defense costs before giving any notice whatsoever to its insurers of the claims pending against it. During that two-year period, Utica had absolutely no knowledge that the Department of Environmental Protection ("DEP") had issued a Notice of Responsibility ("NOR") against Kleenit and therefore, Utica had no opportunity to influence the course of the litigation and defense thereof. In this respect, the facts of *Sarnafil* are drastically different from the facts in this case.

Thus, *Sarnafil* is not a "pre-tender defense costs" case as Kleenit argues. Indeed, the Supreme Judicial Court expressly stated at the beginning of its decision that "[t]he over-all issue is whether Sarnafil's breach of the voluntary payment and notice provisions of the policies justify Peerless's failure to offer a defense to Sarnafil." Sarnafil, 418 Mass. at 302. It makes sense then that the authority cited by Utica does not discuss *Sarnafil*—*Sarnafil* does not deal with the issue of pre-tender defense costs.

In sum, Kleenit's heavy reliance on *Sarnafil* as the leading case regarding the no pre-tender defense costs rule demonstrates just how weak its argument is. The facts of *Sarnafil* are directly opposite to the facts of this case. The duty to defend in *Sarnafil* was triggered when Sarnafil notified Peerless of Taylor's claim and requested that it acknowledge its defense obligations on two separate occasions. The tender occurred well before Sarnafil incurred defense costs in connection with the arbitration and

defense of the counterclaim. Here, no duty to defend arose, and as such no duty to pay defense costs arose, until Kleenit tendered the defense of this matter to Utica.

## II. THE PREJUDICE ANALYSIS IS APPLIED ONLY WHERE INSURERS DENY THEIR OBLIGATIONS TO DEFEND AND INDEMNIFY.

As Utica explains thoroughly in its principal brief, the prejudice analysis is applied only where the insurer seeks to disclaim coverage altogether and not where, as here, the insurer has accepted its duty to defend and is only denying coverage of pre-tender defense costs. (See *Utica's Memorandum of Law in Support of its Motion for Partial Summary Judgment*, pgs. 9-12) Months prior to the commencement of this lawsuit, Utica accepted its defense obligations under its policy with Kleenit. In accordance with its responsibility to provide a defense to Kleenit, Utica paid Kleenit all post-tender defense costs incurred to date. Without a doubt, Kleenit does not and *cannot* dispute that Utica has met its defense obligations and fully reimbursed Kleenit for all post-tender defense costs incurred to the present. It is in this respect that Utica, as well as the other insurers, distinguishes the Massachusetts appellate cases cited by Kleenit from the circumstances of this case. See id.

Notwithstanding Utica's acknowledgment of its defense obligations, Kleenit erroneously contends that "since none of the insurers to date have agreed to provide coverage of the underlying claim, their attempts to avoid the prejudice requirement are unavailing." (See *Plaintiff's Memorandum of Law in Opposition to Utica's Motion for Partial Summary Judgment*, p. 4-5) Kleenit argues then that the insurer's attempts to "insulate" themselves from the prejudice analysis are "unavailing" impliedly because Utica has

5

sought declaratory relief on the issue of indemnity. Such an argument misconstrues Utica's obligations under Kleenit's policy of insurance and Massachusetts law.

First, Utica has not denied coverage for the underlying claim. If it had, then Utica would not be defending Kleenit with respect to this matter; this is because there is no duty to defend where the insurer has denied indemnity. Second, and more importantly, Massachusetts law does not require Utica to agree to indemnify Kleenit at this time. Unlike the duty to defend, the duty to indemnify arises after the insured demonstrates that the loss is covered under the policy. It is well established in Massachusetts that the duty to defend and the duty to indemnify are two separate and distinct duties under the policy. See Boston Symphony Orchestra v. Commercial Union Ins. Co., 406 Mass. 7, 10 (1989) ("The duty to defend . . . is antecedent to, and independent of, the duty to indemnify"). Kleenit mistakenly views Utica's duties to defend and indemnify as one and the same.

As this court is aware, Utica has accepted its defense responsibilities and is defending under a reservation of rights. The issue of whether or not Utica must indemnify this claim under its policy is pending and there is no obligation that Utica agree to indemnify Kleenit at this time. In light of the principles discussed above, Utica has not, as Kleenit asserts, "denied coverage of the underlying claim." Accordingly, the Massachusetts appellate cases cited by Kleenit that require a showing of prejudice, miss the mark because in each of those cases, the insurer refused to provide both defense and indemnity to its insured. Here, Utica has agreed to defend Kleenit and the only issue

before this court is whether Utica may deny coverage for costs incurred prior to the time Kleenit put Utica on notice of the claims against it.

Finally, in contrast to the authority cited by Kleenit, Utica has *never* denied coverage based on late notice or the voluntary payments provision. For this reason alone, the cases cited by Kleenit are inapplicable.

## CONCLUSION

WHEREFORE, Utica respectfully requests that this Court enter an Order granting partial summary judgment in Utica's favor with respect to the pre-tender defense costs and the Chapter 93A and 176D claims.

Respectfully submitted,

UTICA NATIONAL INSURANCE GROUP,
Defendant

By Its Attorney:

_____
Richard E. Heifetz      BBO #229000
Danielle M. Maloney     BBO #647527
TUCKER, HEIFETZ & SALTZMAN, LLP
Three School Street
Boston, MA 02108
617-557-9696
Dated: July 26, 2004

I hereby certify that I made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.

_____