IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10351-NG

|  |  |
|---|---|
| KLEENIT, INC., <br>     Plaintiff, <br><br> v. <br><br> SENTRY INSURANCE CO., <br> ROYAL & SUNALLIANCE, <br> UTICA NATIONAL INSURANCE <br> GROUP, and TRAVELERS <br> PROPERTY AND CASUALTY, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**MOTION BY DEFENDANT TRAVELERS INDEMNITY COMPANY TO JOIN IN THE REPLY BRIEFS FILED BY DEFENDANTS UTICA NATIONAL INSURANCE GROUP, GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE COMPANY**

Defendant Travelers Indemnity Company ("Travelers") respectfully moves this Court to allow it to join in and adopt the Reply Briefs filed by co-defendants Utica National Insurance Group ("Utica"), and Globe Indemnity Company and Royal Indemnity Company ("Royal") in support of the defendants' summary judgment motions. As grounds for this motion Travelers states that it, along with Utica, Royal and Sentry Insurance Company, has filed a motion for partial summary judgment on the issue of whether the plaintiff is entitled to reimbursement of pre-tender defense costs. The plaintiff filed a brief in opposition to said motions, relying heavily on the case of <u>Sarnafil v. Peerless Insurance Co</u>., 418 Mass. 295 (1994).

As Utica and Royal ably point out in their Reply Brief, the plaintiff's reliance on <u>Sarnafil</u> is misplaced and represents a mis-interpretation of that case. Similar to the other defendants, Travelers has **not** declined to cover the plaintiff's claim and **is** defending the subject claims

subject to its refusal to pay for pre-tender defense costs. (See Travelers' Statement of Undisputed Material Facts in Support of Partial Summary Judgment Motion, paras. 2-3 and 10-12). Travelers agrees with and joins in the arguments made by Utica and Royal as to why <u>Sarnafil</u> does not support the plaintiff's position in this case. Travelers also agrees with the arguments by Royal regarding the other cases cited by plaintiff in its opposition memorandum.

Rather than filing a separate brief, Travelers believes that the efficient administration of justice will be served by joining in the legal arguments already made by Utica (as well as Royal).

### Certification Pursuant to Local Rule 7.1(A)(2)

Pursuant to Local Rule (D. Mass.) 7.1(A)(2), undersigned counsel certifies that he has conferred with plaintiff's counsel in a good faith effort to resolve or narrow the issues presented by this motion. Plaintiff's counsel has ASSENTED to this motion.

Respectfully submitted,
**The Travelers Indemnity Company**,
By its attorneys,

/s/ Joseph S. Berman
_____
Joseph S. Berman, Esq., BBO 566006
Berman & Dowell
210 Commercial Street
Boston, MA 02109
617-723-9911
Jberman@bermandowell.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this 9th day of August, 2004, I filed a copy of the foregoing by electronic means with the United States District Court for the District of Massachusetts using the CM/ECF system, which will send notification to the following, to: Richard Heifetz, Esq. and Danielle M. Maloney, Esq., Tucker, Heiftez & Saltzman, LLP, Three School Street, Boston, MA 02108; Michael Aylward, Esq., Morrison, Mahoney & Miller, 250 Summer Street, Boston, MA 02110; Karl S. Vasiloff, Esq. and Seth Jackson, Esq., , Zelle, Hoffman, Voelbel, Mason & Gette, 950 Winter Street, Suite 1300, Waltham, MA 02451;and  Donald P. Nagle, Esq., Law Office of Donald P. Nagle, P.C., 5 Main Street Extension, Suite 300, Plymouth, MA 02360; and Donald Nagle, Esq., 5 Main Street Extension, Suite 300, Plymouth, MA 02360.

      _____/s/_____
      Joseph S. Berman