UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC., )<br>            Plaintiff )<br>vs. )<br> )<br>SENTRY INSURANCE COMPANY, )<br>ROYAL & SUN ALLIANCE, )<br>UTICA NATIONAL INSURANCE GROUP, and )<br>TRAVELERS PROPERTY AND CASUALTY, )<br>            Defendants ) | CIVIL ACTION<br>NO. 2004-10351 NG |

## DEFENDANT UTICA NATIONAL INSURANCE GROUP'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIM

### Introduction

This lawsuit arises out of claims filed by the Department of Environmental Protection ("DEP") against the plaintiff, Kleenit, Inc. ("Kleenit") in connection with two sites, Chelmsford, Massachusetts and Acton, Massachusetts, where Kleenit has maintained dry-cleaning facilities. Kleenit commenced this action alleging that the defendant/plaintiff in counterclaim, Utica National Insurance Group[1] ("Utica"), among others, has failed to accept its obligations to defend and indemnify Kleenit against the DEP's claims of alleged pollution in Acton and Chelmsford under M.G.L. c. 21E. Utica answered Kleenit's allegations, denying the same, and asserted a counterclaim seeking a declaration of the parties' rights with respect to the narrow issue of recovery of pre-tender defense costs relative to the Chelmsford and Acton sites.

---

[1] The correct name for Defendant Utica National Insurance Group is "Graphic Arts Mutual Insurance Company."

Utica now moves this Court, pursuant to Fed. R. Civ. P. 15(a), for leave of court to amend its counterclaim. Specifically, Utica seeks a determination of the parties' rights with respect to the issue of indemnity as it relates to the Acton and Chelmsford sites, as well as a third site, which presently is not a subject of this lawsuit. For the reasons stated below, Utica respectfully requests that this Court allow it leave to file the attached amended counterclaim. See Exhibit A, Amended Counterclaim.

### Factual Background

Kleenit operates dry-cleaning services at facilities located at 28 Central Square in Chelmsford ("Chelmsford site"), 293-295 Main Street in Acton ("Acton site"), and at 298 Boston Post Road in Wayland ("Wayland site"), all in Massachusetts. The DEP, by letter dated January 28, 2001, issued a Notice of Responsibility ("NOR") pursuant to M.G.L. c. 21E in connection with alleged environmental contamination at the Chelmsford site. On December 30, 2003, the DEP issued an NOR in connection with alleged contamination at the Acton site, and, on April 9, 2003, in connection with the Wayland site. The NORs allege that Kleenit is a responsible party for the release or threat of release of hazardous materials at each of the three sites.

Kleenit tendered the defense and indemnity of these claims, relative to each site, to Utica. Utica agreed to defend Kleenit under a reservation of rights against the DEP's claims of pollution at Acton, Chelmsford and Wayland. Shortly thereafter, Kleenit filed this lawsuit seeking declaratory relief and for breach of its liability insurance policies and violation of M.G.L. c. 93A and 176D in connection with the Acton and Chelmsford

sites. While the Acton and Chelmsford sites are the subject of this lawsuit, the Wayland site is not.

The insurance policy at issue here was issued by Graphic Arts Mutual and insured Kleenit for the Acton, Chelmsford and Wayland sites under FMP 1946 for the period 10/01/79 – 10/01/82. The general liability policy limits were $100,000 per occurrence and $100,000 in the aggregate. The policy contains an exclusion for liability arising out of pollution unless the pollution was "sudden and accidental." In particular, the language of this exclusion provides as follows:

> This insurance does not apply:
>
> (f) to bodily injury or property damages arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

In addition, the policy contained a so-called "owned property exclusion," which provided that the policy did not provide coverage for:

> PROPERTY DAMAGE to property owned or held for sale or being transported by the insured or in the insured's care, custody or control.

It is Utica's position, after investigation, that there is no coverage for the claims relative to the Chelmsford, Acton and Wayland sites under the applicable policy terms.

## Argument

### I. LEAVE SHOULD BE FREELY GIVEN TO AMEND THE COUNTERCLAIM AS IT IS IN THE INTERESTS OF JUDICIAL ECONOMY AND EFFICIENCY

This Court should permit Utica leave of court to amend its counterclaim so that it may add the Wayland site and seek an order as to the issue of indemnity with respect to each of the three sites. Pursuant to Fed. R. Civ. P. 15(a) "a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). The ruling on a motion to amend under Rule 15(a) is normally within the discretion of the trial court. See Farkas v. Texas Instruments, Inc., 429 F.2d 849 (1st Cir. 1970). Nevertheless, amendments under the rule are to be liberally granted, and some justification is required for a refusal. See Foman v. Davis, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962); Ondis v. Barrows, 538 F.2d 904, 909 (1976).

