## UNITED STATES DISTRICT COURT
### FOR THE
## DISTRICT OF MASSACHUSETTS

KLEENIT, INC.,  )
              **Plaintiff**  )

vs.  )

    )

SENTRY INSURANCE COMPANY,  )
ROYAL & SUN ALLIANCE,  )
UTICA NATIONAL INSURANCE GROUP, and  )
TRAVELERS PROPERTY AND CASUALTY,  )
           **Defendants**  )

**CIVIL ACTION
NO. 2004-10351 NG**

## AMENDED COUNTERCLAIM
## OF DEFENDANT UTICA NATIONAL INSURANCE GROUP

### Parties

1.    Defendant/Plaintiff in Counterclaim, Graphic Arts Mutual Insurance Company[1] ("Utica") is a duly organized insurer with a principal place of business in New Hartford, New York.  Utica is duly licensed to do business in the Commonwealth of Massachusetts, and incorporated under the laws of the State of New York.

2.    Upon information and belief, Plaintiff/Defendant in Counterclaim, Kleenit, Inc. ("Kleenit") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal office at 44  Park Street, in Ayer, Middlesex County, Massachusetts.

### Factual Background

3.    Kleenit alleges that Utica insured Kleenit under a special multi peril policy in connection with Kleenit's facilities located at 28 Central Square, Chelmsford, Middlesex County, Massachusetts ("the Chelmsford site"), 293-295 Main Street, Acton, Middlesex County, Massachusetts ("the Acton site"), and 298 Boston Post Road, Wayland Massachusetts (the Wayland site").

---

[1]  The correct name for Defendant Utica National Insurance Group is "Graphic Arts Mutual Insurance Company."

4.    Kleenit alleges that it was issued a Notice of Responsibility ("NOR") by the Massachusetts Department of Environmental Protection ("DEP") with regard to alleged contamination at the Chelmsford site by letters dated January 28, 2001 and June 19, 2001.  Kleenit further alleges that it was issued an NOR by the DEP on December 20, 2002 regarding alleged contamination at the Acton site and on April 9, 2003, in connection with the Wayland site.

5.    Kleenit alleges that the NORs claim that Kleenit is liable as a responsible party for the release or threat of release of hazardous materials at the three sites under G.L. c. 21E.

6.    On or about September 25, 2002, Kleenit tendered claims relative to the NORs and Chelmsford and Acton sites to Utica, requesting that it defend and indemnify it with respect to the NORs and claims, pursuant to the terms of an alleged insurance policy.

7.    Likewise, on or about June 3, 2003, Kleenit tendered the defense and indemnity of the NOR relative to the Wayland site to Utica, pursuant to the terms of an alleged insurance policy.

8.    In response to these letters, Utica conducted a diligent search and located one policy.  The policy was issued by Graphic Arts Mutual and it insured Kleenit for the Acton, Chelmsford and Wayland sites under FMP 1946 for the period 10/01/79 – 10/01/82.

### Pre-Tender Defense Costs

9.    In connection with the Acton and Chelmsford sites, Kleenit demanded that Utica pay all so-called defense costs incurred relative to the sites, including those costs incurred prior to the date Kleenit tendered the claims to Utica.

10.    Utica has refused to pay Kleenit's costs incurred relative to the defense, including site assessment, that were incurred prior to the date Kleenit put Utica on notice of the claims against it ("the pre-tender costs") regarding the Acton and Chelmsford sites.

11.    Utica is not responsible for pre-tender costs pursuant to Hoppies Oil Serv., Inc. v. Ins. Co. of N. Am., 783 F. Supp. 1505, 1509 (D. Mass. 1992).

**Policy Exclusions**

12.    The policy of insurance at issue for each of the three sites contains an exclusion for liability arising out of pollution unless the pollution was "sudden and accidental." In particular, the language of this exclusion provides as follows:

> This insurance does not apply:
>
>> (f)  to bodily injury or property damages arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

13.    At all times relevant hereto, the policy contained a so-called "owned property exclusion," which provided that the policy did not provide coverage for:

> PROPERTY DAMAGE to property owned or held for sale or being transported by the insured or in the insured's care, custody or control.

14.    There is no coverage for the claims relative to the Chelmsford, Acton and Wayland sites under the applicable policy terms.

15.    A dispute has therefore arisen between the parties as to whether coverage is applicable under the policies issued by Utica for the claims set forth herein.

16.    A dispute has also arisen between the parties as to whether Utica is responsible for Kleenit's pre-tender defense costs in connection with the Chelmsford and Acton sites.


**WHEREFORE**, the Defendant/Plaintiff in Counterclaim, Graphic Arts Mutual Insurance Company, demands judgment as follows:

1.    That the Court declare the rights of the parties and adjudge:

>> a.    That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, as there was no "sudden and accidental" release of pollutants at the Chelmsford site.

b. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, as there was no "sudden and accidental" release of pollutants at the Chelmsford site that can reasonably be inferred to have occurred during the respective effective dates of this policy;

c. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, for such coverage does not extend to damages to Kleenit's owned property or property under its care, custody and control, in connection with the Chelmsford site;

d. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, as there was no "sudden and accidental" release of pollutants at the Acton site;

e. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, as there was no "sudden and accidental" release of pollutants at the Acton site that can reasonably be inferred to have occurred during the respective effective dates of this policy;

f. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, for such coverage does not extend to damages to Kleenit's owned property or property under its care, custody and control, in connection with the Acton site;

g. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, as there was no "sudden and accidental" release of pollutants at the Wayland site;

h. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, as there was no "sudden and accidental" release of pollutants at the Wayland site that can reasonably be inferred to have occurred during the respective effective dates of this policy;

i. That no insurance coverage for defense and/or indemnity is available pursuant to the terms and conditions of the policy, for such coverage does not extend to damages to Kleenit's owned property or property under its care, custody and control, in connection with the Wayland site;

2. That the Court declare the rights of the parties and adjudge that Utica has properly denied coverage for any pollution damages occurring at the properties;

4

3.    That the Court declare the rights of the parties and adjudge that, as a matter of law, Utica is not required to reimburse Kleenit for costs incurred relative to the Chelmsford and Acton sites prior to the date it tendered the defense of these claims to Utica;

4.    That the Court declare the rights of the parties and adjudge that Utica has properly denied payment of Kleenit's pre-tender costs;

5.    That the Court award Utica its reasonable costs and attorneys' fees incurred as a result of this action; and

6.    For all other relief as the Court may find just, reasonable, and equitable.

Respectfully submitted,

UTICA NATIONAL INSURANCE GROUP, Defendant

By Its Attorney:

Richard E. Heifetz        BBO #229000
Danielle M. Maloney      BBO #647527
TUCKER, HEIFETZ & SALTZMAN, LLP
Three School Street
Boston, MA 02108
617-557-9696
Dated:    8/18/04

I hereby certify that I made service on 9·16·04 of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.