## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

### CIVIL ACTION NO. 04 10351 NG

KLEENIT, INC.,
     **Plaintiffs**

v.

SENTRY INSURANCE COMPANY,
ROYAL & SUN ALLIANCE, UTICA
NATIONAL INSURANCE GROUP, and
TRAVELERS PROPERTY AND
CASUALTY,
     **Defendants**

## KLEENIT, INC.'S ANSWER TO AMENDED COUNTERCLAIM OF DEFENDANT UTICA NATIONAL INSURANCE GROUP

The Plaintiff/Counterclaim Defendant Kleenit, Inc. ("Kleenit") hereby answers

Defendant/Counterclaim Plaintiff Utica National Insurance Group's ("Utica's")

separately numbered paragraph counterclaim with corresponding numbered paragraphs.

    1.     Admitted.

    2.     Admitted.

    3.     Admitted.

    4.     Admitted.

    5.     Admitted.

    6.     Admitted.

    7.     Admitted.

    8.     Kleenit neither admits nor denies the statements made in paragraph

           number eight because they have no actual knowledge of same.

9.    Kleenit maintains that defense costs it incurred at the Acton site after it

tendered a claim to Utica on September 25, 2002 are post-tender costs and

admits that it demanded payment of these costs and any defense costs

incurred prior to September 25, 2002.  Kleenit also admits that it

demanded Utica to pay all defense costs related to the Chelmsford site.

10.    Admitted, so far as Utica has refused to pay Kleenit's costs incurred

relative to defense, including site assessment, that were incurred prior to

the date Kleenit put Utica on notice of the claims against it by DEP

regarding the Acton and Chelmsford Sites; however, Utica has also

refused to pay Kleenit's post-tender defense costs incurred prior to its

receipt of a Notice of Responsibility ("NOR") from DEP.

11.    Kleenit neither admits nor denies the statement made in paragraph 11, as it

contains conclusions of law; otherwise, denied.

12.    Kleenit neither admits nor denies the statements made in paragraph twelve

because its has no actual knowledge of same.

13.    Kleenit neither admits nor denies the statements made in paragraph

thirteen because its has no actual knowledge of same.

14.    Kleenit neither admits nor denies the statement made in paragraph 14, as it

contains conclusions of law; otherwise, Denied.

15.    Denied, insofar as a dispute has arisen between the parties as to whether

coverage is applicable because Utica has, heretofore, not denied coverage.

Insofar as there is now a dispute between the parties as to whether

2

coverage is applicable, due to Utica's allegation in paragraph 14,

Admitted.

16.    Admitted.

WHEREFORE, the Plaintiff/counterclaim defendant, Kleenit demands that this

counterclaim be dismissed and that judgment enter in the favor of Kleenit as

Plaintiff/counterclaim defendant in this counterclaim and for Kleenit as Plaintiff in his

original complaint.

**THE PLAINTIFF /COUNTERCLAIM DEFENDANT DEMANDS A JURY TRIAL**

**AS TO ALL ISSUES TRIABLE.**

Respectfully submitted,

KLEENIT, INC.

By its Attorney,

/s/ Donald P. Nagle

_____

Donald P. Nagle, Esq. (BBO # 553544)
Law Office of Donald P. Nagle, P.C.
5 Main Street Extension, Suite 300
Plymouth, Massachusetts 02360
(508) 732-8970

Date: October 20, 2004

**Certificate of Service**

I hereby certify that I made service of the foregoing document upon all counsel of record
in accordance with the provisions of Fed.R.Civ.P. 5.

/s/ Donald P. Nagle

_____

Donald P. Nagle