UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                )
KLEENIT, INC.                   )
                                )
        Plaintiff,              )
                                )
v.                              )        CIVIL ACTION NO. 04-10351 (NG)
                                )
                                )
SENTRY INSURANCE COMPANY,       )
ROYAL & SUNALLIANCE, UTICA      )
NATIONAL INSURANCE GROUP, and   )
TRAVELERS PROPERTY AND          )
CASUALTY,                       )
                                )
        Defendants.             )
_____)

**DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL
INSURANCE COMPANY OF AMERICA'S MEMORANDUM IN SUPPORT
OF ITS MOTION FOR LEAVE TO COUNTERCLAIM BY AMENDMENT**

This lawsuit arises out of claims filed by the Massachusetts Department of Environmental

Protection ("DEP") against the Plaintiff, Kleenit, Inc. ("Kleenit") in connection with two sites,

Chelmsford, Massachusetts and Acton, Massachusetts.  Kleenit commenced this action alleging

that the Defendants/Plaintiffs in counterclaim, Royal Insurance Company of America and Globe

Indemnity Company ("Royal") [1], among other insurers, have failed to accept its alleged

obligation to defend and indemnify Kleenit against the DEP's claims in Acton and Chelmsford

under M.G.L. c. 21E.  Utica subsequently filed an Amended Counterclaim seeking a declaration

of the Kleenit's and Utica's rights with respect to a third site in Wayland, Massachusetts.  Royal

now moves this Court, pursuant to Fed. R. Civ. 13(f) and 15(a), for leave of court to file a

_____
[1]  Kleenit also named "Royal & SunAlliance" as a defendant.  As set forth in Royal's prior pleadings, Royal &
SunAlliance is not a legal entity capable of being sued.

1

counterclaim by amendment.  Specifically, Royal seeks to file a counterclaim regarding the

Wayland site in the interests of judicial economy and efficiency as Kleenit claims coverage for

the Wayland site under both Utica and Royal policies.  For the reasons stated below, Royal

respectfully requests that this Court allow its leave to file the attached counterclaim.  See Exhibit

A, Counterclaim.

## FACTUAL BACKGROUND

As noted in Utica's Amended Counterclaim, Kleenit operates drycleaning services at

facilities 28 Central Square in Chelmsford (the "Chelmsford site"), 293-295 Main Street in

Acton (the "Acton Site"), and at 298 Boston Post Road in Wayland (the "Wayland site"), all in

Massachusetts.  The Massachusetts Department of Environmental Protection ("DEP") by letter

dated January 28, 2001, issued a Notice of Responsibility ("NOR") pursuant to M.G.L. c. 21E, in

connection with alleged environmental contamination at the Chelmsford site.  On December 30,

2002, the DEP issued a NOR in connection with alleged contamination at the Acton site and,

finally, on April 9, 2003, issued a NOR in connection with the Wayland site.  The NORs allege

that Kleenit is a responsible party for the release or threat of release of hazardous materials at

each of the three sites.

After Royal reserved its rights and agreed to participate in Kleenit's defense at all three

sites, Kleenit filed a declaratory judgment action in Massachusetts state court against Royal, and

the other insurers, for defense costs incurred and to be incurred with respect to the Acton and

Chelmsford sites.  Additionally, Kleenit sought damages for alleged bad faith and the recovery of

attorneys' fees.  The insurers removed the case to this Court on February 20, 2004.  After

receiving leave of court, Utica filed its Amended Counterclaim on September 16, 2004 with

respect to Kleenit's claims at the Wayland site.

After receiving Kleenit's claims for coverage[2], Royal conducted an exhaustive search and ultimately located a number of policies. Since some policies are clearly inapplicable because they contain Total or Absolute Pollution Exclusions or are Claims-Made policies, the only applicable policy issued by Royal to Kleenit regarding the Acton, Chelmsford and Wayland sites is GYAD 36485 for the period of 10/1/84-10/1/85. This policy of insurance contains an exclusion for liability arising out of pollution unless the pollution was "sudden and accidental."[3] In particular, the language of this exclusion provides as follows:

> This insurance does not apply:
>
> (f)    to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon the land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

At all times relevant hereto, the policy contained a so-called "owned property exclusion," which provided that the policy did not provide coverage for property damage:

> to property owned or occupied by or rented to the insured, or, except with respect to the use of elevators, to property held by the insured for the purpose of having operations performed on such property by or on behalf of insured …
>
> to property while on premises owned by or rented to the insured for the purpose of having operations performed on such property by or on behalf of the insured.

---

[2] To date, Kleenit has been unable to locate any policies issued by Royal to Kleenit and, as set forth in Royal's pending motion for summary judgment on pre-tender defense costs, Kleenit originally claimed coverage under specimen policy forms, which by their own terms could not provide the coverage sought by Kleenit.

[3] In addition, other defenses may apply to limit or exclude any obligation Royal may have with respect to the claims made against Kleenit at the Wayland site. For example, coverage may be limited or unavailable to the extent that some or all of the property damage did not occur during the term of the subject Royal policy. Further, private party claims against Kleenit arising out of the Wayland site do not constitute a "suit" within the meaning of the subject Royal policy.

