UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC.,<br><br>      Plaintiff<br><br>vs.<br><br>SENTRY INSURANCE COMPANY,<br>ROYAL & SUN ALLIANCE,<br>UTICA NATIONAL INSURANCE GROUP, and<br>TRAVELERS PROPERTY AND CASUALTY,<br>      Defendants | CIVIL ACTION<br>NO. 2004-10351 NG |

### DEFENDANT UTICA NATIONAL INSURANCE GROUP'S MOTION FOR SCHEDULING CONFERENCE

Pursuant to Federal Rules of Civil Procedure 16 and Local Rule 16.1(A), Utica National Insurance Group ("Utica") moves for entry of an order convening a Scheduling Conference at which hearing the Court would enter a Scheduling Order that addresses the following matters:

- revised deadlines for written discovery and depositions;
- a revised completion date for factual discovery;
- a revised date for the disclosure of expert witnesses;
- a date, if the Court finds necessary, for hearing on the arguments raised in the defendants' motions for partial summary judgment;
- a revised date for the filing of summary judgment as to issues in the case other than the pre-tender defense cost issue previously briefed by the parties;
- the timing of a final pretrial conference; and

- setting the trial date.

Since the parties filed their motions for partial summary judgment on the issue of pre-tender defense costs, there have been new developments. In particular, Utica has amended its Answer and filed a counterclaim regarding indemnity. In addition, defendant Royal & Sun Alliance has moved for leave to amend its Answer to add a counterclaim.

Wherefore, Utica respectfully requests that this Court order a Scheduling Conference to address the matters discussed above.

UTICA NATIONAL INSURANCE GROUP,
Defendant

By Its Attorney:

_____
Richard E. Heifetz      BBO #229000
Danielle M. Maloney    BBO #647527
TUCKER, HEIFETZ & SALTZMAN, LLP
Three School Street
Boston, MA 02108
617-557-9696
Dated:    December 1, 2004

I hereby certify that I made service
of the foregoing document in accordance
with the provisions of Fed. R. Civ. P. 5.
_____

2