UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KLEENIT, INC. | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION NO. 04-10351 (RBC) |
| SENTRY INSURANCE COMPANY, ROYAL & SUNALLIANCE, UTICA NATIONAL INSURANCE GROUP, and TRAVELERS PROPERTY AND CASUALTY, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## COUNTERCLAIM OF DEFENDANTS ROYAL INSURANCE COMPANY OF AMERICA AND GLOBE INDEMNITY COMPANY

### Parties

1. Defendant/Plaintiff Royal Insurance Company of America is duly organized and existing under the laws of the State of Illinois with its principal place of business at 25 Chardon Street, Boston, Massachusetts 02114. The Globe Indemnity Company is duly organized and existing under the laws of the State of Delaware with a principal place of business at 9300 Arrowpoint Boulevard, Charlotte, North Carolina 28273. Defendants/Plaintiffs in Counterclaim are hereinafter collectively referred to as Royal.

2. Upon information and belief, Plaintiff/Defendant in Counterclaim, Kleenit, Inc. ("Kleenit") is a corporation duly organized and existing under the laws of the Commonwealth of Massachusetts with its principal office at 44 Park Street, Ayer, Middlesex County, Massachusetts.

**Factual Background**

3. Kleenit alleges that Royal insured Kleenit under certain policies in connection with Kleenit's facilities located at 28 Central Square, Chelmsford, Middlesex County, Massachusetts (the "Chelmsford site"), 293-295 Main Street, Acton, Middlesex County, Massachusetts (the "Acton site"), and 298 Boston Post Road, Wayland, Massachusetts (the "Wayland site").

4. Kleenit alleges that it was issued a Notice of Responsibility ("NOR") by the Massachusetts Department of Environmental Protection ("DEP") with regard to alleged contamination at the Chelmsford site by letters dated January 28, 2001 and June 19, 2001. Kleenit further alleges that it was issued an NOR by the DEP on December 20, 2002 regarding alleged contamination at the Acton site and on April 9, 2003, in connection with the Wayland site.

5. Kleenit alleges that the NORs claim that Kleenit is liable as a responsible party for the release or threat of release of hazardous materials at the three sites under G.L.c.21E.

6. On or about September 25, 2002, Kleenit tendered claims relative to the NORs and Chelmsford and Acton sites to Royal, requesting that Royal defend and indemnify Kleenit with respect to the NORs and claims, pursuant to the terms of an alleged insurance policy.

7. Likewise, on or about June 3, 2003, Kleenit tendered the defense and indemnity of the NOR relative to the Wayland site to Royal, pursuant to the terms of an alleged insurance policy.

8. In response to these letters, Royal conducted an exhaustive search and ultimately located a number of policies. Since some policies are clearly inapplicable because they contain Total or Absolute Pollution Exclusions or are Claims-Made policies, the only applicable policy issued by Royal to Kleenit regarding the Acton, Chelmsford and Wayland sites is GYAD 36485

for the period of 10/1/84-10/1/85 ("subject Royal policy").

9. On or about February 18, 2004, Kleenit filed a declaratory judgment action in Massachusetts state court against Royal, as well as other insurers, for defense costs incurred and to be incurred with respect to the Acton and Chelmsford sites. Additionally, Kleenit sought damages for alleged bad faith and the recovery of attorneys' fees. Subsequently, the insurers removed the case to the United States District Court for the District of Massachusetts on February 20, 2004.

10. On September 16, 2004, Utica filed an Amended Counterclaim which placed at issue Kleenit's claims against Utica with respect to the Wayland site.

11. Of the insurers involved in this lawsuit, Kleenit alleges that *only* Utica and Royal policies would provide coverage to the Wayland site.

12. Royal is participating in the defense of claims against Kleenit at all three sites (Acton, Chelmsford and Wayland).

13. The subject Royal policy for each of the three sites contains an exclusion for liability arising out of pollution unless the pollution was "sudden and accidental." In particular, the language of this exclusion provides as follows:

> This insurance does not apply:
>
> (f) to bodily injury or property damage arising out of the discharge, dispersal, release or escape of smoke, vapors, soot, fumes, acids, alkalis, toxic chemicals, liquids or gases, waste materials or other irritants, contaminants or pollutants into or upon the land, the atmosphere or any water course or body of water; but this exclusion does not apply if such discharge, dispersal, release or escape is sudden and accidental.

14. At all times relevant hereto, the policy contained a so-called "owned property exclusion," which provided that the policy did not provide coverage for property damage:

3

to property owned or occupied by or rented to the insured, or, except with respect to the use of elevators, to property held by the insured for the purpose of having operations performed on such property by or on behalf of insured …

to property while on premises owned by or rented to the insured for the purpose of having operations performed on such property by or on behalf of the insured.

