UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC., ) | |
|             Plaintiff ) | |
| vs. ) | |
| ) | CIVIL ACTION |
| SENTRY INSURANCE COMPANY, ) | NO. 04-10351-RBC |
| ROYAL & SUN ALLIANCE, ) | |
| UTICA NATIONAL INSURANCE GROUP, and ) | |
| TRAVELERS PROPERTY AND CASUALTY, ) | |
|            Defendants ) | |

## JOINT CONFERENCE STATEMENT

Pursuant to Local Rule 16.1(D) and in response to the Court's order scheduling a Status Conference, dated December 2, 2004, the parties together submit the following Joint Conference Statement in preparation for the status conference on December 22, 2004.

**History and Procedural Background of Case**

On or about September 25, 2002, the plaintiff, Kleenit, Inc. ("Kleenit") submitted notices of claim to the defendant insurance companies pertaining to Notices of Responsibility ("NORs") issued by the Massachusetts Department of Environmental Protection ("DEP") to Kleenit. DEP issued the NORs pursuant to M.G.L. c. 21E for alleged contamination at two dry-cleaning facilities owned by Kleenit and located in Acton and Chelmsford, Massachusetts. After the parties were unable to resolve the scope of the insurers' duty to defend Kleenit with respect to the NORs, on November

14, 2003, Kleenit filed a complaint in the Lowell Superior Court against Sentry Insurance Company[1] ("Sentry"), Globe Indemnity Company and Royal Insurance Company of America[2] (collectively "Royal"), Utica National Insurance Group ("Utica"), and Travelers Property and Casualty[3] ("Travelers") (collectively referred to as "the insurers"), seeking declaratory relief and for breach of their liability insurance policies and violation of M.G.L. c. 93A and 176D

At various times subsequent to Kleenit's notices of claim, the insurers agreed to pay Kleenit's reasonable post-tender defense costs but declined to reimburse Kleenit for pre-tender defense costs. Kleenit asserts that, at the time it filed its Complaint, the insurers had not paid all post-tender defense costs and had not paid Kleenit's post-tender attorneys' fees incurred in defending the NORs. The insurers have also reserved their rights regarding the duty to indemnify Kleenit for any costs incurred to cleanup or remediate pollution at the Acton and Chelmsford sites. Kleenit alleges that the insurers failed to accept their obligations to defend and indemnify it against the NORs.

On February 19, 2004, after serving the Complaint and obtaining a short order of notice, Kleenit filed and served an Emergency Motion for Preliminary Injunction in Lowell Superior Court. The insurers removed the action to this Court on February 20, 2004. Shortly thereafter, the insurers filed their respective responsive pleadings. In addition, Kleenit re-filed an Emergency Motion for Preliminary Injunction, which it had

---

[1] Sentry has declined to defend or otherwise afford coverage to Kleenit because it has yet to confirm the issuance of a policy to Kleenit.
[2] The plaintiff has also named Royal & SunAlliance as a defendant. However, "Royal & SunAlliance" is not a legal entity capable of being sued.
[3] The plaintiff has improperly named this defendant. The correct defendant is the Travelers Indemnity Company.

originally filed in the Lowell Superior Court. The defendants filed oppositions and the motion was denied by Judge Nancy Gertner On September 13, 2004.

In May, 2004, the parties appeared before Judge Gertner for a Rule 16 Scheduling Conference. At that conference, Judge Gertner approved the discovery schedule agreed to by the parties and further ordered that the defendants file their respective motions for partial summary judgment as to the issue of pre-tender defense costs by the middle of June, 2004. Per this order, the insurers timely filed their motions for partial summary judgment. Kleenit filed its opposition in July, 2004. Shortly thereafter, the Court scheduled hearing on the motions on October 14, 2004. The hearing did not go forward as scheduled, however, because Judge Gertner reassigned this action to this session. These motions remain pending and the parties have not been heard on their motions.

**Current Status**

There have been several developments in this action since the May Scheduling Conference. First, both Utica and Royal have amended their pleadings to add counterclaims seeking a declaration of their rights with regard to issues of indemnity and defense. Also, Utica and Royal have amended their counterclaims to add a third environmental site to this lawsuit, namely, Wayland, Massachusetts ("the Wayland site"). Thus, each insurer, with the exception of Sentry, has filed counterclaims for declaratory relief.

