UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 1:04-cv-10351 NG

KLEENIT, INC.,
    **Plaintiffs**

v.

SENTRY INSURANCE COMPANY,
ROYAL & SUN ALLIANCE, UTICA
NATIONAL INSURANCE GROUP, and
TRAVELERS PROPERTY AND
CASUALTY,
    **Defendants**

## KLEENIT'S ANSWER TO THE COUNTERCLAIM OF DEFENDANT ROYAL INSURANCE COMPANY OF AMERCIA AND GLOBE INDEMNITY COMPANY

The Plaintiff/Counterclaim Defendant Kleenit, Inc. ("Kleenit") hereby responds

as follows to the Counterclaim of Defendant/Counterclaim Plaintiff Royal Insurance

Company of America and Globe Indemnity Company ("Royal").

### RESPONSE TO ENUMERATED PARAGRAPHS
### OF ROYAL'S COUNTERCLAIM

1.    Upon information and belief, Kleenit admits the allegations contained in

Paragraph 1 of the Counterclaim.

2.    Kleenit admits the allegations contained in Paragraph 2 of the

Counterclaim.

3.    Kleenit admits the allegations contained in Paragraph 3 of the

Counterclaim.

4.    Kleenit admits the allegations contained in Paragraph 4 of the Counterclaim, except that the DEP's NOR to Kleenit regarding the Acton Site was dated December 30, 2002.

5.    Kleenit admits the allegations contained in Paragraph 5 of the Counterclaim.

6.    Kleenit admits the allegations contained in Paragraph 6 of the Counterclaim.

7.    Kleenit admits the allegations contained in Paragraph 7 of the Counterclaim.

8.    Kleenit lacks sufficient information to form a belief concerning the allegations as pleaded contained in paragraph 8 of Royal's counterclaim. Further, such allegations state conclusions of law; hence, Kleenit neither admits nor denies the same and leaves Royal to its proof. Otherwise, Kleenit admits that Policy No. GYAD 36485 is applicable to the Acton, Chelmsford and Wayland Sites for the period 10/1/84-10/1/85.

9.    Kleenit admits the allegations contained in Paragraph 9 of the Counterclaim.

10.    Kleenit admits the allegations contained in Paragraph 10 of the Counterclaim.

11.    Kleenit admits the allegations contained in Paragraph 11 of the Counterclaim.

12.    Admitted that Royal is participating in defense of claims against Kleenit; however, denied that such participation is timely and adequate. For example, Royal's

first payment for defense costs for the Chelmsford and Acton sites occurred 485 days after Kleenit's Notice of Claim and paid for only .4% of Kleenit's defense costs at the time and has failed to pay at least some defense costs at all.

13.    Kleenit admits that the quoted language is an accurate recital of language in the policy; however, to the extent that the allegation set forth in paragraph 13 implies that there is no coverage in this case, denied.

14.    Kleenit lacks sufficient information to form a belief concerning the allegations as pleaded contained in paragraph 14 of Royal's counterclaim; hence, Kleenit neither admits nor denies the same and leaves Royal to its proof.

15.    The allegations contained in paragraph 15 a-u are speculative and calls for legal conclusions, and therefore no answer is required; however, to the extent that an answer is required, the allegations are denied; and further, to the extent that the allegations set forth in paragraph 15 a-u implies that there is no coverage in this case, denied.

16.    Kleenit denies the allegations contained in Paragraph 16 of the Counterclaim.

17.    Kleenit admits the allegations contained in Paragraph 17 of the Counterclaim; otherwise, and to the extent that the allegations set forth in paragraph 17 implies that there is no coverage in this case, denied.

**WHEREFORE**, Kleenit prays for judgment against Royal as follows:

1.    That this Court dismisses all claims in the Counterclaim;

2.   That this Court enter judgment in favor of Kleenit and rules that insurance coverage is available pursuant to the terms and conditions of the subject Royal policy;

3.   That this Court award Kleenit its costs of bringing suit and defending the counterclaim, including reasonable attorneys fees; and,

4.   That this Court grant such other and further relief as it deems proper.

Respectfully submitted,

KLEENIT, INC.

By its Attorney,

/s/ Donald P. Nagle

_____
Donald P. Nagle, Esq. (BBO # 553544)
Law Office of Donald P. Nagle, P.C.
5 Main Street Extension, Suite 300
Plymouth, Massachusetts 02360
(508) 732-8970

## CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2005, I served a copy of the foregoing Answer to Counterclaim upon all counsel of record in accordance with the provisions of Fed. R. Civ. P. 5.

/s/ Donald P. Nagle

_____
Donald P. Nagle

Date:   February 1, 2005