UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC.<br><br>Plaintiff,<br><br>v.<br><br>SENTRY INSURANCE COMPANY, ROYAL & SUNALLIANCE, UTICA NATIONAL INSURANCE GROUP, and TRAVELERS PROPERTY AND CASUALTY,<br><br>Defendants. | CIVIL ACTION NO.  04-10351 (RBC) |

**DEFENDANT ROYAL INDEMNITY COMPANY'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO COMPEL KLEENIT'S COMPLIANCE WITH THE COURT'S ORDER TO PRODUCE OUTSTANDING DOCUMENTS**

**PRELIMINARY STATEMENT**

Plaintiff Kleenit, Inc. ("Kleenit") is in violation of Judge Collings' order dated May 10, 2005 because it has not provided by May 23, 2005 outstanding documents owed to Defendant Royal Indemnity Company ("Royal"), as successor by merger to Globe Indemnity Company and Royal Insurance Company of America.  Pursuant to Federal Rules of Civil Procedure 34 and 37, and Local Rule 37.1, Royal is entitled to Kleenit's compliance with this Court order through the production of such documents.  Considering Kleenit's failure to produce these documents to Royal after telephone, written and e-mail communication reminding Kleenit's counsel of its discovery obligation and Kleenit's violation of the Court order, Royal is also entitled to monetary sanctions for the costs and attorneys' fees that it has incurred in repeatedly seeking these documents and in making this Motion to Compel.

**DISCOVERY BACKGROUND**

**I.     THE HISTORY OF DISCOVERY IN THIS CASE**

This litigation[1] has been marked by Kleenit's repeated tardiness in complying with discovery obligations under the Federal Rules of Civil Procedure. On October 26, 2004, Royal served its First Set of Interrogatories and First Set of Document Requests on Kleenit via the Court's electronic filing system. [Jackson Aff., Exhibits 1 and 2].[2] Pursuant to the 30 days permitted under Rules 33 and 34, Kleenit's written responses and documents were due on November 26, 2004.

After three months passed without receiving Kleenit's responses or documents, Royal's counsel sent a letter to Kleenit's counsel, Donald Nagle, dated January 17, 2005 requesting that Kleenit respond to Royal's discovery requests. [Jackson Aff., Exhibit 3]. Another month went by without a response or reason for Kleenit's failure to respond to Royal's discovery demands. Royal's counsel sent a letter to Kleenit's counsel dated February 23, 2005 that once again reiterated Kleenit's lack of response to Royal's interrogatories and document requests. [Jackson Aff., Exhibit 4].

In addition to these letters, Royal's counsel attempted to seek Kleenit's responses through various e-mails and telephone conversations. For example, on January 28, 2005, Kleenit's counsel responded to an e-mail from Royal's counsel that it would provide responses to interrogatories "shortly." [Jackson Aff., Exhibit 5]. However, on March 4, 2005, Royal notified Kleenit by e-mail that it still had not received the responses. [Jackson Aff., Exhibit 6].

---

[1] A complete factual background of the underlying litigation can be found in Royal's Memorandum of Law in Support of Its Motion for Partial Summary Judgment on pre-tender costs.

[2] References to the "Jackson Aff." are references to the Affidavit of Seth V. Jackson in Support of Defendant Royal Indemnity Company's Motion to Compel Kleenit's Compliance With the Court's Order to Produce Outstanding Documents.

On the afternoon of March 7, 2005, Royal's counsel conferred by telephone with Kleenit's counsel for approximately 20 minutes to discuss the failure of Kleenit to produce these delinquent discovery responses. [Jackson Aff., ¶ 8]. Kleenit's attorney stated that he had been unable to gather some documents from both his client and Kleenit's remediation attorneys, Rubin & Rudman. Royal's attorney agreed to allow Kleenit until March 14, 2005 to produce the responses and documents, or in the alternative, notify Royal of any reason for an additional delay. Royal's counsel informed Kleenit's counsel that Royal would be forced to seek redress with this Court if the documents were not produced by this date. Finally, on March 14, 2005, Kleenit responded to Royal's discovery requests, but, in doing so, only produced three small tabs of documents.

## II.   ROYAL'S PURSUIT OF THE OUTSTANDING DOCUMENTS

The majority of Kleenit's responses to Royal's discovery requests stated that any responsive documents were in "the possession of defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC and are available for inspection and copying at such mutually agreeable time." On March 23, 2005, Royal's counsel and Joe Berman, Travelers' counsel, reviewed and tabbed certain documents to be copied at the offices of Rubin and Rudman for production to Royal. After a month of waiting for the documents, Royal's counsel contacted David McSweeney and Bob Fasanella at Rubin & Rudman via a letter dated May 4, 2005 to inquire as to the status of these documents. [Jackson Aff., Exhibit 7]. Royal's counsel received no response.

At the telephonic status conference held on May 10, 2005 before Judge Collings, the issue of Kleenit's production of these outstanding documents owed to Royal as well as other

3

discovery concerns were presented to the Court. Subsequently, Judge Collings ordered that these documents must be produced "on or before the close of business on May 23, 2005." At 5:30 p.m. on May 23, 2005, Royal's counsel left a telephone message for Attorney Nagle asking where the documents were and reminding him of the Court-ordered deadline. [Jackson Aff., ¶ 10]. After receiving no response, Royal's counsel emailed Attorney Nagle on May 24, 2005 again seeking the status of these documents and demanding an explanation for the violation of Judge Collings' Order. [Jackson Aff., Exhibit 8]. Royal's counsel notified Kleenit's counsel that if these documents were not produced immediately, then Royal would seek relief from the Court. [Id.] Due to the lack of response by Kleenit's counsel, a Local Rule 37.1(B) discovery conference was not held.

