# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC.<br><br>Plaintiff,<br><br>v.<br><br>SENTRY INSURANCE COMPANY, ROYAL & SUNALLIANCE, UTICA NATIONAL INSURANCE GROUP, and TRAVELERS PROPERTY AND CASUALTY,<br><br>Defendants. | CIVIL ACTION NO. 04-10351 (NG) |

## DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE COMPANY OF AMERICA'S FIRST SET OF INTERROGATORIES TO PLAINTIFF KLEENIT

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Globe Indemnity Company and Royal Insurance Company of America (collectively "Royal") demand responses to the following interrogatories within thirty (30) days at the office of Zelle, Hofmann, Voelbel, Mason & Gette, LLP, 950 Winter Street, Suite 1300, Waltham, Massachusetts 02451.

## DEFINITIONS

In addition to the uniform definitions set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts that Royal hereby fully incorporates by reference, the following definitions apply to these Interrogatories.

Definition No. 1.   Kleenit. This term shall mean the Plaintiff Kleenit, Inc. and any of its predecessors, successors, employees, officers, directors, agents, or representatives.

Definition No. 2.   Royal. This term shall collectively mean the Defendants, Globe Indemnity Company and Royal Insurance Company of America, and any of its employees,

officers, directors, agents, or representatives.

<u>Definition No. 3.</u>     <u>Sites</u>.  This term shall mean the drycleaning and laundering facilities located at 28 Central Square Chelmsford, Massachusetts, and 293-295 Main Street, Acton, Massachusetts and 298 Boston Post Road, Wayland, Massachusetts.

<u>Definition No. 4.</u>     <u>Policies</u>.  This term shall mean the Royal policies issued to Kleenit regarding the Sites.

<u>Definition No. 5.</u>     <u>Environmental Claims</u>.  This term shall mean the claims asserted against You arising out of the Sites.

<u>Definition No. 6.</u>     <u>Relate</u>.  This term shall mean consisting of, containing, mentioning, suggesting, reflecting, concerning, summarizing, analyzing, discussing, involving, dealing with, emanating from, directed at, pertaining to in any way, or in any way logically or factually connected or associated with the matter discussed.

<u>Definition No. 7.</u>     <u>You or Your</u>.  These terms shall refer to the Plaintiff Kleenit.

<u>Definition No. 8.</u>     <u>Release</u>.  This term shall mean any intentional, unintentional, or accidental spilling, dumping, leaking, leaching, or transferring of any hazardous substance, fuel oil, or gasoline, or its components, into the uncontrolled, natural environment.

<u>Definition No. 9.</u>     <u>Sudden and Accidental</u>.  This term shall mean a release applied to those release that are both unexpected and abrupt in the temporal sense.

<u>Definition No. 10</u>.    <u>Remediate</u>.  This term shall mean the terms "remove," "removal," "response," and "response action" as defined in M.G.L. ch. 21E, §2.

<u>Definition No. 11</u>.    <u>Hazardous Materials, Operator, Assess, Environment, Release</u>. These terms shall be defined as in M.G.L. ch. 21E, §2.

2

## GENERAL INSTRUCTIONS

<u>Instruction No. 1.</u>    The discovery requests contained herein are continuing, and should You obtain other information or documents which would add to or change Your responses, You are directed to provide such additional information or documents to the undersigned attorneys for Royal immediately upon Your discovery or receipt of such information or documents.

<u>Instruction No. 2.</u>    If You claim that the attorney-client privilege or any other privilege or discovery immunity applies to any discovery requested herein, please provide information sufficient to support Your claim of privilege or discovery immunity as follows: With respect to a document, state separately for each document, the type of document (e.g., letter, memorandum, etc.); the subject matter of the document; each and every person who prepared, signed, or participated in the preparation of the document; each and every person who received the document; and the identity of all attachments or enclosures to the document. For all privileges or discovery immunities claimed, state the nature of the privilege or immunity asserted and any statutes or rules that You contend support Your assertion of the privilege.

<u>Instruction No. 3.</u>    The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

<u>Instruction No. 4.</u>    The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

<u>Instruction No. 5.</u>    The masculine shall be construed to include the feminine, and vice versa, to make the request inclusive rather than exclusive.

<u>Instruction No. 6.</u>    "Each" includes the word "every," and "every" includes the word "each." "Any" includes the word "all," and "all" includes the word "any." "And" includes the word "or," and "or" includes the word "and."

Instruction No. 7.   If You object to any part of a specific Interrogatory, state the objections in full and provide an answer to the remaining portions of such Interrogatory to which no objections is interposed.

