# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC.<br><br>Plaintiff,<br><br>v.<br><br>SENTRY INSURANCE COMPANY, ROYAL & SUNALLIANCE, UTICA NATIONAL INSURANCE GROUP, and TRAVELERS PROPERTY AND CASUALTY,<br><br>Defendants. | CIVIL ACTION NO. 04-10351 (NG) |

## DEFENDANTS GLOBE INDEMNITY COMPANY AND ROYAL INSURANCE COMPANY OF AMERICA'S FIRST SET OF DOCUMENT REQUESTS TO PLAINTIFF KLEENIT

Pursuant to Federal Rules of Civil Procedure 26 and 34, Defendants Globe Indemnity Company and Royal Insurance Company of America (collectively "Royal") demand production of the following documents within thirty (30) days at the office of Zelle, Hofmann, Voelbel, Mason & Gette, LLP, 950 Winter Street, Suite 1300, Waltham, Massachusetts 02451.

### DEFINITIONS

In addition to the uniform definitions set forth in Rule 26.5 of the Local Rules of the United States District Court for the District of Massachusetts that Royal hereby fully incorporates by reference, the following definitions apply to these Document Requests.

Definition No. 1.    Kleenit. This term shall mean the Plaintiff Kleenit, Inc. and any of its predecessors, successors, employees, officers, directors, agents, or representatives.

1

Definition No. 2.    Royal. This term shall collectively mean the Defendants, Globe Indemnity Company and Royal Insurance Company of America, and any of its employees, officers, directors, agents, or representatives.

Definition No. 3.    Sites. This term shall mean the drycleaning and laundering facilities located at 28 Central Square Chelmsford, Massachusetts, 293-295 Main Street, Acton, Massachusetts, and 298 Boston Post Road, Wayland, Massachusetts.

Definition No. 4.    Policies. This term shall mean the Royal policies issued to Kleenit regarding the Sites.

Definition No. 5.    Environmental Claims. This term shall mean the claims asserted against You arising out of the Sites.

Definition No. 6.    Relate. This term shall mean consisting of, containing, mentioning, suggesting, reflecting, concerning, summarizing, analyzing, discussing, involving, dealing with, emanating from, directed at, pertaining to in any way, or in any way logically or factually connected or associated with the matter discussed.

Definition No. 7.    You or Your. These terms shall refer to the Plaintiff Kleenit.

Definition No. 8.    Release. This term shall mean any intentional, unintentional, or accidental spilling, dumping, leaking, leaching, or transferring of any hazardous substance, fuel oil, or gasoline, or its components, into the uncontrolled, natural environment.

Definition No. 9.    Sudden and Accidental. This term shall mean a release applied to those release that are both unexpected and abrupt in the temporal sense.

Definition No. 10.   Remediate. This term shall mean the terms "remove," "removal," "response," and "response action" as defined in M.G.L. ch. 21E, §2.

Definition No. 11.   Hazardous Materials, Operator, Assess, Environment, Release. These terms shall be defined as in M.G.L. ch. 21E, §2.

## **GENERAL INSTRUCTIONS**

Instruction No. 1.   The discovery requests contained herein are continuing, and should You obtain other information or documents which would add to or change Your responses, You are directed to provide such additional information or documents to the undersigned attorneys for Royal immediately upon Your discovery or receipt of such information or documents.

Instruction No. 2.   If You claim that the attorney-client privilege or any other privilege or discovery immunity applies to any discovery requested herein, please provide information sufficient to support Your claim of privilege or discovery immunity as follows: With respect to a document, state separately for each document, the type of document (e.g., letter, memorandum, etc.); the subject matter of the document; each and every person who prepared, signed, or participated in the preparation of the document; each and every person who received the document; and the identity of all attachments or enclosures to the document. For all privileges or discovery immunities claimed, state the nature of the privilege or immunity asserted and any statutes or rules that You contend support Your assertion of the privilege.

Instruction No. 3.   The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

Instruction No. 4.   The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

Instruction No. 5.   The masculine shall be construed to include the feminine, and vice versa, to make the request inclusive rather than exclusive.

Instruction No. 6.   "Each" includes the word "every," and "every" includes the word "each." "Any" includes the word "all," and "all" includes the word "any." "And" includes the word "or," and "or" includes the word "and."

Instruction No. 7    Each request herein for a document of documents to be produced, whether memoranda, reports, letters, minutes, or other documents of any description, requires the production of the document in its entirety, without redaction or expurgation.

Instruction No. 8    If any documents responding to all or any part of any request for documents are not currently available, include a statement to that effect and furnish whatever documents were available.

## DOCUMENT REQUESTS

Request No. 1.    All documents in Your possession, custody, or control which concern or relate to the Environmental Claims at the Sites.

Request No. 2.    All documents in Your possession, custody, or control which concern or relate to or embody communications with any federal, state or local regulatory agency or board (including but not limited to the Massachusetts Department of Environmental Protection) regarding the Environmental Claims at the Sites.

