UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2004-10351-RBC

| | |
|---|---|
| KLEENIT, INC., <br> Plaintiff <br> vs. <br><br> SENTRY INSURANCE COMPANY, <br> ROYAL & SUN ALLIANCE, <br> UTICA NATIONAL INSURANCE GROUP, and <br> TRAVELERS PROPERTY AND CASUALTY, <br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THE DEFENDANTS', UTICA NATIONAL INSURANCE GROUP AND ROYAL INDEMNITY COMPANY, MOTION TO EXCLUDE THE AFFIDAVIT OF ROBERT E. KINNEY AND TO EXCLUDE HIS TESTIMONY**

Defendants, Utica National Insurance Group and Royal Indemnity Company, as successor by merger to Globe Indemnity Company and Royal Insurance Company of America, move this Court to strike the affidavit of Robert E. Kinney and to exclude his testimony at trial. In support of their motion, the defendants state that the Plaintiff Kleenit, Inc. ("Kleenit") proffered this affidavit long after factual discovery had ended and, accordingly, the plaintiff is in violation of this Court's Scheduling Order regarding the close of non-expert discovery. The defendants submit that Kleenit can show no good cause to justify amending the Scheduling Order and, for this reason, the affidavit and any testimony of Robert E. Kinney should be stricken.

In addition, not only did the plaintiff violate this Court's Scheduling Order, but it also failed to disclose this witness as required under Fed. R. Civ. P. 26(a)(1); therefore,

pursuant to the preclusionary rule, the plaintiff is barred from using this affidavit or having this witness testify at trial.

For these reasons, which are discussed in further detail in the defendants' accompanying memorandum of law, the defendants respectfully request that the Court strike the affidavit of Robert E. Kinney and preclude him from testifying at the trial of this matter.

### REQUEST FOR ORAL ARGUMENT

The defendants, pursuant to L.R. 7.1(d), request a hearing on this motion on the grounds that oral argument may be of assistance to the court in disposing of this motion.

### RULE 7.1(A)(2) CERTIFICATION

Counsel to Utica hereby certifies that she has conferred with plaintiff's counsel and has attempted in good faith to resolve or narrow the issue that is the subject of this motion.

Respectfully submitted,

UTICA NATIONAL INSURANCE GROUP,
Defendant

By Its Attorneys:

_____
Richard E. Heifetz       BBO #229000
Danielle M. Maloney      BBO #647527
TUCKER, HEIFETZ & SALTZMAN, LLP
Three School Street
Boston, MA 02108
617-557-9696
Dated: January 20, 2006

2

ROYAL INSURANCE COMPANY OF
AMERICA and
GLOBE INDEMNITY COMPANY
Defendants
By Its Attorneys:

_____
Karl S. Vasiloff    BBO #555638
Seth V. Jackson    BBO #658669
Zelle, Hoffman, Voelbel, Mason & Gette LLP
950 Winter St. - Suite 1300
Waltham, MA 02451
Dated: January 20, 2006

I hereby certify that I made service of the foregoing document in accordance with the provisions of Fed. R. Civ. P. 5.

_____