UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 2004-10351-RBC

| | |
|---|---|
| KLEENIT, INC., <br>                                Plaintiff <br> vs. <br><br> SENTRY INSURANCE COMPANY, <br> ROYAL & SUN ALLIANCE, <br> UTICA NATIONAL INSURANCE GROUP, and <br> TRAVELERS PROPERTY AND CASUALTY, <br>                                Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**THE DEFENDANTS', UTICA NATIONAL INSURANCE GROUP AND ROYAL INDEMNITY COMPANY, MEMORANDUM OF LAW IN SUPPORT OF MOTION TO EXCLUDE AFFIDAVIT OF ROBERT E. KINNEY AND TO EXCLUDE HIS TESTIMONY**

<u>Introduction</u>

Defendants Utica National Insurance Group[1] ("Utica") and Royal Indemnity Company ("Royal"), as successor by merger to Globe Indemnity Company and Royal Insurance Company of America move this Court to strike the affidavit of Robert E. Kinney ("Kinney"), a former employee and manager of Kleenit, and to exclude his testimony at trial. The plaintiff disclosed this fact witness long after the close of non-expert discovery and on the eve of the parties' *second* day of mediation. The deadline for factual discovery has long since passed and Kleenit cannot show good cause to justify ignoring this Court's scheduling order to permit the affidavit or the testimony of

---

[1] The correct name for Defendant Utica National Insurance Group is "Graphic Arts Mutual Insurance Company."

Mr. Kinney at trial. Despite having been asked to identify all Kleenit managers and employees on more than one occasion and despite having been asked to disclose any and all alleged pollution releases, Kleenit never identified Mr. Kinney or the alleged "releases" disclosed in his affidavit, in its Answers to Interrogatories, Supplemental Answers to Interrogatories or through its several Rule 30(b)(6) witnesses.

## Factual Background

**Procedural Background**

This lawsuit arises out of claims filed by the Massachusetts Department of Environmental Protection ("MADEP") against the plaintiff, Kleenit, Inc. ("Kleenit") in connection with three sites, Chelmsford, Acton and Wayland, where Kleenit has maintained dry-cleaning facilities. The MADEP claims allege releases of contaminants at each of the sites as a result of Kleenit's dry-cleaning operations. Two years after the MADEP put Kleenit on notice of the alleged contamination, Kleenit tendered the defense and indemnity of the claims to several of its alleged insurers, including Utica and Royal. Kleenit alleges that Utica insured it for the following policy years: 10/1/78 to 10/01/79; 10/01/79 to 10/01/82; 10/01/82 to 10/01/85; 2/03/84 to 02/03/85. Kleenit also alleges that Royal insured it from 10/1/84 to 10/1/85.

Utica and Royal, along with Travelers, agreed to defend Kleenit while reserving its rights as to indemnity. Nevertheless, Kleenit sued the insurers for breach of contract, violation of G.L. c. 93A and c. 176D and for a declaration as to the parties' rights and responsibilities. Kleenit filed its complaint in Superior Court in and for Middlesex County, Massachusetts on or about November 14, 2003. On February 20, 2004, the

defendants removed the case to the U.S. District Court for the District of Massachusetts where the matter was initially assigned to Judge Nancy Gertner. Once the case was removed, Utica answered Kleenit's allegations, denying the same, and asserted a counterclaim seeking a declaration of the parties' rights with respect to defense and indemnity at each of the three sites. The exchange of factual discovery began shortly thereafter.

Almost one year from the date of filing of the Complaint, Judge Gertner transferred the matter to this session with the parties' consent on November 17, 2004. On December 22, 2004, the parties appeared before the Court for a Case Management Conference where the Court entered a revised scheduling order with respect to fact discovery. A copy of the order entitled, "Further Scheduling Order – Rule 16(b), Fed. R. Civ. P.," is attached at Exhibit A. Pursuant to this order, the parties were to serve all non-expert discovery *"on or before the close of business on Monday, March 28, 2005"* and *"COMPLETE[] [all non-expert discovery] on or before the close of business on Friday, April 29, 2005."* See Exhibit A, ¶ 2 (emphasis added in original). In addition, the Court ordered that a further status conference be held on Tuesday, May 10, 2005 at 11:00 a.m.

