EXHIBIT
"E"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| KLEENIT, INC. | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 04-10351 (NG) |
| v. | ) | |
| SENTRY INSURANCE COMPANY, ROYAL AND SUNALLIANCE, UTICA NATIONAL INSURANCE GROUP, and TRAVELERS PROPERTY AND CASUALTY | ) ) ) ) ) | |
| Defendants | ) ) ) | |

### PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT GLOBE INDEMNITY COMPANY AND ROYAL INSUANCE COMPANY INTERROGATORIES

**Interrogatory No. 1.**   Identify each and every person who has answered, provided any information, been consulted, or participated in the preparation of the answers to these Interrogatories and, for each such person identified, identify the Interrogatories with which the person was involved.

**ANSWER:**   Keith Crider and Frank Murphy were consulted on all responses to interrogatories.

**Interrogatory No. 2.**   Identify all communications by or between You and any person, including but not limited to any local, state, or federal government agencies or officials, concerning the alleged environmental contamination at issue in this litigation.

**ANSWER:**   Plaintiff Kleenit, Inc. objects to this question as it is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Kleenit, Inc. responds by indicating that any such communications were made with Kleenit, Inc. defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

**Interrogatory No. 3.** Identify all Environmental Claims which have been or may be asserted against Kleenit relating to the alleged environmental contamination at issue in this litigation. For each claim identified, please include the following information: the identity of the claimant(s) and/or potential claimant(s) and the specific subject matter or nature of the claim (including, but not limited to the alleged damages, including the amount of alleged damages; identification of all contaminants and/or material(s) at issue with respect to the claim, including specifically identifying the nature of the alleged environmental contamination; and a description of all property that is the subject or source of the claim).

 **ANSWER**: Plaintiff was issued a Notice of Responsibility ("NOR") by the Massachusetts Department of Environmental Protection ("DEP") with regard to alleged contamination at the Chelmsford Site by letters dated January 28, 2001 and June 19, 2001, and was issued an NOR by DEP on December 30, 2002 regarding alleged contamination at the Acton Site (collectively, the Chelmsford and Acton Sites are hereinafter referred to as "the Sites"). An NOR was also issued to Kleenit, Inc. from DEP regarding the Wayland facility on April 9, 2003. All NORs were issued regarding the release or threat of release of oil or hazardous materials, including substances related to the dry cleaning industry.

**Interrogatory No. 4.** Identify any lawsuit and/or other proceedings (including every local, state or federal judicial, administrative, legislative or alternative dispute resolution proceeding) which has been, or is expected to be, filed with respect to the Environmental Claims at the Sites, including the venue or expected venue of the action, the parties or expected parties, and, where applicable, the case or docket number, a description of the facts alleged and the relief sought by each claimant, the date on which Kleenit became aware of the claim and the identity of all Kleenit employees having knowledge regarding the claim.

 **ANSWER**: Exxon/Mobil issued a Section 4A Demand Letter under G.L. c. 21E to Kleenit regarding the Chelmsford facility regarding alleged contribution to an unrelated nearby release.

**Interrogatory No. 5.** Identify each expense which Kleenit has incurred to date or estimates that it will incur for the defense, investigation, cleanup or abatement of the Environmental Claims at the Sites, including but not limited to a description of each such expense, the amount of the expense, the date on which the expense was incurred, the reason for the expense, what payment has been made, and the person or persons seeking payment.

 **ANSWER**: Total defense, investigation, and cleanup costs as of February 25, 2005 is $477,191.28. Please see detailed documentation responsive to this question included in response to Royal's document request.

**Interrogatory No. 6.** Itemize and identify all damages which You seek in this case, including the amount of each item of damage, the date on which it was or will be incurred, and the reason for which it was or will be incurred. In responding to this interrogatory, please identify each person performing services for which such costs were incurred and identify all bills, statements, invoices, or other documents in Your possession which detail the nature, date, amount, and charge for such services and identify the custodian thereof.

> **ANSWER:** See answer to No. 5. In addition, Kleenit, Inc. seeks coverage for all future response actions necessary at the Acton, Chelmsford and Wayland Sites.

