IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10351-RBC

|  |  |
|---|---|
| KLEENIT, INC., <br>     Plaintiff, <br><br> v. <br><br> SENTRY INSURANCE CO., <br> ROYAL & SUNALLIANCE, <br> UTICA NATIONAL INSURANCE <br> GROUP, and TRAVELERS <br> PROPERTY AND CASUALTY, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**STATEMENT OF UNDISPUTED MATERIAL FACTS IN SUPPORT OF
MOTION FOR PARTIAL SUMMARY BY DEFENDANT THE
TRAVELERS INDEMNITY COMPANY**

Pursuant to Local Rule 56.1, Travelers submits that the following facts are undisputed:

1.     Plaintiff Kleenit, Inc. ("Plaintiff" or "Kleenit") owns and operates dry-cleaning service facilities in Chelmsford and Acton, Massachusetts. Complaint, ¶12. (Attached hereto as Exhibit "A").

2.     The Massachusetts Department of Environmental Protection ("DEP") issued a Notice of Responsibility ("NOR") to Kleenit regarding the Chelmsford facility on January 28, 2001 and issued a second NOR to Kleenit regarding the Chelmsford facility on June 19, 2001. Complaint, ¶14.  According to Kleenit, DEP also issued a NOR to Kleenit pertaining to the Acton facility on December 30, 2002.  Id.   DEP alleges in its NORs that Kleenit is a responsible

party for the release or threat of release of hazardous materials at the sites under Mass. G.L. c. 21E.  Complaint, ¶ 15.

3.      On or about September 25, 2002, Kleenit tendered claims to the defendants, including Travelers, relative to the NORs.  Complaint, ¶ 16.  The defendants, including Travelers, have agreed to provide a defense to Kleenit.

4.      Following a diligent file review, Travelers has located one policy of insurance that it issued to Kleenit for the coverage period of August 28, 1970 until August 28, 1973, policy number ND9087145, with limits of $100,000 per occurrence.  A true copy of the declarations page of the policy (but not the entire policy) is attached hereto as Exhibit "B."

5.      Plaintiff has not produced a copy of any purported policy other than the policy attached hereto as Exhibit "B."

6.      Attached hereto as Exhibit "C" are true and complete copies of hand written ledger sheets produced by Kleenit in this litigation.  Kleenit alleges that the records were made by a now-deceased individual named Harry Nason, an outside accountant for Kleenit.  *See* Exhibit "C"; *see also* Deposition of Keith Crider conducted on June 15, 2005 ("Crider Dep. Vol. I"), attached hereto as Exhibit "D," at pp. 58-59;  Deposition of Keith Crider conducted on June 9, 2006 ("Crider Dep. Vol. III"), attached hereto as Exhibit "E," at pp. 56-57, 80-81.

7.      The documents attached as Exhibit "C" make no reference to Travelers or any policy of insurance purportedly issued by Travelers to Kleenit.  *See* Exhibit "B"; *see also* Crider Dep. Vol.  III, at pp. 62-63.

8.      The insurance agents to whom payments allegedly were made were not exclusive Travelers agents during the relevant time.  Indeed, the agent, Milt Estabrook, brokered policies

on behalf of Lumberman's Mutual Casualty Company and Fireman Fund Insurance Company. See Crider Dep. Vol. III, at p. 53-54, 73-74.

9. Kleenit's former president, Keith Crider, has testified at deposition that Mr. Nason was Kleenit's accountant from approximately the late 1950s until 2001 or 2002, and that he "kept very fastidious records" and "kept every policy number that [Kleenit] ever had." See Crider Dep. Vol. I, at p. 58. In further explaining the accounting documents purportedly prepared and maintained by Mr. Nason during his tenure as Kleenit's accountant, including the handwritten ledger sheets relied upon by Kleenit in this litigation, Mr. Crider testified the documents were moved from Mr. Nason's office to Mr. Crider's office when Mr. Nason retired in 2001 or 2002, and that Mr. Nason's records included "all the policy numbers, the companies listed, everything in detail, the umbrella policy numbers." See Crider Dep. Vol. I, at pp. 60-61. However, as noted above, the purported ledger sheets contain no reference to any Travelers policy or policy number. See Exhibit "C." There is no evidence as to the identity of the insurer, or the type of insurance, that is related to the payment. See Crider Dep. Vol. III, at pp. 62-63.

10. Mr. Crider did not join Kleenit until October 1967, and he did not become involved in the procurement of insurance on behalf of Kleenit "until several years later." See Crider Dep. Vol. III., at p. 68. The person responsible for procuring insurance was Kleenit's then-owner, Russell D. Munro, who died in 1985. See Crider Dep. Vol. III, at pp. 50, 63. Mr. Munro was Mr. Crider's father-in-law.

11. Neither Mr. Crider nor any other officer or employee of Kleenit saw Mr. Nason's purported handwritten ledger entries prior to approximately 2000 or 2001, shortly before Mr. Nason's retirement. See Crider Dep. Vol. III, at pp. 80-81, 85.

12. Attached hereto as Exhibit "F" are copies of handwritten ledger sheets submitted by Kleenit to support its claim for coverage from August 1, 1967 until August 1, 1970 *See also* Crider Dep. Vol. III, at pp. 66.

13. Neither Mr. Crider nor any other officer or employee of Kleenit saw the documents attached hereto as Exhibit "F" prior to 2000 or 2001, and Mr. Crider does not know when Mr. Nason actually prepared the documents. *See* Crider Dep. Vol. III, at pp. 80-81, 84-86. Mr. Nason never submitted the documents to anyone at Kleenit for a review of accuracy, and he never filed them with any governmental or other third-party entity; rather, he simply kept them in his office. *See* Crider Dep. Vol. III, at pp. 84-87.

14. Mr. Crider has testified that, aside from the documents attached hereto as Exhibits "C" and "F," he is not aware of any other documentary evidence that Travelers provided coverage to Kleenit between 1964 and 1970. *See* Crider Dep. Vol. III, at pp. 87-88. Finally, the documents contain multiple notations and annotations that are unclear in their meaning, even to Mr. Crider. *See* Crider Dep. Vol. III, at pp. 58, 71-83.

> Respectfully submitted
> THE TRAVELERS INDEMNITY
> COMPANY
> By its attorneys,
>
> /s/ Joseph S. Berman
> Joseph S. Berman, BBO NO. 566006
> BERMAN & DOWELL
> 210 Commercial Street
> Boston, MA 02109
> Telephone (617) 723-9911

**CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of August, 2006, I filed a copy of the foregoing by electronic means with the United States District Court for the District of Massachusetts using the CM/ECF system, which will send notification to the following, to: Richard Heifetz, Esq. and Danielle M. Maloney, Esq., Tucker, Heiftez & Saltzman, LLP, Three School Street, Boston, MA 02108; and Donald P. Nagle, Esq., Law Office of Donald P. Nagle, P.C., 5 Main Street Extension, Suite 300, Plymouth, MA 02360.

> /s/ Joseph S. Berman
> Joseph S. Berman