## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10351-RBC

_____
                                  )
KLEENIT, INC.,                    )
          Plaintiff,              )
                                  )
v.                                )
                                  )
SENTRY INSURANCE CO.,             )
ROYAL & SUNALLIANCE,              )
UTICA NATIONAL INSURANCE          )
GROUP, and TRAVELERS              )
PROPERTY AND CASUALTY,            )
          Defendants.             )
_____)

## RESPONSE BY DEFENDANT THE TRAVELERS INDEMNITY COMPANY TO PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT

Defendant The Travelers Indemnity Company ("Travelers") responds as follows to plaintiff's "Motion for Declaratory Judgment Ruling that the Defendants Are Jointly and Severally Liable for All Defense Costs Incurred by Kleenit":

Even if this Court were to follow the "joint and several" approach advocated by Kleenit in reliance on Rubenstein v. Royal Ins. Co., 44 Mass. App. Ct. 841 (1998), such an approach would not mandate that non-settling insurers are responsible for the shares of a settling defendant. In this case, the insured, having elected to release one of the insurers in exchange for an undisclosed settlement payment, should equitably have to assume the settling insurer's contribution of defense costs. In essence, the plaintiff has elected to "self insure" during the period covered by the settling company's policy. Although there is no case law from Massachusetts or the First Circuit on the specific issue, an insured that voluntarily settles with an insurer who was a party to

a cost-sharing agreement should not equitably seek to increase the share of defense costs contributed by the non-settling defendants.

**Factual Background**

Plaintiff Kleenit, Inc. ("Plaintiff" or "Kleenit") owns and operates dry-cleaning service facilities in Chelmsford and Acton, Massachusetts.  On January 28, 2001, the Massachusetts Department of Environmental Protection ("DEP") issued a Notice of Responsibility ("NOR") to Kleenit regarding its Chelmsford facility and issued a second NOR to Kleenit regarding the same facility on June 19, 2001.  According to Kleenit, the DEP also issued a NOR to Kleenit pertaining to the Acton facility on December 30, 2002.  DEP alleges in its NORs that Kleenit is a responsible party for the release or threat of release of hazardous materials at the sites under Mass. G.L. c. 21E.

On or about September 25, 2002, Kleenit tendered claims to the defendants, including Travelers, relative to the NORs.  The defendants, including Travelers, have agreed to provide a defense to Kleenit.  More specifically, the defendants entered into a cost-sharing agreement whereby each of three insurers, Travelers, Utica Mutual Insurance Company ("Utica") and Royal & SunAlliance Insurance Company ("Royal") agreed to share costs related to defense by Kleenit of claims against it by the DEP or other third parties.  Separately, Utica, Royal and Kleenit entered into a cost-sharing agreement for a third site in Wayland, Massachusetts.  Travelers did not insure Kleenit at the time Kleenit owned or operated the Wayland site.  Accordingly, Travelers did not participate in the cost-sharing agreement relative to Wayland.

On or about May 16, 2006, Kleenit and Royal entered into a settlement agreement, and Royal was dismissed from the case.  As a result, Royal has withdrawn from the cost-sharing

2

agreement. Kleenit asserts that it has continued to incur defense costs and now seeks to have the Court declare that Travelers and Utica, the two remaining defendants, must contribute for the shares formerly paid by Royal.[1]

As an initial matter, it is not clear whether plaintiff's motion is even directed to Travelers. It would appear that the main focus is on the separate agreement among Kleenit, Utica and Royal relative to the Wayland site. Indeed, the only cost-sharing agreement submitted to the Court concerns Wayland. However, to the extent that plaintiff's motion could be read as seeking a declaration as to Travelers' defense obligations on the Chelmsford and Acton sites, Travelers submits the following response.

**<u>Argument</u>**

There is no case law from Massachusetts or the First Circuit Court of Appeals that discusses whether an insured that settles with one of several insurers who is defending it against a suit may seek to compel the non-settling carriers to pick up the defense share of the settling party. However, courts in other jurisdictions have addressed the issue and have held that parties in the position of Kleenit may not foist the defense obligations of a settled carrier on any non-settling parties.

