# EXHIBIT D

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, SS

SUPERIOR COURT
C.A. NO. MICV2003-4677

|  |  |
|---|---|
| KLEENIT, INC. | ) |
|  | ) |
|     Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| SENTRY INSURANCE COMPANY, | ) |
| ROYAL & SUN ALLIANCE, | ) |
| UTICA NATIONAL INSURANCE GROUP, and | ) |
| TRAVELERS PROPERTY AND CASUALTY | ) |
|  | ) |
|     Defendants. | ) |
|  | ) |

### AFFIDAVIT OF KEITH CRIDER

I, Keith Crider, hereby depose and state the following:

1.     My name is Keith Crider, President of Kleenit, Inc. ("Kleenit").  I have been the Chief Financial Officer of Kleenit, Inc. for 37 years.  Kleenit is a small, closely held family corporation based presently in Ayer, Massachusetts.  As President and Chief Financial Officer of Kleenit I am familiar with the assets and liabilities of the corporation

2.     Kleenit has incurred severe financial hardship over the past two years, which at times has threatened the very existence of the business, as a result of extraordinary expenses associated with the defense, site assessment and clean-up obligations it has incurred as a result of the receipt of three Notices of Responsibility (NORs) sent by the Department of Environmental Protection (DEP) to Kleenit for its facilities located in Chelmsford, Acton and Wayland, Massachusetts.

3.    Kleenit has incurred approximately $149,586.74 in defense related expenses,

$53,356.14 in claim related expenses, $22,352.44 in indemnity (clean-up) related expenses, for a

total of $225,205.11 in expenses associated with the Chelmsford and Acton sites as further detailed

in the attached spreadsheet of Chelmsford and Acton's costs (See Attachment No. 1).

4.    With the Wayland site included, Kleenit has incurred approximately $166,242.46 in

defense, 22,352.44 in claim costs and $56,598.67 in indemnification and clean-up costs for a total of

$245,103.36 (See Attachment No. 2).

5.    In contrast, Kleenit's insurance companies have only reimbursed $18,590.77, or

merely 12%, of Kleenit's defense costs at the Chelmsford and Acton sites, and no payment for

clean-up, indemnification or claims.

6.    Kleenit timely put its insurance carriers on notice once it became aware of each

NOR and the need for defense and reimbursement of defense related expenses associated with these

NORs.  At first Kleenit believed that it could handle the costs associated with the initial NOR

relating to the Chelmsford facility as an ordinary operating expense.  However, as a result of the

claims made by other third parties, including the DEP, ExxonMobil and a day care facility, Kleenit

realized that the costs and liabilities associated with defense alone of this matter could financially

bankrupt the corporation.

7.    Upon realization of the severe financial consequences of these claims, Kleenit made

diligent efforts to investigate, locate and notify any and all insurers of its facilities, some of which

dated back to the 1960s.

8.    Unfortunately, some of Kleenit's former insurance agents lost older insurance policy

records and it was extremely difficult and burdensome to reconstruct its insurance records, which

possibly have been archived and/or lost. Kleenit pursued all reasonable sources to recover its records, including contacting former agents, accountants and the insurance companies directly.

9.      Despite providing timely notice of the DEP and third party claims, none of the insurers promptly responded to initial notices and claims to provide defense to Kleenit. Kleenit was required to retain environmental consultants and insurance defense and coverage counsel to represent its interest, defend claims, and pursue defense and coverage from the various insurers.

10.      Kleenit will suffer irreparable financial and fiscal harm if it is not reimbursed for all outstanding defense costs at the Chelmsford and Acton sites, or if it is obligated to pay defense and coverage for claims made by various third parties in these three matters.

11.      Kleenit cannot afford to pay for defense and indemnity (clean-up) related expenses at the Chelmsford and Acton sites. As a result of the insurers' unreasonable delay and refusal to pay Kleenit's defense costs, Kleenit has been forced to concentrate its limited financial resources on only defense-related expenses. Thus irreparable harm may likely occur to third parties and/or the environment if Kleenit becomes financially unable to implement cost effective site assessment and clean-up (response actions). For example, irreparable harm may result to downgradient property owners and occupants of the day care facility in Chelmsford and other sensitive environmental receptors, if Kleenit lacks the financial resources to participate in a clean-up. Exxon has threatened to sue Kleenit if it fails to participate equally in response actions in the vicinity of the Chelmsford site.

12.      Kleenit requires immediate equitable relief from the Court to order full payment of all defense related costs incurred by Kleenit at the Chelmsford and Acton sites so that Kleenit can fund necessary defense and response action costs and so that Kleenit can avoid having to downsize

its operations, sell off company facilities and assets, lay off employees and/or file for bankruptcy protection from its creditors.

13.    In an effort to avoid laying off employees and irreparable financial harm to the corporation, I have taken little, if any, financial compensation for 2 years and have had to exercise other extreme austerity measures.  For example, I have had to extend business credits and loans, for which I have had to personally guarantee payment.

14.    Kleenit's business reputation with its vendors has been disrupted, and also its reputation with environmental defense consultants has also been irreparably damaged, since some will not provide further services without promissory notes and personal guarantees.

I swear under the pains and penalties of perjury the above statements of fact are true and accurate to the best of my personal knowledge.

_Keith Crider_

_____
Keith Crider, President
Kleenit, Inc.

Dated:  February 5, 2004

584800_1