UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10351 - RBC

| | |
|---|---|
| KLEENIT, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SENTRY INSURANCE COMPANY, | ) |
| ROYAL & SUN ALLIANCE, | ) |
| UTICA NATIONAL INSURANCE GROUP, and | ) |
| TRAVELERS PROPERTY AND CASUALTY | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO UTICA NATIONAL INSURANCE COMPANY'S AND TRAVELERS INDEMNITY COMPANY'S OPPOSITION TO PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT**

The Defendants apparently misconstrue Kleenit, Inc.'s ("Kleenit's") request for relief in its Motion for Declaratory Judgment. Kleenit seeks a declaration from this Court that Utica National Insurance Group ("Utica") is responsible for 100% of Kleenit's defense costs incurred at the Wayland Site *since* March 17, 2006. The settlement between Royal Indemnity Company ("Royal") and Kleenit addressed *only those defense costs incurred up to and including March 16, 2006.* Consequently, this Court's allowance of Kleenit's Motion would not result in an "incredible windfall," as asserted by Utica, but simply would require Utica to comply with its contractual duty to defend.

This aspect of Kleenit's settlement with Royal is already known to the Defendants. In March 17, 2006 correspondence addressed to all counsel of record,

Royal's counsel, Karl Vasiloff, indicated that the terms of its settlement with Kleenit includes an agreement "that Royal's obligation to pay defense costs to Kleenit terminates as of March 16, 2006." A copy of the March 17, 2006 letter is attached as **Exhibit A**.

Kleenit has not demanded that Utica pay defense costs already paid by Royal, but simply the full cost of defense going forward at the Wayland site. Consequently, the Defendants claim of Kleenit's unjust enrichment is wholly unsupportable. No agreement was made with Royal as part of the settlement agreement that reflected payment for future defense costs incurred after March 16, 2006, nor has Kleenit received any such payments from Royal. Affidavit of Donald P. Nagle, attached as **Exhibit B**. In fact, the Defendants know that the opposite is true; that, Royal's obligation to pay defense costs terminated March 16, 2006.

Utica acknowledged in the first paragraph of its Opposition that it is not relieved of its defense obligation "because one of the insurers has been released from the lawsuit." As such, Utica's refusal to pay anything more than 75% of defense costs must be based on its erroneous assumption that Royal agreed in its settlement with Kleenit, to pay for its 25% share of *future* response costs to be incurred at the Wayland site. This is not the case, as Utica should know from Karl Vasiloff's March 16, 2006 letter.

No windfall will result from Utica's payment of its defense obligation because Royal's settlement agreement does not include payment of any defense costs incurred after March 16, 2006. Id. In fact, the settlement included payment of a specified amount representing Royal's 25% share of defense costs as of March 16, 2006. The remaining settlement funds resolved Royal's *indemnity* obligation to Kleenit. Id. Consequently,

the Defendants' argument that Kleenit should not be awarded a windfall by recovering twice for the same defense costs is simply not applicable in this case.

The Defendants do not dispute that each insurer is jointly and severally liable to cover their defense obligation. However, Utica demands that it is nevertheless entitled to a set-off against defense payments made by Royal. No such defense payments have or will be made by Royal because the settlement agreement does not provide for any such payments. Id.

The Defendants have already benefited from a set-off for Royal's share of defense costs up to March 16, 2006. Royal fulfilled its obligations up to this date under its settlement agreement and Kleenit has not demanded that the non-settling insurers also pay this share.

Utica's contention that the issue of allocation of defense costs "is a matter of first impression in Massachusetts" is inaccurate and their reliance upon a federal district court decision in the Second Circuit and a Connecticut Superior Court decision is misplaced. Utica recognizes in its opposition that *Rubenstein* stands for the proposition that each policy obligates the insurer to pay for the entire liability of the insured. Travelers concedes in its Opposition that there is "no material distinction" in the analysis regarding allocation of indemnity and defense obligations among multiple insurers. Utica does not dispute this point, either. In fact, *Rubenstein* also affirmed joint and several defense obligations as well as indemnity among multiple insurers: "The judge [Botsford, in the lower court decision] also correctly concluded that the trustees were entitled to a full and complete defense from every insurer having a duty to defend." *Rubenstein*, at 849 (citations omitted).

Consequently, *Rubenstein* is applicable to the instant dispute over full payment of defense costs and the cases cited by both Utica and Travelers, all of which are from outside the First Circuit, have no bearing here.

Even if the two cases offered by Defendants warrant consideration, they are distinguishable on the facts. The Defendants ask this Court to follow the rulings in a District of Connecticut case, *Consolidated Edison*, which is based on the insured's decision to "buy-back" policies from some of the several insurers. They also ask this Court to consider a Connecticut Superior Court decision, *Lumbermans*, which ruled that the insured must contribute towards defense costs based on those periods of time during which the insured opted to "self-insure."

Kleenit did not enter into a "buy-back" agreement with Royal, nor did Kleenit decide to "self-insure" during certain periods of time. Id. Kleenit maintained multiple policies continuously throughout the time-frame in question. Id. The existence of a "buy-back" agreement in *Consolidated Edison* and the decision by the insured to "self-insure" in *Lumbermans* were determinative in each of these cases, and are facts which are not present in the instant case. Consequently, these cases provide no value to the Court in deciding the matter at hand. Rather, a ruling on Kleenit's Motion should be based on *Rubenstein*, recognized as the law in Massachusetts on this issue, which imposes joint and several obligations on multiple insurers for defense costs, as well as indemnity.

Utica has already obtained the set-off it argues is due to them by paying only 75% of the defense costs incurred by Kleenit up to March 16, 2006. Royal's resolution of its liabilities to Kleenit cannot be used as an excuse for Utica to limit its subsequent defense obligations, as Utica concedes in its Opposition.

No windfall results from the Defendants honoring their defense obligation. Rather, the outcome they seek would deprive Kleenit of its contractual right to full recovery of its defense costs.

For the reasons set forth herein, Plaintiff respectfully requests that this Court reject the Defendants' Oppositions to Plaintiff's Motion for Declaratory Judgment and allow Plaintiff's Motion by ordering Utica to pay 100% of Plaintiff's defense costs incurred regarding the Wayland site commencing March 17, 2006 and by ordering the Defendants to collectively pay 100% of their defense obligations at the Chelmsford and Acton sites.

Respectfully submitted,

KLEENIT, INC.

By its Attorney,

/s/ Donald P. Nagle
Donald P. Nagle, Esq. (BBO # 553544)
Law Office of Donald P. Nagle, P.C.
5 Main Street Extension, Suite 300
Plymouth, Massachusetts 02360
(508) 732-8970

Date: September 7, 2006

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 7, 2006, I electronically filed Plaintiff's Response to Utica National Insurance Company's and Travelers Indemnity Company's Opposition to Plaintiff's Motion for Declaratory Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Defendant, Utica National Insurance Group (Electronically)
Richard E. Heifetz, Esq.
Danielle M. Maloney, Esq.
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108

Defendant Travelers Indemnity Company (Electronically)
Joseph S. Berman, Esq.
Berman & Powell
210 Commercial Street
Boston, MA 02109

Dated:  September 7, 2006

Donald P. Nagle, Esq. (BBO # 553544)
Law Office of Donald P. Nagle, P.C.
5 Main Street Extension, Suite 300
Plymouth, Massachusetts 02360
(508) 732-8970