# EXHIBIT "A"

# ZELLE, HOFMANN, VOELBEL, MASON & GETTE
A LIMITED LIABILITY PARTNERSHIP

BOSTON
DALLAS
LOS ANGELES
MINNEAPOLIS
SAN FRANCISCO
WASHINGTON, D.C.
BEIJING*
SHANGHAI*
*In association with ZY & Partners

950 WINTER STREET - SUITE 1300
WALTHAM, MASSACHUSETTS 02451
781-466-0700 TELEPHONE
781-466-0701 FACSIMILE
www.zelle.com

Karl S. Vasiloff
kvasilof@zelle.com
(781) 466-0702

March 17, 2006

*Via Facsimile & First Class Mail*

Donald P. Nagle, Esq.
Donald P. Nagle, PC
5 Main Street Extension, Suite 300
Plymouth, MA  02360

Richard E. Heifetz, Esq.
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA  02108

Joseph S. Berman
Berman & Dowell
210 Commercial Street
Boston, MA  02109

Robert A. Fasanella
Rubin & Rudman, LLP
50 Rowes Wharf
Boston, MA  02110-3319

Re: Kleenit, Inc. v. Sentry Insurance Company, et al.
C.A. No.  04-10351-RBC
Our File Number: 4-079-0021

Dear Counsel:

As a result of the settlement in principal which was reached yesterday, Royal Indemnity Company ("Royal"), as successor by merger to Globe Indemnity Company and Royal Insurance Company of America, and Kleenit, Inc. ("Kleenit") agreed that Royal's obligation to pay defense costs to Kleenit terminates as of March 16, 2006. Accordingly, Royal will no longer be participating in sharing defense costs incurred after March 16, 2006.

Please contact me with any questions.

Very truly yours,

ZELLE, HOFMANN, VOELBEL, MASON & GETTE LLP

Karl S. Vasiloff

KSV/svj

# EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10351 - RBC

| | |
|---|---|
| KLEENIT, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SENTRY INSURANCE COMPANY, ROYAL & SUN ALLIANCE, UTICA NATIONAL INSURANCE GROUP, and TRAVELERS PROPERTY AND CASUALTY | ) ) ) ) |
| Defendants. | ) ) |

**AFFIDAVIT OF DONALD P. NAGLE**

I, Donald P. Nagle, hereby depose and state the following:

1. I am an attorney licensed to practice in the Commonwealth of Massachusetts. I am counsel for the plaintiff, Kleenit, Inc. with respect to its notices of claim to, and request for defense and indemnification from, Defendants in the above-captioned case.

2. In this context, I negotiated a settlement agreement with Royal Indemnity Company ("Royal") which resolved Royal's liabilities to Kleenit, resulting in Royal's dismissal from this case.

3. The settlement agreement provided for payment to Kleenit for Royal's obligation to pay its share of defense costs for the Wayland site incurred up to and including March 16, 2006. The settlement agreement also resolved Royal's indemnity obligation to Kleenit under one or more insurance policies. The settlement did not

include any payment to Kleenit or a promise to pay Kleenit defense costs incurred or to be incurred regarding the Wayland site on or after March 16, 2006. No agreement was made with Royal as part of the settlement agreement that reflected payment for future defense costs incurred after March 16, 2006, nor has Kleenit received any such payments from Royal.

4.    The settlement did provide for payment by Royal of a specified amount representing Royal's 25% share of defense costs as of March 16, 2006. The remaining settlement funds resolved Royal's indemnity obligation to Kleenit.

5.    Kleenit did not enter into a "buy-back" agreement with Royal.

6.    Kleenit maintained multiple policies continuously throughout the time-frame in question in the above-captioned litigation. Kleenit did not decide to "self-insure" during any of this period of time.

Signed under the pains and penalties of perjury this 7th day of September, 2006.

_____
Donald P. Nagle