UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10351 - RBC

|  |  |
|---|---|
| KLEENIT, INC. | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| SENTRY INSURANCE COMPANY, ROYAL & SUN ALLIANCE, UTICA NATIONAL INSURANCE GROUP, and TRAVELERS PROPERTY AND CASUALTY | ) ) ) ) ) |
| Defendants. | ) ) |

**PLAINTIFF KLEENIT, INC.'S CONCISE STATEMENT OF MATERIAL FACTS ASSERTED TO BE IN DISPUTE**

Pursuant to Local Rule 56.1, Kleenit, Inc. ("Kleenit") hereby provides a concise statement of the material facts asserted to be in dispute and is submitted in support of Kleenit's Opposition to Utica's Motion for Partial Summary Judgment. Utica acknowledges the existence of a comprehensive general liability ("CGL") policy issued to Kleenit, with an effective date of October 1 and annual policy periods from 1979 to 1982. (Utica's Concise Statement of Material Facts ("CMF"), ¶7). However, Utica's Motion challenges the existence of a $1,000,000 umbrella liability policy issued by Utica to Kleenit, with annual policy periods from 1983 to 1985. Further, Utica claims that Kleenit should not be allowed, as a matter of law, to prove the existence of the umbrella policy and, presumably, the existence of other polices issued to Kleenit by Utica, through

the use of secondary evidence. Utica has not carried its burden of proof to sustain its Motion and, for this reason, its Motion for Partial Summary Judgment should be denied.

1. Utica issued a $1,000,000 umbrella liability insurance policy, identified as Policy No. LU 6406 to Kleenit, with an annual policy period from February 2, 1983 to February 3, 1984, as demonstrated by:

    a. A cancelled check issued to Kleenit's insurance agent, dated March 2, 1983 Affidavit of Donald P. Nagle, ("Nagle Aff.," at **Tab 1**, copy of check numbered 18425, issued to Kleenit's insurance agent, Henrick F. Johnson.);

    b. Kleenit's pre-paid insurance ledger entry recorded by Kleenit's accountant (Id. at **Tab 2**, copy of Kleenit's pre-paid insurance ledger, dated July 2, 1983, l. 17); and,

    c. Deposition testimony of Kleenit's immediate past president and Chief Financial Officer, Keith Crider, that Kleenit purchased umbrella liability insurance (See **Exhibit B**, Deposition of Keith Crider ("Crider Dep."), June 15, 2005, pp. 60-61, ll. 24,1) and **Exhibit C**, Crider Dep., June 9, 2006, p.5, p.6. 1.20);

2. Utica issued a $1,000,000 umbrella liability insurance policy, identified as Policy No. LU 6406 to Kleenit, with an annual policy period from February 2, 1984 to February 3, 1985, as demonstrated by:

    a. A cancelled check, issued to Kleenit's insurance agent, Henrick F. Johnson in the amount of $750, dated June 27, 1984, with notation "umbrella policy" (Nagle Aff. at **Tab 3**, copy of check numbered 2193,);

   b.  Kleenit's pre-paid insurance ledger entry recorded by Kleenit's accountant (Id. at **Tab 4**, copy of Kleenit's pre-paid insurance ledger, dated June 30, 1984, l. 18); and,

   c.  Deposition testimony of Kleenit's immediate past president and Chief Financial Officer, Keith Crider, that Kleenit purchased umbrella liability insurance (See Exhibit B, Deposition of Keith Crider ("Crider Dep."), June 15, 2005, pp. 60-61, ll. 24-25) and Exhibit C, Crider Dep., June 9, 2005, p. 5. p. 6, l. 20);

  3.  Kleenit has produced to Utica copies of cancelled checks representing payment of insurance premiums for Policy No. LU 6406 to Kleenit, with annual policy periods from 1983 to 1985. (See Nagle Aff., **Tab 5**, April 14, 2006 letter from Donald P. Nagle to Richard E. Heifetz ).

  4.  Kleenit has produced to Utica copies of pre-paid insurance ledgers kept by Kleenit's accountant, which includes entries that document Kleenit's purchase of the umbrella policy, numbered LU 6406, which matches information included in cancelled checks representing payment of insurance premiums for Policy No. LU 6406 to Kleenit, with annual policy periods from 1983 to 1985. Id.

