**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

**CIVIL ACTION NO. 04 10351 - RBC**

| | |
|---|---|
| KLEENIT, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SENTRY INSURANCE COMPANY, | ) |
| ROYAL & SUN ALLIANCE, | ) |
| UTICA NATIONAL INSURANCE GROUP, and | ) |
| TRAVELERS PROPERTY AND CASUALTY | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFF'S OPPOSITION TO TRAVELERS INDEMNITY COMPANY'S**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Plaintiff Kleenit, Inc. ("Kleenit") opposes Travelers Indemnity Company's

("Travelers'") Motion for Partial Summary Judgment, which challenges the existence of

a comprehensive general liability ("CGL") policy covering with annual policy periods

from August 1, 1964 to August 1, 1967 and a second CGL policy with annual policy

periods from August 1, 1967 to August 1, 1970.[1]  Further, Travelers claims that Kleenit

should not be allowed, as a matter of law, to prove the existence of the Umbrella Policy

and, presumably, the existence of other polices issued to Kleenit by Travelers, through

the use of secondary evidence.

---

[1] Travelers acknowledges in its motion the existence of its CGL policy issued to Kleenit, with an effective date of August 28, 1970-August 28, 1973.

Travelers has not carried its burden of proof to sustain its Motion because, viewed in light most favorable to Kleenit, Travelers has failed to demonstrate the lack of evidence regarding the existence of the CGL policies. In its Motion, Travelers actually recognizes that evidence supports the existence of the policy, but then misapplies the Rules of Evidence in its attempt to prevent its use. For these reasons, Travelers has failed to meet the onerous standard for summary judgment and its motion should be denied.

## I.    STATEMENT OF MATERIAL FACTS ASSERTED TO BE IN DISPUTE

Travelers acknowledges the existence of CGL policy number ND9087145 issued to Kleenit, with limits of $100,000 per occurrence, and for annual coverage periods commencing August 28, 1970 through August 28, 1973. (Travelers' Concise Statement of Material Facts ("CMF"), ¶4). However, Travelers' Motion challenges the existence of a CGL policy with annual coverage periods commencing August 1, 1964 to August 1, 1967 ("1964 Policy"). and CGL policy number ND3873892, with annual coverage periods commencing August 1, 1967 through August 1, 1970 ("1967 Policy"). Further, Travelers claims that Kleenit should not be allowed, as a matter of law, to prove the existence of the 1964 Policy and the 1967 Policy.

Travelers has not carried its burden of proof to sustain its Motion and, for this reason, its Motion for Partial Summary Judgment should be denied.

Kleenit obtained its insurance exclusively from E.J. Wells Insurance Agency ("E.J. Wells") during the 1960's and 1970's, as indicated by the President of Kleenit, Keith Crider. A copy of relevant excerpts of the transcript of his June 15, 2005 deposition testimony is attached to Kleenit's Concise Statement of Material Facts

Asserted to Be in Dispute ("SMFD"), as **Exhibit A** and from his June 9, 2006 deposition testimony, relevant excerpts are attached to Kleenit's SMFD, as **Exhibit B**.

Kleenit purchased its insurance from Travelers before switching to Sentry in 1974. A copy of relevant excerpts of the transcript of his June 15, 2005 deposition testimony, pp. 60-62, is attached to Kleenit's SMFD as **Exhibit C**.

Kleenit ledger entries documented payments made to Milt Esterbrook, the agent at E.J. Wells in 1965, 1966, and 1967. (See SMFD, **Exhibit D**, Affidavit of Donald P. Nagle ("Nagle Aff.), **Tab 1**).

Travelers indicated in a letter dated January 17, 2003 to Donald P. Nagle that it had identified reference to the 1967 Policy issued to Kleenit with a policy number ND3873892, and a policy period of August 1, 1967 to August 1, 1970. A copy of this letter is attached as Kleenit's SMFD, **Exhibit E**.

