UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10351 - RBC

| | |
|---|---|
| KLEENIT, INC. | ) |
| Plaintiff, | ) |
| v. | ) |
| SENTRY INSURANCE COMPANY, ROYAL & SUN ALLIANCE, UTICA NATIONAL INSURANCE GROUP, and TRAVELERS PROPERTY AND CASUALTY | ) |
| Defendants. | ) |

**PLAINTIFF KLEENIT, INC.'S CONCISE STATEMENT OF MATERIAL FACTS ASSERTED TO BE IN DISPUTE**

Pursuant to Local Rule 56.1, Kleenit, Inc. ("Kleenit") hereby provides a concise statement of the material facts asserted to be in dispute and is submitted in support of Kleenit's Opposition to Travelers' Motion for Partial Summary Judgment.

Travelers acknowledges the existence of a comprehensive general liability ("CGL") policy number ND9087145 issued to Kleenit, with limits of $100,000 per occurrence, and for annual coverage periods commencing August 28, 1970 through August 28, 1973. (Travelers' Concise Statement of Material Facts ("CMF"), ¶4). However, Travelers' Motion challenges the existence of a CGL policy with annual coverage periods commencing August 1, 1964 to August 1, 1967 ("1964 Policy"). and CGL policy number ND3873892, with annual coverage periods commencing August 1, 1967 through August 1, 1970 ("1967 Policy"). Further, Travelers claims that Kleenit

should not be allowed, as a matter of law, to prove the existence of the 1964 Policy and the 1967 Policy.

Travelers has not carried its burden of proof to sustain its Motion and, for this reason, its Motion for Partial Summary Judgment should be denied.

1. Kleenit obtained its insurance exclusively from E.J. Wells Insurance Agency ("E.J. Wells") during the 1960's and 1970's, as indicated by the President of Kleenit, Keith Crider. A copy of relevant excerpts of the transcript of his June 15, 2005 deposition testimony is attached as **Exhibit A** and from his June 9, 2006 deposition testimony, relevant excerpts are attached as **Exhibit B**.

3. Kleenit purchased its insurance from Travelers before switching to Sentry in 1974. A copy of relevant excerpts of the transcript of his June 15, 2005 deposition testimony, pp. 60-62, is attached as **Exhibit C**.

3. Kleenit ledger entries documented payments made to Milt Esterbrook, the agent at E.J. Wells in 1965, 1966, and 1967. (See **Exhibit D**, Affidavit of Donald P. Nagle ("Nagle Aff.), **Tab 1**).

4. Travelers indicated in a letter dated January 17, 2003 to Donald P. Nagle that it had identified reference to the 1967 Policy issued to Kleenit with a policy number ND3873892, and a policy period of August 1, 1967 to August 1, 1970. A copy of this letter is attached as **Exhibit E**.

5. The existence of the 1967 Policy is confirmed by Kleenit's ledger sheet, dated June 29, 1968, identified as "Prepaid Insurance," line 5, which provides in pertinent part:

> **Travelers Indemnity Company...ND3873892..M....Business Owners Policy...P/p...60000...8-27-67...3 yr....8-28-70...**

A copy of this ledger sheet is attached to Nagle Aff., as **Tab 2.**

6.  The existence of the 1967 Policy is also confirmed by Kleenit's ledger sheet, dated June 28, 1969, identified as "Prepaid Insurance," line 8, which begins with asterisks, above which indicates "Travelers Indemnity Company." The remainder of the line provides, in pertinent part:

> **...3873892......Business Owners Policy...8-27-67...3 yr....8-28-70...**

A copy of this ledger sheet is attached to the Nagle Aff., as **Tab 3.**

7.  The existence of the 1967 Policy is also confirmed by Kleenit's ledger sheet, dated June 27, 1970, identified as "Prepaid Insurance," line 1, which provides in pertinent part:

> **Travelers Indemnity Company ...3873892......Esterbrook...Business Owners ...8-27-67...3 yr....8-28-70...**

A copy of this ledger sheet is attached to the Nagle Aff., as **Tab 4.**

8.  Harry Nason was the accountant for Kleenit from the 1950's to at least 2001, and served on Kleenit Board of Directors. (See Exhibit C, Crider Dep., June 15, 2005, pp. 58,59 and **Exhibit F**, Deposition of Frank Murphy, August 10, 2005, p. 17).

9.  Harry Nason was an authorized agent of Kleenit, who kept insurance records on behalf of Kleenit in the normal course of business. (See **Exhibit C**, Crider Dep., June 15, 2005, pp. 58,59, and **Exhibit G**, Crider Dep., June 15, 2005, pp. 80-83).

10. A witness for Kleenit, Keith Crider, has testified that during the period of time at issue, he wrote the checks which paid the premiums for insurance polices issued by Travelers. (see **Exhibit H**, Crider Dep., June 15, 2005, pp. 8, 58).

11. A witness for Kleenit, Keith Crider, has testified that during the period of time at issue, Kleenit's accountant, Harry Nason, recorded in ledger books the payment of insurance premiums made by a "one-write" check writing system and, later, the Safeguard check writing system,. (See **Exhibit I**, Crider Dep., June 15, 2005, pp. 80-83).

12. A witness for Kleenit, Keith Crider, had testified that he has recollection of the procedure by which Harold Nason, accountant for Kleenit, maintained all relevant information regarding insurance coverage purchased by Kleenit in ledger books in the normal course of business. (See **Exhibit J**, Crider Dep., June 15, 2005, p. 5-11, 14-15 and Exhibit I, Crider Dep., June 15, 2005, p. 80-83).

13. Kleenit's 1967 annual report includes a page identified as "Insurance Coverage," which indicates "Comprehensive General Liability," a copy of which is attached to Nagle Aff. as **Tab 5**.

14. Kleenit's 1968 annual report includes a page identified as "Insurance Coverage," which indicates "Comprehensive General Liability," a copy of which is attached to Nagle Aff. as **Tab 6**.

    Respectfully submitted,

    KLEENIT, INC.

    By its Attorney,

    /s/ Donald P. Nagle
    Donald P. Nagle, Esq. (BBO # 553544)
    Law Office of Donald P. Nagle, P.C.
    5 Main Street Extension, Suite 300
    Plymouth, Massachusetts 02360
    (508) 732-8970

Date: September 25, 2006