UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC., )<br>                    Plaintiff )<br>vs. )<br> )<br>SENTRY INSURANCE COMPANY, )<br>ROYAL & SUN ALLIANCE, )<br>UTICA NATIONAL INSURANCE GROUP, and )<br>TRAVELERS PROPERTY AND CASUALTY, )<br>                    Defendants ) | CIVIL ACTION<br>NO. 04-10351-N |

**REPLY OF DEFENDANT UTICA NATIONAL INSURANCE GROUP
TO THE PLAINTIFF'S OPPOSITION TO UTICA NATIONAL INSURANCE
GROUP'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Broken down into its simplest form, the sole issue before this Court is whether copies of the ledger sheets, cancelled checks and voucher registers that Kleenit offers this Court are admissible, and if they are, whether they, standing alone, prove that Utica National Insurance Group issued a $1 million umbrella policy in favor of Kleenit for policy years 1983 to 1984 and 1984 to 1985. Kleenit's argument that those documents are admissible fails for several reasons, including that it failed to controvert in relevant respects Utica's statement of undisputed facts, and that Kleenit's statement does not comport to Local Rule 56. 1. As a result, the Court is left with no disputes of material fact and is therefore free to decide the case as a matter of law, because it is clear that the ledger sheets Kleenit clings to do not contain all material terms to prove an umbrella policy. For these reasons and the reasons set forth in its memorandum of law, Utica's Motion For Partial Summary Judgment should be allowed.

### A. Since Kleenit Does Not Controvert Utica's Statement of Material Facts, This Court Should Deem Utica's Facts As Admitted.

By its failure to controvert in relevant respects Utica's statement of undisputed material facts, Kleenit has admitted facts that establish that it has no reasonable expectation of proving its claim that Utica issued an umbrella policy in favor of Kleenit. L. R. 56.1. All properly supported material facts set forth in the moving party's factual statement shall be deemed admitted unless properly opposed by the adverse party. See Stonkus v. City of Brockton School Department, 322 F.3d 97, 102 (1st Cir.2003).

Here, Kleenit has failed to follow this District's well-established summary judgment procedures by completely failing to controvert any of the fifty-five separately numbered paragraphs of material facts that Utica has concisely set forth as required under the rule.[1] For this reason, this Court should deem all Utica's facts as admitted for the purposes of this motion. Kleenit has abandoned its claim for the alleged 1983 to 1984 policy year umbrella coverage. Specifically, Kleenit does not dispute Utica's contention that Kleenit "made no clear allegation [in its complaint] "that the alleged umbrella policy covered the policy year from 1983 to 1984." (Utica's Statement of Material Facts ("SMF"), ¶ 37). To date, Kleenit has never amended its complaint to add this allegation, leaving it only as an allegation in a demand letter. Since Kleenit did not controvert this fact, the practical effect of the rule is that Kleenit now admits that there is no allegation in its complaint on which to base a claim for coverage for policy year 1983 to 1984. Utica should therefore be granted summary judgment as to coverage for policy year 1983 to 1984.

---

[1] Most of the record used by Utica comes from Keith Crider, Kleenit's former presidents sworn testimony.

### B. Kleenit's Statement Does Not Comport To Local Rule 56.1 And Therefore Should Be Stricken.

Kleenit has also failed to follow this District's well-established summary judgment procedures in regards to its own statement of material facts in dispute. An opponent's statement of facts in dispute containing conclusory statements, "facts" not supported by citations of record, and cited portions of record that did not support the point for which it was cited does not comport with Local Rule 56.1. Brown v. Armstrong, 957 F.Supp. 1293, 1297 (D.Mass.1997).

Here, Kleenit's presentation of facts has so many inexcusable errors, it was impossible to list them all in this brief. For example, Kleenit's opposition memorandum contains purported facts, without the required references, not found in Kleenit's Statement of Material Facts in Dispute ("SMFD") and in contravention of L. R. 56. 1.[2] For this reason, this Court should disregard this an all other alleged facts in dispute not found in Kleenit's Local Rule 56.1 statement.

This Court should also disregard all conclusory statements found in Kleenit's SMFD, including Kleenit's statements found in SMFD ¶¶ 1-2, that leap to the conclusion that Utica issued the umbrella policy, and Kleenit's conclusory and self-serving statements found in SMFD ¶¶ 14-16 that the steps it took to look for the "lost" policy constituted a "diligent search."

Kleenit's SMFD is also shockingly rife with purported statements of "fact" not properly supported by citations to the record. Kleenit states in SMFD ¶ 8 that "[a]

---

[2] See Dkt. No. 103, Pl's Mem. Opp'n Summ. J., p. 13, specifically the discussion regarding the "P" entry in the ledger sheets.

3

witness for Kleenit, Keith Crider, has testified that during the period of time at issue, he wrote the checks which paid the premiums for insurance policies issued by Utica." The citation given does not support that Crider wrote the checks to Utica. The citation reflects the following testimony: "Q. When you came on board, would you be the person who would pay the insurance bills? A. Yes." However, the next two lines make it clear that it was not Utica he was paying. "Q. So you would see invoices from EJ Wells? A. Yes." (See Plaintiff's Exhibit D, Crider Dep., p. 58, ll. 8-9). E. J. Wells was the agent for Travelers' Insurance, who at the time Crider came on board (in the 1960s) was Kleenit's insurer not Utica. Kleenit's SMFD thus "generates a lot of dust, . . . [but] it does not further the goal of sharply focusing areas of dispute." See Brown v. Armstrong, 957 F.Supp. 1293, 1297 (D.Mass.1997)(citations omitted).

