IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Civil Action No. 04-10351-RBC

|  |  |
|---|---|
| KLEENIT, INC., <br>     Plaintiff, <br><br> v. <br><br> SENTRY INSURANCE CO., <br> ROYAL & SUNALLIANCE, <br> UTICA NATIONAL INSURANCE <br> GROUP, and TRAVELERS <br> PROPERTY AND CASUALTY, <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY BY
DEFENDANT THE TRAVELERS INDEMNITY COMPANY**

**I.**  **Introduction**

Defendant, The Travelers Indemnity Company ("Travelers"), has moved for partial summary judgment as to the number of insurance policies at issue in this case. While there is no dispute as to the existence of one policy (covering three years), plaintiff, Kleenit, Inc. ("Kleenit" or "plaintiff") has failed to produce other policies or evidence to support its contention that Travelers issued any other coverage. Plaintiff's sole "evidence" of additional coverage consists mostly of inadmissible hearsay in the form of vague and unauthenticated ledgers. In response to Travelers' motion, the plaintiff argues – incorrectly – that it need not produce admissible evidence to withstand summary judgment and that, in any event, its documentation satisfies the business records exception of the rule against hearsay. Both arguments are incorrect. Travelers is entitled to judgment as a matter of law.

II.    **Argument**

    A.    **All Facts Asserted By Travelers Are Undisputed**

As an initial matter, the Court must deem admitted all facts listed by Travelers in its Statement of Undisputed Material Facts. Plaintiff failed to respond to those facts, as required by Local Rule 56.1. Pursuant to the rule, any fact not disputed is deemed admitted. Stonkus v. City of Brockton School Department, 322 F.3d 97, 102 (1st Cir. 2003). Among others, the following facts are admitted: Kleenit has produced no insurance policy other than the policy covering the years 1970-1973 (Fact No. 5); none of the ledger sheets attached as Exhibit "C" to Travelers' summary judgment motion refer to Travelers or any policy of insurance issued by Travelers to Kleenit (Fact No. 6); the insurance agents to whom payments allegedly were made were not exclusive Travelers agents during the relevant time (Fact No. 8); Kleenit's president, Keith Crider, nor any other officer or employee of Kleenit, saw the purported ledger entries until 2000 or 2001 (Fact Nos. 11 and 13).

Those facts are relevant to Travelers' argument because they establish that no other policies exist. Moreover, the facts further demonstrate the absence of any indicia of reliability of the documents on which Kleenit relies. Even without the admissions, however, Kleenit still has failed to satisfy its burden in opposing a summary judgment motion.

    B.    **Kleenit May Not Rely On Inadmissible Evidence**

Contrary to Kleenit's argument (page 7 of its brief), a plaintiff opposing summary judgment may not carry its burden simply by producing "any evidence supporting the existence of the policies, ..." (emphasis added). Rather, Rule 56 requires the opposing party to proffer evidence which would be admissible at trial. "Supporting and opposing affidavits shall be made

2

on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. ... [a]n adverse party ... must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). Inadmissible hearsay will not suffice. Feliciano v. State of Rhode Island, 160 F.3d 780, 787 (1st Cir. 1998) (because plaintiff opposed defendant's summary judgment motion with only inadmissible hearsay, district court's decision granting summary judgment must be affirmed); FDIC v. Roldan Fonseca, 795 F.2d 1102, 1110 (1st Cir. 1986) (affirming summary judgment for plaintiff where defendant relied on documents for which he failed to establish business records exception under rule against hearsay).[1]  Kleenit cannot survive summary judgment by the expedient of producing inadmissible business records or oral testimony from its president, Keith Crider, as to his "recollection that Kleenit purchased all of its insurance, including liability insurance from Travelers through Milt Estabrook." (Plaintiff's Brief, p. 9).[2]  Kleenit must produce admissible documents to prove the existence and terms of the policies. Unless Kleenit is able to produce admissible evidence that would demonstrate the existence of the disputed insurance policies, the court must enter partial summary judgment against it.

---

[1] The Roldan Fonseca is particularly *apropos* here. As in this case, the party opposing summary judgment attempted to rely on unauthenticated "business records" to prove that he had made loan payments. The court rejected the argument. As we will discuss in the next section, documents may fall within the exception for "regularly conducted business activity" only where the party offering the documents produces a statement of a qualified witness as required by Fed.R.Evid. 803(6).

[2] Of course, Mr. Crider did not even join Kleenit until 1967.

C.  **Plaintiff Has Failed To Satisfy The Exception To The Hearsay Rule For "Regularly Conducted Business Activity"**

Kleenit's fall-back argument – that even if it must produce admissible evidence, it has satisfied the business records exception to the rule against hearsay – is also incorrect. Kleenit's "proof" of insurance consists of unauthenticated ledger sheets that purportedly reflect insurance premium payments. This evidence is hearsay, and Kleenit has failed to lay a sufficient foundation for admitting the ledgers under the business records exception.[3]

