UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| KLEENIT, INC., <br>                 Plaintiff <br> vs. <br><br> SENTRY INSURANCE COMPANY, <br> ROYAL & SUN ALLIANCE, <br> UTICA NATIONAL INSURANCE GROUP, and <br> TRAVELERS PROPERTY AND CASUALTY, <br>                 Defendants | CIVIL ACTION <br> 2004-10351-RBC |

**DEFENDANT UTICA NATIONAL INSURANCE GROUP'S MOTION TO STRIKE PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT OPPOSITION TO UTICA'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR LEAVE TO SUPPLEMENT RECORD WITH EXPERT AFFIDAVIT**

## Introduction

Defendant Utica National Insurance Group ("Utica") moves this Court to strike Plaintiff's Motion for Leave to Supplement Record with Expert Affidavit and Plaintiff's Motion for Leave to Supplement Opposition to Utica's Motion for Partial Summary Judgment. As grounds therefor, Utica states that Kleenit, Inc.'s ("Kleenit") motion is untimely, unwarranted, and severely prejudicial to Utica.

## Argument

**I.    Kleenit's Motions for Leave are Untimely and Should be Stricken.**

Kleenit's motions for leave to supplement the summary judgment record with additional documentation and expert affidavits are far too late. The parties have not only fully briefed their arguments and filed the same with the Court, but the Court has held *two separate* hearings on Utica's motion. Kleenit has had ample opportunity to supplement its opposition. Kleenit should not now be permitted, to supplement the

summary judgment record with expert affidavits and documentation which it has had in its possession all along. Kleenit has had more than enough time to present the evidence it now seeks to include in the summary judgment record.

II.  **Supplementation of the Summary Judgment Record Would Severely Prejudice Utica**

Permitting Kleenit to supplement the summary judgment record is unfair and would severely prejudice Utica. First, Kleenit should not be allowed to ignore the longstanding Rule 56 requirements. The Court did not ask for Kleenit's "assistance" in deciding Utica's Motion and for this reason Kleenit's motions for leave should be stricken. On summary judgment, the Court is limited to the record before it unless the Court, in its discretion, invites both parties to supplement the record. Here, the Court made no such request and Kleenit's motions should be disregarded.

Second, Kleenit's late supplementation, if permitted, would severely prejudice Utica. The basis of Utica's motion is that the plaintiff will not be able to prove at trial the terms and conditions of the alleged umbrella policy. That Kleenit failed to produce expert testimony on this issue in its initial opposition is a mistake that should not be shouldered by Utica. Since the date Utica filed this motion, Kleenit has been aware of that Utica was unable to locate an umbrella policy. Kleenit's failure to address this issue sufficiently in its opposition is not Utica's problem. In short, Kleenit should not be entitled to a second bite at the apple.

## Conclusion

For the reasons discussed above, Utica moves this Court to strike Plaintiff's Motion For Leave To Supplement Opposition To Utica's Motion For Partial Summary Judgment And Plaintiff's Motion For Leave To Supplement Record With Expert Affidavit.

Respectfully submitted,

UTICA NATIONAL INSURANCE GROUP,
Defendant

By Its Attorney:

_____
Richard E. Heifetz        BBO #229000
Danielle M. Maloney       BBO #647527
TUCKER, HEIFETZ & SALTZMAN, LLP
Three School Street
Boston, MA 02108
617-557-9696
Dated: 4·23·07