UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04 10351 - RBC

| | |
|---|---|
| KLEENIT, INC. | ) |
| Plaintiff, | ) |
| v. | ) |
| SENTRY INSURANCE COMPANY, ROYAL & SUN ALLIANCE, UTICA NATIONAL INSURANCE GROUP, and TRAVELERS PROPERTY AND CASUALTY | ) |
| Defendants. | ) |

## PLAINTIFF KLEENIT'S OPPOSITION TO DEFENDANT UTICA NATIONAL INSURANCE GROUP'S MOTION TO STRIKE

This Court should deny Utica National Insurance Group's ("Utica's") Motion to Strike and allow Plaintiff Kleenit, Inc. ("Kleenit") to supplement the record with evidence of the material terms of the umbrella policy. Only since the oral argument has the specific argument emerged that evidence previously submitted by Kleenit to establish the <u>material terms</u> of the umbrella policy was insufficient.

In its Motion for Partial Summary Judgment and Response to Kleenit's Opposition, Utica focused primarily on its argument that the evidence offered by Kleenit was inadmissible because it was secondary evidence, not that it was insufficient to demonstrate that the material terms of the policy could be proved at trail. In its Response to Kleenit's Opposition, Utica summarizes the sum and substance of its argument:

> Broken down into its simplest form, the **sole** issue before this Court is whether copies of the ledger sheets, cancelled checks and voucher registers that Kleenit offers this Court are admissible, and if they are, whether they, standing alone, prove that Utica National Insurance Group issued a $1million umbrella policy in favor of Kleenit for policy years 1983 to 1984 and 1984 to 1986.

Utica's Response to Kleenit's Opposition to Utica's Motion for Partial Summary Judgment, p. 1, (Emphasis added).

Admissibility, rather than sufficiency, of the evidence was the primary argument raised by Utica's pleadings. The question of whether this evidence, if admissible, is sufficient to demonstrate that the material terms of the policy could be proved at trial was only first explored to any degree during oral argument. Now that the focus of the argument has shifted from the admissibility of this evidence to its sufficiency, this Court should exercise its discretion to allow Kleenit to supplement its opposition with further evidence establishing the material terms of the umbrella policy.

The ledger entries, cancelled checks, and extensive deposition testimony from Keith Crider are arguably sufficient to establish not only the existence, but the material terms of the umbrella policy, especially since accepted black letter law instructs that "an excess policy incorporates by reference the terms of the underlying policy and is designed to match the coverage provided by the underlying policy." PSI Energy, Inc v Home Ins. Co, 801 NE2d 705, 722, n.16 (Ind App 2004). As such, the need for an expert to demonstrate the ability to prove the material terms of the umbrella was not apparent. Consequently, neither party identified expert witnesses during discovery.

When the question if sufficiency was raised by the Court, Kleenit's counsel indicated that Kleenit is prepared to call an expert witness at trial to testify about the material terms of the missing umbrella policy, based on his knowledge that umbrella policies are designed to follow the material terms of the underlying policy. Kleenit should now be allowed to file an affidavit of this expert to support its opposition to summary judgment.

Utica's attempt to exclude from evidence its own primary policy it produced during discovery is an obvious attempt to unfairly prevent this evidence from reaching a jury. Similarly, Utica seeks to strike the Affidavit of Frank Loehnert Jr., providing expert testimony regarding the material terms of the lost umbrella policy, not because it would be prejudiced, as it has alleged, but because the expert affidavit will enable Kleenit to demonstrate at trial the material terms of the policy. This would not prejudice Utica, as it would have full opportunity to depose this expert prior to trial and to challenge his testimony during trial. Utica has reserved its right to depose any such expert. Kleenit agrees to make this expert available for deposition by Utica.

Kleenit's additional evidence from a qualified expert is admissible, probative, relevant and not extraneous to the instant motion. This Court should exercise its discretion and allow Kleenit to use the expert affidavit and a copy of Utica's underlying primary policy produced during discovery to support its opposition to Utica's Motion for Partial Summary Judgment. In the interest of justice, the Court's discretion should allow the non-moving party to supplement its evidence opposing summary judgment on this issue and Utica's Motion to strike should be denied.

Respectfully submitted,

KLEENIT, INC.

By its Attorney,

/Donald P. Nagle/
Donald P. Nagle, Esq. (BBO # 553544)
Law Office of Donald P. Nagle, P.C.
5 Main Street Extension, Suite 300
Plymouth, Massachusetts 02360
(508) 732-8970

May 7, 2007

## CERTIFICATE OF SERVICE

I hereby certify that on the 7th day of May, 2007, I filed a copy of the foregoing by electronic means with the United States District Court for the District of Massachusetts using the CM/ECF system, which will send notification to the following: Richard E. Heifetz, Esq., Tucker, Heifetz & Saltzman, LLP, 100 Franklin Street, Boston, MA 02110 and Joseph S. Berman, Esq., Berman & Dowell, 210 Commercial Street, Boston, MA 02109.

/Donald P. Nagle/