The policy that is the subject of this lawsuit covers all three sites: Acton, Chelmsford and Wayland. Pursuant to this policy, Utica has been defending Kleenit relative to the DEP's claims regarding the Acton and Chelmsford sites since 2002, and in regard to the Wayland site since July of last year. Indeed, from July 2003 forward, Utica has paid all of Kleenit's defense costs incurred with respect to the Wayland site, in conjunction with Royal & Sun Alliance. Although the parties had initially entered into a defense cost sharing agreement with respect to the Wayland site, which presumably obviated Kleenit's need to add Wayland to the initial lawsuit, Utica is now prepared, after investigation, to litigate the issue of indemnity as to all three sites under the

applicable policy terms. Thus, in order to achieve consistency, efficiency and judicial economy, the Court should allow Utica to add the Wayland site to its counterclaim.

In addition, Utica should be permitted to amend its counterclaim to seek a declaration of the parties' rights as to the issue of indemnity with regard to each of the three sites. Utica has been paying defense costs for all three sites despite serious questions regarding coverage. After investigation and review of its policy, it is Utica's position that there is no coverage afforded under the policy pursuant to the "sudden and accidental" and "owned property" exclusions. Accordingly, Utica seeks an order from this Court that (1) no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policies, as there was no "sudden and accidental" release of pollutants at the properties; (2) that no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policies, as there was no "sudden and accidental" release of pollutants at the properties that can reasonably be inferred to have occurred during the respective effective dates of these policies; (3) that no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of either the policies, for such coverage does not extend to damages to Kleenit's owned property or property under its care, custody and control; and, (4) that the Court declare the rights of the parties and adjudge that Utica has properly denied coverage for any pollution damages occurring at the properties.

Permitting Utica leave to amend its counterclaim to add the Wayland site and to seek a declaration as to the issue of indemnity as to all three sites will ensure efficient and expedient resolution of the issues between the parties.

## Conclusion

WHEREFORE, Utica respectfully requests that this Court allow its Motion for Leave to File an Amended Counterclaim.

## REQUEST FOR HEARING

Utica requests a hearing on its Motion for Leave to Amend its Counterclaim.

Respectfully submitted,

UTICA NATIONAL INSURANCE GROUP,
Defendant

By Its Attorney:

_____
Richard E. Heifetz         BBO #229000
Danielle M. Maloney        BBO #647527
TUCKER, HEIFETZ & SALTZMAN, LLP
Three School Street
Boston, MA 02108
617-557-9696
Dated: 8/18/04

I hereby certify that I made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.

6

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

KLEENIT, INC., )
                  Plaintiff )
vs. )
 )   CIVIL ACTION
 )   NO. 2004-10351 NG
SENTRY INSURANCE COMPANY, )
ROYAL & SUN ALLIANCE, )
UTICA NATIONAL INSURANCE GROUP, and )
TRAVELERS PROPERTY AND CASUALTY, )
                  Defendants )

## AMENDED COUNTERCLAIM
## OF DEFENDANT UTICA NATIONAL INSURANCE GROUP

### Parties

1.     Defendant/Plaintiff in Counterclaim, Graphic Arts Mutual Insurance Company[1] ("Utica") is a duly organized insurer with a principal place of business in New Hartford, New York. Utica is duly licensed to do business in the Commonwealth of Massachusetts, and incorporated under the laws of the State of New York.

2.     Upon information and belief, Plaintiff/Defendant in Counterclaim, Kleenit, Inc. ("Kleenit") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal office at 44 Park Street, in Ayer, Middlesex County, Massachusetts.

### Factual Background

3.     Kleenit alleges that Utica insured Kleenit under a special multi peril policy in connection with Kleenit's facilities located at 28 Central Square, Chelmsford, Middlesex County, Massachusetts ("the Chelmsford site"), 293-295 Main Street, Acton, Middlesex County, Massachusetts ("the Acton site"), and 298 Boston Post Road, Wayland Massachusetts (the Wayland site").

---

[1] The correct name for Defendant Utica National Insurance Group is "Graphic Arts Mutual Insurance Company."

4.  Kleenit alleges that it was issued a Notice of Responsibility ("NOR") by the Massachusetts Department of Environmental Protection ("DEP") with regard to alleged contamination at the Chelmsford site by letters dated January 28, 2001 and June 19, 2001. Kleenit further alleges that it was issued an NOR by the DEP on December 20, 2002 regarding alleged contamination at the Acton site and on April 9, 2003, in connection with the Wayland site.