Of the insurers involved in the lawsuit, Kleenit alleges that only Utica and Royal policies provide coverage for the Wayland site.  It is Royal's position that there is no coverage for the claims relative to the Chelmsford, Acton and Wayland sites under the applicable policy terms.  However, as noted, Royal is participating in the defense of claims against Kleenit for all three sites under full reservation of rights.

### ARGUMENT

This Court should permit Royal leave of court to file its counterclaim so that it may be a party to any judgment regarding the Wayland site and seeks an order as to Kleenit's alleged coverage with respect to this site.  Pursuant to Fed. R. Civ. P. 13(f), "when a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or *when justice so requires*, a party may by leave of court set up the counterclaim by amendment."  Fed. R. Civ. P. 13(f). (emphasis added)  See Refuse Fuels, Inc. v. Nat. Union Fire Ins Co. of Pittsburgh, Pa., 139 F.R.D. 576, 578-579 (D. Mass. 1991) (Collings, Mag. J.) (pursuant to considerable discretion under Rule 13(f), court allowed defendant insurers to set up new counterclaims because they were raised in good faith, were either compulsory or appropriately permissive, and did not require additional discovery); Ralli v. Tavern on the Green, 566 F. Supp. 329, 332 (S.D.N.Y. 1983) ("Addition of a counterclaim is within the court's discretion and is generally permitted if it will not prejudice plaintiff or entail additional discovery which might delay trial").

In conjunction with Rule 13(f), Rule 15(a) states that a party may amend the party's pleading by leave of court or by written consent of the adverse party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  See Farkas v. Texas Instruments, Inc., 429 F.2d 849 (1st Cir. 1970).  Amendments to pleadings under the rules are to be liberally granted,

and some justification is required for a refusal.  See Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. (1962); Ondis v. Barrows, 538 F.2d 904, 909 (1st Cir. 1976).

In light of Utica's Amended Counterclaim, it is clear that this Court will be resolving coverage issues pertaining to the Wayland site which directly implicate the subject Royal policy. Under these circumstances, justice requires that Royal be allowed to join issue with Kleenit and Utica, and participate in the resolution of these issues.  For example, there is no evidence to date that the pollution at the Wayland site was the result of a "sudden and accidental" release of pollutants.  Since Utica and Kleenit will be litigating this issue, justice and judicial economy strongly indicate that Royal should be allowed to participate in its resolution.

Further, Royal should be allowed to file this Counterclaim because it will not prejudice Kleenit.  Since discovery is in its early stages, Royal's Counterclaim will not require that discovery be delayed or repeated, and Kleenit will have a full and fair opportunity to address the coverage issues arising out of the Wayland site on the merits.  Therefore, in order to achieve consistency, efficiency and judicial economy, justice requires that the Court allow Royal to file its Counterclaim regarding the Wayland site.

## CONCLUSION

**WHEREFORE**, Royal requests that this Court grant Royal's Motion for Leave to File its Counterclaim by Amendment.

## REQUEST FOR HEARING

Royal requests a hearing on its Motion for Leave to File Counterclaim by Amendment.

## CERTIFICATION PURSUANT TO LOCAL RULE 7.1(A)(2)

Pursuant to Local Rule (D. Mass.) 7.1.(A)(2), undersigned counsel certifies that he has conferred with plaintiff's counsel in a good faith effort to resolve or narrow the issues presented by this motion.

Dated: November 4, 2004                    Respectfully submitted,

**ROYAL INSURANCE COMPANY OF AMERICA and GLOBE INDEMNITY COMPANY**

By Its Attorneys,


/s/ Seth V. Jackson
Karl S. Vasiloff, Esq. (BBO #555638)
Seth V. Jackson, Esq. (BBO #658669)
**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**
950 Winter Street, Suite 1300
Waltham, MA 02451
 (781) 466-0700

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 4, 2004, I electronically filed Defendants Globe Indemnity Company and Royal Insurance Company of America's Memorandum in Support of its Motion for Leave to Counterclaim by Amendment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Plaintiff, Kleenit, Inc.  (Electronically)**
Donald P. Nagle, Esq.
**Law Office of Donald P. Nagle, P.C.**
5 Main Street Extension, Suite 300
Plymouth, MA  02360

**Defendant, Sentry Insurance Company (Electronically)**
Michael Aylward, Esq.
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA  02210

**Defendant, Utica National Insurance Group (Electronically)**
Richard E. Heifetz, Esq.
**Tucker, Heifetz & Saltzman, LLP**
Three School Street
Boston, MA  02108

**Defendant, Travelers Indemnity Company (Electronically)**
Joseph S. Berman, Esq.
**Berman & Dowell**
210 Commercial Street
Boston, MA  02109

**Defendant, Utica National Insurance Group (First Class Mail)**
Danielle M. Maloney, Esq.
**Tucker, Heifetz & Saltzman, LLP**
Three School Street
Boston, MA  02108

Dated:  November 4, 2004                     /s/ Seth V. Jackson
                                             Karl S. Vasiloff, Esq. (BBO #555638)
                                             Seth V. Jackson, Esq. (BBO #658669)
                                             **ZELLE, HOFMANN, VOELBEL,**
                                             **MASON & GETTE LLP**
                                             950 Winter Street, Suite 1300
                                             Waltham, MA  02451
                                             (781) 466-0700