15. In addition, the following defenses may apply to limit or exclude any obligation Royal may have with respect to the claims made against Kleenit at the Wayland site:

a. To the extent that Kleenit failed to provide timely notice pursuant to the subject Royal policy, coverage may be barred;

b. Royal is not obligated to reimburse the costs of responding to private party claims such as the Exxon Mobil claim to the extent that the claims do not constitute a "suit" within the meaning of the subject Royal policy;

c. There is no coverage for some or all of the claims to the extent that they do not seek "damages" within the meaning of the subject Royal policy;

d. There is no coverage for some or all of the claims to the extent that Kleenit failed to comply with the provision in the subject Royal policy requiring that it cooperate with Royal;

e. There is no coverage for the claims to the extent that they arise from Kleenit's willful, intentional, or reckless acts;

f. There is no coverage for the claims to the extent that they do not involve allegations of or constitute an "accident" or "occurrence" within the meaning of the subject Royal policy;

g.   There is no coverage for the claims to the extent that they involve costs or liabilities incurred as a result of statutory violations, criminal fines or sanctions, civil fines or sanctions, punitive damages, and penalties;

h.   Kleenit's claims are barred in whole or in part to the extent that Kleenit failed to comply with conditions set forth in the subject Royal policy;

i.   Kleenit's claim for insurance coverage is subject to all of the terms, conditions, and exclusions of the subject Royal policy;

j.   To the extent that Kleenit violated the voluntary payment provision in the subject Royal policy, coverage for the claims may be precluded.

k.   There is no coverage for the claims to the extent that some or all of the property damage did not occur during the term of the subject Royal policy;

l.   There is no coverage for the claims to the extent that they do not involve "property damage" within the meaning of the subject Royal policy;

m.   Notwithstanding Royal's express denial that it has any obligation to provide coverage to Kleenit with respect to Kleenit's claims, in the event that Royal is adjudicated to be liable to provide coverage, any such finding must take into account all of the applicable insurance policies that Kleenit has or had that apply to the underlying claims, any self-insurance provided by Kleenit, and all other factors which may bear on the allocation of liability;

n.   The subject Royal policy contains per occurrence and aggregate limits which limit the obligation, if any, of Royal to provide coverage for the claims;

o.   If other valid and collectable insurance is available to Kleenit in connection with the claims and applies on the same basis, whether primary, excess or contingent,

then the coverage, if any, afforded by Royal is limited in accordance with the provisions of the subject Royal policy;

p. Kleenit's claims are barred in whole or in part to the extent Kleenit has failed to mitigate, minimize, or avoid any of the mitigated damages at issue;

q. Kleenit's claim for coverage is barred to the extent that the losses for which coverage is sought were known before the subject Royal policy incepted;

r. Kleenit's claim for coverage is barred to the extent that the losses for which coverage is sought were not fortuitous;

s. Royal reserves the right to offer additional defenses which cannot now be articulated due to Kleenit's failure to particularize the claims and policies under which coverage is sought; or due to Kleenit's failure to provide more specific information concerning the nature of the claim for which it claims coverage;

t. Kleenit's claims are barred by the applicable statute of limitations; and

u. To the extent that Kleenit knew that hazardous wastes or substances had been released or discharged at the Wayland site at the time it first applied for a policy of insurance with Royal, any failure to disclose and/or active concealment of these facts at the time it applied for the issuance of the subject Royal policy would constitute material misrepresentation, and be grounds for rescission of the subject Royal policy, and render the subject Royal policy void.

16. There is no coverage for the claims relative to the Wayland site under the applicable policy terms.

17. A dispute has therefore arisen between the parties as to whether coverage is applicable under the policy issued by Royal for the claims set forth herein.

6

**WHEREFORE,** the Defendant/Plaintiff in Counterclaim, Royal, demands judgment as follows:

1. That the Court declares the rights of the parties and adjudges that no insurance coverage is available pursuant to the terms and conditions of the subject Royal policy;

2. That the Court declares the rights of the parties and adjudges that Royal has properly denied coverage for any pollution damages occurring at the Wayland site;

3. That the Court awards Royal its reasonable costs and attorneys' fees incurred as a result of this action; and

4. For all other relief as the Court may find just, reasonable, and equitable.

Dated:  December 3, 2004                                   Respectfully submitted,

**ROYAL INSURANCE COMPANY OF AMERICA and GLOBE INDEMNITY COMPANY**

By Its Attorneys,

/s/ Seth V. Jackson
Karl S. Vasiloff, Esq. (BBO #555638)
Seth V. Jackson, Esq. (BBO #658669)
**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**
950 Winter Street, Suite 1300
Waltham, MA 02451
(781) 466-0700

## **CERTIFICATE OF SERVICE**

      I hereby certify that on December 3, 2004, I electronically filed Counterclaim of Defendants Royal Insurance Company of America and Globe Indemnity Company with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Plaintiff, Kleenit, Inc.  (Electronically)**
Donald P. Nagle, Esq.
**Law Office of Donald P. Nagle, P.C.**
5 Main Street Extension, Suite 300
Plymouth, MA  02360

**Defendant, Sentry Insurance Company (Electronically)**
Michael Aylward, Esq.
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA  02210

**Defendant, Utica National Insurance Group (Electronically)**
Richard E. Heifetz, Esq.
**Tucker, Heifetz & Saltzman, LLP**
Three School Street
Boston, MA  02108

**Defendant, Travelers Indemnity Company (Electronically)**
Joseph S. Berman, Esq.
**Berman & Dowell**
210 Commercial Street
Boston, MA  02109

**Defendant, Utica National Insurance Group (First Class Mail)**
Danielle M. Maloney, Esq.
**Tucker, Heifetz & Saltzman, LLP**
Three School Street
Boston, MA  02108

Dated:  December 3, 2004
                                          /s/ Seth V. Jackson
                                          Karl S. Vasiloff, Esq. (BBO #555638)
                                          Seth V. Jackson, Esq. (BBO #658669)
                                          **ZELLE, HOFMANN, VOELBEL,**
                                          **MASON & GETTE LLP**
                                          950 Winter Street, Suite 1300
                                          Waltham, MA  02451
                                          (781) 466-0700