In addition, discovery is underway. Utica, Royal and Travelers have served written discovery upon Kleenit. That discovery is presently outstanding. Royal has also

3

noticed Kleenit's Rule 30(b)(6) deposition. The parties have yet to collectively agree on a date for the deposition.

At this Conference, the parties wish to set a date for hearing on the defendants' motions for partial summary judgment as to the issue of pre-tender defense costs and to amend the discovery schedule and the schedule for filing motions. .

The parties propose the following pre-trial schedule and address the following matters in this case.

I. **Motion for Partial Summary Judgment**

The parties respectfully request a hearing on the pending Motion for Partial Summary Judgment at the Court's earliest convenience.

II. **Joint Discovery Plan**

*Kleenit's Proposed Discovery*

Kleenit anticipate serving requests for production of documents, interrogatories and, potentially, requests for admission. Kleenit may potentially depose a limited number of witnesses, including the insurers' Rule 30(b)(6) designee(s) concerning the applicable policies and claims handling, and witnesses who may have knowledge of the nature, extent and timing of the contamination at issue at the Acton, Chelmsford, or Wayland site.

*Insurers' Proposed Discovery*

The insurers have served requests for production of documents and interrogatories and wish to depose a limited number of witnesses, including Mr. Keith Crider, Kleenit's Rule 30(b)(6) designee(s) and any witnesses who have knowledge of

4

the nature and timing of the pollution or contamination at issue at the Acton, Chelmsford and Wayland sites; the extent and duration of the pollution; and Kleenit's performance of its contractual obligations to the insurers. The insurers anticipate that they may also wish to serve requests for admission.

Accordingly, the parties propose the following discovery schedule:

- Non-Expert Discovery Deadline         April 30, 2005
- Mediation                              May 30, 2005
- Designation of Experts                 June 30, 2005
- Plaintiff's Expert Report              July 30, 2005
- Defendants' Expert Reports             September 30, 2005
- Expert Deposition Deadline             November 30, 2005

## II. Proposed Schedule for Filing of Motions

Dispositive motions shall be filed by December 30, 2005.

## III. Certifications

By their signatures below, each counsel and an authorized representative of its client affirm that they have conferred:

(a) with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and

(b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlines in Local Rule 16.4.

*Donald P Nagle/dmm*
Kleenit, Inc.
By:
Its:

KLEENIT, INC.
The Plaintiff
By its attorney,

*Donald P Nagle/dmm*
Donald P. Nagle, Esquire BBO #
Donald P. Nagle, P.C.
5 Main Street Extension
Plymouth, MA 02360

_____
Utica National Insurance Group
By:
Its:




UTICA NATIONAL INSURANCE GROUP,
 Defendant
By Its Attorney:

_____
Richard E. Heifetz        BBO #229000
Danielle M. Maloney       BBO #647527
TUCKER, HEIFETZ & SALTZMAN, LLP
 Three School Street
Boston, MA 02108
617-557-9696

_____
Travelers Indemnity Company
By: Joseph L. Schmitt
Its: Counsel


TRAVELERS INDEMNITY COMPANY,
Defendant
By Its Attorney:

_____
Joseph S. Berman    BBO #566006
Berman & Dowell
210 Commercial Street
Boston, MA 02109

_Karl S. Vasiloff /dmm_
Royal Insurance Company of America
By:
Its:

_Karl S. Vasiloff /dmm_
Globe Indemnity Company
By:
Its:

ROYAL INSURANCE COMPANY OF AMERICA and
GLOBE INDEMNITY COMPANY
Defendants
By Its Attorney:

_Karl S. Vasiloff /dmm_
Karl S. Vasiloff       BBO #555638
Zelle, Hoffman, Voelbel, Mason & Gette LLP
950 Winter St. - Suite 1300
Waltham, MA  02451

_____
Sentry Insurance Company
By:
Its:


SENTRY INSURANCE COMPANY,
Defendant
By Its Attorney:


_____
Michael Aylward    BBO # 024850
Morrison, Mahoney & Miller, LLP
250 Summer Street
Boston, MA 02210

10