## ARGUMENT

### III. ROYAL IS ENTITLED TO THE PRODUCTION OF DOCUMENTS RESPONSIVE TO ITS DOCUMENT REQUESTS AND THE COURT ORDER.

Kleenit must produce the documents to Royal in compliance with Royal's document requests and the Court's Order. Rule 34(b) states in relevant part:

> The party submitting the requests may move for an order under Rule 37(a) with respect to any objection to or other failure to respond to the requests or any part thereof, or any failure to permit inspection as requested.

Fed. R. Civ. P. 34.

Pursuant to Rule 37(a)(2)(B), if a party fails to produce documents under Rule 34, then "the discovering party may move for an order compelling an answer, or designation, or an order compelling inspection in accordance with the request." Fed. R. Civ. P. 37. In this case, an existing Court order has already compelled the production of these documents by Kleenit on May 23, 2005.

4

If a party fails to obey an order to provide discovery that is already in place, "the court in which the action is pending may make such orders in regard to the failure as are just …" Fed. R. Civ. P. 37(b)(2).  Kleenit has failed to produce the documents in violation of Judge Collings' existing order.  Kleenit's failure to produce comes after, and despite, repeated communications (telephone, written and electronic) to Kleenit's counsel.  [Exhibits 3-8].  Royal gave Kleenit every opportunity to produce the requested documents before taking court action.  However, after waiting over two months for such documents and in light of Kleenit's clear violation of the Court's Order, Royal has no choice but to ask the Court to compel Kleenit's compliance with the Court's Order.  Therefore, pursuant to its power under Rule 37(b)(2), the Court should immediately order Kleenit to produce the documents.

### IV.    ROYAL IS ENTITLED TO COSTS BECAUSE KLEENIT VIOLATED THE COURT'S ORDER.

Royal is entitled to its costs and attorney's fees incurred in making this motion and in its endless communications to Kleenit's counsel concerning the outstanding documents because Kleenit failed to comply with the Court's order.  Rule 37(b)(2) states in relevant part:

> [T]he court shall require the party failing to obey the order or the attorney advising that party or both to pay the reasonable expenses including attorney's fees, caused by the failure, unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(b)(2).

Kleenit clearly violated the Court's order to produce the documents to Royal.  Kleenit's failure to produce such documents in violation of the Court order, without explanation, and Kleenit's failure to respond to Royal's communications cannot be "substantially justified."  See Pereira v. Narragansett Fishing Corp., 135 F.R.D. 24, 26-27 (D. Mass. 1991) (Collings, J.)

5

(Court held that failure of plaintiff's counsel to comply with discovery orders until three weeks after date for serving discovery had closed warranted costs, including attorney's fees, and punitive monetary sanctions paid to the court).  Royal should not be forced to pay for its attorney's repeated efforts to obtain simple discovery from Kleenit.

### V.  CONCLUSION

Kleenit has violated this Court's order to produce such documents to Royal and has repeatedly ignored Royal's attempts to communicate on these issues.  Royal therefore seeks an order compelling compliance with the Court's order to produce the documents and awarding it its costs and fees in monetary sanctions.

Dated: June 2, 2005                    Respectfully submitted,

**ROYAL INDEMNITY COMPANY**

By Its Attorneys,

/s/ Seth V. Jackson
Karl S. Vasiloff, Esq. (BBO #555638)
Seth V. Jackson, Esq. (BBO #658669)
**ZELLE, HOFMANN, VOELBEL,
MASON & GETTE LLP**
950 Winter Street, Suite 1300
Waltham, MA 02451
 (781) 466-0700

**CERTIFICATE OF SERVICE**

    I hereby certify that on June 2, 2005, I electronically filed Defendant Royal Indemnity Company's Memorandum of Law in Support of its Motion to Compel with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

**Plaintiff, Kleenit, Inc.  (Electronically)**
Donald P. Nagle, Esq.
**Law Office of Donald P. Nagle, P.C.**
5 Main Street Extension, Suite 300
Plymouth, MA  02360

**Defendant, Sentry Insurance Company (Electronically)**
Michael Aylward, Esq.
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA  02210

**Defendant, Utica National Insurance Group (Electronically)**
Richard E. Heifetz, Esq.
Danielle M. Maloney, Esq.
**Tucker, Heifetz & Saltzman, LLP**
Three School Street
Boston, MA  02108

**Defendant, Travelers Indemnity Company (Electronically)**
Joseph S. Berman, Esq.
**Berman & Dowell**
210 Commercial Street
Boston, MA  02109

| | |
|---|---|
| Dated:  June 2, 2005 | /s/ Seth V. Jackson |
| | Karl S. Vasiloff, Esq. (BBO #555638) |
| | Seth V. Jackson, Esq. (BBO #658669) |
| | **ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP** |
| | 950 Winter Street, Suite 1300 |
| | Waltham, MA  02451 |
| | (781) 466-0700 |

7