## **INTERROGATORIES**

Interrogatory No. 1.   Identify each and every person who has answered, provided any information, been consulted, or participated in the preparation of the answers to these Interrogatories and, for each such person identified, identify the Interrogatories with which the person was involved.

Interrogatory No. 2.   Identify all communications by or between You and any person, including but not limited to any local, state, or federal government agencies or officials, concerning the alleged environmental contamination at issue in this litigation.

Interrogatory No. 3.   Identify all Environmental Claims which have been or may be asserted against Kleenit relating to the alleged environmental contamination at issue in this litigation. For each claim identified, please include the following information: the identity of the claimant(s) and/or potential claimant(s) and the specific subject matter or nature of the claim (including, but not limited to the alleged damages, including the amount of alleged damages; identification of all contaminants and/or material(s) at issue with respect to the claim, including specifically identifying the nature of the alleged environmental contamination; and a description of all property that is the subject or source of the claim).

Interrogatory No. 4.   Identify any lawsuit and/or other proceedings (including every local, state or federal judicial, administrative, legislative or alternative dispute resolution proceeding) which has been, or is expected to be, filed with respect to the Environmental Claims at the Sites, including the venue or expected venue of the action, the parties or expected parties, and, where applicable, the case or docket number, a description of the facts alleged and the relief

sought by each claimant, the date on which Kleenit became aware of the claim and the identity of all Kleenit employees having knowledge regarding the claim.

Interrogatory No. 5.   Identify each expense which Kleenit has incurred to date or estimates that it will incur for the defense, investigation, cleanup or abatement of the Environmental Claims at the Sites, including but not limited to a description of each such expense, the amount of the expense, the date on which the expense was incurred, the reason for the expense, what payment has been made, and the person or persons seeking payment.

Interrogatory No. 6.   Itemize and identify all damages which You seek in this case, including the amount of each item of damage, the date on which it was or will be incurred, and the reason for which it was or will be incurred.  In responding to this interrogatory, please identify each person performing services for which such costs were incurred and identify all bills, statements, invoices, or other documents in Your possession which detail the nature, date, amount, and charge for such services and identify the custodian thereof.

Interrogatory No. 7.   Identify and describe the alleged environmental contamination at issue in this litigation, including but not limited to the following information: the identity, location and use of the property where the alleged environmental contamination is located; the owner and operator of the property where the alleged environmental contamination is located; the date(s) on which the property was exposed to the alleged environmental contamination; the date(s) on which the alleged environmental contamination was removed, remediated, cleaned up or abated; and the cause or causes of the alleged environmental contamination, including without limitation when and how the substances allegedly contaminating the environment at or near the Sites entered the air, soil, surface water or groundwater at the Sites.

Interrogatory No. 8.   Identify all property damage that has occurred in connection with the alleged environmental contamination through a detailed description of each such alleged

5

occurrence of property damage including a factual description of the place and manner in which each such alleged occurrence took place; the date on which the damage first occurred; the last date on which such damage occurred; and the identity of any person with knowledge of any such occurrence and of all documents relating to such occurrence.

Interrogatory No. 9.   Identify the basis upon which You contend that the Royal Policies provide coverage to You with respect to the Environmental Claims, including an identification of all policy provisions which You contend entitle You to coverage.

Interrogatory No. 10.  Identify all communications concerning the release, presence, absence, removal, remediation or abatement of the alleged environmental contamination between: Kleenit and any other person or entity, including any local, state or federal government agencies or officials, any insurance agent or broker, any insurer, and any real or potential claimant.

Interrogatory No. 11.  Identify and describe all testing, investigation, examination, or inspection of the alleged environmental contamination, including but not limited to the following information: the identity of the persons performing the testing, investigation, examination, or inspection; the identity, location and use of the property at which testing was performed, the dates on which all testing, investigation, examination, or inspection was performed; and the identity of all documents, including reports, conclusions, recommendations and findings prepared in conjunction with the testing, investigation, examination, or inspections.

Interrogatory No. 12.  Describe in detail the past and present ownership of the Sites or any portion thereof, identifying each person that has owned or operated any of the properties containing the alleged environmental contamination which is the subject of a claim, the dates of ownership by each entity, and Your relationship to each such entity.

<u>Interrogatory No. 13.</u>  Identify all persons, including past or present Kleenit employees, with knowledge of the alleged environmental contamination or whose duties include any contact with the alleged environmental contamination which is at issue in this litigation.

<u>Interrogatory No. 14.</u>  Describe when and how You first became aware of the presence of the environmental contamination at the Sites, including the identity of all persons with knowledge of the facts relating to Your first knowledge and the identity of all documents relating thereto.