Request No. 3.    All documents in Your possession, custody, or control concerning or relating to or embody communications with any private party (including but not limited to Your landlord(s)) regarding the Environmental Claims at the Sites.

Request No. 4.    All documents in Your possession, custody, or control which concern or relate to or embody any internal memoranda or communications regarding the Environmental Claims at the Sites.

Request No. 5.    All documents in Your possession, custody, or control which concern or relate to the alleged environmental contamination that is the subject of the Environmental Claims, including but not limited to the cause, extent, source and timing of such contamination and any allegedly sudden and accidental release giving rise to such contamination.

Request No. 6.	All documents in Your possession, custody, or control which concern or relate to cleanup, remediation, removal, or abatement of the alleged environmental contamination performed at the Sites.

Request No. 7.	All documents in Your possession, custody, or control which concern or relate to cleanup, remediation, removal, or abatement of the alleged environmental contamination that migrated from the Sites to abutting property.

Request No. 8.	All documents in Your possession, custody, or control which concern or relate to or embody any communications with any other person regarding the Environmental Claims at the Sites.

Request No. 9.	All documents in Your possession, custody, or control which relate to the cause and timing of the alleged environmental contamination in the soil, groundwater and air at the Sites, including but not limited to any inspections, testing, sampling or analysis.

Request No. 10.	All documents in Your possession, custody, or control which relate to the implication of coverage by the Royal policies for the Environmental Claims at the Sites.

Request No. 11.	All documents in Your possession, custody, or control which relate to or embody communications between You and Royal regarding the Environmental Claims.

Request No. 12.	All documents in Your possession, custody, or control which relate to Kleenit's claims for damage, including but not limited to Your actual or anticipated costs, expenses, and/or attorney fees incurred or to be incurred in defense of the Environmental Claims.

Request No. 13.	All documents to which You referred or on which You relied, or which You identified in connection with Your answers to Royal's First Set of Interrogatories to Kleenit.

Request No. 14.    Any all documents, which refer, reflect or relate to any and all efforts by you to identify and/or locate any responsible party with connection with the alleged contamination at the Sites.

Request No. 15.    All maps, area photographs, surveys, plot plans, or other documents showing the boundaries, physical features, structures, wells, monitoring wells, excavations, construction, installations, or equipment at the Sites.

Request No. 16.    All photographs, reports, notes, charts, graphs, and drawings related to removal, leaks or releases from equipment at the Sites.

Request No. 17.    All documents, reports, test results, studies, charts, maps, or correspondence discussing reporting on, or analyzing the possibility that environmental contamination allegedly has migrated from the Sites.

Request No. 18.    All diagrams, plans, blue prints, specifications, or proposals for contamination treatment systems utilized or to be utilized at the Sites.

Request No. 19.    Each and every report or analysis produced by or on behalf of the plaintiff, or by an expert or outside consultant for the plaintiff's benefit, or otherwise utilized by the plaintiff or any other person relating to the investigation of the alleged discharge, release, or contamination at the Sites.

Request No. 20.    Any all documents, which refer, reflect or relate to any and all efforts by you to identify and/or locate any responsible party with connection with the alleged environmental contamination at the Sites.

Request No. 21.    All documents which You plan to use as exhibits at the trial of this matter.

Dated: October 26, 2004

Respectfully submitted,

**ROYAL INSURANCE COMPANY OF AMERICA and GLOBE INDEMNITY COMPANY**

By Its Attorneys,

_____
Karl S. Vasiloff, Esq. (BBO #555638)
Seth V. Jackson, Esq. (BBO #658669)
**ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP**
950 Winter Street, Suite 1300
Waltham, MA 02451
(781) 466-0700

7

## CERTIFICATE OF SERVICE

I Seth V. Jackson, hereby certify I served a copy of the foregoing document on October 26, 2004, on all parties of record, by first class mail, postage prepaid to:

**Plaintiff, Kleenit, Inc.**
Donald P. Nagle, Esq.
**Law Office of Donald P. Nagle, P.C.**
5 Main Street Extension, Suite 300
Plymouth, MA  02360

**Defendant, Sentry Insurance Company**
Michael Aylward, Esq.
**Morrison, Mahoney & Miller, LLP**
250 Summer Street
Boston, MA  02210

**Defendant, Utica National Insurance Group**
Richard E. Heifetz, Esq.
**Tucker, Heifetz & Saltzman, LLP**
Three School Street
Boston, MA  02108

**Defendant, Travelers Indemnity Company**
Joseph S. Berman, Esq.
**Berman & Dowell**
210 Commercial Street
Boston, MA  02109

**Defendant, Utica National Insurance Group**
Danielle M. Maloney, Esq.
**Tucker, Heifetz & Saltzman, LLP**
Three School Street
Boston, MA  02108

/s/ Seth V. Jackson
Seth V. Jackson, Esq.