In accordance with this order, a telephonic status conference was held with Magistrate Judge Collings on May 10, 2005. At that time, the parties advised the Court that the plaintiff owed outstanding discovery to the defendants including production of Kleenit's Rule 30(b)(6) witnesses and numerous documents. The Court ordered that Kleenit produce the requested documents to the defendants on or before the close of

3

business on May 23, 2005 and that the plaintiff produce its Rule 30(b)(6) designees by July 15, 2005.

On June 22, 2005, the Court granted Royal's Motion to Compel Kleenit's Compliance with the Court's Order to Produce Outstanding Documents based upon Kleenit's failure to produce these documents to Royal after endless telephone, written and e-mail communication reminding Kleenit's counsel of its discovery obligation. Due to repeatedly ignoring Royal's attempts to communicate on these issues, Kleenit was found to have violated this Court's order to produce the outstanding documents to Royal.

After entry of the Court's Order against Kleenit, a further conference was scheduled for July 26, 2005 with a request that the parties be prepared to advise the Court as to whether the parties wished to mediate this case. The parties appeared before the Court as scheduled on July 26, 2005. Again, discovery remained outstanding from Kleenit at this time. Kleenit still had not produced one of its Rule 30(b)(6) designees (that deposition was scheduled for August 10, 2005). At the July 26th conference, the Court ordered that the last deposition go forward and that the parties report for a further conference on August 30, 2005. The Court ordered that the parties be prepared to discuss mediation as an option for resolution of this matter.

On August 30th, the parties appeared for the Court and agreed to mediate this case through the Court's ADR program. Shortly thereafter, the case was assigned to Chief Magistrate Judge Charles B. Swartwood for an Alternative Dispute Resolution Hearing on November 9, 2005.

4

On November 9, 2005, all parties attended the ADR hearing before Judge Swartwood. On the eve of November 9th, after the close of business, the plaintiff e-mailed the defendants its demand and several consultant reports detailing the projected cost of remediation at each site. Settlement was not reached at the mediation and Judge Swartwood suggested that the parties appear before him a second time for mediation on December 15, 2005. The parties agreed.

Consistent with its prior conduct, Kleenit e-mailed the defendants, after the close of business on the eve of the second day of mediation, an affidavit by a former Kleenit employee, Robert E. Kinney (hereinafter "the Kinney Affidavit"). It is this affidavit, and any further expected testimony of Kinney that Utica and Royal seek to strike from the record.

**The Kinney Affidavit**

Long after the close of discovery and the night before the second day of mediation, Kleenit served upon the defendants an affidavit by former Kleenit employee and manager, Robert E. Kinney. A copy of the Kinney Affidavit is attached at Exhibit B. Kinney, a resident of North Chelmsford, Massachusetts for the last sixteen years, allegedly worked at both the Chelmsford and Wayland facilities beginning in 1975. Kinney avers that during the time in which he worked at the Central Square location in Chelmsford (1975 to 1981), he was responsible for operating the dry cleaning machine, the still, the press and waiting on customers. He stated that he would "forget" to turn the temperature down and the perchloroethylene ("perc'") would boil over. When this occurred, Mr. Kinney claims that three to five gallons of perc would spill out of the still

onto the floor. Kinney states that on one occasion he recalls "so much perc spilled that it flowed out the back door before we could get to it. It is hard to estimate but about 8 gallons of perc spilled on that occasion." See Exhibit B, ¶ 10. Kinney estimates that from 1978 – 1981, he witnessed "at least 20 – 25 spills" at the Central Square Chelmsford location. See id. at ¶ 14.

With respect to the Wayland facility, Kinney avers that he was the store manager at Wayland from 1983 through 1985. He states that there were similar spills occurring at this facility and that "at least some of the spilled perc would have reached the floor drain before I noticed that there was a boil over . . . ." See id. ¶ 12.

**Kleenit's Failure to Identify Kinney During Discovery**

During the exchange of factual, non-expert discovery, Kleenit never disclosed the identity of Kinney nor any of the alleged releases. Even in light of specific interrogatories submitted by Utica and Royal, and specific topics identified in the Federal Rule of Civil Procedure 30(b)(6) deposition notice, Kleenit failed to identify Kinney or any of the alleged releases. In the Rule 30(b)(6) notice, topics for examination included:

- All facts relating to the alleged environmental contamination that is the subject of the Environmental Claims, including the cause, extent, source and timing of such contamination and any allegedly sudden and accidental release giving rise to such contamination

- Identity of all current or former Kleenit employees with knowledge or information relating to the Environmental Claims at the Sites.