**Interrogatory No. 7.** Identify and describe the alleged environmental contamination at issue in this litigation, including but not limited to the following information: the identity, location and use of the property where the alleged environmental contamination is located; the owner and operator of the property where the alleged environmental contamination is located; the date(s) on which the property was exposed to the alleged environmental contamination; the date(s) on which the alleged environmental contamination was removed, remediated, cleaned up or abated; and the cause or causes of the alleged environmental contamination, including without limitation when and how the substances allegedly contaminating the environment at or near the Sites entered the air, soil, surface water or groundwater at the Sites.

> **ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Kleenit, Inc. responds by indicating that any such information is included in documents available at the office of defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC, all of which has been made available for copying in response to requests for production of documents in this litigation. Specific incidences of releases of contamination in to the environment are described in the Affidavit of Carl Crothers, attached hereto as Exhibit A and the hand written note by Michael Stuart, attached hereto as Exhibit B. (An Affidavit by Stuart will be submitted in the immediate future.)

**Interrogatory No. 8.** Identify all property damage that has occurred in connection with the alleged environmental contamination through a detailed description of each such alleged occurrence of property damage including a factual description of the place and manner in which each such alleged occurrence took place; the date on which the damage first occurred; the last date on which such damage occurred; and the identity of any person with knowledge of any such occurrence and of all documents relating to such occurrence.

> **ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such

objection, Kleenit, Inc. responds by indicating that any such information is available at the office of defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

**Interrogatory No. 9.**   Identify the basis upon which You contend that the Royal Policies provide coverage to You with respect to the Environmental Claims, including an identification of all policy provisions which You contend entitle You to coverage.

**ANSWER:** Coverage is available under "Sudden and Accidental" provisions of Royal policies.

**Interrogatory No. 10.** Identify all communications concerning the release, presence, absence, removal, remediation or abatement of the alleged environmental contamination between: Kleenit and any other person or entity, including any local, state or federal government agencies or officials, any insurance agent or broker, any insurer, and any real or potential claimant.

**ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Kleenit, Inc. responds by indicating that any such information is available at the office of defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

**Interrogatory No. 11.** Identify and describe all testing, investigation, examination, or inspection of the alleged environmental contamination, including but not limited to the following information: the identity of the persons performing the testing, investigation, examination, or inspection; the identity, location and use of the property at which testing was performed, the dates on which all testing, investigation, examination, or inspection was performed; and the identity of all documents, including reports, conclusions, recommendations and findings prepared in conjunction with the testing, investigation, examination, or inspections.

**ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Kleenit, Inc. responds by indicating that any such information is available at the office of defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

**Interrogatory No. 12.** Describe in detail the past and present ownership of the Sites or any portion thereof, identifying each person that has owned or operated any of the properties containing the alleged environmental contamination which is the subject of a claim, the dates of ownership by each entity, and Your relationship to each such entity.

**ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Kleenit, Inc. responds by indicating that any such information is available at the office of defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

**Interrogatory No. 13.** Identify all persons, including past or present Kleenit employees, with knowledge of the alleged environmental contamination or whose duties include any contact with the alleged environmental contamination which is at issue in this litigation.

**ANSWER:** Keith Crider, Frank Murphy, Carl Crothers.

**Interrogatory No. 14.** Describe when and how You first became aware of the presence of the environmental contamination at the Sites, including the identity of all persons with knowledge of the facts relating to Your first knowledge and the identity of all documents relating thereto.

**ANSWER:** Chelmsford: Vinyl chloride allegedly detected at day care center nearby, leading to investigation of the Chelmsford facility. Acton: when facility downsized, landlord investigated vacated space, where contamination was discovered. Wayland: DEP investigated well upgradient of store, which lead to the discovery of unrelated release at Wayland store. In addition to the foregoing, please see affidavits of former employees, attached as Exhibit A and B.