For example, in <u>Security Insurance Company of Hartford v. Lumbermens Mutual Cas. Co.</u>, 1999 WL 545745 (Connecticut Superior Court, July 12, 1999), an insured settled with one insurer concerning multiple asbestos litigations. One of the remaining carriers filed a motion for

---

[1]The parties have disputed whether certain expenses for which Kleenit seeks reimbursement are in truth "defense costs" as opposed to remediation or indemnity obligations. This brief does not address those specific charges, which the parties will continue to try to resolve extra-judicially.

summary judgment, seeking a declaration that the insured had to assume the costs of defense

formerly paid by the settling company, Lumbermens Insurance, for the period of its coverage,

January 1, 1979 - April 15, 1981.  The Connecticut court ruled in favor of the insurer.

In doing so, the court relied on an opinion from the Second Circuit Court of Appeals,

Stonewall Ins. Co. v. Asbestos Claims Management, 73 F.3d 1178, 1203 (2d Cir. 1995).  In that

case, the Second Circuit adopted the "proration-to-the-insured" approach for indemnification

costs, whereby an insured would be obligated to contribute its *pro rata* share of indemnification

costs with respect to those period in which it had elected to self-insured.  Security Ins. Company

of Hartford, *supra*., 1999 WL at *5.  "When periods of no insurance *reflect a decision by an*

*actor to assume or retain a risk*, as opposed to periods when coverage for a risk is not available,

to expect the risk-bearer to shared in the allocation of the risk is reasonable."  Security Ins.

Company of Hartford, at * 5 (emphasis in original), *quoting* Stonewall Ins. Co. v. Asbestos

Claims Management, 73 F.3d at 1203; *see also* Owens Illinois, Inc. v. United Ins. Co., 138 N.J.

437, 479, 650 A.2d 974, 995 (1994) (insured required to contribute to indemnification where it

elected to self-insure).

Although Stonewall and Owens-Illinois addressed indemnification, not defense costs, the

Connecticut court held that there was no material distinction.  Equity requires that the insured

pay those defense costs since it had elected to become self-insured for the period covered by the

Lumbermens policy.  Id. at *5.  Other courts have extended the reasoning to defense costs.

Insurance Co. of North America v. Forty-Eight Insulations, Inc., 633 F.2d 1212, 1224-1225 (6th

Cir. 1980); Gulf Chemical & Metallurgical Corp. v. Associated Metals & Minerals Corp., 1 F3d

365, 372 (5th Cir. 1993).

4

The Court should apply the rule and deny Kleenit's motion. Kleenit voluntarily settled with Royal, presumably with full knowledge that it would continue to incur "defense" related costs. Presumably, Kleenit considered potential defense costs when it negotiated the amount of the settlement. The settlement agreement between Royal and Kleenit is confidential, but Kleenit plainly is in the best position to make sure that its settlement was fair and included future defense obligations. Under these circumstances, it would be unfair and inequitable to require the non-settling parties to pick up another party's share that the plaintiff voluntarily settled.

**Conclusion**

For all of the foregoing reasons, the defendant, The Travelers Indemnity Company, respectfully requests that the Court deny the plaintiff's motion and enter an order declaring that plaintiff is responsible for all defense costs that would be contributed by Royal.

Respectfully submitted
THE TRAVELERS INDEMNITY
COMPANY
By its attorneys,


_____/s/ Joseph S. Berman_____
Joseph S. Berman, BBO NO. 566006
BERMAN & DOWELL
210 Commercial Street
Boston, MA 02109
Telephone (617) 723-9911

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of August, 2006, I filed a copy of the foregoing by electronic means with the United States District Court for the District of Massachusetts using the CM/ECF system, which will send notification to the following, to: Richard Heifetz, Esq. and Danielle M. Maloney, Esq., Tucker, Heiftez & Saltzman, LLP, Three School Street, Boston, MA 02108; and  Donald P. Nagle, Esq., Law Office of Donald P. Nagle, P.C., 5 Main Street Extension, Suite 300, Plymouth, MA 02360.


_____/s/ Joseph S. Berman_____
Joseph S. Berman