  5.  Kleenit has produced documentation which demonstrates the schedule of all insurance policies purchased by Kleenit, including insurance polices issued by Utica, during the period of time at issue. (See Nagle Aff., **Tab 6**, June 7, 2006 electronic mail from Donald P. Nagle to Danielle Maloney, counsel for Utica, attached to which are electronic versions of all ledger sheets in Kleenit's possession documenting all insurance coverage carried by Kleenit during the period of time at issue.)

6. Harry Nason was the accountant for Kleenit from the 1950's to at least 2001, and served on Kleenit Board of Directors. (See **Exhibit D**, Crider Dep., Jume 15, 2005, pp. 58-63 and **Exhibit E**, Deposition of Frank Murphy, August 10, 2005, p. 17).

7. Harry Nason was an authorized agent of Kleenit, who kept insurance records on behalf of Kleenit in the normal course of business. (Crider Dep. and **Exhibit F**, Crider Dep., June 15, 2005, pp. 80-83).

8. A witness for Kleenit, Keith Crider, has testified that during the period of time at issue, he wrote the checks which paid the premiums for insurance polices issued by Utica. (see Exhibit D, Crider Dep., p. 58, ll. 5-7).

9. A witness for Kleenit, Keith Crider, has testified that during the period of time at issue, Kleenit's accountant, Harry Nason, recorded in ledger books the payment of insurance premiums made by a "one-write" check writing system and, later, the Safeguard check writing system,. (See Exhibit F, Crider Dep., p. 82 ll. 5-6.

10. A witness for Kleenit, Keith Crider, had testified that he has recollection of the procedure by which Harold Nason, accountant for Kleenit, maintained all relevant information regarding insurance coverage purchased by Kleenit in ledger books in the normal course of business. (See Exhibit C, Crider Dep., June 9, 2006, p. 5-11, 14-15) and Exhibit F, Crider Dep., June 15, 2005 p. 80-83).

11. A witness for Kleenit, Keith Crider, has testified that he has a recollection that Kleenit purchased umbrella liability insurance from Utica during the period of time at issue. (See Exhibit C, Crider Dep., p. 5-6 and Exhibit D, Crider Dep., p. 60, l. 24, p. 61, l. 1-4).

12. Kleenit has produced copies of ledgers maintained by Kleenit's former accountant, Harry Nason, and checks written by Kleenit's former president and chief financial officer, which document the existence of Umbrella Policy LV 6406. (See Nagle Aff., Tab 5, letter from Donald P. Nagle to Richard E. Heifetz, dated April 14, 2006.)

13. Kleenit has documentary and testimonial evidence that Utica issued Umbrella Policy LV 6406, covering annual policy periods from 1983 to 1984 and 1984 to 1985. (See Exhibit D, Crider Dep., p. 60, ll. 16-24, p. 61, ll. 1-4).

14. Kleenit has made a diligent search for Umbrella Policy LU 6406 demonstrating that the policy is unavailable through no fault of Kleenit and that Kleenit conducted a diligent, but unsuccessful search for the policy. (See **Exhibit G**, Affidavit of Francis X. Murphy).

15. As part of its due diligence to search for missing insurance policies issued by Utica, Kleenit contacted the son of Kleenit's former insurance agent, Henrick Johnson, who arranged for the issuance of Utica policies to Kleenit. (See Nagle Aff., **Tab 7**, Memorandum from Peter Feuerbach, dated August 2, 2002).

16. Kleenit engaged in a diligent effort to search for missing insurance policies issued by Utica. (See **Exhibit H**, Affidavit of Keith Crider, dated February 5, 2004, ¶¶ 7,8).

17. Kleenit served discovery requests to Utica requesting a copy of all policies it issued to Kleenit and for any and all information regarding any such policies (See **Exhibit I**).

6

Respectfully submitted,

KLEENIT, INC.

By its Attorney,

/s/ Donald P. Nagle
Donald P. Nagle, Esq. (BBO # 553544)
Law Office of Donald P. Nagle, P.C.
5 Main Street Extension, Suite 300
Plymouth, Massachusetts 02360
(508) 732-8970

Dated:  September 25, 2006