The existence of the 1967 Policy is confirmed by Kleenit's ledger sheet, dated June 29, 1968, identified as "Prepaid Insurance," line 5, which provides in pertinent part:

> **Travelers Indemnity Company...ND3873892..M....Business Owners Policy...P/p...60000...8-27-67...3 yr....8-28-70...**

A copy of this ledger sheet is attached to Kleenit's SMFD, Exhibit D, Nagle Aff., as **Tab 2.**

The existence of the 1967 Policy is also confirmed by Kleenit's ledger sheet, dated June 28, 1969, identified as "Prepaid Insurance," line 8, which begins with asterisks, above which indicates "Travelers Indemnity Company." The remainder of the line provides, in pertinent part:

> **...3873892...…Business Owners Policy...8-27-67...3 yr....8-28-70...**

A copy of this ledger sheet is attached to Kleenit's SMFD, Exhibit D, Nagle Aff., as **Tab 3.**

The existence of the 1967 Policy is also confirmed by Kleenit's ledger sheet, dated June 27, 1970, identified as "Prepaid Insurance," line 1, which provides in pertinent part:

> **Travelers Indemnity Company …3873892..….Esterbrook…Business Owners …8-27-67…3 yr.…8-28-70…**

A copy of this ledger sheet is attached to Kleenit's SMFD, Exhibit D, Nagle Aff., as **Tab 4.**

Harry Nason was the accountant for Kleenit from the 1950's to at least 2001, and served on Kleenit Board of Directors.  (See Kleenit's SMFD, Exhibit C, Crider Dep., June 15, 2005, pp. 58-59 and Kleenit's SMFD, **Exhibit F**, Deposition of Frank Murphy, August 10, 2005, p. 17).

Harry Nason was an authorized agent of Kleenit, who kept insurance records on behalf of Kleenit in the normal course of business. (See Kleenit's SMFD, Exhibit C, Crider Dep., June 15, 2005, pp. 58-59; Crider Dep. and **Exhibit G**, Crider Dep., June 15, 2005, pp. 80-83).

A witness for Kleenit, Keith Crider, has testified that during the period of time at issue, he wrote the checks which paid the premiums for insurance polices issued by Travelers. (see Kleenit's SMFD**, Exhibit H**, Crider Dep., June 15, 2005, pp. 8, 58).

A witness for Kleenit, Keith Crider, has testified that during the period of time at issue, Kleenit's accountant, Harry Nason, recorded in ledger books the payment of insurance premiums made by a "one-write" check writing system and, later, the Safeguard check writing system,. (See Kleenit's SMFD, **Exhibit I**, Crider Dep., June 15,

2005, pp. 80-83).

A witness for Kleenit, Keith Crider, had testified that he has recollection of the procedure by which Harold Nason, accountant for Kleenit, maintained all relevant information regarding insurance coverage purchased by Kleenit in ledger books in the normal course of business. (See Kleenit's SMFD, **Exhibit J**, Crider Dep., June 15, 2005, p. 5-11, 14-15 and Exhibit I, Crider Dep., June 15, 2005, p. 80-83).

Kleenit's 1967 annual report includes a page identified as "Insurance Coverage," which indicates "Comprehensive General Liability," a copy of which is attached to Kleenit's SMFD, Exhibit D, Nagle Aff., **Tab 5**.

13.    Kleenit's 1968 annual report includes a page identified as "Insurance Coverage," which indicates "Comprehensive General Liability," a copy of which is attached to Kleenit's SMFD, Exhibit D, Nagle Aff., **Tab 6**.

## II.    <u>SUMMARY JUDGMENT STANDARD</u>

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P 56(c).

The burden is on the moving party to establish both the absence of any triable issue and his entitlement to judgment in his favor. *Pederson v. Time, Inc.,* 404 Mass. 14, 17 (1989). All facts are to be viewed, and all inferences drawn, in the light most favorable to the nonmoving party. *Reich v. John Alden Life Ins. Co.* ., 126 F.3d 1, 6 (1st Cir.1997).