### C. Kleenit Has Not Created a Dispute Of Fact Regarding The Admissibility Of Ledger Sheets Under The Business Records Exception.

This Court should also disregard the purported statements of "fact" found in SMFD ¶¶ 10 and 11. Utica's uncontroverted facts show Crider's complete unfamiliarity with accountant Harry Nason's records. It is now disingenuous for Kleenit to allege the record shows that Crider "has a recollection of the procedure by which Harry Nason, accountant for Kleenit, maintained all relevant information regarding insurance coverage purchased by Kleenit in ledger books in the normal course of business." (SMFD ¶ 10). The cited portion of the record does not support that Crider had a recollection of an umbrella policy or of Nason's records; rather the citation merely refers to the ledger sheets in general. There is nothing contradictory in Crider's testimony (thus potentially creating an issue of fact in dispute), because the citation does not

support Kleenit's allegation of a recollection. "Mere allegations, or conjecture unsupported in the record, are insufficient to raise a genuine issue of material fact." August v. Offices Unlimited, Inc., 981 F.2d 576, 580 (1st Cir.1992). Therefore, these allegations found in the SMFD should be disregarded. Unfortunately for Kleenit, the conclusory statement that the ledger sheets were kept in the normal course of business does not make them so.[3]

### D. Kleenit Has Not Created A Dispute Of Fact Regarding The Schedule Of Underlying Insurance.

For reasons similar to those stated above, this Court should also disregard the purported statements of "fact" found in SMFD ¶ 5 regarding the statement of underlying insurance. Utica's uncontroverted facts show Utica has no record of issuing a statement of underlying insurance. A "schedule of insurance" is a term of art in the insurance industry; it refers to that written inventory attached to a policy that gives a detailed list of underlying insurance over which the umbrella or excess liability coverage extends.

In paragraph 5, Kleenit states that it has "produced documentation which demonstrates the schedule of all insurance policies purchased by Kleenit, including insurance policies issued by Utica, during the period of time at issue." The citation to the record does not support this allegation; rather the citation merely refers back to the ledger sheets. An allegation that insurance policies listed on a handwritten ledger

---

[3] Even if Crider is found to have met the prerequisites that enable him to authenticate Nason's ledger sheets, he has not done so in accordance with Fed.R.Evid. 902(11) and the ledger sheets are therefore inadmissible for the purposes of this Motion for Partial Summary Judgment. See 10A Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d, § 2722 (2005) ("As is true of other material introduced on a summary-judgment motion, uncertified or otherwise inadmissible documents may be considered by the court if not challenged. The objection must be timely or it will be deemed to have been waived.")

5

sheet constitute a "schedule of insurance" does not stave off summary judgment. Again, "[m]ere allegations, or conjecture unsupported in the record, are insufficient to raise a genuine issue of material fact." August v. Offices Unlimited, Inc., 981 F.2d 576, 580 (1st Cir.1992). Utica is therefore entitled to summary judgment because Kleenit has failed to raise a dispute of fact regarding the schedule of insurance, an essential element of its case of which its has the burden of proof. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). "[T]here can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Celotex Corp. v. Catrett, 477 U.S. 317, 322-323(1986).

### E. Murphy's Affidavit Contains Testimony That Clearly Contradicts Crider's Earlier Testimony And Should Be Stricken.

By offering an affidavit that contradicts its earlier deposition testimony of two years before, Kleenit is improperly attempting to create a conflict regarding the location of the insurance policies in order to resist summary judgment. It is well-established that "when an interested witness has given clear answers to unambiguous questions, [it] cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed." Torres v. E. I. Dupont De Nemours & Co., 219 F.3d 13, 20 (1st Cir.2000). Here, Keith Crider testified two years ago that Kleenit's insurance policies were kept in Ayer and Nason never saw them. Now, Francis Murphy states, "I understand that the policies had been stored in the Boston office of our accountant, Harry Nason . . . His office had closed down and documents were apparently thrown away by relatives of

6

Mr. Nason." (Affidavit of Francis X. Murphy, Exhibit G to PL's Concise Statement of Material Facts Asserted to be in Dispute, ¶ 6). Obviously, this is a feeble attempt to put the insurance policies in Nason's Boston office, instead of in a file cabinet in Ayer, thereby addressing the double hearsay issue associated with the entries on the ledger sheets. This paragraph of Murphy's affidavit should be stricken.

## CONCLUSION

WHEREFORE, Utica respectfully requests that this Court enter an Order granting partial summary judgment in Utica's favor with respect the existence of the umbrella policy.

Respectfully submitted,

UTICA NATIONAL INSURANCE GROUP,
Defendant
By Its Attorney:

_____
Richard E. Heifetz       BBO #229000
Barbara M. Callahan    BBO #651964
TUCKER, HEIFETZ & SALTZMAN, LLP
100 Franklin Street
Boston, MA 02110
617-557-9696
Dated: October 5, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of October 2006, I filed a copy of the foregoing by electronic means with the United States District Court for the District of Massachusetts using the CM/ECF system, which will send notification to the following: Joseph S. Berman, Esq., Berman & Dowell, 210 Commercial Street, Boston, MA 02109 and Donald P. Nagle, Esq., Law Office of Donald P. Nagle, P.C., 5 Main Street, Plymouth, MA 02360.

_____
Richard E. Heifetz