Rule 803(6) requires, "both the testimony of a qualified custodial witness and a showing that the declarant was a person with knowledge acting in the course of a regularly conducted business activity." United States v. Kayne, 90 F.3d 7, 12 (1st Cir. 1996). Further, this custodial witness must be able to show that the record was made at or near the time of the events in question by a person with knowledge of the contents in the record, in the course of a regularly conducted business activity. Fed.R.Evid. 803(6); Wallace Motor Sales, Inc. v. American Motors Sales Corp., 780 F.2d 1049, 1060 (1st Cir. 1985). While the custodial witness need not be the person who actually prepared the document, he must at least be able to testify and be cross examined concerning the manner in which the records were made and kept. Compare Wallace, 780 F.2d at 1060-1061 (witness was president and sole stockholder of company offering records and testified that document was prepared under his supervision); *see also* Elgabri v. Lekas, 964 F.2d 1255, 1261 (1st Cir. 1992) (district court properly excluded records because offering party

---

[3] As an initial matter, plaintiff incorrectly relies on a Massachusetts statute, Mass. G.L. c. 233, § 78. The relevant authority is the federal rules of evidence, specifically, Fed.R.Evid. 803(6), which would govern trial of this matter.

failed to provide testimony of custodial witness).

Under these well-accepted principles, it is abundantly clear that plaintiff's evidence falls far short of the mark. Its "proof" of the 1964-1967 policy consists of handwritten documents allegedly created by a now-deceased accountant. This accountant was not even a Kleenit employee and, in fact, Kleenit never even saw the records until 2000 or 2001, approximately 36 years after they allegedly were created. Kleenit offers no testimony by any custodian from the accountant's firm. As pointed out in Travelers' opening brief, it is axiomatic that Kleenit's president, Mr. Crider, is not qualified to testify as to how the records of another company were prepared or kept. There is no witness from the accountant's firm whom Travelers could cross examine to test their reliability. Even more compelling, the records do not even refer to Travelers; instead, they refer cryptically to an insurance broker who apparently placed coverage with multiple insurers.[4]

The records concerning the 1967-1970 policy hardly fare better under this analysis. Although the outside accountant's ledger sheets for this period refer in places to "Travelers," they still suffer from the same lack of reliability. As with the 1964-1967 records, Kleenit offers no custodial testimony.

### D. Even If The Records Were Admissible, They Fail To Satisfy Kleenit's Burden Of Proof

In an effort to create an artificially low hurdle for itself, Kleenit argues that, "The only

---

[4] Plaintiff argues, at page 7 of its brief, that it purchased insurance exclusively from Travelers through Plaintiff's agents, E.J. Wells, Inc., and Milt Estabrook. Not true. Plaintiff's own deposition testimony is that Estabrook brokered policies from other carriers. (Deposition of Keith Crider, Vol. III at p. 53-54 and 73-74). And, as we will discuss below, there is no evidence that plaintiff, through its agent, purchased <u>general</u> <u>liability</u> policies from Travelers.

5

way that Travelers can prevail in its motion is if no evidence supports the existence of the policy." (Plaintiff's Brief, p. 7).  This proposition is demonstrably wrong for numerous reasons.  First, Travelers need not prove the <u>absence</u> of a genuine issue of material fact for trial.  Under <u>Celotex v. Catrett</u>, 477 U.S. 317, 323 (1986), and its progeny, once a moving party who does not bear the burden of proof at trial satisfies its initial burden of informing the court of the basis of its motion, the burden shifts to the nonmoving party to demonstrate that a trier of fact could reasonably find in its favor.  In other words, Travelers does not have to prove a negative.  Kleenit must show that, if the case went to trial, it could offer admissible evidence of sufficient reliability that a fact finder could find in its favor.

Second, in the specific context of proving the existence of insurance policies, Kleenit's evidence is insufficient.  Although Kleenit argues that it need not prove its case in chief to withstand summary judgment, it still must demonstrate the existence of genuine issues of material fact for trial.  As Travelers pointed out in its opening brief, Massachusetts law is clear that Kleenit must prove both the existence and terms of the alleged policy.  <u>Rubenstein v. Royal Ins. Co. of America</u>, 44 Mass. App. Ct. 842, 846 (1998); <u>Employers' Liability Assur. Corp. Ltd. v. Hoechst Celanese Corp.</u>, 43 Mass. App. Ct. 465, 484 (1997).  Thus, even if Kleenit had satisfied its burden of producing admissible evidence as to the existence of the alleged policies (which it has not), it has presented no evidence as to the relevant terms, conditions and exclusions of any purported policy.  For example, Kleenit has failed to come forward with evidence of the liability limits of any alleged policy between 1964 and 1970, nor even more fundamentally with any evidence that the "policy" provided general liability insurance, as opposed to, for example, automobile or workers' compensation insurance.

### III.  Conclusion

For all of the above reasons and the reasons set forth in Travelers' opening brief and at oral argument, the Court should grant Travelers' motion for partial summary judgment.

Respectfully Submitted,
THE TRAVELERS INDEMNITY
COMPANY
By its attorneys,

     /s/ Joseph S. Berman
Joseph S. Berman, BBO NO. 566006
BERMAN & DOWELL
210 Commercial Street
Boston, MA 02109
Telephone (617) 723-9911

### CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of October, 2006, I filed a copy of the foregoing by electronic means with the United States District Court for the District of Massachusetts using the CM/ECF system, which will send notification to the following, to: Richard Heifetz, Esq. and Danielle M. Maloney, Esq., Tucker, Heiftez & Saltzman, LLP, Three School Street, Boston, MA 02108; and Donald P. Nagle, Esq., Law Office of Donald P. Nagle, P.C., 5 Main Street Extension, Suite 300, Plymouth, MA 02360.

     /s/ Joseph S. Berman
Joseph S. Berman