5.  Kleenit alleges that the NORs claim that Kleenit is liable as a responsible party for the release or threat of release of hazardous materials at the three sites under G.L. c. 21E.

6.  On or about September 25, 2002, Kleenit tendered claims relative to the NORs and Chelmsford and Acton sites to Utica, requesting that it defend and indemnify it with respect to the NORs and claims, pursuant to the terms of an alleged insurance policy.

7.  Likewise, on or about June 3, 2003, Kleenit tendered the defense and indemnity of the NOR relative to the Wayland site to Utica, pursuant to the terms of an alleged insurance policy.

8.  In response to these letters, Utica conducted a diligent search and located one policy. The policy was issued by Graphic Arts Mutual and it insured Kleenit for the Acton, Chelmsford and Wayland sites under FMP 1946 for the period 10/01/79 – 10/01/82.

### Pre-Tender Defense Costs

9.  In connection with the Acton and Chelmsford sites, Kleenit demanded that Utica pay all so-called defense costs incurred relative to the sites, including those costs incurred prior to the date Kleenit tendered the claims to Utica.

10. Utica has refused to pay Kleenit's costs incurred relative to the defense, including site assessment, that were incurred prior to the date Kleenit put Utica on notice of the claims against it ("the pre-tender costs") regarding the Acton and Chelmsford sites.

11. Utica is not responsible for pre-tender costs pursuant to Hoppies Oil Serv., Inc. v. Ins. Co. of N. Am., 783 F. Supp. 1505, 1509 (D. Mass. 1992).

### Policy Exclusions

12.     The policy of insurance at issue for each of the three sites contains an exclusion for liability arising out of pollution unless the pollution was "sudden and accidental." In particular, the language of this exclusion provides as follows:

>  This insurance does not apply:
>
>  (f) to bodily injury or property damages arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

13.     At all times relevant hereto, the policy contained a so-called "owned property exclusion," which provided that the policy did not provide coverage for:

>  PROPERTY DAMAGE to property owned or held for sale or being transported by the insured or in the insured's care, custody or control.

14.     There is no coverage for the claims relative to the Chelmsford, Acton and Wayland sites under the applicable policy terms.

15.     A dispute has therefore arisen between the parties as to whether coverage is applicable under the policies issued by Utica for the claims set forth herein.

16.     A dispute has also arisen between the parties as to whether Utica is responsible for Kleenit's pre-tender defense costs in connection with the Chelmsford and Acton sites.

   WHEREFORE, the Defendant/Plaintiff in Counterclaim, Graphic Arts Mutual Insurance Company, demands judgment as follows:

1.      That the Court declare the rights of the parties and adjudge:

   a.   That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, as there was no "sudden and accidental" release of pollutants at the Chelmsford site.

3

b. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, as there was no "sudden and accidental" release of pollutants at the Chelmsford site that can reasonably be inferred to have occurred during the respective effective dates of this policy;

c. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, for such coverage does not extend to damages to Kleenit's owned property or property under its care, custody and control, in connection with the Chelmsford site;

d. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, as there was no "sudden and accidental" release of pollutants at the Acton site;

e. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, as there was no "sudden and accidental" release of pollutants at the Acton site that can reasonably be inferred to have occurred during the respective effective dates of this policy;

f. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, for such coverage does not extend to damages to Kleenit's owned property or property under its care, custody and control, in connection with the Acton site;

g. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, as there was no "sudden and accidental" release of pollutants at the Wayland site;

h. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, as there was no "sudden and accidental" release of pollutants at the Wayland site that can reasonably be inferred to have occurred during the respective effective dates of this policy;

i. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, for such coverage does not extend to damages to Kleenit's owned property or property under its care, custody and control, in connection with the Wayland site;

2. That the Court declare the rights of the parties and adjudge that Utica has properly denied coverage for any pollution damages occurring at the properties;

3. That the Court declare the rights of the parties and adjudge that, as a matter of law, Utica is not required to reimburse Kleenit for costs incurred relative to the Chelmsford and Acton sites prior to the date it tendered the defense of these claims to Utica;

4. That the Court declare the rights of the parties and adjudge that Utica has properly denied payment of Kleenit's pre-tender costs;

5. That the Court award Utica its reasonable costs and attorneys' fees incurred as a result of this action; and

6. For all other relief as the Court may find just, reasonable, and equitable.

Respectfully submitted,

UTICA NATIONAL INSURANCE GROUP,
Defendant

By Its Attorney:

_____
Richard E. Heifetz       BBO #229000
Danielle M. Maloney      BBO #647527
TUCKER, HEIFETZ & SALTZMAN, LLP
Three School Street
Boston, MA 02108
617-557-9696
Dated: 8/18/04