<u>Interrogatory No. 15.</u>  Please identify all agents, servants, employees or other representatives of Kleenit, Inc., who participated in the procurement, negotiation, execution, administration or interpretation of the alleged polices or the maintenance of insurance coverage for or on behalf of Kleenit, Inc, and in Your answer please state the period(s) of time during which each person performed such functions; the function(s) each such person performed; the identity of each such person's employer during the period of time in which each such function was performed; the position or job title of each such person if currently employed by Kleenit, and, if not currently employed by Kleenit, state the date of termination of each such person's employment with Kleenit and the current address at which each such person may be reached.

<u>Interrogatory No. 16.</u>  Please identify all brokers or agents used by Kleenit to inquire about, negotiate, execute, or otherwise obtained the alleged policies, and in Your answer please identify the alleged policies for which each such broker or agent had responsibilities.

<u>Interrogatory No. 17.</u>  Please state with respect to each of the alleged policies whether You have in Your possession, custody or control:

    a)    the signed original of the policy;
    b)    a signed copy of the policy;
    c)    an unsigned copy of the policy;
    d)    any part of the original policy;

    e)    any part of a copy of the policy; and
    f)    the location and present custodian of each such document identified in items a through e.

<u>Interrogatory No. 18.</u>  Please identify all demands, requests for coverage, or claims made by or on behalf of the plaintiff to Royal demanding or requesting that Royal provide You with a legal defense, indemnity, or any other coverage under any of the alleged Policies.

<u>Interrogatory No. 19.</u>  Please identify any and all claims paid by Royal under any of the alleged policies, regardless of their relation to the allegations of the complaint, including, but not limited to, the amount of the claim, the amount paid by Royal, and the date of the claim.

<u>Interrogatory No. 20.</u>  Please identify in detail and with particularity all documents upon which You rely to prove or establish the existence, terms, conditions, provisions, and/or exclusions of the alleged policies.

<u>Interrogatory No. 21.</u>  Please identify the dates of coverage, type of policy (liability, garage policy, etc.) issued by Sentry Insurance Company, Utica National Insurance Group and Travelers Property & Casualty, and list the policy numbers and effective dates of coverage for each such policy.

<u>Interrogatory No. 22.</u>  For each of the alleged Royal policies, please state in detail and with particularity all facts upon which You rely to support Your contention that the policy exists or ever existed.

<u>Interrogatory No. 23.</u>  For each of the alleged Royal policies, identify the basis upon which You contend that the policies provide You coverage with respect to the environmental claims including an identification of all policy provisions that You contend entitle You to coverage, including that any discharge, dispersal, release or escape of hazardous substances giving rise to environmental contamination was sudden or accidental.

Interrogatory No. 24. Set forth the name and address of all proposed witnesses who You expect to call at trial, and, as to each witness, please state the subject matter upon which the witness is expected to testify and the substance of the facts to which the witness is expected to testify.

Interrogatory No. 25. Identify all documents, including all exhibits and attachments thereto, that You intend to use at any trial of this action.

Dated: October 26, 2004               Respectfully submitted,

**ROYAL INSURANCE COMPANY OF AMERICA and GLOBE INDEMNITY COMPANY**

By Its Attorneys,

_/s/ Karl V. Vasiloff_

Karl S. Vasiloff, Esq. (BBO #555638)
Seth V. Jackson, Esq. (BBO #658669)
**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**
950 Winter Street, Suite 1300
Waltham, MA 02451
(781) 466-0700

9

## CERTIFICATE OF SERVICE

  I Seth V. Jackson, hereby certify I served a copy of the foregoing document on October 26, 2004, on all parties of record, by first class mail, postage prepaid to:

**Plaintiff, Kleenit, Inc.**
Donald P. Nagle, Esq.
**Law Office of Donald P. Nagle, P.C.**
5 Main Street Extension, Suite 300
Plymouth, MA  02360

**Defendant, Sentry Insurance Company**
Michael Aylward, Esq.
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA  02210

**Defendant, Utica National Insurance Group**
Richard E. Heifetz, Esq.
**Tucker, Heifetz & Saltzman, LLP**
Three School Street
Boston, MA  02108

**Defendant, Travelers Indemnity Company**
Joseph S. Berman, Esq.
**Berman & Dowell**
210 Commercial Street
Boston, MA  02109

**Defendant, Utica National Insurance Group**
Danielle M. Maloney, Esq.
**Tucker, Heifetz & Saltzman, LLP**
Three School Street
Boston, MA  02108

/s/ Seth V. Jackson
Seth V. Jackson, Esq.

10