A copy of Royal's Rule 30(b)(6) Notice is attached at Exhibit C. Similarly, the following interrogatories asked:

6

- Identify all persons, including past or present Kleenit employees, with knowledge of the alleged environmental contamination or whose duties include any contact with the alleged environmental contamination which is at issue in this litigation.

- Identify all property damage that has occurred in connection with the alleged environmental contamination through a detailed description of each such alleged occurrence of property damage including a factual description of the place and manner in which each such alleged occurrence took place; the date on which the damage first occurred; the last date on which such damage occurred; and the identity of any person with knowledge of any such occurrence and of all documents relating to such occurrence.

A copy of Royal's First Set of Interrogatories to Kleenit is attached at Exhibit D.

However, Kleenit never named Kinney in its Answers to Royal's and Utica's Interrogatories, a copy of which are attached at Exhibit E. In addition, Kleenit's Rule 30(b)(6) witness, Keith Crider, never identified Kinney as an employee or manager of Kleenit. Attached at Exhibit F are relevant portions of the deposition transcript of Keith Crider. Likewise, Frank Murphy, Kleenit's Chief Financial Officer, and Carl Crothers, a former employee and manager at the Chelmsford Site, neglected to identify Kinney as a former employee or manager during their deposition testimony when asked. Attached at Exhibits G and H are relevant portions of the deposition transcripts of Frank Murphy and Carl Crothers respectively.

### ARGUMENT

I. **THE AFFIDAVIT OF ROBERT E. KINNEY SHOULD BE STRICKEN FROM THE RECORD AND KINNEY SHOULD BE PRECLUDED FROM TESTIFYING AT TRIAL.**

Utica and Royal respectfully request that the Court strike the affidavit of Robert E. Kinney, and exclude him from testifying for three reasons. First, Kleenit served the

affidavit in violation of this Court's Order regarding the deadline for non-expert discovery. Factual discovery closed at least four months ago.[2] Utica and Royal submit that Kleenit can offer no "good cause" for its failure to comply with the scheduling order and on this ground alone, the affidavit should be excluded from the record and Kinney excluded from testifying.

Second, because Kleenit failed to disclose this witness as required under Fed. R. Civ. P. 26(a)(1), Kleenit is precluded from using this affidavit or having this witness testify at trial.

Lastly, permitting this affidavit to become part of the record would result in significant delay in litigating this matter. The deadline for factual discovery passed over four months ago and the parties have already attempted mediation on two separate days. If the Kinney Affidavit is not stricken, factual discovery will have to be reopened to allow for the deposition of Kinney. More importantly, Utica and Royal will also be required to depose numerous other employees who worked at both the Chelmsford and Wayland sites over the last 30 years in order to adequately prepare their defense regarding the alleged "releases" identified by Kinney. In essence, the Kinney Affidavit and his testimony will change this case into a "dirty practices" case and significantly delay the resolution of this matter and require extensive further factual discovery.[3]

---

[2] Fact discovery was originally ordered to close approximately eight months ago, and remained opened past this date only due to Kleenit's repeated failure to provide discovery.
[3] As is typical in coverage cases of this sort, one of the insurers' defenses will be that the releases that allegedly occurred at each of the three sites were not "sudden and accidental" but rather the result of "routine business practices." See Lumbermens Mut. Cas. Co. v. Belleville Indus., 938 F.2d 1423, 1430 (1st

In short, Kleenit should not be permitted, after the lengthy exchange of discovery already permitted by this Court, to ignore the Court's scheduling order and proffer the Kinney Affidavit, or his testimony, at this late hour. Kleenit can show no good cause to justify flouting the Court's deadline.

A. **The Kinney Affidavit Should Be Stricken and Kinney's Testimony Excluded at Trial Because Kleenit Submitted the Affidavit of Robert E. Kinney After the Close of Non-Expert Discovery .**

Under Local Rule 16.1(G), a scheduling order can be modified only by order of the judge and only upon a showing of good cause supported by affidavits, other evidentiary materials, or references to pertinent portions of the record. Local Rule 16.1 (G); see also Cabana v. Forcier, KNA Trucking Co. Inc., 200 F.R.D. 9 (D. Mass. 2001) ("scheduling order should not be modified except upon a showing of 'good cause' and 'by leave of the district judge'"). The "good cause" test requires that the party seeking the extension show "that the deadline in the scheduling order may not be reasonably met, despite the diligence of the party seeking the extension." Cabana v. Forcier, KNA Trucking Co. Inc., 200 F.R.D. 9, 14 (D. Mass. 2001). Scheduling orders "will [not] be modified simply upon request" and "[i]n the absence of some showing why an extension is warranted, the scheduling order will control." Id. at 14 -15 citing Tele-Connections, Inc. v. Perception Technology Corp., Civ. No. 88-2365-S, 1990 WL 180707, at *1 (D. Mass. 1990).