**Interrogatory No. 15.** Please identify all agents, servants, employees or other representatives of Kleenit, Inc., who participated in the procurement, negotiation, execution, administration or interpretation of the alleged polices or the maintenance of insurance coverage for or on behalf of Kleenit, Inc, and in Your answer please state the period(s) of time during which each person performed such functions; the function(s) each such person performed; the identity of each such person's employer during the period of time in which each such function was performed; the position or job title of each such person if currently employed by Kleenit, and, if not currently employed by Kleenit, state the date of termination of each such person's employment with Kleenit and the current address at which each such person may be reached.

**ANSWER:** Keith Crider, Robert A. Fasanella, Esq., and Peter Feuerbach, Esq.

**Interrogatory No. 16.** Please identify all brokers or agents used by Kleenit to inquire about, negotiate, execute, or otherwise obtained the alleged policies, and in Your answer please identify the alleged policies for which each such broker or agent had responsibilities.

5

**ANSWER:** Cochrane and Porter Insurance Agency.

**Interrogatory No. 17.** Please state with respect to each of the alleged policies whether You have in your possession, custody or control:

a)      the signed original of the policy;
b)      a signed copy of the policy;
c)      an unsigned copy of the policy;
d)      any part of the original policy;
e)      any part of a copy of the policy; and
f)      the location and present custodian of each such document identified in items a through e.

**ANSWER:** Kleenit, Inc. has in its possession signed copies of all or portions of each policy.

**Interrogatory No. 18:** Please identify all demands, requests for coverage, or claims made by or on behalf of the plaintiff to Royal demanding or requesting that Royal provide You with a legal defense, indemnity, or any other coverage under any of the alleged Policies.

**ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it seeks information that is already in the possession of Royal, is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Kleenit, Inc. responds by indicating that any such information is available at the office of defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

**Interrogatory No. 19.** Please identify any and all claims paid by Royal under any of the alleged policies, regardless of their relation to the allegations of the complaint, including, but not limited to, the amount of the claim, the amount paid by Royal, and the date of the claim.

**ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it seeks information that is already in the possession of Royal, is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Kleenit, Inc. responds by indicating that any such information is provided in spreadsheet form included in documents responsive to Royal's request for production of documents. Otherwise, the information is available at the office of defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

6

**Interrogatory No. 20**. Please identify in detail and with particularity all documents upon which You rely to prove or establish the existence, terms, conditions, provisions, and/or exclusions of the alleged policies.

**ANSWER**: Insurance polices issued by Royal to Kleenit, Inc. which provides coverage from December 20, 1984 through October 1, 1994.

**Interrogatory No. 21**. Please identify the dates of coverage, type of policy (liability, garage policy, etc.) issued by Sentry Insurance Company, Utica National Insurance Group and Travelers Property & Casualty, and list the policy numbers and effective dates of coverage for each such policy.

**ANSWER:** Utica National Insurance Policies are as follows: All Risks/Special Multi-Peril – Policy No. FMP 1946 coverage from 1982 through 1985. Umbrella Liability Policy No. LV 6406 coverage from 1982 through 1985.

Sentry Insurance Company as follows: All Risks/Special Multi-Peril, Policy No. 7014014-01 coverage from 1974 through 1979.

Travelers Insurance Commercial General Liability Policy No. ND 9087145 coverage from August 28, 1970 to August 28, 1973. and General Liability Policy No. ND3873892 coverage from August 1, 1967 to August 1, 1970.

**Interrogatory No. 22**. For each of the alleged Royal policies, please state in detail and with particularity all facts upon which You rely to support Your contention that the policy exists or ever existed.

**ANSWER**: Kleenit, Inc. has in its possession signed copies of all or portions of each policy.

**Interrogatory No. 23**. For each of the alleged Royal policies, identify the basis upon which You contend that the policies provide You coverage with respect to the environmental claims including an identification of all policy provisions that You contend entitle You to coverage, including that any discharge, dispersal, release or escape of hazardous substances giving rise to environmental contamination was sudden or accidental.