## III.     ARGUMENT

**A.     KLEENIT HAS PRODUCED SUFFICIENT EVIDENCE TO DEMONSTRATE THE EXISTENCE OF THE TWO CGL POLICIES IN DISPUTE**

Travelers' motion must be denied because a genuine issue of material fact exists regarding the existence of the two policies.   Despite the lack of the physical policies, Kleenit has provided ample evidence of their existence.  "That a policy has been lost or destroyed does not mean that its existence and contents may not be reconstructed from business records, underwriter's folios, or billings of the insurance company to the insured."  Rubenstein v. Royal Ins. Co. of America, 44 Mass.App.Ct. 842, 694 N.E.2d 381, Mass.App.Ct.,1998.

Travelers acknowledges the existence of a comprehensive general liability ("CGL") policy number ND9087145 issued to Kleenit, with limits of $100,000 per occurrence, and for annual coverage periods commencing August 28, 1970 through August 28, 1973.  (Travelers' Concise Statement of Material Facts ("CMF"), ¶4). However, Travelers' Motion challenges the existence of a CGL policy with annual coverage periods commencing August 1, 1964 to August 1, 1967 ("1964 Policy"). and CGL policy number ND3873892, with annual coverage periods commencing August 1, 1967 through August 1, 1970 ("1967 Policy").   Further, Travelers claims that Kleenit should not be allowed, as a matter of law, to prove the existence of the 1974 Policy and the 1967 Policy.

Travelers has not carried its burden of proof to sustain its Motion and, for this reason, its Motion for Partial Summary Judgment should be denied.

6

Kleenit has produced documentation that Kleenit purchased CGL policies exclusively from Travelers, through its insurance agent, E.J. Wells, Insurance Co., and its broker, Milt Esterbrook from the early 1960's through 1973. Kleenit's insurance summaries from corporate annual reports in 1967 and 1968 indicate that CGL policies were included in their insurance portfolio. Travelers' correspondence and response to discovery concedes it has records indicating the issuance of the 1967 Policy to Kleenit. Kleenit ledger entries, kept in the normal course of business activity, records Kleenit's payment of premiums for the 1967 Policy.

Contrary to Travelers' assertion, there is indeed a dispute as to whether Kleenit has produced sufficient evidence to prove the existence of the policies. This is a triable issue that unquestionably survives summary judgment and, consequently, Travelers' motion should be denied.

The only way Travelers can prevail in its motion is if no evidence supports the existence of the policy. If there is any evidence supporting the existence of the policies, then a genuine issue of material fact is established, and Travelers' motion fails. The case Travelers cites to distinguish from Kleenit, Employers' Liability Assur. Corp., Ltd. v. Hoechst Celanese Corp., 43 Mass.App.Ct. 465, 684 N.E.2d 600 (1997), actually provides support for Kleenit's opposition, as it affirmed the lower courts denial of the insurers' motion for summary judgment because:

> [the superior court] judge concluded that HCC had made enough progress with its secondary evidence to create a genuine issue of fact as to the existence and terms of the policies. This averted summary judgment for the insurers under the rule of Kourouvacilis v. General Motors Corp., 410 Mass. 706, 711-712, 575 N.E.2d 734 (1991), describing the conditions of the evidence that do or do not justify summary judgment against a party bearing the burden of proof."

Hoechst Celanese, at 612.

The secondary evidence produced by the insured in Hoechst Celanese consisted of the first page of an unsigned letter, which included a "chart identified an ELAC policy, No. E-15-8091-001, for the period 1/16/64-1/16/65, in the amount, appearing under the heading "Limit," of $5 million in excess coverage over the $1 million primary coverage. The chart also identified an ESLIC policy, No. 5-16-00002, for the period 1/1/62-1/1/64, but under "Limit" Gottlieb placed a question mark." Id. (footnotes omitted.)   This documentation was deemed sufficient to survive the insurer's summary judgment motion by the Massachusetts Appellate Court, despite lacking the detail that Kleenit has provided. "There is some trouble with the ESLIC policy because the chart does not tie down the amount of the coverage. However, it is possible to infer that the coverage, the first and only layer of excess coverage, was $5 million as a minimum." Id. cf. Emons Indus., Inc. v. Liberty Mut. Fire Ins. Co., 545 F.Supp. 185, 189 (S.D.N.Y.1982).