---

Cir. 1991), cert denied, Belleville Indus. v. Lumbermens Mut. Cas. Co., 502 U.S. 173 (1992) ("sudden and accidental" pollution exclusion precludes coverage for pollutants discharged "as an ordinary part of [insured's] business operations"). The Kinney Affidavit supports the insurers' position because his statements show that these alleged releases were not sudden and accidental; rather part of Kleenit's ordinary business operations. Nonetheless, these averments will need to be explored through further discovery.

9

Applying these principles, the Court should exclude the Kinney Affidavit, as well as any expected testimony, because the deadline for factual discovery has passed. According to this Court's initial scheduling order, the exchange of non-expert discovery was set to close as long ago as April 29, 2005. However, because of delays on the part of Kleenit in responding to document requests and in producing witnesses for deposition, the parties jointly requested a continuance with respect to factual discovery. The Court agreed to a continuance and ordered that non-expert discovery be complete by July 15, 2005, including all depositions. This deadline was again extended 30 days only to allow for one previously scheduled outstanding Kleenit deposition. In total then, factual discovery was extended for approximately four months and closed, at the latest, on August 30, 2005. Kleenit's submission of the Kinney Affidavit on December 14, 2005, the eve of the second day of mediation and some four months after discovery closed, should be stricken because it is beyond the deadline for non-expert discovery and it was served in violation of this Court's Order.

Kleenit cannot show good cause to justify ignoring the scheduling order at this late date. The parties have been conducting factual discovery since early 2004 when the case was removed to the District Court. During this entire period of non-expert discovery, Kleenit never once disclosed Robert E. Kinney, or the "releases" to which he avers. In Kleenit's Answers to Interrogatories, Keith Crider, the President of Kleenit, never once identified Kinney as a person with knowledge regarding releases at any one of the sites. Nor did Crider ever name Kinney as an employee or manager of Kleenit.

Likewise, during the testimony of Kleenit's several Rule 30(b)(6) designees, Kinney's name was never mentioned. Kleenit had three separate witnesses testify on its behalf over four full days. Repeatedly, the defendants asked each witness for the names of former Kleenit employees and managers or other persons with knowledge of releases. Not one of these witnesses identified Robert E. Kinney as being a former employee and manager or as a witness to or cause of a release. Surely, Crider and Frank Murphy, Kleenit's Chief Financial Officer, had access to Kleenit's payroll records and tax records which would have identified Kinney as an employee and manager. Their failure to use due diligence in investigating the releases at the Kleenit facilities should not be rewarded. Put simply, Kleenit has not provided a good cause for the late identification of this witness.

Without good cause, courts will not ignore a scheduling order to allow further discovery where the issues involved "did not arise unannounced and unforeseen after the deadline." Cabana, supra at 15 (Court denied plaintiff's motion for additional expert witness after expert discovery had closed because relevance of testimony should have been clear "from the inception of the instant suit"); Sprague v. United Air Lines, Inc., Civ. No. 97-12102, 2000 WL 621112, at *1 (D. Mass. May 3, 2000) (motion to exclude expert witness who was designated after deadline was granted because areas of expert's testimony were "not new to this case" and did not "arise unannounced and unforeseen after the deadline"). In this case, the issues identified in the Kinney affidavit are neither unforeseen nor unannounced. To the contrary, Royal and Utica have attempted to investigate the issues addressed in the Kinney affidavit through interrogatories,

11

document requests and depositions. Therefore, Kleenit has been well aware of these issues for months, if not years.