**ANSWER**: From time to time, malfunction in dry cleaning equipment has caused at each of the Sites the release of hazardous materials to the environment, each event of which are covered under applicable Royal policies and qualify under the "sudden and accidental" exception to the pollution exclusion provisions of applicable policies issued by Royal. The policy period is from December 20, 1984 through October 1, 1994. The policy numbers are as follows:

GYAD 36485-10/01/1984 through 10/01/1987;
GYAL 33151-10/01/1987 through 10/01/1991;
GSP 112849-10/01/1990 through 10/01/1994;
GLA 206270-10/01/1986 to 10/10/1987;
GLA 227838-10/01/1987 through 10/01/1988;
GLA 237582-10/01/1988 through 10/01/1989;
GLZ 102602-12/20/1985 through 12/20/1986;
GLZ 102603-12/20/1986 through 12/20/1988.

The coverage under these polices include All Risks/Special Multi-Peril, Pollution
Liability and Umbrella Liability

**Interrogatory No. 24.** Set forth the name and address of all proposed witnesses who You
expect to call at trial, and, as to each witness, please state the subject matter upon which
the witness is expected to testify and the substance of the facts to which the witness is
expected to testify.

**ANSWER:** Carl Crothers of Clark Road PO Box 1364, Shirley MA 01464 will
testify regarding specific incidents of releases due to malfunctions in the dry cleaning
equipment. Keith Crider and Frank Murphy, 44 Park Street, Ayer, MA will both testify
regarding the day to day operations of the subject dry cleaning facilities.

**Interrogatory No. 25.** Identify all documents, including all exhibits and attachments
thereto, that You intend to use at any trial of this action.

**ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it is overly broad and
burdensome and seeks information that is not relevant to this action or is not reasonably
calculated to lead to the discovery of admissible evidence.

Submitted under the pains and penalties of perjury on this 29th day of June, 2005.

_Keith Crider_

Keith Crider

8

# EXHIBIT "A"

## AFFIDAVIT OF CARL CROTHERS

I, Carl Crothers, hereby depose and state the following:

1.    I am 81 years old and presently reside at 83 Clark Road, Shirley,
Massachusetts.

2.    I was a Manager at Duds Cleaners in Acton from 1965 until 1985.

3.    Several large perchloroetheylene ("perc") spills occurred at the Acton facility
during my employment. I do not remember all of these spills; however, I do remember a
couple of large perc spills. One was in late 1970/1971. The counter clerk called me at 7:00 or
so. The store was filled with solvent fumes. They called the Acton Fire Department and they
found solvent all over the back floor. They started fans to remove fumes, when I got there I
saw that the clean out door gasket on the Still had blown out. Using my mop and pail I
picked up what solvent was left.

4.    Another perc spill which occurred at the Acton facility was in November of
1978. I remember the date of the spill because the day before it occurred, I was going to work
and the road was covered in "black ice" and another car crossed in front of me and we had a
car wreck. I fractured my left knee in this car accident.

5.    The next day, the owner of Kleenit and my boss, Mr. Monroe, called my home
and wanted me to get down to the store and get things back to order from the mess caused by
a perc spill. Ray and Frank Clark had feathers from a feather comforter that had exploded and
the feathers plugged the pipes up and solvent came out of bottom lint trap and went all over
the floor. I was on crutches so I wasn't much help except to try to guide them on trying to
save as much solvent as possible, but a lot was lost, four or five gallons maybe.

I swear under the pains and penalties of perjury the above statements of fact are true and accurate to the best of my personal knowledge.

Carl Crothers

Date: 6/27/05

# EXHIBIT "B"

Care Cleaners Chelmsford

5-6-05

Keith,

#1 I am not sure of dates it being so long ago, but about 1965 I remember our first accident of perk was made. The driver didn't set the amount of gallons to be purchased in his truck and the perk overflowed out of bottom trap, with old blankets & quilts we picked up & redeemed them to save some of the perk.

#2 Again not
remembering the
exact year maybe
2 or 3 yrs later the
water valve to cool
still never opened, so
we had overflow all over
floor.

#3 It was not long
after #2 that the ~~that lint~~ lint
trap valve did not open
We opened the lid and
junk come out.

Sorry my memory
isn't good now on dates
I'm 81 now.