Kleenit's accounting ledgers provide the same level of detail regarding the policies at issue.  As a comprehensive accounting ledger for all pre-paid insurance purchased by Kleenit, this evidence carries greater evidentiary weight.  Furthermore, Travelers has already conceded that it has a record of issuing the 1967 Policy, but does not have a copy of the policy.  This stipulation, combined with Kleenit's ledger entries provides more than sufficient evidence to survive a summary judgment motion regarding the existence of the 1967 Policy.

While less documentation has been identified regarding the 1964 policy, testimonial evidence indicating that Travelers was the sole insurer for Kleenit during the

early 1960's, and the earliest documentation produced by Kleenit indicating that

Travelers was the only insurer for Kleenit, raises a sufficient question of coverage during

this time to preserve the question for trial.

Travelers' argument that that Kleenit has no testimonial evidence of the policy is

misguided since during Travelers' several depositions of Kleenit's Keith Crider, Mr.

Crider conveyed his explicit recollection that Kleenit purchased all of its insurance,

including liability insurance exclusively from Travelers through Milt Esterbrook.

Furthermore, Kleenit does not rely exclusively on the Mr. Crider's memory.

In short, Kleenit has produced evidence that Travelers issued the policies and its

material terms, meeting or exceeding the standard required under Hoechst Celanese.

### IV.   KLEENIT'S LEGDER SHEETS ARE ADMISSABLE UNDER THE BUSINESS RECORDS EXCEPTION TO THE HEARSAY RULE AND CAN BE PROPERLY AUTHENTICIATED BY THE AFFIDAVITS OF KLEENIT CORPORATE OFFICERS

The ledgers produced by Kleenit demonstrating the existence of the 1964 Policy

and the 1967 Policy and are admissible as business records.  Massachusetts has codified

this exception to the hearsay rule, as follows:

> An entry in an account kept in a book or by a card system or by any other system
> of keeping accounts, or a writing or record, whether in the form of an entry in a
> book or otherwise, made as a memorandum or record of any act, transaction,
> occurrence or event, shall not be inadmissible in any civil or criminal proceeding
> as evidence of the facts therein stated because it is transcribed or because it is
> hearsay or self-serving, if the court finds that the entry, writing or record was
> made in good faith in the regular course of business and before the beginning of
> the civil or criminal proceeding aforesaid and that it was the regular course of
> such business to make such memorandum or record at the time of such act,
> transaction, occurrence or event or within a reasonable time thereafter.

M.G.L.A. 233 § 78.

The ledgers are fully within the reach of G.L. c. 233, § 78. In <u>Rubenstein</u>, similar documents were admitted based on this statutory directive:

> Admitted in evidence was a schedule of insurance prepared by Boit, Dalton & Church, showing that the trustees were covered by Royal insurance policy 516688, effective October 10, 1969, to October 30, 1972. Royal argues that the judge erred in admitting the schedule of insurance as evidence. We perceive no error; the document was correctly admitted as a business record. Cf. G.L. c. 233, § 78; <u>Commonwealth v. LaPlante</u>, 416 Mass. 433, 441-442, 622 N.E.2d 1357 (1993).

<u>Rubenstein</u>, at 847 (footnote included).

Deposition testimony by Keith Crider demonstrates his qualification to establish adequate foundation for admission of the ledgers as business records. "The foundation for the admissibility of a business record does not need to be established through the testimony of the preparer nor, in this case, the transmitter of the record.). <u>McLaughlin v. CGU Ins. Co.</u>, 445 Mass. 815, 840 N.E.2d 935, 938 (Mass., 2006.) (citations omitted).

Even if Kleenit has not authenticated the ledger sheets, Kleenit's burden to do so only exists at trial, not at summary judgment. "We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment. Obviously, Rule 56 does not require the nonmoving party to depose her own witnesses." <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 324 106 S.Ct. 2548 (1986).