B.  **The Preclusionary Rule Bars the Kinney Affidavit and His Testimony**

Under Fed. R. Civ. P. 26(a)(1), Kleenit was required to provide Utica and Royal with the names and addresses of those individuals who were likely to have discoverable information relative to the claims and defenses in this case. Rule 26(a)(1) states, in pertinent part, that "a party must, without awaiting a discovery request, provide to the other parties: (A) the name, and if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses . . . ." Rule 37(c)(1) establishes the remedy for failure to comply with this discovery rule. It reads, in relevant part,

> (1)  A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) … is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. Rule 37(c)(1). Disclosure rules "are not merely aspirational, and courts must deal decisively with a party's failure to adhere to them." Lohnes v. Level 3 Communications, Inc., 272 F.3d 49, 60 (1st Cir. 2001). Rule 37(c)(1) "clearly contemplates stricter adherence to discovery requirements, and harsher sanctions for breaches of this rule." Klonoski v. Mahlab, 156 F.3d 255, 269 (1st Cir. 1998), cert. denied, 526 U.S. 1039, 119 S.Ct. 1334, 143 L.Ed.2d 498 (1999). Thus, the preclusionary rule is mandatory — the party that fails to make a timely disclosure is not permitted to use the undisclosed

evidence. Id. at 269.[4] The rule, by its own terms, applies "with equal force" to summary judgment motions as it does to trials. Lohnes, 272 F.3d at 60; Poulis-Minott, 388 F.3d. 354, 358 (2004).

In this case, Kleenit failed to disclose the identity of Kinney as required under Fed. R. Civ. P. 26(a)(1) and, therefore, the Kinney Affidavit and any further expected testimony from Kinney is prohibited by the preclusionary rule. Without a doubt, Utica and Royal will be severely harmed if Kinney is permitted to testify at trial or if Kleenit is permitted to use the Kinney Affidavit on summary judgment because the parties will be forced to expend valuable time and resources in further discovery. This additional discovery could have been addressed months ago if Kleenit had fully disclosed Kinney and the alleged releases. Instead, Kleenit has wasted the time of the Court, Royal and Utica. Specifically, Kleenit's failure to comply with discovery deadlines made the two days of mediation a complete waste because all preparation done by Utica and Royal was rendered useless. Kleenit's last minute disclosure of a witness and alleged releases substantially altered all negotiation and mediation tactics. Such severe prejudice to Royal and Utica cannot be overlooked.

Further, Royal and Utica will be prejudiced because they have been strategizing and working under the assumption that the next step in the litigation would be expert discovery. However, due to Kleenit's failure to identify Kinney, Royal and Utica may

---

[4] Fed. R. Civ. P. Rule 37(c)(1) was amended in 2000. The amended rule, *inter alia*, substituted "is" for "shall" in accordance with "the program to conform amended rules to current style conventions when there is no ambiguity." Advisory Committee Notes, 2000 Amendment. The amendment does not affect the mandatory nature of the rule. See Poulis-Minott v. Smith, 388 F.3d 354, 358 (1st Cir. 2004) (applying amended rule, and noting "This Court has held these directives to be mandatory since the adoption of Rule 37(c)(1)").

13

have to readjust their strategies and litigation plans. For these reasons, the defendants submit that the preclusionary rule bars the Kinney Affdavit as well as any future testimony from Kinney.

C. **Admissions of the Kinney Affidavit Would Require Significant Additional Factual Discovery**

Should this Court deny the defendant's motion and allow the Kinney Affidavit to become part of the record, the defendants submit that factual discovery must re-open. The defendants will have to cross-examine Kinney as well as depose other employees who worked at the Chelmsford and Wayland facilities during the past 30 years. This discovery will be necessary for the defendants to adequately prepare their defense, as the defenses have changed based on these late allegations. The defendants anticipate that the factual discovery will have to be continued another eight to nine months thus further delaying the litigation in this matter.

## Conclusion

For the reasons discussed above, Utica and Royal move this Court to strike the affidavit of Robert E. Kinney and to preclude Kinney from testifying at the trial of this matter.

Respectfully submitted,


UTICA NATIONAL INSURANCE GROUP,
Defendant

By Its Attorneys:

_____
Richard E. Heifetz       BBO #229000
Danielle M. Maloney      BBO #647527
TUCKER, HEIFETZ & SALTZMAN, LLP
Three School Street
Boston, MA 02108
617-557-9696
Dated: January 20, 2006


ROYAL INSURANCE COMPANY OF
AMERICA and
GLOBE INDEMNITY COMPANY
Defendants
By Its Attorneys:

_____
Karl S. Vasiloff      BBO #555638
Seth V. Jackson       BBO #658669
Zelle, Hoffman, Voelbel, Mason & Gette LLP
950 Winter St. - Suite 1300
Waltham, MA  02451
Dated: January 20, 2006

I hereby certify that I made service
of the foregoing document in accordance
with the provisions of Fed. R. Civ. P. 5.

15