Michael Stuart

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| KLEENIT, INC. | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 04-10351 (NG) |
| | ) | |
| v. | ) | |
| SENTRY INSURANCE COMPANY, | ) | |
| ROYAL AND SUNALLIANCE, UTICA | ) | |
| NATIONAL INSURANCE GROUP, and | ) | |
| TRAVELERS PROPERTY AND | ) | |
| CASUALTY | ) | |
| | ) | |
| Defendants | ) | |

## PLAINTIFF'S SUPPLEMENTAL RESPONSE TO DEFENDANT UTICA NATIONAL INSURANCE GROUP  INTERROGATORIES

INTERROGATORY NO. 1
Please identify yourself by providing your name, date of birth, social security number, residential address, place of employment, job title, business address and relationship with Kleenit, Inc.

**ANSWER:**  Keith Crider, President, Kleenit, Inc., 44 Park Street, Ayer, MA

INTERROGATORY NO. 2
Please identify all agents, servants, employees or other representatives of Kleenit, Inc., who participated in the procurement, negotiation, execution, administration or interpretation of the alleged polices or the maintenance of insurance coverage for or on behalf of Kleenit, Inc, and in your answer please state the period(s) of time during which each person performed such functions; the function(s) each such person performed; the identity of each such person's employer during the period of time in which each such function was performed; the position or job title of each such person if currently employed by Kleenit, and, if not currently employed by Kleenit, state the date of termination of each such person's employment with Kleenit and the current address at which each such person may be reached.

**ANSWER:** Keith Crider and Frank Murphy were consulted on all responses to interrogatories by telephone within the past thirty days.

INTERROGATORY NO. 3

Please identify all brokers or agents used by Kleenit to inquire about, negotiate, execute, or otherwise obtained the alleged policies, and in your answer please identify the alleged policies for which each such broker or agent had responsibilities.

**ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Kleenit, Inc. responds by indicating that any such communications were made with Kleenit, Inc. defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

INTERROGATORY NO. 4

Please state with respect to each of the alleged policies whether you have in your possession, custody or control:
a)      the signed original of the policy;
b)      a signed copy of the policy;
c)      an unsigned copy of the policy;
d)      any part of the original policy;
e)      any part of a copy of the policy; and
f)      the location and present custodian of each such document identified in
        items a through e.

**ANSWER:** Kleenit, Inc. has in its possession signed copies of all or portions of each policy including Utica National Insurance Policies All Risks/Special Multi-Peril – Policy No. FMP 1946 coverage from 1982 through 1985. Umbrella Liability Policy No. LV 6406 coverage from 1982 through 1985.

INTERROGATORY NO. 5

Please identify all demands, requests for coverage, or claims made by or on behalf of the plaintiff to Utica demanding or requesting that Utica provide you with a legal defense, indemnity, or any other coverage under any of the alleged policies.

**ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it seeks information that is already in the possession of Utica, is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Kleenit, Inc. responds by indicating that any such information is available at the office of defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

INTERROGATORY NO. 6

Please identify any and all claims paid by Utica under any of the alleged policies, regardless of their relation to the allegations of the complaint, including, but not limited to, the amount of the claim, the amount paid by Utica, and the date of the claim.

    **ANSWER**: Plaintiff Kleenit, Inc. objects to this question as it seeks information that is already in the possession of Utica, is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Kleenit, Inc. responds by indicating that any such information is available at the office of defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

INTERROGATORY NO. 7

Please identify in detail and with particularity all documents upon which you rely to prove or establish the existence, terms, conditions, provisions, and/or exclusions of the alleged policies.

    **ANSWER**: Kleenit, Inc. has in its possession signed copies of all or portions of each policy.

INTERROGATORY NO. 8

Please identify the dates of coverage, type of policy; i.e. liability, garage policy, etc; issued by Sentry Insurance Company, Royal & Sun Alliance and Travelers Property & Casualty, and list the policy numbers and effective dates of coverage for each such policy.

    **ANSWER:** Insurance policies issued by Sentry Insurance Company to Kleenit as follows: All Risks/Special Multi-Peril, Policy No. 7014014-01 coverage from 1974 through 1979.