The fact that the preparer of the ledgers is not a regular employee of Kleenit is immaterial. Harry Nason, who prepared these records in the normal course of Kleenit's business activity, as Kleenit's accountant for at least 40 years. He was also a member of Kleenit's board of directors. The records prepared by Nason were used to file annual tax returns for Kleenit. Keith Crider, Kleenit's former president and chief financial officer, also a trained accountant, had broad knowledge regarding the preparation and

maintenance of the ledgers, and their critical use as the basis for preparing tax returns.

These elements are more than required by the Massachusetts Supreme Judicial Court in

McLaughlin:

> In *Beal Bank, SSB v. Eurich, supra,* we dealt with the admissibility of the computer printouts of a customer's loan account, which showed a deficiency due the bank. The records were generated by a company that serviced loans for the bank. We concluded that the records were admissible as business records even though no witness from the loan servicing company nor the bank testified that he or she had personal knowledge regarding the preparation or maintenance of the account records at issue. The records were admissible as business records based on testimony that the servicing company had an obligation to maintain the records, and that the bank relied on them. The affidavits in this case provide a similarly sufficient (if not stronger) basis on which to support the admission of the computer printouts as business records. See Federal Deposit Ins. Corp. v. Patel, 46 F.3d 482, 484 (5th Cir.1995) (finding that former bank employee and bank loan officer had sufficient personal knowledge of bank procedures and computer record keeping information that their affidavits were admissible under business records exception and admissible as proper summary judgment evidence). Id. at 939.

McLaughlin, at 819,820.

Travelers' contention that the ledgers contain double hearsay is irrelevant because

of their admissibility as a business record.  Once it is established that the ledgers are

business records, which they are, the question of hearsay is irrelevant.  Mr. Crider has

explained in detail the procedures by which the business information was recorded in the

ledgers by Harry Nason, Kleenit's accountant.  He also explained in his deposition how

Nason obtained the insurance information recorded in the ledger - by personally

inspecting the policies - as confirmed by the letter "P" in each entry line.  Mr. Crider also

explains that information in the ledger regarding payment of premiums for the policy was

derived by Nason from the "one-write" system, which reproduces the information on the

face of each check by carbon copy, a standard recording method in the early 1980's,

before use of the computer was prevalent.

Travelers' allegation that Nason never saw the policies is disproved by Crider's

deposition testimony.  As discussed above, the information in the ledgers leaves no doubt

that Kleenit paid the premium for the CGL policies, the material terms of which were

recorded in the ledgers.  For these reasons, Travelers' attempt to discredit Kleenit's

evidence as hearsay utterly fails.

## V.    TRAVELERS' ASSERTION THAT KLEENIT'S PROOF OF CGL POLICIES DOES NOT MEET ITS BURDEN OF PROOF IS PREMATURE FOR THIS STAGE OF LITIGATION; REGARDLESS, KLEENIT NEVERTHELESS MEETS THE APPLICABLE BURDEN OF PROOF

Kleenit will meet the applicable burden of proof at trial demonstrating the

existence of the CGL polices and, further, that coverage is warranted.  However, for

purposes of summary judgment, the only burden Kleenit has, as the non-moving party, is

to show that there is a genuine issue of material fact.  The standard imposed on the

moving party is much greater.  The Reporter's Notes in the Massachusetts Rules of Civil

Procedure, which are identical to the federal rule, explain the strict standard imposed on

the moving party:

The important thing to realize about summary judgment under Rule 56 is

that it  can be granted if and only if there is "no genuine issue as to any material fact." If

any such issue appears, summary judgment must be denied. So-called "trial by

affidavits" has no place under Rule 56. Affidavits (or pleadings, depositions,

answers to interrogatories, or admissions) are merely devices for demonstrating

the absence of any genuine issue of material fact. Introduction of material

controverting the moving party's assertions of fact raises such an issue and

precludes summary judgment.

M.R.C.P. 56 (Reporter's Notes) (Emphais added).