    Insurance policies issued by Travelers Insurance to Kleenit as follows: Commercial General Liability Policy No. ND 9087145 coverage from August 28, 1970 to August 28, 1973. and General Liability Policy No. ND3873892 coverage from August 1, 1967 to August 1, 1970.

    Insurance polices issued by Royal to Kleenit, Inc. which provides coverage from December 20, 1984 through October 1, 1994. The policy numbers are as follows: GYAD 36485-10/01/1984 through 10/01/1987; GYAL 33151-10/01/1987 through 10/01/1991; GSP 112849-10/01/1990 through 10/01/1994; GLA 206270-10/01/1986 to 10/10/1987; GLA 227838-10/01/1987 through 10/01/1988; GLA 237582-10/01/1988 through 10/01/1989; GLZ 102602-12/20/1985 through 12/20/1986; GLZ 102603-12/20/1986 through 12/20/1988. The coverage under these polices include All Risks/Special Multi-Peril, Pollution Liability and Umbrella Liability.

INTERROGATORY NO. 9

For each of the alleged Utica policies, please state in detail and with particularity all facts upon which you rely to support your contention that the policy exists or ever existed.

**ANSWER**: Kleenit, Inc. has in its possession signed copies of all or portions of each policy.

INTERROGATORY NO. 10

For each of the alleged Utica policies, identify the basis upon which you contend that the policies provide you coverage with respect to the environmental claims referred to in your Complaint including an identification of all policy provisions that you contend entitle you to coverage.

**ANSWER**: From time to time, malfunction in dry cleaning equipment has caused at each of the Sites the release of hazardous materials to the environment, each event of which are covered under applicable Utica policies and qualify under the "sudden and accidental" exception to the pollution exclusion provisions of applicable policies issued by Utica.

INTERROGATORY NO. 11

Please identify any witness(es) that you intend to call at trial to testify with respect to the existence of the allege policies, including the terms, conditions, exclusions and other provisions thereof. As to each potential witness, please state his or her full name, title, and last known address.

**ANSWER**: Carl Crothers of Clark Road PO Box 1364, Shirley MA 01464 will testify regarding specific incidents of releases due to malfunctions in the dry cleaning equipment. Keith Crider and Frank Murphy, 44 Park Street, Ayer, MA will both testify regarding the day to day operations of the subject dry cleaning facilities.

INTERROGATORY NO. 12

Identify all environmental claims which have been or may be asserted against Kleenit relating to the alleged environmental contamination at the Sites referred to in the plaintiff's Complaint and Utica's Amended Counterclaim. For each claim identified, please include the following information: the identity of the claimant(s) and/or potential claimant(s) and the specific subject matter or nature of the claim (including, but not limited to the alleged damages, including the amount of alleged damages; identification of all contaminants and/ or material(s) at issue with respect to the claim, including specifically identifying the nature of the alleged environmental contamination; and a description of all property that is the subject or source of the claim).

**ANSWER**: Plaintiff was issued a Notice of Responsibility ("NOR") by the Massachusetts Department of Environmental Protection ("DEP") with regard to alleged contamination at the Chelmsford Site by letters dated January 28, 2001 and June 19, 2001,

4

and was issued an NOR by DEP on December 30, 2002 regarding alleged contamination at the Acton Site (collectively, the Chelmsford and Acton Sites are hereinafter referred to as "the Sites"). An NOR was also issued to Kleenit, Inc. from DEP regarding the Wayland facility on April 9, 2003. All NORs were issued regarding the release or threat of release of oil or hazardous materials, including substances related to the dry cleaning industry.

INTERROGATORY NO. 13
Please identify all releases of contamination, occurrences, or other events, providing a description of each such event and your best estimate as to the date of each such event, that you contend are covered under the alleged policies.

   **ANSWER**: From time to time, malfunction in dry cleaning equipment has caused at each of the Sites the release of hazardous materials to the environment.

INTERROGATORY NO. 14
If it is your contention that the release of contaminants at the Sites were "sudden and accidental" please provide the exact date, time and location of the alleged release, your best estimate of the type and quantity of material released, and all facts that support your contention that the release or releases were "sudden and accidental".