As in <u>Hoechst Celanese</u>, if Travelers wants to argue that Kleenit failed to meet its

burden of proof regarding the existence of the CGL policies, it will have to wait for a trial

on this issue:

> We venture to suggest that on the present record there is a question of fact
> regarding the ELAC policy even if the insured is bound in the end to present more
> than a preponderance of the evidence; somewhat less surely so, in the case of the
> ESLIC policy.  The order denying the motions for summary judgment is affirmed,
> and the case is remanded for trial.

<u>Hoechst Celanese</u>, at 612.

In the meantime, in accordance with Rule 56, Kleenit has demonstrated through

its list of material facts in dispute as further supported by affidavit, deposition transcript,

documents produced in discovery, that genuine issues of material fact remain regarding

the existence of the CGL policies.

The cases cited by Travelers are inapposite because they discuss the burden of

insureds to prove the existence of policies at trial, not at summary judgment stage.

Regarding the burden that Kleenit must ultimately meet at trial, Rubenstein settles the

debate by deciding that the standard is by a preponderance of evidence:

> The evidence used to establish the existence and terms of the missing policies is
> in large part evidence in possession of the party against whom it is being offered.
> The more burdensome standard of proof of clear and convincing evidence ought

13

not to be required. Our view comports with other cases which disfavor a heightened standard of proof except in quasi criminal circumstances. See _Guardianship of Roe,_ 383 Mass. 415, 422-423, 421 N.E.2d 40 (1981) (holding that a higher standard of proof is required when person will suffer stigma comparable to that of criminal conviction and face loss of liberty); _Medical Malpractice Joint Underwriting Assn. of Mass. v. Commissioner of Ins.,_ 395 Mass. 43, 46, 478 N.E.2d 936 (1985) (holding that higher standard of proof is needed only "in a very limited number of cases where 'particularly important individual interests or rights are at stake' "). See also _Employers' Liab. Assur. Corp., Ltd. v. Hoechst Celanese Corp.,_ 43 Mass.App.Ct. 465, 485, 684 N.E.2d 600 (1997) (mentions the presence of the "careful and thoughtful argument for preserving the preponderance rule in lost policy matters" in _Remington Arms Co. v. Liberty Mut. Ins. Co.,_ 810 F.Supp. at 1423-1426).

Rubenstein, at 846.

It is Kleenit's view that based on the discussion, supra, Kleenit has demonstrated by a preponderance of the evidence and by the clear and convincing standard that the CGL policies exist. Furthermore, the material terms of the policy are demonstrated by the detailed information provided by the ledgers and the subsequent CGL polices, which Travelers concedes provides $100,000 coverage. The evidence produced by Kleenit surpasses that which was offered by the insureds in Hoechst Celanese, which resulted in a denial of the insurer's motion for summary judgment, as affirmed on appeal.

## VI.     CONCLUSION

WHEREFORE, Kleenit respectfully request that this court deny Travelers' Motion for Partial Summary Judgment and declare that genuine issues of material fact exist as to the existence of the CGL policies, or, alternatively, that as a matter of law, the policy exists.

Respectfully Submitted,

KLEENIT, INC.

By its Attorney,

_____ /s/  Donald P. Nagle _____
Donald P. Nagle, Esq. (BBO # 553544)
Law Office of Donald P. Nagle, P.C.
5 Main Street Extension, Suite 300
Plymouth, Massachusetts 02360
(508) 732-8970

Date:  September 25, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on September 25, 2006, I electronically filed Plaintiff's Response to and to Travelers Indemnity Company's Motion for Partial Summary Judgment with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Defendant, Utica National Insurance Group (Electronically)
Richard E. Heifetz, Esq.
Danielle M. Maloney, Esq.
Tucker, Heifetz & Saltzman, LLP
Three School Street
Boston, MA 02108

Defendant Travelers Indemnity Company (Electronically)
Joseph S. Berman, Esq.
Berman & Powell
210 Commercial Street
Boston, MA 02109

Dated:  September 25, 2006

_____/s/  Donald P. Nagle_____
Donald P. Nagle, Esq. (BBO # 553544)
Law Office of Donald P. Nagle, P.C.
5 Main Street Extension, Suite 300
Plymouth, Massachusetts 02360
(508) 732-8970