   **ANSWER:** Plaintiff, Kleenit, Inc. objects to this question as premature, overly broad and burdensome, and may call for information protected by the Attorney-Client privilege or work product doctrine. Subject to the foregoing, a response may be provided at the appropriate time. In addition to the foregoing please see Affidavit of Carl Crothers, attached hereto as Exhibit A and a hand written note by Michael Stuart, attached hereto as Exhibit B. (An Affidavit by Stuart will be submitted in the immediate future.)

INTERROGATORY NO. 15
Please identify all witnesses to the alleged release of contaminants at each Site referred to in the plaintiff's Complaint and in Utica's Amended Counterclaim.

   **ANSWER:** Plaintiff, Kleenit, Inc. objects to this question as premature. Subject to the foregoing, and reserving its right to supplement its answer, Kleenit responds as follows: Carl Crothers of Clark Road PO Box 1364, Shirley MA 01464 will testify regarding specific incidents of releases due to malfunctions in the dry cleaning equipment. Keith Crider and Frank Murphy, 44 Park Street, Ayer, MA will both testify regarding the day to day operations of the subject dry cleaning facilities.

INTERROGATORY NO. 16
Identify all property damage that has occurred in connection with the alleged environmental contamination and provide a detailed description of each such alleged occurrence of property damage including a factual description of the place and manner in which each such alleged occurrence took place; the date on which the damage first

5

occurred; the last date on which such damage occurred; and the identity of any person with knowledge of any such occurrence and of all documents relating to such occurrence.

**ANSWER:**    Plaintiff Kleenit, Inc. objects to this question as it is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving such objection, Kleenit, Inc. responds by indicating that any such communications were made with Kleenit, Inc. defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

## INTERROGATORY NO. 17

Identify and describe all testing, investigation, examination, or inspection of the alleged environmental contamination, including but not limited to the following information: the identity of the persons performing the testing, investigation, examination, or inspection; the identity, location and use of the property at which testing was performed, the dates on which all testing, investigation, examination, or inspection was performed; and the identity of all documents, including reports, conclusions, recommendations and findings prepared in conjunction with the testing, investigation, examination, or inspections.

**ANSWER:**  Plaintiff Kleenit, Inc. objects to this question as it is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving such objection, Kleenit, Inc. responds by indicating that any such information is available at the office of defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

## INTERROGATORY NO. 18

Describe in detail the past and present ownership of the Sites or any portion thereof, identifying each person that has owned or operated any of the properties containing the alleged environmental contamination which is the subject of a claim, the dates of ownership by each entity, and your relationship to each such entity.

**ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving such objection, Kleenit, Inc. responds by indicating that any such information is available at the office of defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

## INTERROGATORY NO. 19

Please identify all costs of remediation associated with the Sites from the date the contamination was discovered to the present, and all payments made by the Plaintiff, reimbursements from the 21J Fund, and all payments made by others on the Plaintiff's behalf.

**ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Kleenit, Inc. responds by indicating that any such information is available at the office of defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

INTERROGATORY NO. 20
Please identify any claim, demand, suit, or threat of suit made against you that alleges damages, harm, or loss as a result the alleged contamination at the Sites.

**ANSWER:** Exxon/Mobil issued a Section 4A Demand Letter under G.L. c. 21E to Kleenit regarding the Chelmsford facility regarding alleged contribution to an unrelated nearby release.

INTERROGATORY NO. 21
If you contend that property not owned by any of the Plaintiffs has been damaged as result of alleged environmental contamination at the Sites, then please provide your best estimate to when that damage allegedly occurred and describe the extent and location of the alleged damage.

**ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Kleenit, Inc. responds by indicating that any such communications were made with Kleenit, Inc. defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

INTERROGATORY NO. 22
Please identify all witnesses to environmental contamination remediation efforts at the Sites.

**ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Kleenit, Inc. responds by indicating that any such communications were made with Kleenit, Inc. defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

INTERROGATORY NO. 23
Please identify all communications by or between you and any person, including but not limited to any local, state or federal government agencies or officials concerning the alleged environmental contamination at the Sites.

7

**ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it is overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving such objection, Kleenit, Inc. responds by indicating that any such communications were made with Kleenit, Inc. defense counsel, Robert A. Fasanella, Esq. of Rubin and Rudman, LLC.

## INTERROGATORY NO. 24

Itemize and identify all damages which you seek in this case, including the amount of each item of damage, the date on which it was or will be incurred, and the reason for which it was or will be incurred. In responding to this interrogatory, please identify each person performing services for which such costs were incurred and identify all bills, statements, invoices, or other documents in your possession which detail the nature, date, amount, and charge for such services and identify the custodian thereof.

**ANSWER:** Total defense, investigation, and cleanup costs as of February 25, 2005 is $477,191.28. Please see detailed documentation responsive to this question included in response to Utica's document request. In addition, Kleenit, Inc. seeks coverage for all future response actions necessary at the Acton, Chelmsford and Wayland Sites.

## INTERROGATORY NO. 25

State the names, addresses and area of expertise of any and all expert witnesses and further set forth:
(a.)    the subject matter upon which the expert is expected to testify;
(b.)    statement as to the substance, facts and opinions upon which the expert is expected to testify;
(c.)    a summary of the grounds for each such opinion.

**ANSWER:** Plaintiff Kleenit, Inc. objects to this question as it is premature, overly broad and burdensome and seeks information that is not relevant to this action or is not reasonably calculated to lead to the discovery of admissible evidence.

Submitted under the pains and penalties of perjury on this 29th day of June, 2005.

_Keith Crider_
Keith Crider

8

# EXHIBIT "A"

## AFFIDAVIT OF CARL CROTHERS

I, Carl Crothers, hereby depose and state the following:

1.    I am 81 years old and presently reside at 83 Clark Road, Shirley, Massachusetts.

2.    I was a Manager at Duds Cleaners in Acton from 1965 until 1985.

3.    Several large perchloroetheylene ("perc") spills occurred at the Acton facility during my employment. I do not remember all of these spills; however, I do remember a couple of large perc spills. One was in late 1970/1971. The counter clerk called me at 7:00 or so. The store was filled with solvent fumes. They called the Acton Fire Department and they found solvent all over the back floor. They started fans to remove fumes, when I got there I saw that the clean out door gasket on the Still had blown out. Using my mop and pail I picked up what solvent was left.

4.    Another perc spill which occurred at the Acton facility was in November of 1978. I remember the date of the spill because the day before it occurred, I was going to work and the road was covered in "black ice" and another car crossed in front of me and we had a car wreck. I fractured my left knee in this car accident.

5.    The next day, the owner of Kleenit and my boss, Mr. Monroe, called my home and wanted me to get down to the store and get things back to order from the mess caused by a perc spill. Ray and Frank Clark had feathers from a feather comforter that had exploded and the feathers plugged the pipes up and solvent came out of bottom lint trap and went all over the floor. I was on crutches so I wasn't much help except to try to guide them on trying to save as much solvent as possible, but a lot was lost, four or five gallons maybe.

I swear under the pains and penalties of perjury the above statements of fact are true
and accurate to the best of my personal knowledge.


                                        _Carl Crothers_
                                        Carl Crothers


Date: 6/27/05

# EXHIBIT "B"

Re
Care Cleaners - Chelmsford

5-6-05

Keith,

#1 I am not sure
of dates it being so long
ago, but about 1965
remember our first
accident of perk was made
The driver <u>didn't set</u>
the amount of gallons
to be purchased in
his truck and the
perk overflowed out of
bottom trap, with old
blankets & quilts we
picked up & recleaned
them to save some of
the perk.

#2 Again not remembering the exact year maybe 2 or 3 yrs later the water valve to cool still never opened, so we had overflow all over floor.

#3 It was not long after #2 that the ~~toilet~~ lint trap valve ~~did~~ not open. We opened the led and ~~junk~~ come out.

Sorry my memory isn't good now on dates. I'm 81 now.

Michael Stuart